1  BRYAN J. SINCLAIR (SBN 205885)
   Email: bryan.sinclair@bipc.com
2  KARINEH KHACHATOURIAN (SBN 202634)
   Email: karineh.khachatourian@bipc.com
3  BUCHANAN INGERSOLL & ROONEY LLP
   333 Twin Dolphin Drive, Suite 700
4  Redwood Shores, California  94065-1418
   Telephone:  (650) 622-2300
5  Facsimile:   (650) 622-2499

6  GEORGE GOTTLIEB (TO BE ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
7  MARC P. MISTHAL (TO BE ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
8  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
9  New York, NY  10016-0601
   Telephone:  (212) 684-3900
10 Facsimile:   (212) 684-3999

11 Attorneys for Defendant/Counterclaim-Plaintiff,
   KNOLL, INC.

12

13            UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15 ALPHAVILLE DESIGN, INC., a Delaware          Case No. 07-CV-05569 MHP
   corporation,
16                                              **KNOLL, INC.'S ANSWER AND**
                       Plaintiff,               **COUNTERCLAIMS**
17        vs.
                                                Judge: Honorable Marilyn H. Patel
18 KNOLL, INC., a Delaware corporation,
                                                Complaint filed:    November 1, 2007
19                     Defendant.               Trial Date:         None set

20 KNOLL, INC., a Delaware corporation,

21                     Counterclaim-Plaintiff,

22        vs.

23 ALPHAVILLE DESIGN, INC., a Delaware
   Corporation, DAVID LEE, PEGGY LEE,
24 DANRICK COMMERCE GROUP, LLC a/k/a
   MODERNCOLLECTIONS.COM, DANNY
25 LOUIE, and DOES A-Z, Retailers for
   Alphaville Design, Inc.,
26
27                     Counterclaim-Defendants.

28

---

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS        CASE NO.: 07-CV-05569 MHP

1    Defendant Knoll, Inc. ("Knoll"), by its attorneys, hereby submits its Answer to Plaintiff

2    Alphaville Design, Inc.'s Complaint:

3    1.    Knoll admits that the Complaint purports to assert causes of action for a declaratory

4    judgment, but denies that such causes of action are adequately pled or that plaintiff is entitled to

5    relief.  Knoll denies the remaining allegations of Paragraph 1 of the Complaint.

6    2.    Knoll admits the allegations of Paragraph 2 of the Complaint.

7    3.    Knoll admits the allegations of Paragraph 3 of the Complaint.

8    4.    Knoll lacks knowledge or information sufficient to form a belief as to the allegations

9    of Paragraph 4 of the Complaint and accordingly denies the same.

10    5.    Knoll admits the allegations of Paragraph 5 of the Complaint.

11    6.    Knoll admits that an actual controversy exists between it and plaintiff regarding

12    Knoll's trademark and denies the remaining allegations of Paragraph 6 of the Complaint.

13    7.    Knoll admits that it has certain trademark rights as set forth herein and that it seeks

14    to stop plaintiff from infringing those trademarks.  Knoll lacks knowledge or information sufficient

15    to form a belief as to the allegations of Paragraph 7 of the Complaint and accordingly denies the

16    same.

17    8.    Knoll denies the allegations of Paragraph 8 of the Complaint.

18    9.    Knoll denies the allegations of Paragraph 9 of the Complaint.

19    10.    Knoll denies the allegations of Paragraph 10 of the Complaint.

20    11.    Knoll denies the allegations of Paragraph 11 of the Complaint.

21    12.    Knoll admits that, as required by 37 .C.F.R. § 2.52 (b), U.S. Trademark Registration

22    Nos. 2,893,025; 2,894,977; 2,894,980; 2,894,979 and 2,894,978 contain drawings of the duly

23    registered marks.  Knoll denies the remaining allegations of Paragraph 12 of the Complaint.

24    13.    Knoll admits that an actual justicable controversy exists between it and plaintiff

25    regarding Knoll's trademarks and denies the remaining allegations of Paragraph 13 of the

26    Complaint.

27    14.    Responding to Paragraph 14 of the Complaint, Knoll repeats and realleges its

28    responses to each of allegations contained in paragraphs 1 through 13 as if fully set forth herein.

- 1 -

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

15.    Knoll denies the allegations of Paragraph 15 of the Complaint.

a.    Knoll admits that it sent a letter to plaintiff in August 2007, a copy of which is attached as Exhibit 1.  Knoll refers to said letter for a full recitation and understanding thereof.  Knoll denies the remaining allegations of Paragraph 15. a. of the Complaint.

b.    Knoll denies the allegations of Paragraph 15. b. of the Complaint.

c.    Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15. c. of the Complaint and accordingly denies the same.

d.    Knoll denies the allegations of Paragraph 15. d. of the Complaint.

e.    Knoll denies the allegations of Paragraph 15. e. of the Complaint.

f.    Knoll denies that it asserts that it has a license from Mies van der Rohe.  Knoll lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 15. f. of the Complaint and accordingly denies the same.

g.    Knoll denies the allegations of Paragraph 15. g. of the Complaint.

h.    Knoll lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15. h. of the Complaint and accordingly denies the same.

i.    Knoll admits that it is a manufacturer and wholesaler of office and home furniture and denies the remaining allegations of Paragraph 15. i. of the Complaint.

16.    Knoll admits that it wrote a notice letter to plaintiff on August 15, 2007, a copy of which is attached as Exhibit 1, and refers to said letter for a full understanding thereof.  Knoll denies the remaining allegations of Paragraph 16 of the Complaint.

a.    Knoll admits that on August 15, 2007 it sent a letter to plaintiff.  Knoll refers to said letter for a full understanding thereof.  Knoll denies the remaining allegations of Paragraph 16. a. of the Complaint.

b.    Knoll admits that on August 15, 2007 it sent a letter to plaintiff.  Knoll refers to said letter for a full understanding thereof.  Knoll denies the remaining allegations of Paragraph 16. b. of the Complaint.

17.    Knoll admits that plaintiff's counsel sent a reply letter dated August 28, 2007, a copy of which is attached as Exhibit 2.  Knoll refers to said letter for a full understanding thereof.  Knoll

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

1  denies the remaining allegations of Paragraph 17 of the Complaint.

2        18.    Knoll admits that to protect its valuable trademark rights it has sent notice letters to a

3  number of entities, including some of plaintiff's customers.  Knoll refers to said letters for a full

4  understanding thereof.  Knoll further admits that it sued Moderncollections.com in the Southern

5  District of New York on September 7, 2007.  Knoll lacks knowledge or information sufficient to

6  form a belief as to the remaining allegations of Paragraph 18 of the Complaint and accordingly

7  denies the same.

8        19.    Knoll denies the allegations of Paragraph 19 of the Complaint.

9        20.    Knoll denies the allegations of Paragraph 20 of the Complaint.

10        21.    Knoll denies the allegations of Paragraph 21 of the Complaint.

11        22.    Knoll denies the allegations of Paragraph 22 of the Complaint.

12        23.    Knoll denies that it advertises the Barcelona Chair, Barcelona Stool, Barcelona

13  Couch, Barcelona Table and/or Flat Brno Chair as only "Knoll Barcelona".  Knoll lacks knowledge

14  or information sufficient to form a belief as to the remaining allegations of Paragraph 23 of the

15  Complaint and accordingly denies the same.

16        24.    Knoll denies the allegations of Paragraph 24 of the Complaint.

17        25.    Knoll denies the allegations of Paragraph 25 of the Complaint.

18        26.    Knoll lacks knowledge or information sufficient to form a belief as to plaintiff's

19  position as set forth in Paragraph 26 of the Complaint and accordingly denies the same.  Knoll avers

20  that the remaining allegations of Paragraph 26 of the Complaint are incomplete and

21  incomprehensible.  To the extent that any response to the remaining allegations of Paragraph 26 is

22  required, Knoll denies the remaining allegations of Paragraph 26 of the Complaint.

23        27.    Knoll admits that between August 28, 2007 and October 25, 2007 its counsel and

24  plaintiff's counsel had conversations regarding the settlement of this matter.  Knoll denies the

25  remaining allegations of Paragraph 27 of the Complaint.

26        28.    Knoll admits that it is continuing to enforce its trademark rights.  Knoll lacks

27  knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 28

28  of the Complaint and accordingly denies the same.

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS     CASE NO.: 07-CV-05569 MHP

1     29.    Knoll denies the allegations of Paragraph 29 of the Complaint.

2     30.    Knoll denies the allegations of Paragraph 30 of the Complaint.

3     31.    Knoll admits that there is a justicable controversy between it and Plaintiff and denies

4  the remaining allegations of Paragraph 31 of the Complaint.

5     32.    Knoll lacks knowledge or information sufficient to form a belief as to the allegations

6  of Paragraph 32 of the Complaint and accordingly denies the same.

7     33.    Knoll denies the allegations of Paragraph 33 of the Complaint.

8     34.    Knoll avers that Paragraph 34 of the Complaint contains legal conclusions to which

9  no response is required.  To the extent that a response is required to the allegations of Paragraph 34

10 of the Complaint, Knoll denies the allegations of Paragraph 34 of the Complaint

11    35.    Responding to Paragraph 35 of the Complaint, Knoll repeats and realleges its

12 responses to each of allegations contained in paragraphs 1 through 34 as if fully set forth herein.

13    36.    Knoll admits that it owns U.S. Trademark Registration Nos. 2,893,025; 2,894,977;

14 2,894,980; 2,894,979; 2,894,978 and 772,323.  Knoll further admits that U.S. Trademark

15 Registration Nos. 2,893,025; 2,894,977; 2,894,980; 2,894,979; and 2,894,978 issued in October

16 2004 and that Registration No. 772,323, which issued in 1965, is incontestable.  Knoll denies the

17 remaining allegations of Paragraph 36 of the Complaint.

18    37.    Knoll denies the allegations of Paragraph 37 of the Complaint.

19    38.    Knoll admits that the furniture configurations that are the subject of U.S. Trademark

20 Registration Nos. 2,893,025; 2,894,977; 2,894,980; 2,894,979; and 2,894,978 are not the subject of

21 any patent protection or application.  Knoll denies the remaining allegations of the Paragraph 38 of

22 the Complaint.

23    39.    Knoll denies the allegations of Paragraph 39 of the Complaint.

24    40.    Knoll denies the allegations of Paragraph 40 of the Complaint.

25        a.    Knoll denies the allegations of Paragraph 40. a. of the Complaint.

26        b.    Knoll admits that the furniture configurations that are the subject of U.S.

27 Trademark Registration Nos. 2,893,025; 2,894,977; 2,894,980; 2,894,979; and 2,894,978 are not the

28 subject of any patent protection or application and denies the remaining allegations of Paragraph 40.

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS        CASE NO.: 07-CV-05569 MHP

1   b. of the Complaint.

2           c.      Knoll avers that Paragraph 40. c. of the Complaint contains legal conclusions

3   to which no response is required.  To the extent that a response to the allegations of Paragraph 40. c.

4   of the Complaint is required, Knoll denies the allegations of Paragraph 40. c. of the Complaint.

5           d.      Knoll denies the allegations of Paragraph 40. d. of the Complaint.

6           e.      Knoll denies the allegations of Paragraph 40. e. of the Complaint.

7           f.      Knoll denies the allegations of Paragraph 40. f. of the Complaint.

8           g.      Knoll avers that Paragraph 40. g. of the Complaint contains legal conclusions

9   to which no response is required.  To the extent that a response to the allegations of Paragraph 40. g.

10  of the Complaint is required, Knoll denies the allegations of Paragraph 40. g. of the Complaint.

11          h.      Knoll denies the allegations of Paragraph 40. h. of the Complaint.

12          i.      Knoll avers that Paragraph 40. i. of the Complaint contains legal conclusions

13  to which no response is required.  To the extent that a response to the allegations of Paragraph 40. i.

14  of the Complaint is required, Knoll denies the allegations of Paragraph 40. i. of the Complaint.

15      41.     Knoll denies the allegations of Paragraph 41 of the Complaint.

16          a.      Knoll denies the allegations of Paragraph 41. a. of the Complaint.

17          b.      Knoll denies the allegations of Paragraph 41. b. of the Complaint.

18          c.      Knoll denies the allegations of Paragraph 41. c. of the Complaint.

19          d.      Knoll denies the allegations of Paragraph 41. d. of the Complaint.

20          e.      Knoll denies the allegations of Paragraph 41. e. of the Complaint.

21          f.      Knoll admits that its website, in discussing the Barcelona Chair, states

22  "[c]reated by Ludwig Mies van der Rohe for the German Pavilion at the 1929 Barcelona

23  Exposition, the Barcelona chair features the pure compositional structure that now epitomizes

24  Modern architecture."  Knoll refers to said website for a full understanding thereof.  Knoll denies

25  the remaining allegations of Paragraph 41. f. of the Complaint.

26      42.     Knoll denies the allegations of Paragraph 42 of the Complaint.

27          a.      Knoll denies the allegations of Paragraph 42. a. of the Complaint.  Knoll

28  specifically denies that it has claimed that the design of the Barcelona Table is a trade secret.

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS      CASE NO.: 07-CV-05569 MHP

1      b.      Knoll denies the allegations of Paragraph 42. b. of the Complaint.

2      c.      Knoll denies the allegations of Paragraph 42. c. of the Complaint.

3      d.      Knoll denies the allegations of Paragraph 42. d. of the Complaint.

4      e.      Knoll denies the allegations of Paragraph 42. e. of the Complaint.

5      f.      Knoll denies the allegations of Paragraph 42. f. of the Complaint.

6      g.      Knoll denies the allegations of Paragraph 42. g. of the Complaint.

7      h.      Knoll admits that its website, in discussing the Barcelona Table, states "Mies

8  van der Rohe's Barcelona coffee table displays the pure compositional structure that epitomizes

9  modern architecture."  Knoll refers to said website for a full understanding thereof.  Knoll denies

10  the remaining allegations of Paragraph 42. h. of the Complaint.

11      43.      Knoll denies the allegations of Paragraph 43 of the Complaint.

12      a.      Knoll avers that the allegations of this paragraph are incomplete and

13  incomprehensible.  To the extent that any response to the allegations of Paragraph 43. a. is required,

14  Knoll denies the allegations of Paragraph 43. a. of the Complaint.

15      b.      Knoll denies the allegations of Paragraph 43. b. of the Complaint.

16      c.      Knoll admits that U.S. Trademark Registration No. 2,894,977 contains a

17  statement, as required by 37 C.F.R. § 2.52 (b)(5), that "[t]he mark consists of a configuration of a

18  stool with a metal frame supporting a leather cushion."  Knoll denies the remaining allegations of

19  Paragraph 43. c. of the Complaint.

20      d.      Knoll admits that its website, in discussing the Barcelona Stool, states

21  "[c]reated by Ludwig Mies van der Rohe for the German Pavilion at the 1929 Barcelona

22  Exposition, the Barcelona chair features the pure compositional structure that now epitomizes

23  Modern architecture."  Knoll refers to said website for a full understanding thereof.  Knoll denies

24  the remaining allegations of Paragraph 43. d. of the Complaint.

25      44.      Knoll denies the allegations of Paragraph 44 of the Complaint.

26      a.      Knoll admits that U.S. Trademark Registration No. 2,894,980 contains a

27  statement, as required by 37 C.F.R. § 2.52 (b)(5), that "[t]he mark consists of a configuration of a

28  couch with a metal frame supporting a leather cushion."  Knoll denies the remaining allegations of

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS      CASE NO.: 07-CV-05569 MHP

1  Paragraph 44. a. of the Complaint.

2          b.      Knoll denies the allegations of Paragraph 44. b. of the Complaint.

3          c.      Knoll admits that its website, in discussing the Barcelona Couch, states

4  "[d]esigned in 1930 to accompany the Barcelona collection, the Barcelona couch features the hand-

5  buffed frame and hand-pieced leatherwork of traditional craftsmanship."  Knoll refers to said

6  website for a full understanding thereof.  Knoll denies the remaining allegations of Paragraph 44. c.

7  of the Complaint.

8          45.     Knoll denies the allegations of Paragraph 45 of the Complaint.

9          a.      Knoll admits that U.S. Trademark Registration No. 2,894,978 contains a

10  statement, as required by 37 C.F.R. § 2.52 (b)(5), that "[t]he mark consists of a configuration of a

11  chair with a metal frame supporting a leather cushion."  Knoll denies the remaining allegations of

12  Paragraph 45. a. of the Complaint.

13         b.      Knoll denies the allegations of Paragraph 45. b. of the Complaint.

14         c.      Knoll denies the allegations of Paragraph 45. c. of the Complaint.

15         d.      Knoll admits that an image of Marcel Breuer's Cesca chair appears on its

16  website and that its website, in discussing the Cesca chair, states "Marcel Breuer's revolutionary

17  1928 Cesca chair marries user-friendly caning and wood with the industrial-age aesthetic of

18  cantilevered tubular steel."  Knoll refers to said website for a full understanding thereof.  Knoll

19  denies the remaining allegations of Paragraph 45. d. of the Complaint.

20         46.     Knoll denies the allegations of Paragraph 46 of the Complaint.

21         47.     Knoll avers that Paragraph 47 of the Complaint contains legal conclusions to which

22  no response is required.  To the extent that a response is required to the allegations of Paragraph 47

23  of the Complaint, Knoll denies the allegations of Paragraph 34 of the Complaint.

24         a.      Knoll avers that Paragraph 47. a. of the Complaint contains legal conclusions

25  to which no response is required.  To the extent that a response is required to the allegations of

26  Paragraph 47. a. of the Complaint, Knoll denies the allegations of Paragraph 47. a. of the

27  Complaint.

28         b.      Knoll avers that Paragraph 47. b. of the Complaint contains legal conclusions

- 7 -

1  to which no response is required.  To the extent that a response is required to the allegations of

2  Paragraph 47. b. of the Complaint, Knoll denies the allegations of Paragraph 47. b. of the

3  Complaint.

## AFFIRMATIVE DEFENSES

5  48.  Plaintiff fails to state claims upon which relief can be granted.

6  49.  Plaintiff is barred from obtaining the relief that it seeks by the doctrine of unclean

7  hands.

## COUNTERCLAIMS

9  Defendant-Counterclaim Plaintiff Knoll, Inc., by its attorneys, for its Counterclaims against

10 Counterclaim Defendants Alphaville Design, Inc., David Lee, Peggy Lee Danrick Commerce

11 Group, LLC a/k/a Moderncollections.com, Danny Louie and Does A-Z, alleges:

## JURISDICTION AND VENUE

13 50.  This is an action for violations of Sections 32 and 43 (a) of the Lanham Act, 15

14 U.S.C. §§ 1114, 1125; for violations of Cal. Bus. & Prof. Code §§ 14247 and 17200; and for

15 violation of the common law of the State of California pertaining to unfair competition.

16 51.  This Court has jurisdiction over the subject matter of these claims pursuant to 28

17 U.S.C. § 1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a).  Venue is

18 proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

20 52.  Plaintiff Knoll, Inc. ("Knoll") is a corporation organized and existing under the laws

21 of the State of Delaware, maintaining a place of business at 76 Ninth Avenue, New York, New

22 York.

23 53.  Knoll is a leading designer and manufacturer of branded furniture.

24 54.  Knoll believes that good design is good business.  Indeed, since its founding in 1938,

25 Knoll has been recognized as a design leader worldwide.

26 55.  Knoll products are exhibited in major art museums worldwide, with more than 30

27 Knoll pieces in the permanent Design Collection of The Museum of Modern Art in New York, New

28 York.

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

56.    Upon information and belief, defendant David Lee ("D. Lee") is an individual maintaining a place of business at 41460 Christy Street, Fremont, California 94538.

57.    Upon information and belief, defendant Peggy Lee ("P. Lee") is an individual maintaining a place of business at 41460 Christy Street, Fremont, California 94538.

58.    Upon information and belief, Alphaville Designs, Inc. ("Alphaville") is a business organized and existing under the laws of the State of Delaware, maintaining a place of business at 41460 Christy Street, Fremont, California 94538.  Upon information and belief, D. Lee and P. Lee each own fifty percent of the stock of Alphaville, D. Lee is the president of Alphaville and P. Lee is the vice-president of Alphaville.  As a result of the foregoing, D. Lee and P. Lee control Alphaville and direct its activities, especially with respect to the activities complained of herein.

59.    Upon information and belief, Alphaville is a manufacturer, importer, distributor and wholesaler of furniture made in China and Italy.

60.    Alphaville conducts its business over the internet through its website at http://www.alphavilledesign.com.  According to its website, Alphaville services hundreds of retailers and works "with designers on major hotel, office and residential projects/installations."  A printout of the homepage from Alphaville's website is attached as Exhibit 3.

61.    Upon information and belief, in the past, customers have been able to purchase products directly from Alphaville through its website at http://alphavilledesign.stores.yahoo.net/.  A printout of this website is attached as Exhibit 4.  According to Alphaville's website, it does not sell directly to the public "at this time".

62.    Upon information and belief, Alphaville promotes and sells its furniture products at trade shows, including at trade shows in New York, New York.  Upon information and belief, Alphaville also maintains a 6,000 square foot showroom in Las Vegas, Nevada.

63.    Upon information and belief, Alphaville sells its furniture products to retailers throughout the United States, including counterclaim defendants Danrick Commerce Group, LLC a/k/a Moderncollections.com, LaFlat in New York, H.D. Buttercup in Los Angeles, Homeelement.com in New Jersey and Does A-Z.

64.    Defendants Alphaville, D. Lee and P. Lee transact business within this district,

- 9 -

1  derive revenue from intrastate and interstate commerce, and have committed tortious acts within

2  this district and also without this district having consequences within this district, and Alphaville, D.

3  Lee and P. Lee are otherwise within the jurisdiction of this Court.

4        65.    Upon information and belief, defendant Danny Louie ("Louie") is an individual

5  maintaining a place of business at 1564-A Fitzgerald Drive #283, Pinole, California 94564.

6        66.    Upon information and belief, counterclaim-defendant Danrick Commerce Group,

7  LLC a/k/a Moderncollections.com ("ModernCollections") is a business organized and existing

8  under the laws of the State of California, maintaining a place of business at 1564-A Fitzgerald Drive

9  #283, Pinole, California 94564.  Upon information and belief, counterclaim-defendant Louie is a

10  principal and owner of ModernCollections.  As a result of the foregoing, Louie controls

11  ModernCollections and directs its activities, especially with respect to the activities complained of

12  herein.

13        67.    Counterclaim-defendant ModernCollections conducts its business over the internet

14  through its website at http://www.moderncollections.com.

15        68.    Counterclaim-defendants Louie and ModernCollections transact business within this

16  district, derive revenue from intrastate and interstate commerce, and have committed tortious acts

17  within this district and also without this district having consequences within this district, and Louie

18  and ModernCollections are otherwise within the jurisdiction of this Court.

19        69.    The true names and capacities, whether individual, corporate or otherwise, of the

20  counterclaim-defendants named herein as Does A through Z are presently unknown to Knoll, who

21  therefore sues said counterclaim-defendants by such fictitious names.  Knoll will seek to amend

22  these counterclaims to allege the true names and capacities of said counterclaim-defendants when it

23  has ascertained such information.  Knoll is informed and believes that each counterclaim-defendant

24  named herein as Does A through Z is a retailer who purchases furniture products from Alphaville

25  and has participated in some or all of the acts or conduct alleged in these counterclaims, or

26  otherwise orchestrated, supervised or were aware of, or should have been aware of, the infringing

27  conduct as herein alleged, and is therefore liable to Knoll by reason thereof.

28  / / /

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

1

**FACTS COMMON TO ALL COUNTS**

2

**LUDWIG MIES VAN DER ROHE**

3

70.    Ludwig Mies van der Rohe ("Mies van der Rohe") was a world-famous architect and

4

one of the most influential architects of the twentieth century.

5

71.    Mies van der Rohe was the director of the Bauhaus school of design from 1930 to

6

1933, and moved to the United States in 1937 to continue his architectural activities.

7

72.    Among Mies van der Rohe's more well-known architectural works are the Seagram

8

Building in New York City; the Lakeshore Drive Apartments in Chicago, Illinois; the German

9

Pavilion for the 1929 Barcelona International Exhibition; and the Tugendhat House, in Brno, Czech

10

Republic.

11

**THE GERMAN PAVILION**

12

73.    In 1928, Mies van der Rohe was asked to design the German pavilion for the 1929

13

Barcelona International Exhibition.  The result was one of Mies van der Rohe's most well-known

14

architectural designs.

15

A.  The Barcelona Chair

16

74.    In addition to designing the German Pavilion, Mies van der Rohe also designed the

17

furniture featured inside the pavilion.  He designed a chair in the form of the design that is set forth

18

below:

19

20

21

22

23

24



25

Architects, the furniture trade and the public have come to refer to this chair as the "Barcelona

26

Chair".

27

B.  The Barcelona Stool

28

75.    Along with the "Barcelona Chair", Mies van der Rohe also designed an ottoman for

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

1  the German Pavilion in the form of the design that is set forth below:

2

3

4



5

6

7

8

9  Architects, the furniture trade and the public have come to refer to this ottoman as the "Barcelona

10  Stool".

11                              C.  The Barcelona Couch

12        76.      In 1930, Mies van der Rohe designed a couch or daybed that later gained fame when

13  he featured it in the Farnsworth House, which he designed in 1948 for Dr. Edith Farnsworth.  The

14  couch was in the form of the design that is set forth below:

15

16



17

18

19

20

21

22  Architects, the furniture trade and the public have come to refer to this couch as the "Barcelona

23  Couch".

24                          **THE TUGENDHAT HOUSE**

25        77.      In 1928, Mies van der Rohe was commissioned to design a home for Grete and Fritz

26  Tugendhat.  The resulting Tugendhat House in Brno, Czech Republic is one of Mies van der Rohe's

27  most well-known architectural designs.

28                              A.  The Flat Brno Chair

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS        CASE NO.: 07-CV-05569 MHP

78.    In addition to designing the Tugendhat House, Mies van der Rohe also designed much of the furniture used to furnish the Tugendhat House.  He designed for the Tugendhat House a chair in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this chair as the "Flat Brno Chair".

B.  The Barcelona Table

79.    Along with the "Flat Brno Chair", Mies van der Rohe also designed a table for the Tugendhat House in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this table as the "Barcelona Table" or the "Tugendhat Table".

**KNOLL AND ITS RIGHTS IN THE BARCELONA COLLECTION**

80.    By an agreement dating from November 1, 1965, Mies van der Rohe assigned all rights, title and interest in and to the design of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair (hereinafter collectively referred to

1    as the "Barcelona Collection") to predecessors of Knoll as to the rights herein involved.

2       81.    Knoll and its predecessors in interest as to the rights herein involved have been

3 continuously manufacturing, displaying, promoting and selling the Barcelona Collection since at

4 least as early as January 1, 1954.

5       82.    The various furniture items in the Barcelona Collection have been the subjects of

6 third party commentary in numerous books, newspaper articles and magazine articles, virtually all

7 of which identify Knoll or its predecessors in interest as to the rights herein involved as the source

8 of these items.

9       83.    The various furniture items in the Barcelona Collection are in the collections of

10 numerous museums featuring design around the world, and have been featured in a number of

11 museum exhibitions.

12       84.    The Barcelona Collection is in the Museum of Modern Art's design collection.

13 Some of these pieces have been there since the 1950s. The Museum of Modern Art, as well as other

14 museums, always identify Mies van der Rohe as the designer of the Barcelona Collection, and Knoll

15 as the source and manufacturer of these items.

16       85.    Knoll markets and sells the Barcelona Collection throughout the United States and

17 internationally. In connection with these efforts, Knoll maintains an internet website at

18 http://www.knoll.com, which contains information about Knoll's furniture products. Knoll also

19 issues advertising and promotional material relating to the Barcelona Collection, and has done so

20 for many years.

21       86.    As a result of all of the foregoing sales, manufacturing and promotional efforts, the

22 Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno

23 Chair have come to be associated with Knoll as their source.

24 **KNOLL'S TRADEMARK REGISTRATIONS**

25       87.    On or about October 12, 2004, after examination, the Barcelona Chair was registered

26 as a trademark with the United States Patent and Trademark Office. Knoll's registration for the

27 Barcelona Chair, No. 2,893,025, remains in full force and effect. A copy of this registration is

28 attached as Exhibit 5.

- 14 -

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS     CASE NO.: 07-CV-05569 MHP

88. On or about October 19, 2004, after examination, the Barcelona Stool was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Stool, No. 2,894,977, remains in full force and effect. A copy of this registration is attached as Exhibit 6.

89. On or about October 19, 2004, after examination, the Barcelona Couch was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Couch, No. 2,894,980, remains in full force and effect. A copy of this registration is attached as Exhibit 7.

90. On or about October 19, 2004, after examination, the Barcelona Table was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Barcelona Table, No. 2,894,979, remains in full force and effect. A copy of this registration is attached as Exhibit 8.

91. On or about October 19, 2004, after examination, the Flat Brno Chair was registered as a trademark with the United States Patent and Trademark Office. Knoll's registration for the Flat Brno Chair, No. 2,894,978, remains in full force and effect. A copy of this registration is attached as Exhibit 9.

92. Knoll duly recorded its trademark registrations for the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and Flat Brno Chair with U.S. Customs and Border Protection in January 2005.

93. Knoll is the owner of U.S. Trademark Registration No. 772,313 for the mark BARCELONA, which issued, after examination, on or about June 30, 1964. Said registration remains in full force and effect and is now incontestable under 15 U.S.C. § 1065. A printout from the website of the United State Patent and Trademark Office showing the particulars of this registration is attached as Exhibit 10.

## MODERNCOLLECTIONS

94. Upon information and belief, ModernCollections is a marketer and retailer of furniture and related products, much of it embodying "modern design".

95. ModernCollections and Louie, through the website at www.moderncollections.com,

1    advertise, promote and offer for sale furniture products in the form of the designs that are the

2    subjects of Knoll's aforementioned trademark registrations.  Indeed, on its website,

3    ModernCollections compares the infringing products it sells to those sold by Knoll and admits that

4    its infringing products come from Asia.  Printouts of representative pages from ModernCollections'

5    website are attached as Exhibit 11.

6        96.    On June 26, 2007, Knoll sent a notice letter to ModernCollections.  At the time it

7    sent the June 26, 2007 notice letter, Knoll was unaware that Alphaville was supplying

8    ModernCollections with infringing products.  ModernCollections did not respond to that notice

9    letter.

10       97.    On July 19, 2007, Knoll's counsel sent a second notice letter to ModernCollections.

11   The July 19, 2007 notice letter included a draft complaint and advised that Knoll would file the

12   complaint if it received no response from MordernCollections.  ModernCollections did not respond

13   to that notice letter.

14       98.    Despite having received notice of their infringing activities, ModernCollections and

15   Louie have sold and continue to sell products in the form of or derivative of the designs that are the

16   subjects of Knoll's aforementioned trademark registrations in California and throughout the United

17   States.

18                                    **ALPHAVILLE**

19       99.    Upon information and belief, defendant Alphaville manufactures, imports, and/or

20   distributes furniture products that are the subjects of Knoll's aforementioned trademark

21   registrations, to customers throughout the United States, including to customers in California.

22       100.    Upon information and belief, defendant Alphaville is the supplier to

23   ModernCollections and other retailers across the country of the furniture products that are the

24   subjects of Knoll's aforementioned trademark registrations.

25       101.    On August 15, 2007, Knoll sent a notice letter to Alphaville.  A copy of this notice

26   letter is attached as Exhibit 1.

27       102.    Defendants have sold and continue to sell products in the form of or derivative of the

28   designs that are the subjects of Knoll's aforementioned trademark registrations in California and

- 16 -

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

1    throughout the United States.

2    ## COUNT I [TRADEMARK INFRINGEMENT]

3    103.    Knoll repeats and realleges each allegation in paragraphs 50-102 as if set forth in full

4    herein.

5    104.    Knoll has never authorized the counterclaim-defendants to sell reproductions of the

6    Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table or the Flat Brno

7    Chair.

8    105.    Knoll has never authorized the counterclaim-defendants to use its BARCELONA

9    mark in connection with the sale of reproductions of the Barcelona Chair, the Barcelona Stool, the

10    Barcelona Couch, the Barcelona Table or the Flat Brno Chair.

11    106.    Upon information and belief, the counterclaim-defendants' acts have been done

12    willfully and intentionally, with full knowledge of Knoll's trademark rights.

13    107.    Knoll has given the counterclaim-defendants due notice of Knoll's rights, and on

14    information and belief, the counterclaim-defendants have failed to cease their infringing acts.  The

15    continuation of counterclaim-defendants' infringing acts have and will cause Knoll irreparable harm

16    and injury.

17    108.    Counterclaim-defendants have improperly sold goods in the form of the designs that

18    are the subject of Knoll's trademark registrations with the intent to cause confusion and mistake, to

19    deceive and mislead the purchasing public and to improperly appropriate the valuable trademark

20    rights of Knoll.

21    109.    Counterclaim-defendants' said acts violate Section 32 of the Lanham Act, 15 U.S.C.

22    § 1114.

23    110.    Knoll has no adequate remedy at law and is suffering irreparable harm and damages

24    as a result of the wrongful acts of the counterclaim-defendants in an amount thus far not

25    determined, but, on information and belief, the counterclaim-defendants' acts, if continued, will

26    result in damages to be awarded against the counterclaim-defendants in excess of $1,000,000.

27    ## COUNT II [FALSE DESIGNATION OF ORIGIN]

28    111.    Knoll repeats and realleges each allegation in paragraphs 50-110 as if set forth in full

- 17 -

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS      CASE NO.: 07-CV-05569 MHP

1   herein.

2       112.    Counterclaim-defendants ModernCollections and Louie, on their website, present

3   their unauthorized copies of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the

4   Barcelona Table and the Flat Brno Chair in connection with text describing the context in which

5   Mies van der Rohe created these designs, creating the impression that the products offered for sale

6   by defendants are authentic.

7       113.    Counterclaim-defendants Alphaville, D. Lee and P. Lee, on their website, present

8   their unauthorized copies of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the

9   Barcelona Table and the Flat Brno Chair, creating the impression that the products offered for sale

10  by defendants are authentic.

11      114.    Counterclaim-defendants' efforts to misrepresent themselves as a legitimate source

12  of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table or the Flat

13  Brno Chair takes control of the reputation and goodwill of the designs for those items away from

14  Knoll, which owns and is responsible for the goodwill of those designs in the United States.

15      115.    Counterclaim-defendants have improperly sold goods in the form of the designs that

16  are the subject of Knoll's aforementioned trademark registrations with the intent to cause confusion

17  and mistake, to deceive and mislead architects, the furniture trade and the purchasing public and to

18  improperly appropriate the valuable trademark rights of Knoll.

19      116.    Counterclaim-defendants' said acts violate Section 43 (a) of the Lanham Act, 15

20  U.S.C. § 1125 (a).

21      117.    Knoll has no adequate remedy at law, and is suffering irreparable harm and damages

22  as a result of the wrongful acts of the counterclaim-defendants in an amount thus far not

23  determined, but, on information and belief, counterclaim-defendants' acts, if continued, will result

24  in damages to be awarded against counterclaim-defendants in excess of $1,000,000.

25          **COUNT III [COMMON LAW UNFAIR COMPETITION]**

26      118.    Knoll repeats each allegation in paragraphs 50-117 as if set forth in full herein.

27      119.    As a result of counterclaim-defendants' improper sale of furniture in the form of the

28  designs that are the subject of Knoll's trademark registrations, architects, the furniture trade and the

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

1  purchasing public are likely to buy counterclaim-defendants' products in the erroneous belief that

2  they are authorized reproductions of Knoll's trademarked designs.

3      120.    Upon information and belief, counterclaim-defendants have intentionally

4  misappropriated the designs that are the subject of Knoll's trademark registrations with the intention

5  of causing confusion, mistake and deception among consumers and the trade as to the source of the

6  goods and with the intent to unfairly profit from Knoll's goodwill at Knoll's expense.

7      121.    As a result of the foregoing, counterclaim-defendants' actions constitute unfair

8  competition which have had and will continue to have a detrimental effect on the general

9  consuming public in violation of the common law of the State of California.

10     122.    Knoll has no adequate remedy at law, and is suffering irreparable harm and damages

11 as a result of the wrongful acts of counterclaim-defendants in an amount thus far not determined,

12 but, on information and belief, defendants' acts, if continued, will result in damages to be awarded

13 against counterclaim-defendants in excess of $1,000,000.

14                     **COUNT IV [DILUTION]**

15     123.    Knoll repeats and realleges each allegation of paragraphs 50-122 hereof, as if fully

16 set forth herein.

17     124.    By reason of the practices and acts set forth above, counterclaim-defendants are

18 likely to injure Knoll's business reputation and dilute the distinctive quality of Knoll's marks, in

19 violation of Cal. Bus. & Prof. Code § 14247.

20     125.    These acts of counterclaim-defendants are without the permission, license or consent

21 of Knoll and, unless enjoined by this Court, defendants will continue these practices and acts,

22 thereby harming Knoll's business reputation and causing Knoll immediate and irreparable injury.

23     126.    Knoll has no adequate remedy at law and is suffering irreparable harm and damages

24 as a result of the wrongful acts of counterclaim-defendants in an amount thus far not determined,

25 but, on information and belief, defendants' acts, if continued, will result in damages to be awarded

26 against defendants in excess of $1,000,000.

27         **COUNT V [VIOLATION OF CAL. BUS. & PROF. CODE §17200, ET SEQ.]**

28     127.    Knoll repeats each allegation in paragraphs 50-126 as if set forth in full herein.

128.    Upon information and belief, counterclaim-defendants have intentionally misappropriated the Knoll's registered trademarks with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from Knoll's goodwill at Knoll's expense.

129.    As a result of the foregoing, counterclaim-defendants' wrongful conduct constitutes intentionally unfair and/or fraudulent business practices as defined by California Business & Professions Code § 17200, which have had and will continue to have a detrimental effect on the general consuming public.

130.    Knoll has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of Defendants in an amount thus far not determined.

## **PRAYER**

WHEREFORE, Knoll demands:

A.    An injunction permanently enjoining and restraining counterclaim-defendants, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, assigns, and all persons in active concert or participation with them;

1.    From importing, marketing, advertising, distributing or selling furniture in the form of the designs that are the subject of Knoll's trademark registrations;

2.    From passing off or otherwise representing to architects, the furniture trade or public in any way that any product sold by counterclaim-defendants emanates from, is related in source or sponsorship to, or is in any way related to Knoll;

3.    From injuring Knoll's business reputation by diluting the distinctive quality of Knoll's products; and

4.    From engaging in deceptive trade practices or acts in the conduct of counterclaim-defendants' business by means of selling products embodying Knoll's trademarked designs;

B.    Directing counterclaim-defendants to deliver to Knoll or to destroy all furniture in their possession that is in the form of the designs that are the subject of Knoll's

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS    CASE NO.: 07-CV-05569 MHP

1  trademark registrations;

2          C.      Directing counterclaim-defendants to immediately recall and destroy all of

3  their catalogs showing, advertising or promoting furniture that is in the form of the designs that are

4  the subject of Knoll's trademark registrations;

5          D.      Directing counterclaim-defendants to remove all references to or images of

6  furniture that are in the form of the designs that are the subject of Knoll's trademark registrations

7  from counterclaim-defendants' internet websites;

8          E.      Directing counterclaim-defendants to account to Knoll for all profits resulting

9  from counterclaim-defendants' infringing activities;

10          F.      Awarding Knoll its damages from counterclaim-defendants' wrongful acts;

11          G.      Awarding Knoll three times the amount of its damages or counterclaim-

12  defendants' profits, whichever is greater.

13          H.      Awarding Knoll the cost of this action, as well as reasonable attorneys' fees.

14          I.      Awarding Knoll punitive damages as a result of counterclaim-defendants'

15  wrongful acts; and

16          J.      Awarding Knoll such other and further relief as the Court may deem just and

17  proper.

18                          **<u>DEMAND FOR JURY TRIAL</u>**

19          Pursuant to Federal Rule of Civil Procedure, Defendant and Counterclaim-Plaintiff Knoll,

20  Inc. hereby demands trial by jury of all issues so triable.

21  Dated:  January 15, 2008            BUCHANAN INGERSOLL & ROONEY LLP

22                                      /s/ Karineh Khachatourian
                                        _____
23                                      By:    KARINEH KHACHATOURIAN
                                               Attorneys for Defendant/Counterclaim-Plaintiff,
                                               KNOLL, INC.
24                                      *OF COUNSEL*
25                                      GOTTLIEB RACKMAN & REISMAN, P.C.
                                        270 Madison Avenue
26                                      New York, NY  10016-0601
                                        Telephone:  (212) 684-3900
27                                      Facsimile:   (212) 684-3999

28                                      Attorneys for Defendant/Counterclaim-Plaintiff,
                                        KNOLL, INC.

#1033422-v3

- 21 -

KNOLL'S ANSWER TO COMPLAINT; COUNTERCLAIMS        CASE NO.: 07-CV-05569 MHP