1  KARINEH KHACHATOURIAN (SBN 202634)
   Email: karineh.khachatourian@bipc.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bryan.sinclair@bipc.com
3  BUCHANAN INGERSOLL & ROONEY LLP
   333 Twin Dolphin Drive, Suite 700
4  Redwood Shores, California  94065-1418
   Telephone:  (650) 622-2300
5  Facsimile:   (650) 622-2499

6  GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
7  MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
8  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
9  New York, NY  10016-0601
   Telephone: (212) 684-3900
10 Facsimile:   (212) 684-3999

11 Attorneys for Defendant/Counterclaim-Plaintiff,
   KNOLL, INC.

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15 ALPHAVILLE DESIGN, INC., a Delaware          Case No. 07-CV-05569 MHP
   corporation,
16                                              **KNOLL INC.'S MISCELLANEOUS**
                      Plaintiff,                **ADMINISTRATIVE REQUEST TO**
17         vs.                                  **CONSIDER WHETHER CASES**
                                                **SHOULD BE RELATED**
18 KNOLL, INC., a Delaware corporation,
                                                **[Civil L.R. 3-12 and 7-11]**
19                    Defendant.

20 ─────────────────────────────────            Judge: Honorable Marilyn H. Patel

21 KNOLL, INC., a Delaware corporation,         Complaint filed:    November 1, 2007
                                                Trial Date:         None set
22                    Counterclaim-Plaintiff,

23         vs.

24 ALPHAVILLE DESIGN, INC., a Delaware
   Corporation, DAVID LEE, PEGGY LEE,
25 DANRICK COMMERCE GROUP, LLC a/k/a
   MODERNCOLLECTIONS.COM, DANNY
26 LOUIE, and DOES A-Z, Retailers for
   Alphaville Design, Inc.,
27
                      Counterclaim-Defendants.
28

1    Defendant and Counterclaim-Plaintiff Knoll, Inc. ("Knoll") files this Administrative Motion

2  to Consider Whether Cases Should be Related ("Motion") pursuant to Civil L.R. 3-12.  This motion

3  is based upon this Motion and Declaration of Karineh Khachatourian filed herewith, along with the

4  papers, records, and pleadings on file herein and on such other and further matters as may be

5  determined by the Court.

6  **I.    PROCEDURE**

7    To make an administrative request under Civil L.R. 7-11, a moving party must set forth

8  specifically the action requested, and the reasons supporting the motion.  Such a motion must be

9  accompanied by either (a) a stipulation of parties under Civil L.R. 7-12 or, (b) by a declaration

10  explaining why a stipulation could not be reached.  A Declaration of Karineh Khachatourian

11  Explaining Why a Stipulation Could Not be Reached is filed concurrently herewith.

12  **II.    ACTION REQUESTED**

13    Knoll respectfully requests that this Court grant this Motion and find that this case, entitled

14  *Alphaville Design, Inc. v. Knoll, Inc.,* Case No. 07-CV-05569-MHP, is related to the case entitled

15  *Knoll, Inc. v. Danrick Commerce Group, LLC, et al.,* Case No. 08-CV-0778-MHP, and should be

16  consolidated and calendared on the same track[1].  Specifically, Knoll respectfully requests that the

17  Court utilize the dates set in the case management order in the second filed action, *Knoll, Inc. v.*

18  *Danrick Commerce Group, LLC, et al.* for both cases to ensure that all parties are served with the

19  complaint and summons and can all participate in the ADR, Rule 26(f) and case management

20  conferences.

21  **III.    REASONS SUPPORTING THIS REQUEST**

22    **A.    The New York and California Lawsuits.**

23    On September 7, 2007, KNOLL, INC. ("Knoll") filed suit for trademark infringement, unfair

24  competition and related claims against, DANRICK COMMERCE GROUP, LLC a/k/a

25  MODERNCOLLECTIONS.COM ("Danrick"), and DANNY LOUIE ("Louie") in the United States

26

27  [1] Knoll has filed this Motion in both the Alphaville and Danrick Actions to avoid any doubt that all parties have been served.

28

- 1 -

MISC. ADMINISTRATIVE REQ. TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 07-CV-05569 MHP

1  District Court for the Southern District of New York, Case No. 07-CIV-7892, and on November 8,

2  2007 amended the complaint to name ALPHAVILLE DESIGN, INC. ("Alphaville") and DAVID

3  LEE and PEGGY LEE ("the Lees") as additional defendants (hereinafter referred to the "the New

4  York Action").  *See* Declaration of Karineh Khachatourian in Support of Knoll Inc.'s Miscellaneous

5  Administrative Request to Consider Whether Cases Should be Related ("Khachatourian Decl."),

6  Exh.A.  Shortly thereafter, the Court in the New York Action suggested that the parties agree to

7  transfer the action to or Knoll re-file the action in the Northern District of California because the

8  majority of the defendants reside in that jurisdiction and venue.  Based on the New York Court's

9  suggestion, Knoll dismissed the New York Action without prejudice with the intent of re-filing in

10  the United States District Court for the Northern District of California.

11      However, prior to the dismissal of the New York action, Alphaville filed an action against

12  Knoll for declaratory relief of invalidity and non-infringement of the trademarks subject to the New

13  York Action (hereinafter referred to "this Action" and "the Alphaville Action").  *See* Alphaville

14  Docket No. 1.  Alphaville's filing of its complaint was particularly underhanded given that the

15  parties were also engaged in settlement discussions at that time.  As discussed below, Alphaville's

16  filing has now created a procedural quagmire.

17      **B.      Knoll Asserts Its Trademark Infringement Claims Against All Of The Named
            Defendants In The New York Action.**

18

19      On January 15, 2008, Knoll reasserted its causes of action against Alphaville in the New

20  York Action as counterclaims in this Action.  *See* Alphaville Docket No. 14.  Knoll also asserted

21  similar trademark infringement claims against the Lees, Danrick, and Louie that it previously

22  asserted in the New York Action as counterclaims in this Action.  *See id.*

23      On January 22, 2008, Karineh Khachatourian, counsel for Knoll, contacted Philip Green of

24  the Law Offices of Green & Green, counsel for Alphaville, to confirm whether he would accept

25  service of Knoll's Counterclaim on behalf of the Lees, Danrick and Louie.  Khachatourian Decl., ¶

26  7. Counsel for Alphaville, accepted service on behalf of the Lees since they were principals of

27  Alphaville.  *Id.*  However, counsel for Alphaville stated that Neil Smith of the Sheppard Mullin law

28  firm represented Danrick and Louie, as he did previously in the New York action.  *Id.*

- 2 -

1    On January 22, 2008, counsel for Knoll also contacted Neil Smith to inquire whether he

2   represented Danrick and Louie and whether he would accept service on their behalf.  Khachatourian

3   Decl., ¶ 8.  On January 23, 2008, counsel for Knoll sent Mr. Smith an email requesting that he

4   confirm whether he was authorized to accept service on behalf of Danrick and Louie.  Mr. Smith

5   did not timely respond to that email.  Khachatourian Decl., Exh.B, ¶ 9.

6    To preserve its rights against Danrick and Louie, on February 1, 2007, Knoll filed a separate

7   action against Danrick and Louie in the Northern District for California, Case No. CV-08-0778

8   MHP (hereinafter referred to as "the Danrick Action"), wherein Knoll reasserted claims that were

9   substantially similar to those originally brought in the New York Action and those asserted as

10   counterclaims in this Action.  In doing so, Knoll indicated on the case cover sheet that Danrick

11   Action case was related to the Alphaville Action and the Danrick Action was assigned to this Court.

12   Danrick Docket No. 1.

13    After Knoll filed the Danrick Action and served one of the defendants, Mr. Smith contacted

14   counsel for Knoll and inquired why a separate lawsuit was filed.  Counsel for Knoll explained that

15   by filing an action in California, Alphaville made it nearly impossible for Knoll to name the Lees,

16   Danrick and Louie as counter-defendants since counterclaims may only be asserted against parties

17   to the action. *See* F.R.Civ.P. 13.  Indeed, the Clerk of this Court would not issue summons for

18   Danrick and Louie.  Khachatourian Decl. ¶ 11.

19    Thereafter, Knoll met and conferred with counsel for the other parties and appeared to have

20   reached an agreement that joining those parties named as defendants in the Danrick Action as

21   counter-defendants in the Alphaville Action under Federal Rule of Civil Procedure 20 was the

22   necessary and proper procedure to streamline the prosecution of the parties' respective claims and

23   counterclaims asserted by the parties in the Alphaville and Danrick Actions.  *See* 6 Wright, Miller

24   & Kane, Fed. Prac. & Proc. Civ.2d § 1435.  In conjunction with that agreement, Knoll prepared a

25   stipulation and proposed order joining the Lees, Danrick and Louie as counter-defendants in the

26   Alphaville Action.  Khachatourian Decl., Exh.C, ¶ 11.  Upon execution by the parties, approval of

27   the stipulation by the Court and acceptance of service of summons by counsel, Knoll was prepared

28   to dismiss the Danrick Action.  *See id.*

- 3 -

1    After Knoll circulated the proposed stipulation, counsel for Danrick and Louie refused to

2    provide comments or otherwise execute the stipulation.  Khachatourian Decl., ¶ 11.  With the

3    upcoming deadlines in both the Alphaville and Danrick Actions, the need to resolve the issue of

4    consolidation of these actions became imperative.

5    **C.    Good Cause Exists To Deem The Alphaville and Danrick Actions As Related And Consolidate Them Before This Court.**

6

7    Knoll's Request should be granted because both cases fit the definition of related cases as

8    stated in Civil L.R. 3-12(a).  Both actions concern the same parties, trademarks (U.S. Trademark

9    Nos. 2,893,025; 2,894,977; 2,894,980; 2,894,979; 2,894,978 and 772,313), and causes of action

10    under the Lanham Act.  Specifically, the parties' respective claims and counterclaims asserted in the

11    Alphaville and Danrick Actions all relate to the same series of transactions and occurrences and

12    present common questions of law, i.e. the validity of Knoll's marks and the alleged infringement of

13    those marks by a manufacture/supplier and its retailers and resellers.[2]

14    Also in agreement with Civil L.R. 3-12(a)(2), "[i]t appears likely that there will be an unduly

15    burdensome duplication of labor and expense" if these cases are not consolidated.  Despite the fact

16    that both actions related to the same trademarks and alleged wrongdoing, they are now on different

17    calendar tracks.  *Compare* Khachatourian Decl., Exhs. D *and* E.  For example, in the Alphaville

18    Action, the parties are required to complete their Rule 26(f) conference, meet and confer regarding

19    ADR and file their ADR Certifications and Stipulation to ADR Process on February 25, 2008.  *Id*.,

20    Exh. D.  However, in the Danrick Action, the parties are not required to do the same until April 21,

21    2008.  *Id*., Exh. E.  Likewise, the case management conference in the Alphaville Action is March

22    17, 2008, while the case management conference in the Danrick Action is scheduled for May 12,

23    2008.  *Id*.

24    _____

25    [2] These considerations also support Knoll's original attempt to reach an agreement to join the Lees, Danrick and Louie.  *See, e.g., Privasys, Inc. v. Visa Internat'l,* 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007) (joinder was proper where plaintiff sought relief for patent infringement against both the supplier and its customers); *Naxon Telesign Corp. v. GTE Information Sys., Inc.*, 89 F.R.D. 333, 338-39 (D.C. Ill. 1980) (where a patent infringement suit against manufacturer and customers would take place simultaneously, joinder rather than staying claims against customers is proper).

26

27

28

- 4 -

MISC. ADMINISTRATIVE REQ. TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 07-CV-05569 MHP

1    In light of the foregoing, deeming the cases as related and/or consolidating them would be in

2  the interests of judicial economy and conserve the resources of the parties by preventing multiple

3  lawsuits and expediting the final determination of the parties' dispute in a single action.  In that

4  regard, since not all of the parties have been served in the Danrick Action, it would be in the

5  interests of judicial economy to vacate the case management schedule in the Alphaville Action and

6  adopt the case management schedule in the Danrick Action for both cases.

7

8  Dated:  February 22, 2008                    Respectfully submitted,

9                                               BUCHANAN INGERSOLL & ROONEY LLP

10                                              /s/ Karineh Khachatourian
                                                 By:   KARINEH KHACHATOURIAN
11                                                     Attorneys for Defendant/Counterclaim-Plaintiff,
                                                       KNOLL, INC.
12
                                                *OF COUNSEL:*
13
                                                GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
14                                              Email: ggottlieb@grr.com
                                                MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
15                                              Email: mmisthal@grr.com
                                                GOTTLIEB RACKMAN & REISMAN, P.C.
16                                              270 Madison Avenue
                                                New York, NY  10016-0601
17                                              Telephone:  (212) 684-3900
                                                Facsimile:  (212) 684-3999
18

19

20

21

22

23

24

25

26

27

28  #1036044-v2

- 5 -

MISC. ADMINISTRATIVE REQ. TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 07-CV-05569 MHP