EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| KNOLL, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>DANRICK COMMERCE GROUP, LLC<br>a/k/a MODERNCOLLECTIONS.COM, SAS<br>DANNY LOUIE, LISA SHIU,<br>ALPHAVILLE DESIGN, INC., DAVID<br>LEE, PEGGY LEE and DOES A-Z,<br>Retailers for Alphaville Design, Inc.,<br><br>*Defendants.* |

Civil Action No. 07 CV 7892

**FIRST AMENDED COMPLAINT FOR
TRADEMARK INFRINGEMENT AND
RELATED CAUSES
(Jury Demanded)**

**ECF CASE**

Case 1:07-cv-07892-SAS    Document 11    Filed 11/07/2007    Page 1 of 33



Plaintiff, by its attorneys, for its First Amended Complaint against the defendants, alleges:

**JURISDICTION AND VENUE**

1.    This is an action for violation of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; for violation of Section 360-I of the New York General Business Law; and for violation of the common law of the State of New York pertaining to unfair competition

2.    This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

**THE PARTIES**

3    Plaintiff Knoll, Inc. ("Knoll") is a corporation organized and existing under the laws of the State of Delaware, maintaining a place of business at 76 Ninth Avenue, New York, New York

4    Knoll is a leading designer and manufacturer of branded furniture

5.    Knoll believes that good design is good business.  Indeed, since its founding in 1938, Knoll has been recognized as a design leader worldwide.

6.    Knoll products are exhibited in major art museums worldwide, with more than 30 Knoll pieces in the permanent Design Collection of The Museum of Modern Art in New York, New York.

7.    Upon information and belief, defendant Danny Louie ("Louie") is an individual maintaining a place of business at 1564-A Fitzgerald Drive #283, Pinole, California 94564.

8.    Upon information and belief, defendant Lisa Shiu ("Shiu") is an individual maintaining a place of business at 1564-A Fitzgerald Drive #283, Pinole, California 94564.  Upon information and belief, defendant Shiu is the registrant of the domain name moderncollections.com.

9.    Upon information and belief, defendant Danrick Commerce Group, LLC a/k/a ModernCollections.com ("ModernCollections") is a business organized and existing under the laws of the State of California, maintaining a place of business at 1564-A Fitzgerald Drive #283, Pinole, California 94564   Upon information and belief, defendant Louie is a principal of and controls ModernCollections.

10    Defendant ModernCollections conducts its business over the internet through its website at http://www.moderncollections.com.

11.    Defendants Louie and ModernCollections transact business within this district, derive revenue from intrastate and interstate commerce, and have committed tortious acts within this district and also without this district having consequences within this district, and defendants are otherwise within the jurisdiction of this Court.

12.    Upon information and belief, defendant David Lee ("D  Lee") is an

2

individual maintaining a place of business at 41460 Christy Street, Fremont, California 94538.

13.    Upon information and belief, defendant Peggy Lee ("P. Lee") is an individual maintaining a place of business at 41460 Christy Street, Fremont, California 94538.

14.    Upon information and belief, defendant Alphaville Designs, Inc. ("Alphaville") is a business organized and existing under the laws of the State of Delaware, maintaining a place of business at 41460 Christy Street, Fremont, California 94538. Upon information and belief, Alphaville is a manufacturer and wholesaler of furniture and is the source of the furniture offered for sale by ModernCollections. Upon information and belief, defendants D. Lee and P. Lee are principals of and control Alphaville.

15.    Defendant Alphaville conducts its business over the internet through its website at http://www.alphavilledesign.com. Customers have been able to purchase products directly from Alphaville through its website at http://alphavilledesign.stores.yahoo.net/. Upon information and belief, Alphaville also promotes and sells its furniture products at trade shows, including at trade shows in New York, New York. Upon information and belief, Alphaville sells its furniture products to retailers throughout the United States, including defendants Does A-Z

16.    Defendants Alphaville, D. Lee and P. Lee transact business within this district, derive revenue from intrastate and interstate commerce, and have committed tortious acts within this district and also without this district having consequences within this district, and defendants are otherwise within the jurisdiction of this Court.

3

17.    The true names and capacities, whether individual, corporate or
otherwise, of the defendants named herein as Does A through Z are presently unknown
to Knoll, who therefore sues said defendants by such fictitious names.  Knoll will seek
to amend this First Amended Complaint to allege the true names and capacities of said
defendants when it has ascertained such information. Knoll is informed and believes
that each defendant named herein as Does A through Z is a retailer who purchases
furniture products from defendant Alphaville and has participated in some or all of the
acts or conduct alleged in this First Amended Complaint, or otherwise orchestrated,
supervised or were aware of, or should have been aware of, the infringing conduct as
herein alleged, and is therefore liable to Knoll by reason thereof.

Case 3:07-cv-05569-MHP    Document 9    Filed 01/02/2008    Page 4 of 33

## FACTS COMMON TO ALL COUNTS

### LUDWIG MIES VAN DER ROHE

18.    Ludwig Mies van der Rohe ("Mies van der Rohe") was a world-famous
architect and one of the most influential architects of the twentieth century.

19    Mies van der Rohe was the director of the Bauhaus school of design from
1930 to 1933, and moved to the United States in 1937 to continue his architectural
activities.

20    Among Mies van der Rohe's more well-known architectural works are the
Seagram Building in New York City; the Lakeshore Drive Apartments in Chicago
Illinois; the German Pavilion for the 1929 Barcelona International Exhibition  and the
Tugendhat House, in Brno. Czech Republic.

### THE GERMAN PAVILION

21.    In 1928, Mies van der Rohe was asked to design the German pavilion for

4

the 1929 Barcelona International Exhibition.  The result was one of Mies van der

Rohe's most well-known architectural designs.

### A.  The Barcelona Chair

22.    In addition to designing the German Pavilion, Mies van der Rohe also Case 3:07-cv-05569-MHP    Document 1    Filed 11/01/2007    Page 5 of 33

designed the furniture featured inside the pavilion.  He designed a chair in the form of

the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this chair as the

"Barcelona Chair".

### B.  The Barcelona Stool

23    Along with the "Barcelona Chair", Mies van der Rohe also designed an

ottoman for the German Pavilion in the form of the design that is set forth below



Architects, the furniture trade and the public have come to refer to this ottoman as the "Barcelona Stool".

### C. The Barcelona Couch

24.    In 1930, Mies van der Rohe designed a couch or daybed that later gained

fame when he featured it in the Farnsworth House, which he designed in 1948 for Dr.

Edith Farnsworth.  The couch was in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this couch as the "Barcelona Couch"

### THE TUGENDHAT HOUSE

25    In 1928, Mies van der Rohe was commissioned to design a home for Grete and Fritz Tugendhat.  The resulting Tugendhat House in Brno, Czech Republic is one of Mies van der Rohe's most well-known architectural designs

### A. The Flat Brno Chair

26.    In addition to designing the Tugendhat House  Mies van der Rohe also designed much of the furniture used to furnish the Tugendhat House  He designed for

the Tugendhat House a chair in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this chair as the "Flat

Brno Chair".

B.  The Barcelona Table

27.    Along with the "Flat Brno Chair", Mies van der Rohe also designed a table

for the Tugendhat House in the form of the design that is set forth below:



Architects, the furniture trade and the public have come to refer to this table as the

"Barcelona Table" or the "Tugendhat Table".

**KNOLL AND ITS RIGHTS IN THE BARCELONA COLLECTION**

28.    By an agreement dating from November 1, 1965, Mies van der Rohe

7

assigned all rights, title and interest in and to the design of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair (hereinafter collectively referred to as the "Barcelona Collection") to predecessors of Knoll as to the rights herein involved.

29.    Knoll and its predecessors in interest as to the rights herein involved have been continuously manufacturing, displaying, promoting and selling the Barcelona Collection since at least as early as January 1, 1954.

30.    The various furniture items in the Barcelona Collection have been the subjects of third party commentary in numerous books, newspaper articles and magazine articles, virtually all of which identify Knoll or its predecessors in interest as to the rights herein involved as the source of these items.

31.    The various furniture items in the Barcelona Collection are in the collections of numerous museums featuring design around the world, and have been featured in a number of museum exhibitions.

32.    The Barcelona Collection is in the Museum of Modern Art's design collection. Some of these pieces have there since the 1950s. The Museum of Modern Art, as well as other museums, always identify Mies van der Rohe as the designer of the Barcelona Collection, and Knoll as the source and manufacturer of these items.

33.    Knoll markets and sells the Barcelona Collection throughout the United States and internationally. In connection with these efforts, Knoll maintains an internet website at http://www.knoll.com, which contains information about Knoll's furniture products. Knoll also issues advertising and promotional material relating to the Barcelona Collection, and has done so for many years.

34.    As a result of all of the foregoing sales, manufacturing and promotional efforts, the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair have come to be associated with Knoll as their source.

## KNOLL'S TRADEMARK REGISTRATIONS

35.    On or about October 19, 2004, the Barcelona Chair was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Chair, No. 2,893,025, remains in full force and effect.  A copy of this registration is attached as Exhibit A.

36.    On or about October 19, 2004, the Barcelona Stool was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Stool, No. 2,894,977, remains in full force and effect.  A copy of this registration is attached as Exhibit B.

37.    On or about October 19, 2004, the Barcelona Couch was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Couch, No. 2,894,980, remains in full force and effect.  A copy of this registration is attached as Exhibit C

38    On or about October 19, 2004, the Barcelona Table was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Barcelona Table, No. 2,894,979, remains in full force and effect.  A copy of this registration is attached as Exhibit D

39    On or about October 19, 2004, the Flat Brno Chair was registered as a trademark with the United States Patent and Trademark Office.  Knoll's registration for the Flat Brno Chair, No. 2,894,978, remains in full force and effect   A copy of this

registration is attached as Exhibit E.

40.    Knoll is the owner of U.S. Trademark Registration No. 772,313 for the
mark BARCELONA, which issued on or about June 30, 1964. Said registration remains
in full force and effect and is incontestable. A copy of this registration is attached as
Exhibit F.      Case 1:07-cv-07892-SAS    Document 11    Filed 11/07/2007    Page 10 of 33

## MODERNCOLLECTIONS, ALPHAVILLE and DOES A-Z

41.    Upon information and belief, defendant ModernCollections is a marketer
and retailer of furniture and related products, much of it embodying "modern design".

42.    Defendants ModernCollections, Louie and Shiu, through the website at
www.moderncollections.com, advertise, promote and offer for sale furniture products in
the form of the designs that are the subjects of Knoll's aforementioned trademark
registrations. Indeed, on its website, ModernCollections compares the products it sells
to those sold by Knoll and admits that its products come from Asia. Printouts of
representative pages from ModernCollections' website are attached as Exhibit G.

43    Upon information and belief, defendant Alphaville is a manufacturer
importer and wholesaler of furniture products. Upon information and belief, Alphaville
offers its furniture products for sale to customers in New York and promotes its furniture
products at trade shows, including at trade shows in New York. Indeed, upon
information and belief, Alphaville is an exhibitor and its furniture products will be on
display from November 10-13, 2007 at the 92rd Annual International Hotel Motel &
Restaurant Show at the Jacob Javits Convention Center in New York, New York.

44.    Upon information and belief, defendant Alphaville is the supplier to
ModernCollections of the furniture products that are the subjects of Knoll's

10

aforementioned trademark registrations.

45.    Upon information and belief, defendant Alphaville manufactures, imports, and/or distributes furniture products that are the subjects of Knoll's aforementioned trademark registrations, to customers throughout the United States, including to customers in New York.

46.    Upon information and belief, defendants Does A through Z are retailers who have purchased furniture products from Alphaville that are the subjects of Knoll's aforementioned trademark registrations, and are promoting, offering for sale and selling such furniture products to the public.

47.    Defendants have sold and continue to sell products in the form of or derivative of the designs that are the subjects of Knoll's aforementioned trademark registrations in New York and throughout the United States.

## COUNT I [TRADEMARK INFRINGEMENT]
(Against All Defendants)

48.    Plaintiff repeats and realleges each allegation in paragraphs 1-47 as if set forth in full herein

49.    Plaintiff has never authorized defendants to sell reproductions of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table or the Flat Brno Chair.

50.    Plaintiff has never authorized defendants use its BARCELONA mark in connection with the sale of reproductions of the Barcelona Chair, the Barcelona Stool the Barcelona Couch, the Barcelona Table or the Flat Brno Chair

11

51.    Upon information and belief, defendants' acts have been done willfully and intentionally, with full knowledge of plaintiff's trademark rights.

52.    Knoll has given defendants due notice of plaintiff's rights, and on information and belief, defendants have failed to cease their infringing acts. Defendants' continuation of their infringing acts have and will cause plaintiff irreparable harm and injury.

53.    Defendants have improperly sold goods in the form of the designs that are the subject of Knoll's trademark registrations with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate the valuable trademark rights of plaintiff.

54.    Defendants' said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of defendants in an amount thus far not determined, but, on information and belief, defendants' acts. if continued, will result in damages to be awarded against defendants in excess of $1,000,000.

## COUNT II [FALSE DESIGNATION OF ORIGIN]
(Against All Defendants)

56.    Plaintiff repeats and realleges each allegation in paragraphs 1-55 as if set forth in full herein

57.    Defendants ModernCollections, Louie and Shiu, on their website, present their unauthorized copies of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair in connection with text describing

12

the context in which Mies van der Rohe created these designs, creating the impression that the products offered for sale by defendants are authentic.

58.     Defendants Alphaville, D. Lee and P. Lee, on their website, present their unauthorized copies of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair, creating the impression that the products offered for sale by defendants are authentic.

Case 3:07-cv-05569-SBA    Document    Filed 11/07/2007    Page 13 of 33

59.     Defendants' efforts to misrepresent themselves as a legitimate source of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table or the Flat Brno Chair takes control of the reputation and goodwill of the designs for those items away from Knoll, which owns and is responsible for the goodwill of those designs in the United States.

60.     Defendants have improperly sold goods in the form of the designs that are the subject of Knoll's aforementioned trademark registrations with the intent to cause confusion and mistake, to deceive and mislead architects, the furniture trade and the purchasing public and to improperly appropriate the valuable trademark rights of plaintiff.

61      Defendants' said acts violate Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a)

62      Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of defendants in an amount thus far not determined, but, on information and belief, defendants' acts, if continued, will result in damages to be awarded against defendants in excess of $1,000,000

13

## COUNT III [COMMON LAW UNFAIR COMPETITION]
(Against All Defendants)

63.    Plaintiff repeats each allegation in paragraphs 1-62 as if set forth in full herein.

64.    As a result of defendants' improper sale of furniture in the form of the

Case 1:07-cv-07892-SAS    Document 11    Filed 11/07/2007    Page 14 of 33

designs that are the subject of Knoll's trademark registrations, architects, the furniture trade and the purchasing public are likely to buy defendants' products in the erroneous belief that they are authorized reproductions of Knoll's trademarked designs.

65.    Upon information and belief, defendants have intentionally misappropriated the designs that are the subject of Knoll's trademark registrations with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from plaintiff's goodwill at plaintiff's expense.

66.    As a result of the foregoing, defendants' actions constitute unfair competition which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

67.    Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the wrongful acts of defendants in an amount thus far not determined, but, on information and belief, defendants' acts, if continued, will result in damages to be awarded against defendants in excess of $1,000,000.

## COUNT IV [INJURY TO BUSINESS REPUTATION AND DILUTION]
(Against All Defendants)

68.    Plaintiff repeats and realleges each allegation of paragraphs 1-67 hereof, as if fully set forth herein.

69.    By reason of the practices and acts set forth above, defendants are likely to injure Knoll's business reputation and dilute the distinctive quality of plaintiff's marks, in violation of Section 360-l of the New York General Business Law.

70.    These acts of defendants are without the permission, license or consent of plaintiff and, unless enjoined by this Court, defendants will continue those practices and acts, thereby harming plaintiff's business reputation and causing plaintiff immediate and irreparable injury.

71.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damages as a result of the wrongful acts of defendants in an amount thus far not determined, but, on information and belief, defendants' acts, if continued, will result in damages to be awarded against defendants in excess of $1,000,000.

WHEREFORE, plaintiff demands:

A.    An injunction permanently enjoining and restraining defendants, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies. parent companies, licensees, assigns, and all persons in active concert or participation with them:

1.    From importing, marketing, or selling furniture in the form of the designs that are the subject of Knoll's trademark registrations,

2.    From passing off or otherwise representing to architects, the furniture trade or public in any way that any product sold by defendants emanates from, is related in source or sponsorship to, or is in any way related to plaintiff:

3.    From injuring plaintiff's business reputation by diluting the distinctive quality of plaintiff's products; and

4.    From engaging in deceptive trade practices or acts in the conduct of defendants' business by means of selling products embodying Knoll's trademarked designs;

B.    Directing defendants to deliver to plaintiff or to destroy all furniture in their possession that is in the form of the designs that are the subject of Knoll's trademark registrations;

C.    Directing defendants to immediately recall and destroy all of their catalogs showing, advertising or promoting furniture that is in the form of the designs that are the subject of Knoll's trademark registrations;

D.    Directing defendants to remove all references to or images of furniture that are in the form of the designs that are the subject of Knoll's trademark registrations from defendants' internet websites;

E.    Directing defendants to account to plaintiff for all profits resulting from defendants' infringing activities;

F.    Awarding plaintiff its damages from defendants' wrongful acts;

G.    Awarding plaintiff three times the amount of plaintiff's damages or defendants' profits, whichever is greater.

H.    Awarding plaintiff the cost of this action, as well as reasonable attorneys' fees.

I.    Awarding plaintiff punitive damages as a result of defendants' wrongful acts, and

J.    Awarding plaintiff such other and further relief as the Court may deem just

and proper.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
George Gottlieb
Marc P. Misthal
Yuval H. Marcus
270 Madison Avenue
New York, New York  10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com
ymarcus@grr.com

By: _____
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)
Yuval H. Marcus (YM-5348)

Case 1:07-cv-07892-SAS   Document 11    Filed 11/07/2007    Page 17 of 33

Dated:   November 7, 2007
         New York, New York

# EXHIBIT A

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

## United States Patent and Trademark Office

**Reg. No. 2,893,025**
Registered Oct. 12, 2004

## TRADEMARK
## PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

FOR: CHAIRS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

THE MARK CONSISTS OF A CONFIGURATION OF A CHAIR WITH A METAL FRAME AND LEATHER CUSHIONS.

SEC. 2(F).

SER. NO. 76-556,817, FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

United States Patent and Trademark Office

Reg. No. 2,894,977
Registered Oct. 19, 2004

TRADEMARK
PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

    FOR: STOOLS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

    FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

THE MARK CONSISTS OF A CONFIGURATION OF A STOOL WITH A METAL FRAME SUPPORTING A LEATHER CUSHION.

SEC. 2(F).

SER. NO. 76-556,816 FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

## United States Patent and Trademark Office

Reg. No. 2,894,980

Registered Oct. 19, 2004

## TRADEMARK
### PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

   FOR: COUCHES, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

   FIRST USE 1-1-1954; IN COMMERCE 1-1-1954

   THE MARK CONSISTS OF A CONFIGURATION OF A COUCH WITH A METAL FRAME SUPPORTING A LEATHER CUSHION.

   SEC. 2(F).

   SER. NO. 76-556,824, FILED 10-22-2003.

THEODORE MCBRIDE, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

United States Patent and Trademark Office

Reg. No. 2,894,979
Registered Oct. 19, 2004

TRADEMARK
PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

FOR: TABLES, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-1-1954; IN COMMERCE 1-1-1954

THE MARK CONSISTS OF A CONFIGURATION OF A TABLE WITH A METAL BASE AND A GLASS TOP.

SEC. 2(F).

SER. NO. 76-556,821, FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

## United States Patent and Trademark Office

Reg. No. 2,894,978
Registered Oct. 19, 2004

## TRADEMARK
### PRINCIPAL REGISTER



KNOLL, INC. (DELAWARE CORPORATION)
1235 WATER STREET
EAST GREENVILLE, PA 18041

    FOR: CHAIRS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

    FIRST USE 1-1-1954; IN COMMERCE 1-1-1954.

    THE MARK CONSISTS OF A CONFIGURATION OF A CHAIR WITH A FLAT METAL FRAME SUPPORTING A CUSHION.

    SEC. 2(F).

    SER. NO. 76-556,819, FILED 10-22-2003.

JAMES A. RAUEN, EXAMINING ATTORNEY

# EXHIBIT F

# United States Patent Office

772,313
Registered June 30, 1964

## PRINCIPAL REGISTER
### Trademark

Ser. No. 177,235, filed Sept. 18, 1963

## BARCELONA

Drexel Enterprises, Inc. (Delaware corporation)
1690 English St.
High Point, N.C.

For: LIVING ROOM, BEDROOM, AND DINING
ROOM FURNITURE, AND OCCASIONAL TABLES
AND CHAIRS, in CLASS 32.
First use Oct. 19, 1962; in commerce Feb. 27, 1963.

# EXHIBIT G

Barcelona Chair Comparison Guide                    http://www.moderncollections.com/barcelona-comparison.ht



# MODERN Collections.com



Secure 24/7 Online Ordering                    Home  |  About Us  |  Shipping  |  Privacy  |  Help

**SHOP BY CATEGORY:**
> Modern Classics
> Designer Chairs
> Sofas + Loveseats
> Tables + Benches

**SHOP BY DESIGNER:**
> Le Corbusier
> Mies van der Rohe
> Marcel Breuer
> Eileen Gray
> George Nelson

**VIEW CART/CHECKOUT**

**FREE SHIPPING**



**Always FREE SHIPPING!**





**Secure Server**
Protected by...
**SSL**

**We Proudly Accept:**

  

Case 1:07-cv-07892-SAS    Document 11    Filed 11/07/2007    Page 31 of 33

## "Looking For Useful Information On Barcelona Chairs?"

## Discover EXACTLY What Is True Quality When Comparison Shopping.

At ModernCollections.com, our goal is to provide you with as much information possible so you can make an informed decision. We will share with you our knowledge of what's available in the marketplace and the characteristics to look for when shopping for the famous Barcelona Chairs.

**So, what makes us different?** With hundreds of retailers selling these chairs online ranging from $500 to $7000, it's difficult to know what you're *really* getting and what makes one retailer a better buying choice over the other. We have made this process easier by comparing our features with top manufacturers like Knoll and DWR. We use them as a benchmark since they are well known in the industry for providing high quality reproductions.

## Read How Our Chairs Compare to Knoll and DWR:

Similar to Knoll, we use premium grade 304 bar stock stainless steel for the frame. Single piece construction ensures long-term durability. Frame is shaped, welded and hand-buffed to mirror finish.

Our frames are buffed slightly on the edges to remove sharpness (safety) similar to DWR.

Knoll and DWR does not have seams at two front corners of their seat cushions or top corners of the back cushions. We have recently revised our cushions to be constructed the same way for a more authentic appearance.

Knolls uses thinner padding and has a slight curve to it. The back of the seat cushion is lower giving you a slightly more recline position. Our chair uses 4" thick cushions and has a more ergonomic seat angle for better lumbar support and easier position to get up from.

We use the Capitonné technique which uses individual tabbed squares of leather cut from a single hide and sewn, welted and tufted by hand similar to DWR. Each line is a "pipe" not just stitching.

Like Knoll and DWR, we use a total of 17 heavy saddle Italian leather straps ensuring durability and support. All straps are made to match specified upholstery color.

Knoll uses 34 stainless screws to secure straps to steel frame. We follow the same method using 34 stainless rivets to prevent the leather straps from loosening over time.

Finally, our cushions are premium quality, highly resilient urethane foam with Dacron polyester fiberfill to match that of Knoll and DWR.

## A Picture Is Worth A Thousand Words. Right?

Yes...they can be if they represent the actual products you will receive. You've seen them on Ebay and other retailers selling Barcelona chairs for under $600. Some are even selling the chair with ottoman set at this price. We are all for getting a good deal. However, **buyer beware...many are using the bait and switch tactic** to get you to purchase. The pictures you see are not the same products you will be receiving. When shopping around, ask to see if they offer more detail pictures of their product and check for any discrepancies between the product pictures.

For you to feel comfortable with your purchase, we offer you in depth details of our Barcelona furniture by providing high quality pictures taken from our own studio.

Click on each picture below:



Case 1:07-cv-07892-SAS    Document 11    Filed 11/07/2007    Page 32 of 33

## Where Is It Made...The Most Important Question?

Although this is a popular question, it is not the most important question to ask. We believe **how the product is made is actually more important** in deciding what type of quality you will receive. Many retailers justify their high prices claiming "Made in Italy". Although this may serve the ego, it does little to guarantee a quality product.

Our Barcelona chairs are imported from Asia using the most respectable modern classics manufacturer in the country. Although there are many cheap Asian knock offs flooding the market, we are NOT one of them. **Customers have often compared our quality to that of DWR.** In many cases, our chairs are comparable if not better than many of those coming out of Italy.

We specialize in Modern Classics and require our furniture to be made with strict quality control using the latest in technology and highest grade materials. We have simply moved production from Italy to keep prices low and offer **better value for our customers.** Genuine Italian leather is used since this is still the highest grade leather available.

## We Respect The Smart Consumer

We know you have many choices when choosing who to buy from. Even if you don't buy from us, we hope that you can use our information provided to make a well informed decision. After all, price alone shouldn't be the only deciding factor. Quality is MOST important so you can proudly display your furniture in your home or office. **We are not the cheapest retailer.** However, our commitment to excellence and detail will provide you a quality product not found with most other retailers.

## Your Complete Satisfaction Is Our Top Priority

We guarantee you'll love our Barcelona Chair & Ottoman. In fact, we are so confident on the quality of our products, we offer a 30-day no-hassle money-back guarantee. We won't even charge your credit card until your order ships and no restocking fees (for non-custom orders)

Compare this to other retailers who charge first and ships 6 to 8 weeks later. We can only offer this type of guarantee based on the positive feedback we've received from customers with our products. **Free shipping is included with no minimum purchase.**

## Click Here To See Our Barcelona Furniture

bauhaus furniture | modern chairs | modern furniture | bauhaus sofa | mid century modern tables
le corbusier | mies van der rohe | marcel breuer | eileen gray | george nelson | site map | contact us

© 2004-2006 Modern Collections - All rights reserved

Mies van der Rohe Furniture                    http://www.modern collections.com/index.asp?PageAction=VIEW



# MODERN
Collections.com

Items in your Cart: 0
Current Subtotal:$0.00

Clear | Click to | View
Cart | Checkout | Cart

Secure 24/7 Online Ordering

Home | About Us | Shipping | Privacy | Help

SHOP BY CATEGORY:
> Modern Classics
> Designer Chairs
> Sofas + Loveseats
> Tables + Benches

SHOP BY DESIGNER:
> Le Corbusier
> Mies van der Rohe
> Marcel Breuer
> Eileen Gray
> George Nelson

VIEW CART/CHECKOUT




Always
FREE
SHIPPING!



FREE SHIPPING



Secure Server
Protected by..
SSL

We Proudly Accept:

VISA

SECURED BY
GeoTrust
click to verify
18-Jul-07 20:27 GMT

Mies van der Rohe Furniture >

<u>Displaying products 1 - 12 of 12 results</u>

Items: [ – ] Sort: [ – ]




Click for Details
**Barcelona Chair by
Designer Mies van
der Rohe**
Retail: $1,900.00
**Sale: $899.00**

Click for Details
**Barcelona Chair and
Ottoman Set by Mies
van der Rohe**
Retail: $2,500.00
**Sale: $1,235.00**

Click for Details
**Mies van der Rohe
Barcelona Ottoman**
Retail: $600.00
**Sale: $399.00**

Click for Details
**Mies Lounge Bench**
Retail: $1,300.00
**Sale: $695.00**






Click for Details
**Mies van der Rohe
Daybed**
Retail: $2,500.00
**Sale: $1,499.00**

Click for Details
**Mies Barcelona
Coffee Table**
Retail: $1,100.00
**Sale: $699.00**

Click for Details
**Brno Chair by Mies**
Retail: $1,400.00
**Sale: $745.00**

Click for Details
**Mies Barcelona End
Table**
Retail: $790.00
**Sale: $439.00**






Click for Details
**Mies Barcelona
Loveseat**
Retail: $4,000.00
**Sale: $1,639.00**

Click for Details
**Mies Lounge Petit
Day Bed**
Retail: $2,400.00
**Sale: $1,324.00**

Click for Details
**Pavilion Lounge Sofa
by Mies**
Retail: $5,000.00
**Sale: $1,979.00**

Click for Details
**Leather Swatch
Samples**
Retail: $2.50
**Sale: $1.50**

modern classics furniture | modern chairs | modern furniture | sofas & loveseats | modern tables
le corbusier | mies van der rohe | marcel breuer | eileen gray | george nelson | site map | contact us
furniture resources

Affordable contemporary modern furniture for your home and office
© 2004 - 2007 Modern Collections · All rights reserved

EXHIBIT B

**Burde, Samantha**

| | |
|---|---|
| **From:** | Khachatourian, Karineh |
| **Sent:** | Wednesday, January 23, 2008 1:42 PM |
| **To:** | nsmith@sheppardmullin.com |
| **Cc:** | George Gottlieb; Marc Misthal |
| **Subject:** | 2008/01/15 [Alphaville v. Knoll] Knoll's Answer and Counterclaims |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| **Attachments:** | RED1_GENERAL-#1033515-v1-<br>2008_01_15__Alphaville_v__Knoll__Knoll_s_Answer_and_Counterclaims.PDF |

Mr. Smith;

Per our conversation yesterday, please review the counterclaim and advise whether you are authorized to accept service on behalf of Dannick Commerce Group and Danny Louie.  Thank you.

EXHIBIT C

**Burde, Samantha**

| | |
|---|---|
| **From:** | Khachatourian, Karineh |
| **Sent:** | Friday, February 08, 2008 9:39 AM |
| **To:** | nsmith@sheppardmullin.com; Phil Green |
| **Cc:** | Marc Misthal |
| **Subject:** | 2008/02/08 [Alphaville v. Knoll] Stipulation re Counterclaim |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| **Attachments:** | RED1_GENERAL-#1035323-v1-<br>2008_02_08__Alphaville_v__Knoll__Stipulation_re_Counterclaim.DOC |

Neil and Phil;

As we discussed, attached please find the necessary stipulation to consolidate the Danrick and Alphaville lawsuits as one action.  Please review and provide any comments no later than Feb. 14,2008.  We would like to get this on file before various  case deadlines trigger.   Please call or email if you have any questions.

Thanks and regards,

Karineh Khachatourian

1  KARINEH KHACHATOURIAN (SBN 202634)
   Email: karineh.khachatourian@bipc.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bryan.sinclair@bipc.com
3  BUCHANAN INGERSOLL & ROONEY LLP
   333 Twin Dolphin Drive, Suite 700
4  Redwood Shores, California 94065-1418
   Telephone: (650) 622-2300
5  Facsimile: (650) 622-2499

6  GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
7  MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
8  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
9  New York, NY 10016-0601
   Telephone: (212) 684-3900
10 Facsimile: (212) 684-3999

11 Attorneys for Defendant and Counterclaimant,
   KNOLL, INC.

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14 _____

15 ALPHAVILLE DESIGN, INC., a Delaware        Case No. 07-CV-05569 MHP
   corporation,
16                                            **STIPULATION AND [PROPOSED]**
                  Plaintiff,                  **ORDER JOINING NON-PARTY**
                                              **COUNTER-DEFENDANTS AND FOR**
17        vs.                                 **ISSUANCE OF SUMMONS**

18 KNOLL, INC., a Delaware corporation,
                                              Judge: Honorable Marilyn H. Patel
19                Defendant.

   _____
20 KNOLL, INC., a Delaware corporation,       Complaint filed:    November 1, 2007
                                              Trial Date:         None set
21                Counterclaimant,

22        vs.

23 ALPHAVILLE DESIGN, INC., a Delaware
   Corporation, DAVID LEE, PEGGY LEE,
24 DANRICK COMMERCE GROUP, LLC a/k/a
   MODERNCOLLECTIONS.COM, DANNY
25 LOUIE, and DOES A-Z, Retailers for
   Alphaville Design, Inc.,
26
27                Counter-Defendants.
   _____
28

STIPULATION AND [PROPOSED] ORDER JOINING NON-PARTY COUNTER-
DEFENDANTS AND FOR ISSUANCE OF SUMMONS          Case No. 07-CV-05569 MHP

**STIPULATION**

1

2    WHEREAS, on September 7 2007, KNOLL, INC. "Knoll" filed suit for trademark

3    infringement, unfair competition and related claims against, DANRICK COMMERCE GROUP,

4    LLC a/k/a MODERNCOLLECTIONS.COM ("Danrick "), and DANNY LOUIE ("Louie") in the

5    United States District Court for the Southern District of New York, Case No. 07-CIV-7892, and on

6    November 8, 2007 amended the complaint to name ALPHAVILLE DESIGN, INC. ("Alphaville")

7    and DAVID LEE and PEGGY LEE ("the Lees") as additional defendants (hereinafter referred to the

8    "the New York Action").

9    WHEREAS, the Court in the New York Action suggested that the parties agree to transfer

10    the action to or Knoll re-file the action in the Northern District of California because the majority of

11    the defendants reside in that jurisdiction and venue.

12    WHEREAS, based on the Court in the New York Action's suggestion, Knoll dismissed the

13    New York Action without prejudice with the intent of re-filing in the United States District Court

14    for the Northern District of California.

15    WHEREAS,  Alphaville, while exploring the possibility of settlement with Knoll, filed an

16    action against Knoll for declaratory relief of invalidity and non-infringement of the trademarks

17    subject to the New York Action (hereinafter referred to "this Action" and "the Alphaville Action").

18    *See* Docket No. 1.

19    WHEREAS, on January 15, 2008, Knoll reasserted its causes of action asserting against

20    Alphaville in the New York Action as counterclaims in this Action.  *See* Docket No. 14.

21    WHEREAS, Knoll also asserted similar trademark infringement claims against the Lees,

22    Danrick, and Louie that it previously asserted in the New York Action as counterclaims in this

23    Action. *See* Docket No. 14.

24    WHEREAS, on January 22, 2008, Karineh Khachatourian, counsel for Knoll, contacted

25    Philip Green of the Law Offices of Green & Green, counsel for Alphaville, to confirm whether he

26    would accept service on behalf of the Lees, Danrick and Louie.

27    WHEREAS, counsel for Alphaville, accepted service on behalf of the Lees since they were

28    principals of Alphaville.  However, counsel for Alphaville stated that Neil Smith represented

- 1 -

1  Danrick and Louie, as he did previously in the New York action.

2      WHEREAS, on January 22, 2008, counsel for Knoll contacted Neil Smith to inquire

3  whether he represented Danrick and Louie and whether he would accept service on their behalf.

4      WHEREAS, on January 23, 2008, counsel for Knoll sent Mr. Smith an email requesting that

5  he confirm whether he was authorized to accept service on behalf of Danrick and Louie.  Mr. Smith

6  did not respond to that email.

7      WHEREAS, to preserve its rights against Danrick and Louie, on February 1, 2007, Knoll

8  filed a separate action against Danrick and Louie in the Northern District for California, Case No.

9  CV-08-0778 MHP (hereinafter referred to as "the Danrick Action"), wherein Knoll reasserted

10 claims that were substantially similar to those originally brought in the New York Action and those

11 asserted as counterclaims in this Action.

12     WHEREAS, counsel for the parties have meet and conferred and agree that joining those

13 parties named as defendants in the New York Action as counter-defendants in the Alphaville Action

14 is the necessary and proper procedure to streamline the prosecution of the parties' respective claims

15 and counterclaims asserted by the parties in the Alphaville and Danrick Actions.  *See* F.R.Civ.P.

16 13(h); F.R.Civ.P. 20; *see also* 6 Wright, Miller & Kane, Fed. Prac. & Proc. Civ.2d § 1435.

17     WHEREAS, counsel for the parties agree that joinder under Federal Rule of Civil Procedure

18 20 is proper in this instance because the parties' respective claims and counterclaims asserted in the

19 Alphaville and Danrick Actions all relate to the same series of transactions and occurrences and

20 present common questions of law, i.e. the validity of Knoll's marks and the alleged infringement of

21 those marks by a manufacture/supplier and its retailers and resellers.  *See* F.R.Civ.P. 20(a); *see also*

22 *Privasys, Inc. v. Visa Intern.*, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007) (joinder was proper

23 where plaintiff sought relief for patent infringement against both the supplier and its customers);

24 *Naxon Telesign Corp. v. GTE Information Systems, Inc.*, 89 F.R.D. 333, 338-39 (D.C. Ill. 1980)

25 (where a patent infringement suit against manufacturer and customers would take place

26 simultaneously, joinder rather than staying claims against customers is proper).

27     WHEREAS, counsel for the parties also agree that joinder of Danrick, Louie and the Lees as

28 counter-defendants in this Action would be in the interests of judicial economy and conserve the

- 2 -

STIPULATION AND [PROPOSED] ORDER JOINING NON-PARTY COUNTER-
DEFENDANTS AND FOR ISSUANCE OF SUMMONS      Case No. 07-CV-05569 MHP

1   resources of the parties by preventing multiple lawsuits and expediting the final determination of

2   the parties' dispute in a single action. *See* 7 Wright, Miller & Kane, Fed. Prac. & Proc. Civ.2d §

3   1652 (purpose of Rule 20 "is to promote trial convenience and expedite the final determination of

4   disputes, thereby preventing multiple lawsuits").

5         ACCORDINGLY, the parties, by and through their undersigned counsel, HEREBY

6   STIPULATE THAT:

7         (1)    Pursuant to Federal Rule of Civil Procedure 20, David Lee, Peggy Lee, Danrick

8   Commerce Group, LLC a/k/a ModernCollections.com and Danny Louie be joined as named

9   counter-defendants to the counterclaim filed by Knoll, Inc. in the present Action, Northern District

10  of California Case No. 07-CV-05569;

11        (2)    The Clerk of the Court shall issue summons for David Lee, Peggy Lee, Danrick

12  Commerce Group, LLC a/k/a ModernCollections.com and Danny Louie as named counter-

13  defendants to the counterclaim filed by Knoll, Inc. in the-above-entitled Action, Northern District of

14  California Case No. 07-CV-05569 MHP;

15        (3)    Counsel for David Lee and Peggy Lee will accept service of summons on their

16  behalf;

17        (4)    That counsel for Danrick Commerce Group, LLC a/k/a ModernCollections.com and

18  Danny Louie will accept service of summons on their behalf; and

19        (5)    Knoll, Inc. will promptly dismiss without prejudice the Danrick lawsuit, Northern

20  District of California Case No. CV-08-0778 MHP, after summons issues and all counsel accept

21  service thereof. The dismissal of the Danrick lawsuit, Northern District of California Case No. CV-

22  08-0778 MHP, shall be without prejudice and shall not operate as an adjudication on the merits

23  under Federal Rule of Civil Procedure 41 (a)(1).

24        (6)    The current scheduling order and case management schedule will stay in place.

25        (7)    Alphaville, David Lee and Peggy Lee must answer Knoll's Counterclaim on or

26  before February 22, 2008 per stipulation by the parties.

27  / / /

28  / / /

- 3 -

1      (8)      Danrick Commerce Group, LLC a/k/a ModernCollections.com and Danny Louie

2  must answer Knoll's Counterclaim within twenty (20) days of service of summons.

3  Dated:  February ___, 2008          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5

_____

6                                        By:  Neil A. Smith

7                                            Attorneys for Counter-Defendant,
                                            DANRICK COMMERCE GROUP, LLC., a/k/a
8                                            ModernCollections.com

9  Dated:  February ___, 2008          LAW OFFICES OF GREEN & GREEN

10

11

12                                       _____

                                        By:  Philip Green
13
                                            Attorneys for Plaintiff,
14                                           Alphaville Designs, Inc., and

15                                           Attorneys for Counter-Defendants,
                                            David Lee and Peggy Lee
16
  Dated:  February ___, 2008          BUCHANAN INGERSOLL & ROONEY LLP
17

18

19                                       _____

20                                       By:  Karineh Khachatourian

21                                           Attorneys for Defendant and Counterclaimant,
                                            KNOLL, INC.
22                                       OF COUNSEL

23                                       GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
                                        Email: ggottlieb@grr.com
24                                       MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
                                        Email: mmisthal@grr.com
25                                       GOTTLIEB RACKMAN & REISMAN, P.C.
                                        270 Madison Avenue
26                                       New York, NY  10016-0601
                                        Telephone:  (212) 684-3900
27                                       Facsimile:  (212) 684-3999

28                                       Attorneys for Defendant and Counterclaimant,
                                        KNOLL, INC.

- 4 -

STIPULATION AND [PROPOSED] ORDER JOINING NON-PARTY COUNTER-
DEFENDANTS AND FOR ISSUANCE OF SUMMONS      Case No. 07-CV-05569 MHP

1

## <u>ORDER</u>

2      PURSUANT TO STIPULATION, IT IS SO ORDERED,

3

4

5  Dated: February    , 2008

6                                        _____

                                         THE HONORABLE MARILYN H. PATEL
7                                        FEDERAL DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#1035323-v1

STIPULATION AND [PROPOSED] ORDER JOINING NON-PARTY COUNTER-
DEFENDANTS AND FOR ISSUANCE OF SUMMONS          Case No. 07-CV-05569 MHP

EXHIBIT D

1  Philip Green (SBN 092389)
   Beverly R. Green (SBN 92388)
   Law Offices of Green & Green
2  1000 4th Street, Suite 595
   San Rafael, CA 94901
3
   (415) 457-8300
4  phil@iplegal.com

5  Attorney for Plaintiff Alphaville Design, Inc.

6

7

8

9              UNITED STATES DISTRICT COURT FOR THE

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12
                                    | **Case No.:  07-cv-05569-MHP**
13  ALPHAVILLE DESIGN, INC.,
                                    | Stipulation and Order For
14           Plaintiff,             | Continuance Of
                                    | Case Management Conference
15        vs.
                                    | Date Originally Set: February 11, 2008 4:00 PM
16  KNOLL, INC.
                                    | New Date: March 17, 2008 4:00 PM
17           Defendant

18  THE PARTIES HEREBY STIPULATE THAT:

19  **Whereas** the complaint in this action was alleged Filed on November 2, 2007 and the Case

20  Management Conference having been scheduled by Court Order for February 11, 2008, at 450

21  Golden Gate Ave., Courtroom 15, 18th Floor, San Francisco, California, there having been no

22  prior requests for an extension of the Case Management Conference, and

23  **Whereas** Philip Green will be unavailable for the original time and date, and

24  **Whereas** the parties desire to cooperate in a continuance due to Philip Green's unavailability, it

25  is hereby stipulated and agreed that the Case Management Conference may be continued to


        STIPULATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE - 1

1   March 17, 2008 at 4:00 pm.

2   Dated: December 21, 2007

3   By:

4   

5   _____

6   Philip Green (Cal St Bar 092389),
    Law Offices of Green & Green

7   1000 4th Street, Suite 595
    San Rafael, CA 94901

8   (415) 457-8300
    Attorney for Alphaville Designs, Inc.

9   Dated: 12/21/2007  _____

10  By:

11

12  _____
    Marc P. Misthal

13  Gottleib, Rackman & Reisman PC
    270 Madison Avenue

14  New York, NY 10016-0601
    (212) 684-3900

15  Attorney for Knoll, Inc.

16
    IT IS HEREBY ORDERED that the parties' stipulation for a continuance of the date for the Case

17
    Management Conference be granted. and continued to March 17, 2008 at 4:00 p.m.  The CMC

18  Statement shall be filed on or before March 10, 2008.

19  Dated:  1/7/2008

20

21

22  _____
    Marilyn H. Patel

23  United States District Court Judge

24

25

IT IS SO ORDERED
Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE - 2

EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KNOLL INC,

            Plaintiff (s),

    v.

DANRICK COMMERCE GROUP,
          Defendant(s).

No. **C 08-00778 MHP**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE AND
ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Marilyn H. Patel. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 2/1/2008 | Complaint filed | |
| 4/21/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil  L.R. 16-8 |
| 5/5/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil  L.R . 16-9 |
| 5/12/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm 15, 18th Floor,SF at 4:00 PM | Civil  L.R.  16-10 |

\*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.