| | |
|---|---|
| KARINEH KHACHATOURIAN (SBN 202634)<br>Email: karineh.khachatourian@bipc.com<br>BRYAN J. SINCLAIR (SBN 205885)<br>Email: bryan.sinclair@bipc.com<br>BUCHANAN INGERSOLL & ROONEY LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, California 94065-1418<br>Telephone: (650) 622-2300<br>Facsimile: (650) 622-2499 | PHILIP GREEN (SBN 092389)<br>Email: phil@iplegal.com<br>BEVERLY R. GREEN (SBN 92388)<br>LAW OFFICES OF GREEN & GREEN<br>1000 4th Street, Suite 595<br>San Rafael, CA 94901<br>Telephone: (415) 457-8300 |
| GEORGE GOTTLIEB (admitted *pro hac vice*)<br>Email: ggottlieb@grr.com<br>MARC P. MISTHAL (admitted *pro hac vice*)<br>Email: mmisthal@grr.com<br>GOTTLIEB RACKMAN & REISMAN, P.C.<br>270 Madison Avenue<br>New York, NY 10016-0601<br>Telephone: (212) 684-3900<br>Facsimile: (212) 684-3999 | |
| Attorneys for Defendant and Counterclaimant,<br>KNOLL, INC. | Attorneys for Plaintiff and Counter-Defendant,<br>Alphaville Designs, Inc., and<br>Attorneys for Counter-Defendants,<br>David Lee and Peggy Lee |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br>            Plaintiff,<br>  vs.<br>KNOLL, INC., a Delaware corporation,<br>            Defendant. | Case No. 07-CV-05569 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) STATEMENT**<br><br>Judge: Honorable Marilyn H. Patel<br>Dept: Courtroom 15 |
| KNOLL, INC., a Delaware corporation,<br>            Counterclaimant,<br>  vs.<br>ALPHAVILLE DESIGN, INC., a Delaware Corporation, DAVID LEE, PEGGY LEE, DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM, DANNY LOUIE, and DOES A-Z, Retailers for Alphaville Design, Inc.,<br>            Counter-Defendants. | Complaint filed: November 1, 2007<br>Trial Date: None set<br><br>Conference Date: March 17, 2008<br>Conference Time: 4:00 p.m. |

[Caption continued on following page.]

---

JOINT CASE MANAGEMENT STATEMENT        Case No. 08-CV-0778-MHP

| | |
|---|---|
| KNOLL, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>DANRICK COMMERCE GROUP, LLC a/k/a MODERNCOLLECTIONS.COM, DANNY LOUIE, and DOES A-Z, Retailers for Alphaville Design, Inc.,<br><br>  Defendants. | Related Case No. 08-CV-0778-MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) STATEMENT**<br><br>Judge: Honorable Marilyn H. Patel<br><br>Complaint filed:  February 1, 2008<br>Trial Date:  None set |

Pursuant to Civil L.R. 16-9, the November 1, 2007 Order Setting Initial Case Management Conference and ADR Deadlines, and the January 7, 2008 Stipulation and Order Extending Case Management Conference, Plaintiff and Counter-Defendant Alphaville Design, Inc. ("Alphaville"), Defendant and Counterclaimant Knoll, Inc. ("Knoll") and Counter-Defendants David Lee and Peggy Lee ("the Lees") jointly submit this Case Management Statement. Unless otherwise noted, the matters set forth herein were discussed and agreed upon by the parties during their Rule 26 (f) conference. Where one party sets forth a separate statement concerning one of the required topics or indicates a disagreement with the other party's position, the signing of this statement does not constitute a concession or agreement with such a statement or can be construed as an admission.

**1.    Jurisdiction and Venue**

The parties agree that the Court has subject matter jurisdiction over Alphaville's claims and Knoll's counterclaims under 28 U.S.C. §§ 1331, 1338, 1367 (a), in that it is a civil action presenting a Federal question arising under the Lanham Act, 15 U.S.C. § 1051 et seq. No issues currently exist with respect to personal jurisdiction and venue. All parties believe that venue in the Northern District of California is proper. Knoll, Alphaville, and the Lees have appeared and have been served with the Complaint and Counterclaim. Danrick Commerce Group LLC ("Danrick") and Danny Louie ("Louie") are retailers for Alphaville and have been named as part of Knoll's counterclaim. Danrick and Louie objected to being added as parties to the counterclaim, and Knoll therefore filed a separate action, Case No. CV 08 0778, which has been deemed related pursuant to the Court's February 27, 2008 Order. Knoll shall request that both cases be consolidated at the case management conference.

**2.    Facts**

*Knoll's Statement*

Knoll, Inc. ("Knoll") is a leading designer and manufacturer of branded furniture and has been recognized as such since its founding in 1938. Knoll products are exhibited in major art museums worldwide.

Ludwig Mies van der Rohe ("Mies van der Rohe") was a world-famous architect and one of the most influential architects of the twentieth century. Mies van der Rohe was the director of the

Bauhaus school of design from 1930 to 1933, and moved from Germany to the United States in 1937.

In 1928, Mies van der Rohe was asked to design the German pavilion for the 1929 Barcelona International Exhibition. In addition to designing the German Pavilion, Mies van der Rohe designed the furniture featured inside the pavilion, including a chair and an ottoman. These items have come to be known as the Barcelona Chair and the Barcelona Stool, respectively.

In 1930, Mies van der Rohe designed a couch or daybed that later gained fame when he featured it in the Farnsworth House, which he designed in 1948 for Dr. Edith Farnsworth. This couch came to be known as the Barcelona Couch.

In 1928, Mies van der Rohe was commissioned to design a home for Grete and Fritz Tugendhat in Brno, Czech Republic. Mies van der Rohe also designed much of the furniture used to furnish the Tugendhat House, including a table and a chair. The table came to be known as the Barcelona Table, and the chair came to be known as the Flat Brno Chair.

By an agreement dating from November 1, 1965, Mies van der Rohe assigned all rights, title and interest in and to the design of the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair (hereinafter collectively referred to as the "Barcelona Collection") to predecessors of Knoll as to the rights herein involved.

Knoll and its predecessors in interest as to the rights herein involved have been continuously manufacturing, displaying, promoting and selling the Barcelona Collection since at least as early as January 1, 1954.

The various furniture items in the Barcelona Collection have been the subjects of third party commentary in numerous books, newspaper articles and magazine articles, virtually all of which identify Knoll or its predecessors in interest as to the rights herein involved as the source of these items. Moreover, the various furniture items in the Barcelona Collection are in the collections of numerous museums featuring design around the world, and have been featured in a number of museum exhibitions. The Barcelona Collection is in the Museum of Modern Art's design collection. Some of these pieces have been there since the 1950s. The Museum of Modern Art, as well as other museums, always identify Mies van der Rohe as the designer of the Barcelona

- 3 -

Collection, and Knoll as the source and manufacturer of these items.

Knoll markets and sells the Barcelona Collection throughout the United States and internationally. In connection with these efforts, Knoll maintains an internet website at http://www.knoll.com, which contains information about Knoll's furniture products. Knoll also issues advertising and promotional material relating to the Barcelona Collection, and has done so for many years. As a result of all of the foregoing sales, manufacturing and promotional efforts, the Barcelona Chair, the Barcelona Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair have come to be associated with Knoll as their source.

In October 2004, the United States Patent and Trademark Office issued trademark registrations for each of the items in the Barcelona Collection (Barcelona Chair, Reg. No. 2,893,025; Barcelona Stool, Reg. No. 2,894,977; Barcelona Couch, Reg. No. 2,894,980; Barcelona Table, No. 2,894,979; and Flat Brno Chair, Reg. No. 2,894,978). Knoll is also the owner of incontestable U.S. Trademark Registration No. 772,313 for the mark BARCELONA, which issued, after examination, on or about June 30, 1964.

Alphaville Designs, Inc. ("Alphaville") is a manufacturer, importer, distributor and wholesaler of furniture made in China. Defendants David Lee and Peggy Lee are principals of Alphaville and control Alphaville and direct its activities, especially with respect to its infringing activities.

Alphaville conducts its business over the internet through its website at http://www.alphavilledesign.com, and in the past customers have been able to purchase products directly from Alphaville through its website. Alphaville promotes and sells its furniture products at trade shows, including at trade shows in New York, New York; maintains a 6,000 square foot showroom in Las Vegas, Nevada; and sells its furniture products to retailers throughout the United States, including Danrick Commerce Group, LLC a/k/a Moderncollections.com ("ModernCollections"), LaFlat in New York, H.D. Buttercup in Los Angeles and Homeelement.com in New Jersey.

Alphaville manufactures, imports, and/or distributes furniture products that are the subjects of Knoll's aforementioned trademark registrations to customers throughout the United States,

JOINT CASE MANAGEMENT STATEMENT                                    Case No. 07-CV-05569 MHP

1   including to customers in California. In this regard, Alphaville is the supplier to ModernCollections
2   and other retailers across the country of the furniture products that are the subjects of Knoll's
3   aforementioned trademark registrations.
4       On August 15, 2007, Knoll sent a notice letter to Alphaville demanding that Alphaville
5   cease its infringing activities. Nevertheless, Alphaville has sold and continue to sell products in the
6   form of or derivative of the designs that are the subjects of Knoll's aforementioned trademark
7   registrations in California and throughout the United States.
8       ModernCollections is a marketer and retailer of furniture and related products. Danny Louie
9   ("Louie") s a principal and owner of ModernCollections and, controls ModernCollections and
10  directs its activities.
11      ModernCollections conducts its business over the internet through its website at
12  http://www.moderncollections.com and, through that website advertises, promotes and offers for
13  sale furniture products in the form of the designs that are the subjects of Knoll's aforementioned
14  trademark registrations.
15      On June 26, 2007, Knoll sent a notice letter to ModernCollections. At the time it sent the
16  June 26, 2007 notice letter, Knoll was unaware that Alphaville was supplying ModernCollections
17  with infringing products. ModernCollections did not respond to that notice letter.
18      On July 19, 2007, Knoll's counsel sent a second notice letter to ModernCollections. The
19  July 19, 2007 notice letter included a draft complaint and advised that Knoll would file the
20  complaint if it received no response from ModernCollections. ModernCollections did not respond
21  to that notice letter.
22      Despite having received notice of their infringing activities, ModernCollections and Louie
23  have sold and continue to sell products in the form of or derivative of the designs that are the
24  subjects of Knoll's aforementioned trademark registrations in California and throughout the United
25  States.
26      ***Alphaville and the Lees' Statement***
27      Alphaville Design, Inc. was incorporated in 2005 to sell furniture. Among its many lines of
28  furniture are "Mid 20th Century" modern styles. Among these lines are a chair that is a replica of a

- 4 -

1 1929 Mies van der Rohe chair, an ottoman that is a replica of a 1929 Mies van der Rohe designed
2 couch/ottoman, a table that is a replica of a Mies van der Rohe design table, a stool that is a replica
3 of a 1929 design Mies van der Rohe stool and another chair that is a replica of a Mies van der Rohe
4 early 20th Century "brno chair."

5     On or about August 7, 2007, Alphaville received a Cease & Desist letter from Knoll, Inc in
6 which Knoll claimed to have exclusive rights to certain furniture designs including, but not limited
7 to, the "Mies van der Rohe" otherwise known as "Barcelona" designs by Mr. van der Rohe. The
8 letter told Alphaville to stop selling Mies van der Rohe style furniture. On or about August 27, 2007
9 Alphaville by its attorney wrote back to Knoll and stated that Alphaville did not believe Knoll has
10 exclusive rights to the Mies van der Rohe design furniture and offered to remove any trademark
11 (including, but not limited to, "Barcelona") to identify its styles of furniture. Knoll rejected this
12 offer and sued an Alphaville customer, Danrick *et al*. Alphaville is not using the name Barcelona on
13 any of its furniture. On September 6, 2007 Knoll filed an action in the Southern District of New
14 York against Danrick et al, customers of Alphaville. This was after Knoll rejected Alphaville offer
15 to settle and after Alphaville asked Knoll counsel to notify it if any further action were
16 contemplated. November 1, 2007 Alphaville filed the Declaratory Relief Action.

17 **3.**     **<u>Legal Issues</u>**

18     *Knoll's Statement*

19     Knoll believes the legal issues presented by its case is whether Alphaville and the Lees
20 activities have infringed and diluted Knoll's trademarks, under both federal and California law as
21 well as committed acts of unfair business practices and the damages amount related thereto. Knoll
22 will also raise the validity of Alphaville's and the Lees' affirmative defenses, as a matter of law.

23     *Alphaville and the Lees' Statement*

24     Whether Knoll has any rights to furniture designs represented by them on the Principal
25 Register as 2,893,025 for "design" (chair) ; 2,894,977 "design" (stool); 2,894,980 "design" (couch;
26 ottoman); 2,894,979 "design" (table); and 2,894,978 "design" (flat Brno chair), and Registration
27 No. 772313 for the word "Barcelona,"
28     Whether Knoll has exclusive rights to furniture designs represented as above.

- 5 -

JOINT CASE MANAGEMENT STATEMENT                                    Case No. 07-CV-05569 MHP

1   Whether Alphaville may produce, import, sell, distribute and advertise for sale the furniture
2   designs known as 2,893,025 for "design" (chair) ; 2,894,977 "design" (stool); 2,894,980 "design"
3   (couch; ottoman); 2,894,979 "design" (table); and 2,894,978 "design" (flat Brno chair), and use
4   the word represented by Knoll Registration No. 772313 for the word "Barcelona,"

5   Whether Knoll may stop any person or firm from manufacture, design, advertising or sale of
6   the furniture designs.

7   Whether Knoll received any license from Mies van der Rohe that give it an ongoing
8   exclusive right to manufacture the designs at issue.

9   Whether the law of trade dress can be used to artificially create a perpetual patenting effect.

10   Whether decades of not registering, enforcing or policing alleged trade dress rights Knoll
11   has abandoned them.

12   Whether decades of not registering, enforcing or policing alleged trade dress rights Knoll is
13   barred by Laches.

14   Whether decades of not registering, enforcing or policing alleged trade dress rights Knoll
15   has placed any rights it may have had into the public domain.

**4.   Motions**

*Knoll's Statement*

No motions are currently on the calendar. The parties anticipate that there will be a need for discovery motions, such as motions to compel and motions for protective orders. Knoll contemplates making a motion for partial summary judgment with respect to defendants' liability for infringement of Knoll's federally registered trademarks. Knoll also anticipates motion practice challenging Alphaville's and the Lees' affirmative defenses and seeking a declaration of validity for its trademarks.

*Alphaville and the Lees' Statement*

Alphaville contemplates a Motion for Summary Judgment regarding the invalidity and cancellation of Knoll's alleged trademark and trade dress claims.

**5.   Amendment of Pleadings**

*Knoll's Statement*

- 6 -

1  After conducting discovery, Knoll may amend its counterclaims to include claims for
2  trademark infringement against Alphaville's suppliers and customers.

*Alphaville and the Lees' Statement*

Alphaville reserves the right to amend its Declaratory Relief Action complaint to conform to proof. Actions against Alphaville suppliers and customers are regarded as disfavored and considered by Alphaville to be unnecessary interference with its business. Alphaville makes many lines of furniture not relevant here, including, but not limited to, lines it designs originally and in-house.

**6.    Evidence Preservation**

Alphaville asserts that it has taken reasonable steps to preserve potentially relevant evidence, including hard copy and electronic documents, and has ceased any applicable document retention policies that may result in the destruction or erasure of such evidence.

Knoll asserts that it has taken reasonable steps to preserve potentially relevant evidence, including hard copy and electronic documents, and has ceased any applicable document retention policies that may result in the destruction or erasure of such evidence.

The Lees assert that they have taken reasonable steps to preserve potentially relevant evidence, including hard copy and electronic documents, and ceased any applicable document retention policies that may result in the destruction or erasure of such evidence.

**7.    Disclosures**

The parties stipulate that they will exchange initial disclosures on March 17, 2008.

///

**8.    Discovery**

   **a.    Discovery Taken To Date.**

To date, no discovery has been taken by any party.

   **b.    Scope of Anticipated Discovery.**

The lists of topics provided below are in no way meant to be limiting. The parties retain the right to pursue discovery on any topic to which it is entitled to discovery under the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, and the Discovery Orders

1 entered by this Court.

### Knoll's Statement

Knoll intends to propound document requests, interrogatories and requests for admission, and to take depositions relating to the following subjects:

(1) The manufacture, sale, distribution and promotion of the infringing products;

(2) Alphaville's sales of the infringing products;

(3) Alphaville's knowledge of Knoll's rights in the infringing products;

(4) Alphaville's customers for the infringing products;

(5) The Lees' knowledge of Knoll's rights in the infringing products;

(6) The Lees' involvement in Alphaville's decision to distribute and sell the infringing products;

(7) The allegations in the Complaint; and

(8) The affirmative defenses asserted by Alphaville and The Lees.

Knoll objects to many of the discovery items listed by Alphaville and the Lees, and in particular the deposition of Marc Misthal, for among other reasons relevance, burden, and necessity.

### Alphaville's and the Lee's Statement

Alphaville intends to propound Request for Production of Documents, Interrogatories, Inspection of things (furniture) and depositions of Knoll officers, persons who had contact with Mies van der Rohe regarding the following:

(1) The alleged license Knoll states it has from Mies van der Rohe from 1965 and the history thereof.

(2) All items mentioned in Knoll's alleged trademark applications

(3) All issues regarding the allegations of Knoll in its Counterclaims.

(4) Persons involved in declarations and evidence of Knoll's trademark registrations

(5) Specifically:

    a. Deposition of Marc Misthal, Esq., author and signor of the Knoll trademark applications.

    b. Deposition of Carl G. Magnusson on his Declaration in support of the Knoll

- 8 -

JOINT CASE MANAGEMENT STATEMENT          Case No. 07-CV-05569 MHP

trademark applications signed by him.

    c. Deposition of Terence Riley (witness) on his Declaration filed in support of the Knoll trademark applications.

    d. Examination of all books referred to in Knoll's trademark applications and declarations submitted to Patent and Trademark Office in support thereof.

    d. Evidence if any of confusion with Alphaville products,

    e. Other discovery as needed.

    f. David Lee and Peggy Lee intend to conduct depositions, make Requests for Production of Documents, Interrogatories based on the allegations made against them in the counterclaims of Knoll, Inc.

**c.    Limitations Or Modifications Of The Discovery Rules.**

Unless otherwise noted below, the parties agree that discovery will not be conducted in phases or be limited to or focused upon any particular issues. The parties further agree that discovery will be conducted as provided by the Federal Rules of Civil Procedure and do not believe that any limitations or modifications of the Discovery Rules are necessary at this time other than the minor departures discussed below.

*Knoll's Statement*

Except as otherwise set forth herein, Knoll does not believe that any modification or limitation of the discovery rules is necessary.

/ / /

*Alphaville's and The Lees' Statement*

Alphaville David Lee and Peggy Lee believe that it may need more than the 25 limit on Interrogatories.

**d.    Electronically Stored Information.**

The parties anticipate that some relevant documents will include electronically stored information, such as emails. The parties however, have not yet reached an agreement on how such information will be produced but will work together to reach a cost-effective e-discovery model that includes producing documents in OCR searchable PDF or TIFF format. The parties further agree

- 9 -

JOINT CASE MANAGEMENT STATEMENT    Case No. 07-CV-05569 MHP

1 that they will not be obligated to produce native files.

2   **e.**    **Other Orders That Should Be Entered Under Rule 26(c).**

3   Due to the sensitive nature of some of the materials subject to discovery, which may include personal and private information of third parties, Alphaville, Knoll and The Lee's believe that is necessary for the parties to enter into a stipulated protective order governing confidentiality to ensure that the disclosure of such materials is limited and will preserve their right to privacy and trade secrets. Further, during the course of discovery, the parties anticipate filing documents and things under seal, particularly those items relating to financial information, trade secret information, and other business confidential information.

10   **f.**    **Proposed Discovery Plan.**

11   See proposed case management schedule below.

12 **9.**    **Class Actions**

13   This case is not a class action suit.

14 **10.**    **Related Cases**

15   *Knoll Statement*

16   On September 7, 2007, Knoll Inc. instituted a trademark infringement action against Moderncollections.com, Danny Louie, Alphaville, the Lees, and Lisa Kiul in the United States District Court for the Southern District of New York. The complaint was later amended to include Alphaville. While exploring possible settlement, Alphaville filed the present declaratory relief action against Knoll. The Court in the New York Action suggested that the parties agree to transfer the action to or Knoll re-file the action in the Northern District of California because the majority of the defendants reside in that jurisdiction and venue. Based on the Court in the New York Action's suggestion, Knoll dismissed the New York Action without prejudice with the intent of re-filing in the United States District Court for the Northern District of California and that all parties involved agreed that the New York Action should be consolidated into the Alphaville Action. On January 15, 2008, Knoll reasserted its causes of action asserting against Alphaville in the New York Action as counterclaims in this Action. *See* Docket No. 14. Knoll also asserted similar trademark infringement claims against the Lees, Danrick, and Louie that it previously asserted in the New

York Action as counterclaims in this Action. While Alphaville and the Lees agreed to accept service of the counterclaim, Danrick and Louie did not, which necessitated the filing of a separate action. On February 27, 2008 the Court ordered both cases related.

Knoll intends to seek consolidation of both cases at the Case Management Conference. Under Federal Rule of Civil Procedure 42(a), when actions before the court "involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989); *accord Harmston v. City and County of San Francisco*, 2008 WL 269465, *2 (N.D. Cal. Jan 29, 2008). "The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Miller v. Ventro Corp.*, 2001 WL 34497752 *2 (N.D. Cal. Nov. 28, 2001). Upon consideration of these factors, a court may order a consolidation of cases sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir.1987); *accord In re Flash Memory Antitrust Lit.,* 2007 WL 3026677 (N.D.Cal. Oct. 17, 2007 (citing same). Since the Court has already found the Alphaville and Danrick cases related, Knoll has demonstrated a reasonable basis for consolidation.

*Alphaville's Statement*

Alphaville Design, Inc. believes the suit against Modern Collections, Danrick et al is improper and should be dismissed.

/ / /

/ / /

**11.    Relief**

*Knoll's Statement*

Knoll seeks the following relief:

(1) An injunction permanently enjoining and restraining counterclaim-defendants, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, assigns, and all persons in active concert or participation with them:

    a.  From importing, marketing, advertising, distributing or selling furniture in the form of the designs that are the subject of Knoll's trademark registrations;

    b.  From passing off or otherwise representing to architects, the furniture trade or public in any way that any product sold by counterclaim-defendants emanates from, is related in source or sponsorship to, or is in any way related to Knoll;

    c.  From injuring Knoll's business reputation by diluting the distinctive quality of Knoll's products; and

    d.  From engaging in deceptive trade practices or acts in the conduct of counterclaim-defendants' business by means of selling products embodying Knoll's trademarked designs;

  (2) An order directing counterclaim-defendants to deliver to Knoll or to destroy all furniture in their possession that is in the form of the designs that are the subject of Knoll's trademark registrations;

  (3) An order directing counterclaim-defendants to immediately recall and destroy all of their catalogs showing, advertising or promoting furniture that is in the form of the designs that are the subject of Knoll's trademark registrations;

  (4) An order directing counterclaim-defendants to remove all references to or images of furniture that are in the form of the designs that are the subject of Knoll's trademark registrations from counterclaim-defendants' internet websites;

  (5) An order directing counterclaim-defendants to account to Knoll for all profits resulting from counterclaim-defendants' infringing activities;

  (6) An award to Knoll its damages from counterclaim-defendants' wrongful acts.  Knoll believes that its damages are in excess of $1,000,000 but cannot calculate its damages because this action is in its infancy;

  (7) An award to Knoll three times the amount of its damages or counterclaim-defendants' profits, whichever is greater;

  (8) An award to Knoll the cost of this action, as well as reasonable attorneys' fees; and

  (9) An award to Knoll punitive damages as a result of counterclaim-defendants'

wrongful acts.

    (10)    An order declaring Knoll's trademarks valid and enforceable.

***Alphaville and the Lees' Statement***

1. Entry of Judgment providing:
    a. That Defendant is without a right or authority to threaten or to maintain suit against Plaintiff for alleged infringement of trademarks Nos. 2,893,025, 2,894,977, 2,894,980, 2,894,979, 2,894,978 and 772,313.
    b. That the trademarks and trade dress claims are invalid, unenforceable, and void in law;
    c. That the court cancel the trademark registrations of Knoll;
    d. That the alleged trademarks and trade dress are not infringed by Plaintiff because of the making, selling, or using of any of designer furniture by Plaintiff;
    e. That Defendant has engaged in acts of unfair competition against Plaintiff;
    f. For the costs, expenses, and reasonable attorney's fees incurred by Plaintiff.
2. Entry of a preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction from:
    a. Initiating infringement litigation or threatening Plaintiff or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of Plaintiff's designer furniture, with infringement litigation, or charging any of them either verbally or in writing with infringement trademarks Nos. 2,893,025, 2,894,977, 2,894,980, 2,894,979, 2,894,978 and 772,313, because of the manufacture, use, sale, or offering for sale of designer furniture made by Plaintiff;
    b. That Knoll Cease engaging in acts of antitrust and other anticompetitive practices.
    c. That Knoll be ordered to lift and reverse any referrals to Customs Service and similar seizure processes if any made or filed against Plaintiff.
3. For damages for acts that have occurred due to Knoll's threats and allegations, and
4. All other relief that the Court may deem appropriate.

5. The Counterclaim Plaintiff take nothing by reason of the Counterclaims and that the Counterclaim-Defendants be awarded their costs of suit, attorney fees, and such other and further relief as this Court deems just and proper.
6. David Lee and Peggy Lee should be dismissed with prejudice as there is no valid claim over them as individual Counterclaim-Defendants.
7. That this Court declare the trademark registrations of Knoll, Inc. are invalid, void and of no force and effect such that they are denied to protect any designs of furniture.
8. That this Court declares the trademark registrations of Knoll should be cancelled.
9. That Counterclaim-Defendants herein be awarded reasonable attorney fees and costs and
10. Such other and further relief as this Court deems just under the circumstances.

**12.    Settlement and ADR**

The parties had some initial settlement discussions before the filing of this action, but those discussions were not fruitful. The parties have agreed to participate in non-binding mediation before a magistrate not assigned to this action, which shall conclude in the next 90 days.

**13.    Consent to Magistrate Judge For All Purposes**

The parties do not agree to consent to a Magistrate Judge for all purposes. However, the parties are agreeable to the assignment of a Magistrate Judge for the limited purpose of hearing discovery disputes.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. As discussed above, the parties agree that non-binding mediation before a magistrate not assigned to this case is the most appropriate form of ADR.

**15.    Narrowing of Issues**

Where appropriate, the parties agree to narrow factual issues by stipulation and/or through requests for admission. In addition, the parties will streamline the presentation of evidence at trial by stipulating to the authenticity of certain documents and exhibits.

**16.    Expedited Schedule**

1  At this time, the parties do not believe that this case may be handled on an expedited basis
2 with streamline procedures.

3 **17.  Scheduling**

4  The parties have been unable to agree on a joint schedule.  The parties requested comment
5 on a proposed schedule from Danrick and Louie and have not received a response.

*Knoll's Proposed Schedule*

| | |
|---|---|
| Fact Discovery Cut-Off: | August 1, 2008 |
| Expert Witness Disclosures: | September 1, 2008 |
| Rebuttal Expert Reports | October 1, 2008 |
| Expert Deposition Deadline | November 15, 2008 |
| Dispositive Motions (hearing deadline): | January 15, 2009 |
| Pre-Trial Conference | February 28, 2009 |
| Trial | |

*Alphaville and the Lees' Proposed Schedule*

| | |
|---|---|
| Fact Discovery Cut-Off:[1] | October 30 2008 |
| Expert Witness Disclosures: | November 30 2008 |
| Rebuttal Expert Reports | December 30 2008 |
| Expert Deposition Deadline | February 29, 2009 |
| Dispositive Motions (hearing deadline): | April 20, 2009 |
| Pre-Trial Conference | May 30 2009 |
| Trial | |

**18.  Trial**

This case will be tried by a jury to the extent a jury may decide issues associated with the

---

[1] NOTE Alphaville and the Lees' allege that due to the history since 1929 Alphaville believes an earlier cutoff will not allow it to discover including, but not limited to, German Patents that may apply to the alleged designs, Mies van der Rohe documents that may be rare and in museum archives and the like.  All the other dates therefore are based on this.  Knoll disagrees with this statement and seeks a speedy resolution to this action since the defendants have been on notice of this dispute since at least November of last year, when Knoll filed a lawsuit in New York.

- 15 -

JOINT CASE MANAGEMENT STATEMENT                                Case No. 07-CV-05569 MHP

1  case.  All other issues will be decided by the Court.  The parties estimate that the trial will take
2  approximately 4-7days.

3  **19.    Disclosure of Non-Party Interested Entities or Persons**

4  Alphaville and Knoll have filed their respective "Certification of Interested Entities or
5  Persons" as required by Civil L.R. 3-16.  The parties re-state their certifications as follows:

6  *Knoll's Statement*

7  Pursuant to Civil Local Rule 3-16, the undersigned counsel of record for Defendant and
8  Counterclaim-Plaintiff Knoll, Inc. certifies that the following listed persons and entities (i) have a
9  financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-
10 financial interest in that subject matter or in a party that could be substantially affected by the outcome
11 of the proceeding:

| **Person/Entity** | **Relationship/Interest** |
|---|---|
| Knoll, Inc. | Defendant and Counterclaimant |

15 This certification is made to enable the Court to evaluate possible disqualification or recusal.

16 *Alphaville's Statement*

17 Pursuant to Civil Local Rule 3-16, the undersigned counsel of record for Plaintiff Alphaville
18 Design, Inc. Knoll, Inc. certifies that the following listed persons and entities (i) have a financial interest
19 in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest
20 in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

21 Alphaville Design, Inc., David Lee and Peggy Lee

22 *The Lee's Statement*

23 Pursuant to Civil Local Rule 3-16, the undersigned counsel of record for Plaintiff Alphaville
24 Design, Inc.  and Counterclaim-Defendants David Lee and Peggy Lee  certifies that the following listed
25 persons and entities (i) have a financial interest in the subject matter in controversy or in a party to the
26 proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
27 substantially affected by the outcome of the proceeding:

28 David Lee and Peggy Lee

**20.   Other Matters**

There are no other matters that the parties need to bring to the Court's attention with respect to facilitating the just, speedy and inexpensive disposition of this matter.

Dated:  March 10, 2008                BUCHANAN INGERSOLL & ROONEY LLP

s/ *KARINEH KHACHATOURIAN*

By:   KARINEH KHACHATOURIAN
       Attorneys for Defendant and Counterclaimant,
       KNOLL, INC.

*OF COUNSEL:*
GEORGE GOTTLIEB (admitted *pro hac vice*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (admitted *pro hac vice*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

Dated:  March 10, 2008                LAW OFFICES OF GREEN & GREEN

*[signature: Philip R. Green]*

By:   PHILIP GREEN
       Attorneys for Plaintiff and Counter-Defendant,
       Alphaville Designs, Inc., and

       Attorneys for Counter-Defendants,
       David Lee and Peggy Lee

#1037005-v1