1  KARINEH KHACHATOURIAN (SBN 202634)
   Email: kkhachatourian@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO P.C.
4  1400 Page Mill Road
   Palo Alto, California  94304
5  Telephone:  (650) 251-7700
   Facsimile:   (650) 251-7739
6

7  GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
8  MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
9  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
10 New York, NY  10016-0601
   Telephone:  (212) 684-3900
11 Facsimile:   (212) 684-3999

12 Attorneys for Defendant and Counterclaimant,
   KNOLL, INC.
13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16  ALPHAVILLE DESIGN, INC., a Delaware corporation, | Case No. 07-CV-05569 MHP |
| 17              Plaintiff, | **KNOLL, INC.'S NOTICE OF MOTION AND MOTION FOR ORDER ON DISCOVERY RE: STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 18       vs. | |
| 19  KNOLL, INC., a Delaware corporation, | |
| 20              Defendant. | |
| 21 | |
| 22 | Date:   July 14, 2008<br>Time:   2:00 p.m. |
| 23  AND RELATED COUNTERCLAIMS. | Room:  Courtroom 15, 18th Floor<br>Judge:   Honorable Marilyn H. Patel |
| 24 | |
| 25 | Complaint filed:   November 1, 2007<br>Trial Date:         None set |

26

27

28

KNOLL'S NTC OF MTN AND MTN FOR ORDER ON DISCOVERY RE STIPULATED
PROTECTIVE ORDER; MPA ISO                                      Case No. 07-CV-05569 MHP

TO PLAINTIFF AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 14, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 15, 18th Floor of the Honorable Marilyn H. Patel, located at 450 Golden Gate Avenue, San Francisco, California, Defendant and Counterclaimant Knoll, Inc. ("Knoll") will, and hereby does move this Court pursuant to Federal Rule of Civil Procedure ("FRCP") 26 for an Order regarding a dispute that has arisen over a contemplated stipulated protective order governing the production of confidential materials in this lawsuit.

The parties have diligently worked towards finalizing a stipulated protective order in this case. After much effort, the parties have resolved all outstanding issues except for one fundamental disagreement: whether Knoll's Vice President, General Counsel and Secretary, Mr. Michael Pollner, may view Plaintiff and Counter Defendant Alphaville Design, Inc.'s ("Alphaville") "confidential" or "counsel only" designated materials. Since Mr. Pollner is the Knoll individual responsible for overseeing and assisting in the preparation and defense of this litigation, and the corporate representative with settlement authority, Knoll believes Alphaville's blanket refusal is unreasonable.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the respective Declarations of Michael A. Pollner and Karineh Khachatourian in support thereof, the reply papers to be filed by Knoll, the pleadings and other papers on file herein, and such other written and oral argument as may be presented to the Court. Knoll respectfully requests that this Court grant its Motion for Order on Discovery re: Stipulated Protective Order Regarding Confidential Information.

Dated: June 5, 2008        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Karineh Khachatourian
By: KARINEH KHACHATOURIAN
    Attorneys for Defendant and Counterclaimant, KNOLL, INC.

*OF COUNSEL:*
GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

- 1 -

KNOLL'S NTC OF MTN AND MTN FOR ORDER ON DISCOVERY RE STIPULATED
PROTECTIVE ORDER; MPA ISO                                    Case No. 07-CV-05569 MHP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counterclaimant Knoll, Inc. ("Knoll") respectfully submits this Memorandum Of Points And Authorities In Support Of Its Motion For Order On Discovery Issues Re: A Stipulated Protective Order Regarding Confidential Information ("Motion") to resolve a single disagreement between the parties that has effectively stalled the completion of a protective order. The parties sole dispute on the draft Protective Order is whether Michael A. Pollner, Vice-President, General Counsel, and Secretary of Knoll, who is the corporate representative charged with the management of this litigation, may have access to Plaintiff and Counter Defendant Alphaville Design, Inc.'s ("Alphaville") "confidential" or "counsel only" designated materials. In refusing Mr. Pollner's access, Alphaville has failed to articulate any legitimate reason to overturn the wealth of legal authority, and this Court's standard form, which contemplates that a party's in-house personnel be given access to the other side's designated materials.

The balance of hardship and equity overwhelmingly tips in Knoll's favor. Knoll will be severely prejudiced should its in-house counsel be prevented from having access to all evidence Alphaville intends to rely on at trial. It is indisputable that Mr. Pollner's ability to assist outside counsel in the prosecution and defense of this matter, make case and settlement recommendations, and effectively communicate with outside counsel would be severely hindered without such access. Alphaville, on the other hand, will not suffer any prejudice, as its only concern can be that the confidentiality of its documents are preserved, and Knoll is willing to take all appropriate reasonable measures to minimize the risk of any perceived misuse. Given that Mr. Pollner is an attorney, and does not have competitive decision-making authority, Knoll therefore respectfully requests that Alphaville's objection be overruled.

## II. LEGAL ARGUMENT

### A. Knoll Has A Compelling Need For Michael A. Pollner To Have Access To Alphaville's Designated Materials.

Knoll, as defendant and counterclaimant in this matter, has an important need to have an in-house lawyer review Alphaville's designated materials. Knoll, and not Alphaville, should have the

- 1 -

ability to choose the individual who has the responsibility to oversee this lawsuit for the company. Here, Michael A. Pollner has been designated by the management of Knoll to supervise this litigation and to assist outside counsel in the litigation's conduct and strategy. Declaration of Michael A. Pollner In Support of Motion on Discovery Issues Re: Stipulated Protective Order ("Pollner Decl.") at ¶5. Moreover, Mr. Pollner is one of the executives with the responsibility to make policy decisions in reference to this litigation. *Id*.

Similarly, Mr. Pollner has been appointed by Knoll to attend all settlement conferences with full and unlimited authority to negotiate and fully explore settlement options and to enter a binding settlement. *Id*. In that role, Mr. Pollner will attend the Settlement Conference now scheduled for July 1, 2008, and, if necessary, the trial of this lawsuit. *Id*.

As demonstrated by Mr. Pollner's declaration, Knoll's request that he be given access to Alphaville's designated materials is not random. Rather, as the executive at Knoll in charge of this lawsuit, Mr. Pollner has a legitimate need to have access to any evidence produced by Alphaville in this litigation so that he can fully advise Knoll management during the conduct of this case. Pollner Decl., ¶6. No access will severely limit Mr. Pollner's ability to make case and settlement recommendations, as well as communicate and assist outside counsel. *Id*; Khachatourian Decl., ¶3. A blanket denial will also interfere with Knoll's ability to fully prepare its case and defense for trial. *Id*. Accordingly, Knoll has a compelling need for Mr. Pollner to have access to Alphaville's designated materials.

**B.    Knoll Will Suffer Prejudice If Michael A. Pollner Is Denied Access To Alphaville's Designated Materials.**

Knoll will surely suffer prejudice if Michael A. Pollner is denied access to Alphaville's designated materials because he will not have access to all information available to be fully informed to make corporate decisions on behalf of the company. Mr. Pollner has been acting in this corporate representative role since the inception of this lawsuit and he is the sole in-house individual at Knoll responsible for updating management and making strategic and policy decisions.

A litigant's right to participate in the preparation of their own defense overrides blanket confidentiality concerns of the opposing party. See e.g. Merit Indus., Inc. v. Feuer, 201 F.R.D. 382,

- 2 -

385 (E.D. Pa 2001) (allowing access to confidential materials); see also Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, L.L.C., 2002 WL 32349383 (holding president of the company could review all confidential information designated under protective order); Avery Dennison Corp. v. Minn. Mining & Mfg. Co., 2001 WL 1339402 (D.Del 2001)(holding in house counsel should have access to confidential and counsel only documents).  Similarly, form protective orders endorsed by both the Northern and Southern Districts of California contemplate party employee access to designated materials of the other side.  Khachatourian Decl., Exh. E.

In light of the complex nature of this case, including Knoll's trademark infringement claim and Alphaville's invalidity defense, it is important for counsel to be able to consult with Mr. Pollner to prosecute Knoll's affirmative case as well as prepare its defense, and to communicate openly with Mr. Pollner.  Khachatourian Decl., ¶3.  If Mr. Pollner is now denied access to Alphaville's designated materials, it will interfere with Knoll's outside counsel's ability to do so to the fullest extent possible.  Id.  Alphaville's objection should therefore be overruled.

### C. Alphaville Will Not Suffer Prejudice Should Michael A. Pollner Be Given Access To Alphaville's Designated Materials.

Unlike Knoll, Alphaville will not suffer prejudice should Michael A. Pollner be given access to Alphaville's designated materials.  At present, Alphaville has not produced, let alone identified any document of such a confidential nature that Knoll's in-house counsel should be refused access.  All Alphaville has provided is an uncertain calculus of how sensitive it perceives its data is going to be, rather than a disclosure of what in particular is of concern.  Moreover, Knoll has agreed to reasonable measures to minimize the perceived risk of disclosure of Alphaville's confidential information to unauthorized parties.  Mr. Pollner has agreed to be bound by the terms of any Protective Order entered by the Court and to submit to this Court's jurisdiction.  Pollner Decl., ¶7.  Further, Mr. Pollner is an attorney, and by virtue of his position, has ethical obligations beyond those of an employee.  Knoll's request is limited to one corporate representative rather than multiple individuals throughout the organization, thereby further minimizing the risk of inadvertent disclosure.

The reason Alphaville offered for its objection to Mr. Pollner during meet and confer is that

- 3 -

Alphaville believed Mr. Pollner was involved in "quality control." Khachatourian Decl., Exh. B; ¶5. Mr. Pollner's declaration clearly refutes Alphaville's belief, which appears to be based on a misunderstanding. Mr. Pollner does not have competitive decision making authority for Knoll concerning pricing, product design, or product research and development. Pollner Decl., ¶4. Nor would Alphaville's confidential information have any effect on such decisions at Knoll, since they do not cater to the same distribution chains. *Id* at ¶3.

The Federal Rules further support Knoll's request. Federal Rule of Civil Procedure 33 requires a corporate representative to verify interrogatory responses based on all information available to the entity, and Alphaville's refusal to allow Michael A. Pollner access to Alphaville's designated materials, or any Knoll representative for that matter, interferes with Knoll's ability to fully respond to discovery and communicate fully with its counsel.

### D.  A Blanket Prohibition Is Unreasonable Under The Circumstances.

Alphaville's request that Mr. Pollner be denied access to any Alphaville designated materials is overbroad, inconsistent and unreasonable under the circumstances. Rather than deny Knoll its right to properly prepare its case, Alphaville should bear the burden of justifying what specific documents it believes should only be seen by outside counsel, and seek an appropriate protective order at that time. There are many alternatives that fall short of a blanket prohibition, such as restrictions on the manner in which such information is reviewed, but Alphaville has refused to consider any of those alternatives. As a result, Alphaville's request for a blanket prohibition should be denied.

### III.  CONCLUSION

For the foregoing reasons, Knoll respectfully requests that the Court overrule Alphaville's objection, and permit Michael A. Pollner to have access to Alphaville designated materials.

Dated: June 5, 2008                MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Karineh Khachatourian
By:  KARINEH KHACHATOURIAN
        Attorneys for Defendant and Counterclaimant, KNOLL, INC.

*OF COUNSEL:*
GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)

4344397v.1

- 4 -

KNOLL'S NTC OF MTN AND MTN FOR ORDER ON DISCOVERY RE STIPULATED
PROTECTIVE ORDER; MPA ISO                                Case No. 07-CV-05569 MHP