KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
1400 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 251-7700
Facsimile: (650) 251-7739

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KNOLL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP<br><br>**DECLARATION OF MICHAEL A. POLLNER IN SUPPORT OF KNOLL, INC.'S MOTION FOR ORDER ON DISCOVERY RE: STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Date: July 14, 2008<br>Time: 2:00 p.m.<br>Room: Courtroom 15, 18th Floor<br>Judge: Honorable Marilyn H. Patel<br><br>Complaint filed: November 1, 2007<br>Trial Date: None set |

I, Michael A. Pollner, declare:

1. I am the Vice President, General Counsel & Secretary for Defendant and Counterclaimant Knoll, Inc. ("Knoll"). I reside in Knoll's East Greenville, Pennsylvania office. I have personal knowledge of the matters set forth herein except as to those matters set forth on information and belief, and as to those I am informed and believe them to be true and could and would competently testify thereto. I submit this declaration in support of Knoll's Motion For Order On Discovery Issues Re: Stipulated Protective Order Regarding Confidential Information, which is filed concurrently herewith.

2. Knoll was founded in 1938, and is internationally recognized for creating superior modern workplace furnishings. Headquartered in East Greenville, Pennsylvania, we serve our clients in North America through a network of more than 300 Knoll dealerships and 100 showrooms and regional offices. In Europe, we have showrooms and are represented by dealers in most major cities. Throughout Asia and Latin America, independently owned dealers and licensees serve Knoll clients.

3. Through my position at Knoll, I have general knowledge of the furniture industry. Although both Knoll and Plaintiff and Counter Defendant, Alphaville Design, Inc. ("Alphaville"), manufacture and offer furniture for sale, that is where I believe the similarities between the companies end. To my knowledge, Knoll and Alphaville do not sell furniture through the same distribution chain, nor do I believe they serve the same segments of the market. Knoll is a design oriented company focused primarily on serving the high-end segment of the furniture industry. These are clients who are primarily interested in high-quality, high-design products. My understanding is that Alphaville, on the other hand, sells primarily "copies" of other companies' products and lower-priced products, catering to a secondary market. While Knoll is aware of Alphaville's pricing through marketplace knowledge, that knowledge has absolutely no effect on the pricing of the Barcelona collection.

4. As Vice President, General Counsel & Secretary for Knoll, I have many daily responsibilities including the enforcement of Knoll's intellectual property rights. I do not, however, have decision-making authority for Knoll concerning pricing, product design, or product research

- 1 -

and development. Although I am aware of those types of decisions, I cannot recall a time where any of those decisions involved Alphaville.

5. Through my role as Vice-President, General Counsel & Secretary of Knoll, I am primarily responsible for the supervision of this litigation and assisting outside counsel in the development of conduct and strategy in this case. In addition, I am one of the few executives with the responsibility to make policy decisions in reference to this lawsuit. In accordance with the Local Rules of this Court, I was appointed by Knoll to be the corporate representative for the Mediation Conference to be held in this case on July 1, 2008. I will attend that conference with full and unlimited authority to negotiate and fully explore settlement options and to enter a binding settlement.

6. I understand that Alphaville has objected to my request to have access to confidential materials produced by them in this lawsuit. As the executive at Knoll in charge of this lawsuit, I have a legitimate need to have access to any evidence Alphaville intends to rely on in this litigation so that I can fully advise Knoll's management on the progress of this case, and effectively manage and make strategic decisions throughout the litigation. Having no access to Alphaville's designated materials will severely limit my ability to make case and settlement recommendations to Knoll's management, to communicate effectively with outside counsel and receive legal advice, as well as assist outside counsel in the preparation of this case.

7. I understand that any confidential information produced by Alphaville in this lawsuit will be protected by a Protective Order entered by this Court. I would, and do, agree to be bound by the terms of the Protective Order in this case and to subject myself to this Court's jurisdiction and Orders.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: June 5, 2008

_____
MICHAEL A. POLLNER

4347020v.1

- 2 -