1  KARINEH KHACHATOURIAN (SBN 202634)
   Email: kkhachatourian@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO P.C.
4  1400 Page Mill Road
   Palo Alto, California 94304
5  Telephone: (650) 251-7700
   Facsimile: (650) 251-7739
6

7  GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
8  MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
9  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
10 New York, NY 10016-0601
   Telephone: (212) 684-3900
11 Facsimile: (212) 684-3999

12 Attorneys for Defendant and Counterclaimant,
   KNOLL, INC.
13

14              **UNITED STATES DISTRICT COURT**

15           **NORTHERN DISTRICT OF CALIFORNIA**

16 | ALPHAVILLE DESIGN, INC., a Delaware corporation,

17              Plaintiff,

18       vs.

19 KNOLL, INC., a Delaware corporation,

20              Defendant.

21

22 _____

23 AND RELATED COUNTERCLAIMS.

24

25

26

27

28

Case No. 07-CV-05569 MHP

**DECLARATION OF KARINEH KHACHATOURIAN IN SUPPORT OF KNOLL, INC.'S MOTION FOR ORDER ON DISCOVERY RE: STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

Date:    July 14, 2008
Time:    2:00 p.m.
Room:   Courtroom 15, 18th Floor
Judge:   Honorable Marilyn H. Patel

Complaint filed:    November 1, 2007
Trial Date:          None set

1    I, Karineh Khachatourian, declare:

2    1.    I am an attorney licensed to practice law before all courts in the State of California,

3    and the United States District Court for the Northern District of California. I am a member of

4    Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin") in its Palo Alto, CA office

5    and I, along with lawyers at Gottlieb, Rackman & Reisman, are attorneys of record for Defendant

6    and Counterclaimant Knoll, Inc. ("Knoll"). I submit this declaration in support of Knoll's Motion

7    For Order On Discovery Issues Re: Stipulated Protective Order Regarding Confidential

8    Information, which is filed concurrently herewith.

9    2.    I have personal knowledge of the matters set forth herein except as to those matters

10    set forth on information and belief, and as to those I am informed and believe them to be true and

11    could and would competently testify thereto. In making this declaration, it is not my intention, nor

12    the intention of Knoll, to waive the attorney-client privilege, the attorney-work product immunity,

13    or any other applicable privilege.

14    3.    Michael A. Pollner is my firm's corporate contact at Knoll. He will attend the

15    Mediation Conference to be held in this case on July 1, 2008. It is important to our ability to both

16    prosecute Knoll's affirmative case as well as prepare its defense, to consult with Mr. Pollner

17    without restriction. Alphaville's insistence that no corporate representative at Knoll may have

18    access to designated materials will interfere with our ability to communicate and advise our client to

19    the fullest extent and with Mr. Pollner's ability to advise Knoll management if he was restricted

20    from seeing all designated documents in this case.

21    4.    I am the principal attorney engaged in the negotiations of the protective order. I

22    have been negotiating with Alphaville's attorney regarding the terms of an appropriate Protective

23    Order since April 2008 and have exchanged several drafts during that time. To my knowledge, the

24    parties have reached agreement on all points except party access.

25    5.    In my various years of practice, I have negotiated many protective orders, most of

26    which permitted some sort of access by party employees to designated materials. In all of my

27    negotiations with Alphaville on this issue, Alphaville has consistently changed its position

28    regarding whether to allow Mr. Pollner access to materials designated "Confidential" or "Highly -

- 1 -

DECL. OF KHACHATOURIAN ISO KNOLL'S MTN FOR ORDER ON DISCOVERY RE
STIPULATED PROTECTIVE ORDER                    Case No. 07-CV-05569 MHP

1  Confidential - Attorney's Eyes Only." Alphaville's only explanation for denying Mr. Pollner access

2  to such materials is the assumption that he participates in competitive decision-making based on

3  "quality control." To my knowledge, Alphaville did not provide any other basis for its objection to

4  Mr. Pollner.

5        6.     I have tried on various occasions to explain to Alphaville's counsel that Mr. Pollner

6  does not have competitive decision-making authority without success. As a result, Knoll felt it had

7  no alternative but to file its motion.

8        7.     Attached hereto as Exhibit A is a true and correct copy of a letter from myself to

9  Philip R. Green dated June 2, 2008 regarding the status of a Stipulated Protective Order.

10        8.     Attached hereto as Exhibit B is a true and correct copy of a letter from Philip R.

11  Green to myself dated June 3, 2008 in response to my above-referenced letter dated June 2, 2008.

12        9.     Attached hereto as Exhibit C is a true and correct copy of an email from myself to

13  Philip Green dated June 4, 2008 stating "Mr. Pollner does not have competitive decisionmaking

14  authority" and discussing affirmative defense issues.

15       10.    Attached hereto as Exhibit D is a true and correct copy of an email from Philip

16  Green to myself dated June 1, 2008 regarding among other things, Mr. Green's belief that Mr.

17  Pollner is involved in competitive decision-making.

18       11.    Attached hereto as Exhibit E are a true and correct copies of the respective face

19  pages and relevant excerpts from form protective orders endorsed by both the Northern and

20  Southern Districts of California.

21       I declare under penalty of perjury under the laws of the United States of America and the

22  State of California that the foregoing is true and correct.

23  Dated: June 5, 2008          /s/ Karineh Khachatourian
                                     KARINEH KHACHATOURIAN

24

25

26

27

28  4345460v.1

DECL. OF KHACHATOURIAN ISO KNOLL'S MTN FOR ORDER ON DISCOVERY RE
STIPULATED PROTECTIVE ORDER            Case No. 07-CV-05569 MHP

EXHIBIT A

# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Karineh Khachatourian | 650 251 7717 | kkhachatourian@mintz.com

June 2, 2008

**VIA ELECTRONIC AND U.S. MAIL**

38087-002

Philip R. Green, Esq.
Law Offices of Green & Green
1000 Fourth Street Suite 595
San Rafael, CA 94901

Re:    *Alphaville v. Knoll*; Case No.: 3:07-cv-05569-MHP

Dear Mr. Green:

This letter responds to your email of yesterday regarding the status of a Stipulated Protective Order.

As you know, we have been negotiating the terms of a Stipulated Protective Order since April 2008. You initially agreed to a two-tier protective order which permitted Knoll's general counsel to review both Confidential and Attorney's Eyes Only documents. The only outstanding issue which remained was the treatment of foreign counsel. On May 14, you did a complete about face and refused to permit any Knoll representative to review either Confidential or Attorney's Eyes Only information. You also invited Neil Smith, who is not currently counsel of record, to participate in that conversation without my prior knowledge or consent.

During that May 14 conversation, we resolved the foreign counsel issue and you specifically stated that Alphaville would permit Michael Pollner to review designated materials so that we could move forward. This is after Knoll already rejected your three-tier suggestion during that call. Again, you have changed positions per your email of yesterday and object to Michael Pollner.

Although we have tried everything possible to arrive at some compromise with Alphaville, a blanket prohibition from Knoll seeing any designated materials is unacceptable. Knoll's personnel have an absolute right to participate in the management and prosecution of the lawsuit. As we have previously stated, we have been advised that Michael Pollner does not participate in decisions about pricing, product design, and/or product research and development and as such, the case you cite in your email is inapplicable. To the contrary, there is a wealth of legal authority to support Knoll's position. *See eg Avery Dennison Corp. v. Minn. Mining & Mfg. Co.*, 2001 WL 1339402 (D.Del 2001). In addition to applicable case law, form protective orders endorsed by both the Northern and Southern Districts of California contemplate party employee access to designated materials of the other side.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Philip R. Green
June 2, 2008
Page 2


At this point, we believe we have reached an impasse and we have no alternative but to file a motion. If after reviewing the case law you reconsider your position, please let us know by June 4, 2008.

Please feel free to contact me should you wish to discuss this matter further.


Very truly yours,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Karineh Khachatourian

KK/sb


4344272v.1

EXHIBIT B

Law Offices of

# Green & Green

Philip R. Green
phil@greenandgreen.com

Beverly Robin Green
bev@musiclawyer.com

*Main Offices: Courthouse Square*
1000 Fourth Street, Suite 595
San Rafael, California 94901

Telephone: (415) 457-8300
Fax: (415) 457-8757
www.greenandgreen.com

*San Francisco Office:*

One Embarcadero Center
Suite 500
San Francisco, CA 94111

*Please Reply to San Rafael*

June 3, 2008

Via FAX: 1-650-251-7739,

Email to: KKhachatourian@mintz.com

Karineh Khachatourian, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
1400 Page Mill Road
Palo Alto, CA 94304

Re: Alphaville Design , Inc v. Knoll Civil Action Case  No. 07-05569 MHP Stipulated Protective Order

Dear Ms. Khachatourian:

In reference to your letter of June 2, I must state that, on this point, where you write, "During that May 14 conversation, we resolved the foreign counsel issue and you specifically stated that Alphaville would permit Michael Pollner to review designated materials so that we could move forward. This is after Knoll already rejected your three-tier suggestion during that call."

What I recall is that we said we might allow some access for Mr. Pollner subject to a review of his job description.  I mentioned then that what I was concerned about was that when I spoke to Mr. Pollner he mentioned to me he was very concerned with what he called "Quality Control" of his company's (Knoll, Inc.) products.  This leads me to believe that he is involved in competitive decision-making.  This falls within the very cautionary lines of circuit cases like *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468-1469 (Fed. Cir. 1984) and *Intel Corp. v. Via Technologies, Inc.*, 198 F.R.D. 525 (N.D. Cal. 2000) that tell me to be very cautious on this Stipulated Protective Order.  Denial of access to confidential information to counsel in an intellectual property case should be made on the basis of the individual counsel's actual activity in relationship with his client. In light of, *inter alia*, Mr. Pollner's involvement in QC he should not see any Attorney Eyes Only documents.

Sincerely yours,
GREEN & GREEN

Philip R. Green

Philip R. Green
Attorney at Law

PRG;hal
encl.; cc: Alphaville, Neil Smith Esq.

Business - Intellectual Property - Entertainment - Real Estate - Estates & Trusts
Litigation – Dispute Resolution

EXHIBIT C

| From: | Khachatourian, Karineh |
| --- | --- |
| Sent: | Wednesday, June 04, 2008 2:15 PM |
| To: | 'Philip Green' |
| Subject: | RE: Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP -- Stipulated Protective Order |
| Sensitivity: | Confidential |

Dear Phil;

As I have stated time and again, Mr. Pollner does not have competitive decisionmaking authority. Whatever you and Mr. Pollner discussed was clearly a misunderstanding.

On the affirmative defenses, this issue has been outstanding for some time, and frankly, Knoll is troubled by the delay. In this global marketplace, it is no longer a problem to communicate outside the country. As a result, we will be seeking relief from the court as we would like the pleadings cleaned up before mediation.

**From:** Philip Green [mailto:loggdin@earthlink.net]
**Sent:** Tuesday, June 03, 2008 10:26 PM
**To:** Khachatourian, Karineh
**Subject:** Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP -- Stipulated Protective Order
**Importance:** High
**Sensitivity:** Confidential

My letter follow-up to yours of June 2 is attached. I disagree with your position on in-house counsel.

On the *withdrawal of defenses*, I still need to *talk* to my clients still out of the country and cannot finally decide until then. I will respond to your letter then and we are likely to, subject to approval of clients, *agree with some of it.*



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com. It is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Please consider the environment before printing this email** 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

Tel: (415) 457-8300
Fax: (415) 457-8757
phil@greenandgreen.com
www.thatsentertainment.biz
www.greenandgreen.com

# EXHIBIT D

**From:**      Philip Green [loggdin@earthlink.net]
**Sent:**      Sunday, June 01, 2008 3:04 PM
**To:**        Khachatourian, Karineh
**Subject:**   RE: ALPHAVILLE CASE REPLY TO YOUR LETTER
**Importance:** High
**Sensitivity:** Confidential

OK I will agree that we will keep your "title documents" review confined to outside counsel only with the understanding that when Neil Smith comes of record he is also an outside counsel. You may produce them "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY " – these will include the "license" or "assignment" with Mies van der Rohe and documents mentioning the central document – letters exchanged, memos, and others, right?

On the Stipulated Protective Order we still object to in-house counsel seeing them – you know of the cases that back us up in this matter. We also need a third tier created, recall our 3-way conversation…? See for example U.S. Steel Corp. v. U.S., 730 F.2d 1465, 1468-1469 (Fed. Cir. 1984). Mr. Pollner told me himself that he is involved in competitive decision making, quality control.



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com. It is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

Please consider the environment before printing this email 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

Tel: (415) 457-8300
Fax: (415) 457-8757
phil@greenandgreen.com

6/4/2008

EXHIBIT E

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff,

v.

Defendant.

No. C

STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1

1  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2  identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion

3  must be accompanied by a competent declaration that affirms that the movant has complied with the

4  meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

5  the justification for the confidentiality designation that was given by the Designating Party in the meet

6  and confer dialogue.

7          The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

9  question the level of protection to which it is entitled under the Producing Party's designation.

10

11      7. ACCESS TO AND USE OF PROTECTED MATERIAL

12          7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed

13  or produced by another Party or by a non-party in connection with this case only for prosecuting,

14  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

15  the categories of persons and under the conditions described in this Order. When the litigation has

16  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

17  DISPOSITION).

18          Protected Material must be stored and maintained by a Receiving Party at a location

19  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

20          7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

22  any information or item designated CONFIDENTIAL only to:

23          (a) the Receiving Party's Outside Counsel of record in this action, as well as

24  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

25  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

26  hereto as Exhibit A;

27          (b) the officers, directors, and employees (including House Counsel) of the

28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

7

1    the "Agreement to Be Bound by Protective Order" (Exhibit A);

2            (c) experts (as defined in this Order) of the Receiving Party to whom

3    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4    Bound by Protective Order" (Exhibit A);

5            (d) the Court and its personnel;

6            (e) court reporters, their staffs, and professional vendors to whom disclosure is

7    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8    Protective Order" (Exhibit A);

9            (f) during their depositions, witnesses in the action to whom disclosure is

10   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

12   Protected Material must be separately bound by the court reporter and may not be disclosed to

13   anyone except as permitted under this Stipulated Protective Order.

14           (g) the author of the document or the original source of the information.

15           7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

17   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19           (a) the Receiving Party's Outside Counsel of record in this action, as well as

20   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

21   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

22   hereto as Exhibit A;

23           [(b) – *Optional – as deemed appropriate in case-specific circumstances*:

24   House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in

25   patent prosecutions involving _____ [specify subject matter areas], (2) to whom

26   disclosure is reasonably necessary for this litigation,  and (3) who has signed the "Agreement to Be

27   Bound by Protective Order" (Exhibit A);

28           (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

1

2

3

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

5   Plaintiff,                                          CASE NO. 00cv0000

6                                   Plaintiff,          PROTECTIVE ORDER

7

8

9

10

11   vs.
     Defendant,

12                                  Defendant.

13

14      The Court recognizes that at least some of the documents and information ("materials")

15   being sought through discovery in the above-captioned action are, for competitive reasons,

16   normally kept confidential by the parties. The parties have agreed to be bound by the terms of this

17   Protective Order ("Order") in this action.

18      The materials to be exchanged throughout the course of the litigation between the parties

19   may contain trade secret or other confidential research, technical, cost, price, marketing or other

20   commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The

21   purpose of this Order is to protect the confidentiality of such materials as much as practical during

22   the litigation. THEREFORE:

23                                  DEFINITIONS

24      1.      The term "Confidential Information" shall mean and include information contained or

25   disclosed in any materials, including documents, portions of documents, answers to interrogatories,

26   responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial

27   testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed

28   to be Confidential Information by any party to which it belongs.

        2.      The term "materials" shall include, but shall not be limited to: documents; correspondence;

memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.    The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

_____

_____

["Counsel" shall also include_____, in-house attorneys for [Plaintiff] and _____, in-house attorneys for [Defendant].]

<u>GENERAL RULES</u>

4.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.    In the event the producing party elects to produce materials for inspection, no marking

need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.      said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY;"

b.      the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.      the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.      All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -

FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and  an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert.   Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9.      Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

            (a)     Executives who are required to participate in policy decisions with reference to this action;

            (b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

            (c)     Stenographic and clerical employees associated with the individuals identified above.

10.      With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL -

1 FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author

2 or a recipient of a copy thereof, may be shown the same.

3    11.    All information which has been designated as "CONFIDENTIAL" or

4 "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all

5 reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in

6 paragraph 3, except that independent experts authorized to view such information under the terms of this

7 Order may retain custody of copies such as are necessary for their participation in this litigation.

8    12.    Before any materials produced in discovery, answers to interrogatories, responses

9 to requests for admissions, deposition transcripts, or other documents which are designated as

10 Confidential Information are filed with the Court for any purpose, the party seeking to file such material

11 shall seek permission of the Court to file said material under seal.  The parties will follow and abide by

12 applicable law, including Civ. L.R. 7.3, with respect to filing documents under seal in this Court.

13    13.    At any stage of these proceedings, any party may object to a designation of the

14 materials as Confidential Information.  The party objecting to confidentiality shall notify, in writing,

15 counsel for the designating party of the objected-to materials and the grounds for the objection.  If the

16 dispute is not resolved consensually between the parties within seven (7) business days of receipt of such

17 a notice of objections, the objecting party may move the Court for a ruling on the objection.  The

18 materials at issue shall be treated as Confidential Information, as designated by the designating party, until

19 the Court has ruled on the objection or the matter has been otherwise resolved.

20    14.    All Confidential Information shall be held in confidence by those inspecting or

21 receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each person

22 receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or

23 inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other

24 than a person authorized by this Order, the party responsible for the unauthorized disclosure must

25 immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other

26 parties and, without prejudice to any rights and remedies of the other parties, make every effort to

27 prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

28

15. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on

which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.    The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.    Prior knowledge must be established by pre-production documentation.

23.    The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24.    Transmission by facsimile is acceptable for all notification purposes herein.

25.    This Order may be modified by agreement of the parties, subject to approval by the Court.

26.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.


IT IS SO ORDERED this _____ day of _____, _____



_____
Judge, United States District Court

EXHIBIT A