1  KARINEH KHACHATOURIAN (SBN 202634)
   Email: kkhachatourian@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO P.C.
4  1400 Page Mill Road
   Palo Alto, California  94304
5  Telephone:  (650) 251-7700
   Facsimile:   (650) 251-7739
6

7  GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
   Email: ggottlieb@grr.com
8  MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
   Email: mmisthal@grr.com
9  GOTTLIEB RACKMAN & REISMAN, P.C.
   270 Madison Avenue
10 New York, NY  10016-0601
   Telephone:  (212) 684-3900
11 Facsimile:   (212) 684-3999

12 Attorneys for Defendant and Counterclaimant,
   KNOLL, INC.
13

14            **UNITED STATES DISTRICT COURT**

15           **NORTHERN DISTRICT OF CALIFORNIA**

16 ALPHAVILLE DESIGN, INC., a Delaware          Case No. 07-CV-05569 MHP
   corporation,
17                                              **KNOLL, INC.'S NOTICE OF MOTION
                         Plaintiff,             AND MOTION TO STRIKE PLAINTIFF**
18                                              **AND COUNTERCLAIM DEFENDANTS'
            vs.                                 SECOND, THIRD, SIXTH, EIGHTH**
19                                              **AND NINTH AFFIRMATIVE
   KNOLL, INC., a Delaware corporation,         DEFENSES; MEMORANDUM OF**
20                                              **POINTS AND AUTHORITIES IN
                         Defendant.             SUPPORT THEREOF**
21

22                                              Date:    August 18, 2008
                                                Time:    2:00 p.m.
23 _____         Room:    Courtroom 15, 18th Floor
                                                Judge:   Honorable Marilyn H. Patel
24 AND RELATED COUNTERCLAIMS.

25                                              Complaint filed:   November 1, 2007
                                                Trial Date:        None set
26

27

28

---

KNOLL'S NTC OF MTN AND MTN TO STRIKE PLAINTIFF AND COUNTERCLAIM
DEFENDANTS' AFFIRMATIVE DEFENSES; MPA ISO           Case No. 07-CV-05569 MHP

1  TO PLAINTIFF AND COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on August 18, 2008 at 2:00 p.m., or as soon thereafter as the

3  matter may be heard in Courtroom 15, 18th Floor of the Honorable Marilyn H. Patel, located at 450

4  Golden Gate Avenue, San Francisco, California, Defendant and Counterclaimant Knoll, Inc.

5  ("Knoll") will, and hereby does move this Court pursuant to Federal Rule of Civil Procedure

6  ("FRCP") 8 and 12(f) and applicable case law for an Order Striking Plaintiff and Counterclaim

7  Defendants Alphaville Design, Inc., Peggy Lee and David Lee's ("Alphaville") Second, Third,

8  Sixth, Eighth and Ninth Affirmative Defenses in its Answer to Counterclaims ("this Motion").

9        This Motion is made on the grounds that: (1) The Second Affirmative Defense --lack of

10  jurisdiction-- has no basis since Plaintiff chose this forum; (2) The Third Affirmative Defense -- no

11  attorneys' fees, -- is meritless since the Lanham Act unambiguously provides for an award of

12  attorneys fees in a trademark infringement action; (3) no showing of estoppel has been made nor

13  has estoppel been properly plead to justify the Sixth Affirmative Defense; (4) No acts to support

14  anti-trust violations, trademark misuse, or unclean hands has been properly pled pursuant to the

15  Eighth Affirmative Defense; and (5) Alphaville has made an exact copy of Knoll's furniture and no

16  fair use defense can be based thereon, thereby eliminating the Ninth Affirmative Defense.

17        This Motion is based on the Notice of Motion and Motion, the Memorandum of Points and

18  Authorities in support thereof, the Declaration of Karineh Khachatourian in support thereof, Knoll's

19  Counterclaims filed in this action, Alphaville's Complaint and Answer, and the pleadings and other

20  papers on file herein, and such other written and oral argument as may be presented to the Court.

21  Knoll respectfully requests that this Court grant its Motion to Strike Plaintiff and Counterclaim-

22  Defendants Alphaville Design, Inc., Peggy Lee and David Lee's Second, Third, Sixth, Eighth and

23  Ninth Affirmative Defenses in its Answer to Counterclaims.

24  Dated:  July 14, 2008            Respectfully submitted,

25                                   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

26                                   /s/ Karineh Khachatourian
                                     By:  KARINEH KHACHATOURIAN
27                                        Attorneys for Defendant and Counterclaimant, KNOLL, INC.
                                     OF COUNSEL:
28                                   GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)

- 1 -

KNOLL'S NTC OF MTN AND MTN TO STRIKE PLAINTIFF AND COUNTERCLAIM
DEFENDANTS' AFFIRMATIVE DEFENSES; MPA ISO            Case No. 07-CV-05569 MHP

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Defendant and Counterclaimant Knoll, Inc. ("Knoll") respectfully submits this Memorandum Of Points And Authorities In Support of Its Motion to Strike Plaintiff and Counterclaim-Defendants Alphaville Design, Inc. ("Alphaville"), Peggy Lee and David Lee's ("the Lees") (collectively "Alphaville") Second, Third, Sixth, Eighth and Ninth Affirmative Defenses in its Answer to Counterclaims ("Motion").  Knoll has attempted to meet and confer with Alphaville for months on these issues.  Despite Knoll's best efforts, and Alphaville's agreement to withdraw its Second and Third Affirmative Defenses, Alphaville still refuses to file an amended pleading, thus necessitating this motion.

**II.    STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Second Affirmative Defense -- lack of jurisdiction over the individuals -- may be plead when Alphaville has chosen this forum and when the Lees are residents of this forum;

2.    Whether the Third Affirmative Defense regarding attorneys' fees should be stricken pursuant to The Lanham Act which unambiguously provides a basis for an award of attorneys fees in a trademark infringement action;

3.    Whether Alphaville has alleged facts sufficient to maintain its Sixth Affirmative Defense - Estoppel;

4.    Whether Alphaville has sufficiently plead unclean hands, anti-trust, or trademark misuse pursuant to its Eighth Affirmative Defense; and

5.    Whether Alphaville's Ninth Affirmative Defense - Fair Use, survives in light of the *Herman Miller* case and other applicable case law.

**III.    PROCEDURAL BACKGROUND**

On January 15, 2008 Knoll electronically filed and thereby served its Answer and Counterclaims, which included the following causes of action: (1) Count I: Trademark Infringement; (2) Count II: False Designation of Origin; (3) Count III: Common Law Unfair Competition; (4) Count IV: Dilution; and (5) Count V: Violation of Cal. Bus. & Prof. Code §17200,

1    et seq.  (Docket No. 14.)

2          On February 22, 2008 Alphaville responded to Knoll's Counterclaims with an Answer

3    consisting of twelve (12) Affirmative Defenses, which included the following disputed Affirmative

4    Defenses: (1) Second Defense: Lack of Jurisdiction Over the Person, F.R.C.P. Rules 8, 12(b); (2)

5    Third Defense: No Attorneys Fees; (3) Sixth Defense: Estoppel; (4) Eighth Defense: Unclean Hands

6    and Trademark Misuse; and (5) Ninth Defense: Fair Use; Unprotectible Designs ("collectively

7    Affirmative Defenses").  (Docket No. 27.)

8          After careful review, Knoll challenged Alphaville's Affirmative Defenses and requested that

9    Alphaville withdraw them.  Khachatourian Decl. Exh. A; ¶¶1-2.  Alphaville requested nearly a

10   thirty (30) day extension to respond and ultimately agreed to withdraw its Second and Third

11   Affirmative Defenses.  Khachatourian Decl. Exhs. B-F, ¶¶4-9.  Nonetheless, as of the date of filing

12   this motion, Alphaville has refused to amend its pleading.  *Id.* at Exhs. G and H, ¶10.

13   **IV.    APPLICABLE LEGAL STANDARD**

14         Knoll's Motion to Strike may and should be considered by the Court.  A motion to strike is

15   appropriate to attack portions of pleadings that cannot be addressed by a motion to dismiss.

16   Specifically, Federal Rules of Civil Procedure ("FRCP") 12(f) states as follows:

17
18                    upon motion made by a party within 20 days after the service of the
                      pleading upon the party or upon the court's own initiative at any time,
                      the court may order stricken from any pleading any insufficient defense
19                    or any redundant, immaterial, impertinent, or scandalous matter.

20         Pursuant to Rule 12(f), a defendant may challenge an improper claim or insufficient defense

21   to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing

22   with these issues before trial.  2 W. Schwarzer *et al., California Practice Guide: Federal Civil*

23   *Procedure Before Trial* ¶ 9:378 (Rutter Group 2008); *see also Bureerong v. Uvawas*, 922 F.Supp.

24   1450, 1478-1479 (C.D.Cal. 1996).

25         Where the motion may have the effect of making the trial of the action less complicated, or

26   have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike

27   will be well taken.  *See Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

28   *grounds*, 510 U.S. 517 (1994).  Striking certain of Alphaville's Affirmative Defenses that have no

- 2 -

1  basis in law will certainly further this general policy.

2  **V.    ALPHAVILLE CONCEDES THAT ITS SECOND DEFENSE SHOULD BE**
3      **STRICKEN**

4      In its Answer, Alphaville's Second Defense attempts to establish a lack of jurisdiction over

5  the individuals Peggy Lee and David Lee.  Alphaville's Second Defense cannot stand.

6  Notwithstanding that Alphaville and the Lees agreed to voluntarily withdraw this defense,

7  Alphaville filed its lawsuit in this jurisdiction.  (Docket No. 1.)  David and Peggy Lee are President

8  and Vice-President of Alphaville respectively and reside in this jurisdiction.  (Docket No. 27 at

9  ¶58.)  Thus it is unclear how Alphaville and the individual defendants can establish a lack of

10  jurisdiction.

11      Moreover, Alphaville's allegations, even taken as true, do not help save Alphaville's

12  defense.  Paragraph 2 of this defense states that Alphaville is a Delaware corporation and the site of

13  its headquarters is Fremont, California.  Paragraph 3 of the affirmative defense merely states that

14  the Lees are "natural persons" who claim they did nothing wrong.  Paragraphs 2 and 3 do not relate

15  to lack of jurisdiction.

16      Similarly, Paragraph 4 of the affirmative defense states that David Lee and Peggy Lee claim

17  they have done nothing that violates Knoll's rights.  Paragraph 5 of the affirmative defense states

18  that Alphaville, "acted in its own name at all material times alleged herein...."  These two

19  paragraphs have no relationship to the alleged lack of jurisdiction over the individual defendants,

20  David Lee and Peggy Lee.

21      Lisewise, Paragraph 6 of the affirmative defense states that there is "no unity of interest or

22  ownership" between Alphaville, David Lee and Peggy Lee.  Paragraph 7 refers to an "inequitable

23  result."

24      Any alleged facts provided by Alphaville and the Lees in its Answer actually support

25  jurisdiction.  Paragraph 58 of the Answer states that "David Lee is the President of Alphaville and

26  Peggy Lee is the Vice-President of Alphaville."  Further, Paragraph 58 admits that Alphaville has a

27  place of business in Fremont, California and that David Lee and Peggy Lee are both officers of

28  Alphaville.

Under California law, a court sitting in California has personal jurisdiction over foreign corporations taking action in the state or doing business in the state.   California Code of Civil Procedure ("C.C.P.") Sec. 410.10 *et seq*.  Similarly, California law provides that courts sitting in California have personal jurisdiction over both residents and non-residents. C.C.P. Sec. 410.10 - 410.30.  *See also The Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-824 (9th Cir. 1996) (corporate officer or director is generally personally liable for all torts he authorizes, directs, or in which he participates).  In view of the foregoing, personal jurisdiction exists over the individuals.  Accordingly, Alphaville's Second Affirmative Defense should be stricken.

## VI.    ALPHAVILLE'S THIRD DEFENSE SHOULD BE STRICKEN PURSUANT TO THE LANHAM ACT

Similarly, in its Answer, Alphaville's Third Defense states Knoll has raised no basis for attorneys fees.  Again Alphaville agreed to withdraw this defense but refuses to file an amended pleading.  Regardless, The Lanham Act unambiguously provides a basis for an award of attorneys' fees in a trademark infringement action.  *See* 15 U.S.C. § 1117(a).  Therefore, Alphaville's Third Defense must be stricken.

## VII.   NO SHOWING OF ESTOPPEL HAS BEEN MADE NOR HAS ESTOPPEL BEEN PROPERLY PLEAD TO JUSTIFY ALPHAVILLE'S SIXTH DEFENSE

In its Sixth Affirmative Defense, Alphaville states in Paragraph 17 that Knoll " is estopped to allege that any acts of Alphaville could constitute a violation of any rights of Knoll.  A party asserting an estoppel defense must be able to show it acted without knowledge of the matter asserted.  *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 910 (9th Cir. 2003).  Alphaville has neither shown nor properly plead estoppel to justify its Sixth Defense.

Nothing in Alphaville's allegations support an estoppel defense.  Paragraph 18 of the affirmative defense alleges that Mies van der Rohe and/or Knoll had several German patent registrations. This has nothing to do with any estoppel defense.  Paragraph 19 alleges that Knoll has no copyrights and Paragraph 20 alleges that Knoll does not have a license from Mies van der Rohe.  These also do not relate to estoppel.  Since no facts have been alleged to support an estoppel defense, Alphaville's Sixth Affirmative Defense should be stricken.

1  **VIII.  ALPHAVILLE CONCEDES THAT NO VIOLATION OF THE ANTI-TRUST LAWS OR TRADEMARK MISUSE HAS BEEN PROPERLY PLEAD TO JUSTIFY ALPHAVILLE'S EIGHTH DEFENSE**

2

3  The Eighth Affirmative Defense alleges Unclean Hands and Trademark Misuse.  Paragraph

4  33 of the affirmative defense alleges that Knoll's acts are "illegal, inequitable, or unfair."  It further

5  alleges that Knoll's enforcement of its marks is "trademark misuse in violation of the anti-trust laws

6  of the United States."  No other information is provided.

7  No violation of the anti-trust laws or trademark misuse have been properly plead.  Nor has

8  Alphaville plead any facts to support any unclean hands defense.  Alphaville has agreed to amend

9  its pleading to withdraw any reference to antitrust laws, but this still does not go far enough.  Like

10  inequitable conduct, allegations of trademark misuse, and unclean hands must be plead with

11  specificity under Rule 9(b).  *See e.g. Jardine*, 318 F.3d at 909-910.  Since no such facts are

12  provided, Alphaville's Eighth Defense should be stricken.

13  **IX.  ALPHAVILLE HAS MADE AN EXACT COPY OF KNOLL'S FURNITURE AND NO FAIR USE DEFENSE CAN BE BASED THEREON, THEREBY ELIMINATING ITS NINTH DEFENSE**

14

15  The Ninth Affirmative Defense alleges "Fair Use; Unprotectable Designs."  Paragraph 34 of

16  the affirmative defense states that Alphaville's uses are "used fairly and in good faith."

17  Alphaville has made an exact copy of Knoll's furniture and no fair use defense can be based

18  thereon.  *See* Complaint ¶6-7 (Docket No. 1) (Alphaville admits it makes and sells "similar

19  appearing furniture.")  Indeed, the *Herman Miller v. A Studio S.r.l.*, 2006 WL 2456218 at *15,

20  firmly rejects such a defense under these circumstances.  Thus, the Ninth Affirmative Defense

21  should be withdrawn.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

KNOLL'S NTC OF MTN AND MTN TO STRIKE PLAINTIFF AND COUNTERCLAIM
DEFENDANTS' AFFIRMATIVE DEFENSES; MPA ISO        Case No. 07-CV-05569 MHP

1

**X.    CONCLUSION**

For the foregoing reasons, Knoll respectively requests that the Court strike Alphaville's Second, Third, Sixth, Eighth and Ninth Affirmative Defenses from its Answer to Knoll's Counterclaims.

Dated:  July 14, 2008                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Karineh Khachatourian
By:  KARINEH KHACHATOURIAN
     Attorneys for Defendant and Counterclaimant, KNOLL, INC.

*OF COUNSEL:*

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

#4377682v1

KNOLL'S NTC OF MTN AND MTN TO STRIKE PLAINTIFF AND COUNTERCLAIM DEFENDANTS' AFFIRMATIVE DEFENSES; MPA ISO          Case No. 07-CV-05569 MHP