EXHIBIT A

# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California  94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Karineh Khachatourian | 650 251 7717 | kkhachatourian@mintz.com

May 12, 2008

**VIA ELECTRONIC AND U.S. MAIL**

38087-002

Philip Green, Esq.
Law Offices of Green & Green
1000 4th Street Suite 595
San Rafael, CA  94901

Re: Alphaville Design, Inc. v. Knoll, Inc.;
Case No.: 3:07-cv-05569-MHP

Dear Mr. Green:

We have carefully reviewed the various Affirmative Defenses which were alleged in the Answer of Alphaville Design Inc., David Lee and Peggy Lee, to the counterclaims of Knoll, Inc. ("Knoll").

We request that Alphaville Design Inc., David Lee and Peggy Lee (hereinafter ("Alphaville") voluntarily withdraw and dismiss the Affirmative Defenses hereinafter discussed.  Your failure to do so within 5 business days of your receipt of this letter will cause Knoll to file a motion for judgment on the pleadings and/or a motion for summary judgment with respect to those affirmative defenses.

The Affirmative Defenses to which Knoll objects are as follows:

SECOND DEFENSE: The Second Affirmative Defense states that it relates to Lack of Jurisdiction Over The Person. The paragraphs that follow this heading fail to establish a lack of jurisdiction over the individuals, David Lee and Peggy Lee.

Paragraph 2 of the Affirmative Defenses states that Alphaville Design, Inc., is a Delaware corporation and the site of its headquarters is Fremont, California.  Paragraph 3 of the Affirmative Defenses merely states that David Lee and Peggy Lee are "natural persons" who claim they did nothing wrong.  Paragraphs 2 and 3 do not relate to lack of jurisdiction.

Paragraph 4 of the Affirmative Defenses states that David Lee and Peggy Lee claim they have

---

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Philip Green, Esq.
May 12, 2008
Page 2

done nothing that violates Knoll's rights. Paragraph 5 of the Affirmative Defenses states that Alphaville Design Inc., "acted in its own name at all material time alleged herein...." These two paragraphs have no relationship to the alleged lack of jurisdiction over the individual defendants, David Lee and Peggy Lee.

Paragraph 6 of the Affirmative Defenses state that there is "no unity of interest or ownership" between Alphaville Design Inc., David Lee and Peggy Lee. Paragraph 7 refers to an "inequitable result."

However, Paragraph 58 of the Answer states that "David Lee is the President of Alphaville and Peggy Lee is the Vice President of Alphaville." Further, this paragraph of the Answer admits that Alphaville Design Inc. has a place of business in Fremont, California and that David Lee and Peggy Lee are both officers of Alphaville Design Inc. Moreover, Plaintiff's Initial Disclosures provides a California address for Mr. Lee.

Under California law, a court sitting in California has personal jurisdiction over foreign corporations doing an act in the state or doing business in the state. Cal.C.C.P. Sec. 410.10. Similarly, California law provides that courts sitting in California have personal jurisdiction over both residents and non-residents. Cal.C.C.P. Sec. 410.10 - 410.20. See also *The Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-824 (9th Cir. 1996) (corporate officer or director is generally personally liable for all torts he authorizes, directs, or in which he participates). In view of the foregoing, there is personal jurisdiction over the individuals.

Since personal jurisdiction exist, over David Lee and Peggy Lee, we request that Alphaville withdraw the Second Affirmative Defense.

THIRD DEFENSE: The Third Affirmative Defense is captioned No Attorneys Fees. Paragraph 8 of the Affirmative Defenses states Knoll's counterclaims do not state any facts upon which a claim for attorney fees may be maintained.

However, The Lanham Act, 15 U.S.C. Sec. 1117 (a), unambiguously provides a basis for an award of attorneys fees in a trademark infringement action.

Thus, since a request for a attorneys fees is properly alleged under statutory federal law, we request that Alphaville withdraw the Third Affirmative Defense.
SIXTH DEFENSE: The Sixth Affirmative Defense is entitled Estoppel and states in paragraph 17 of the Affirmative Defenses that Knoll "is estopped to allege that any acts [of Alphaville Design, Inc.,] could constitute a violation of any rights" of Knoll. A party asserting an estoppel defense must be able to show that it acted without knowledge of the matter asserted. *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 910 (9th Cir. 2003).

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Philip Green, Esq.
May 12, 2008
Page 3

However, Knoll's various trademark registrations have been of public record since October 2004, and knowledge thereof is presumed, 15 U.S.C. Sec. 1072.

Paragraph 18 of the Affirmative Defenses alleges the Mies van der Rohe and/or Knoll had several German patent registrations. This has nothing to do with any estoppel defense. Paragraph 19 alleges that Knoll has no copyrights and Paragraph 20 alleges that Knoll does not have a license from Mies van der Rohe. These also do not relate to estoppel.

Since no showing of estoppel has been made nor has estoppel been properly pleaded, the Sixth Affirmative Defense should be withdrawn.

EIGHTH DEFENSE: The Eight Affirmative Defense alleges that it is for Unclean Hands and Trademark Misuse. Paragraph 33 of the Affirmative Defenses alleges that Knoll's acts are "illegal, inequitable, or unfair." It further alleges that Knoll's enforcement of its marks is "trademark misuse in violation of the anti-trust laws of the United States."

No violation of the anti-trust laws or trademark misuse has been properly pled and this Eighth Affirmative Defense should be withdrawn.

NINTH DEFENSE: The Ninth Affirmative Defense alleges "Fair Use; Unprotectable Designs." Paragraph 34 of the Affirmative Defense states that the Affirmative Defense uses are "used fairly and in good faith."

Alphaville has made an exact copy of Knoll's furniture and no fair use defense can be based thereon. *Herman Miller v. A Studio S.r.l.*, 79 U.S.P.Q. 2d 1905 (W.D. Mich. 2006).

Thus, the Ninth Affirmative Defense should be withdrawn.

In summary, the Second, Third, Sixth, Eighth and Ninth Affirmative Defenses should be withdrawn by May 19 2008, as noted above. We of course would agree to stipulate to said withdrawal if necessary.

Very truly yours,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Karineh Khachatourian

KK/ak

4326355v.1

EXHIBIT B

**From:** Philip Green [mailto:loggdin@earthlink.net]
**Sent:** Wednesday, May 14, 2008 2:00 PM
**To:** Khachatourian, Karineh
**Subject:** Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP Your letter
**Importance:** High
**Sensitivity:** Confidential

I received your letter about withdrawing some defenses. I will need and ask for more than the 4 days you provided. I will need at least until several officers of my clients return to the country, end of May. I cannot get back to you before June 5, as I need time to confer with clients and investigate this.



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com. It is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Please consider the environment before printing this email** 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

7/9/2008

Tel: (415) 457-8300
Fax: (415) 457-8757
phil@greenandgreen.com
www.thatsentertainment.biz
www.greenandgreen.com

EXHIBIT C

**From:**       Khachatourian, Karineh
**Sent:**       Friday, May 16, 2008 1:45 PM
**To:**         'Philip Green'
**Subject:**    RE: Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP Your letter
**Importance:** High
**Sensitivity:** Confidential

Phil;

You may have until May 28th. I cannot imagine that you can't get in touch with your clients during that time frame.

We need to discuss the Protective Order. Please let me know when you are available. Thank you.

**From:** Philip Green [mailto:loggdin@earthlink.net]
**Sent:** Wednesday, May 14, 2008 2:00 PM
**To:** Khachatourian, Karineh
**Subject:** Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP Your letter
**Importance:** High
**Sensitivity:** Confidential

I received your letter about withdrawing some defenses. I will need and ask for more than the 4 days you provided. I will need at least until several officers of my clients return to the country, end of May. I cannot get back to you before June 5, as I need time to confer with clients and investigate this.



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com. It is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts
Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Please consider the environment before printing this email** 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

Tel: (415) 457-8300
Fax: (415) 457-8757
phil@greenandgreen.com
www.thatsentertainment.biz
www.greenandgreen.com

7/9/2008

EXHIBIT D

**From:** Philip Green [mailto:loggdin@earthlink.net]
**Sent:** Thursday, May 29, 2008 8:31 PM
**To:** Khachatourian, Karineh
**Subject:** RE: REQUEST FOR EXTENSION
**Importance:** High
**Sensitivity:** Confidential

Not yet but we are inclined to agree to some of it, need to confirm with client, again, who is on only a blackberry and don't seem to be able to read PDFs.



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com. It is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Please consider the environment before printing this email** 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

7/9/2008

EXHIBIT E

| From: | Khachatourian, Karineh |
|---|---|
| Sent: | Wednesday, June 04, 2008 2:15 PM |
| To: | 'Philip Green' |
| Subject: | RE: Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP -- Stipulated Protective Order |
| Sensitivity: | Confidential |

Dear Phil;

As I have stated time and again, Mr. Pollner does not have competitive decisionmaking authority.  Whatever you and Mr. Pollner discussed was clearly a misunderstanding.

On the affirmative defenses, this issue has been outstanding for some time, and frankly, Knoll is troubled by the delay.  In this global marketplace, it is no longer a problem to communicate outside the country.  As a result, we will be seeking relief from the court as we would like the pleadings cleaned up before mediation.

**From:** Philip Green [mailto:loggdin@earthlink.net]
**Sent:** Tuesday, June 03, 2008 10:26 PM
**To:** Khachatourian, Karineh
**Subject:** Alphaville Designs , Inc v. Knoll Civil Action Case No. 07-05569 MHP -- Stipulated Protective Order
**Importance:** High
**Sensitivity:** Confidential

My letter follow-up to yours of June 2 is attached.  I disagree with your position on in-house counsel.

On the *withdrawal of defenses*, I still need to *talk* to my clients still out of the country and cannot finally decide until then.  I will respond to your letter then and we are likely to, subject to approval of clients, *agree with some of it.*



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com.  It is intended only for the addressee(s) named as recipients.  This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

Please consider the environment before printing this email 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

Tel: (415) 457-8300
Fax: (415) 457-8757
phil@greenandgreen.com
www.thatsentertainment.biz
www.greenandgreen.com

7/9/2008

EXHIBIT F

Law Offices of

Philip R. Green
phil@iplegal.com
Beverly Robin Green
bev@musiclawyer.com

# Green & Green

www.greenandgreen.com
Telephone: (415) 457-8300
Fax: (415) 457-8757

## FAX TRANSMITTAL

**THIS IS A CONFIDENTIAL DOCUMENT-LEGALLY PRIVILEGED – TRADE SECRETS**

June 11, 2008

Attention: Karineh Khachatourian
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, PC

To Fax Number : (650) -251-7739
Phone Number : (650) 251-7700
From Attorney: Philip Green
Re:  Alphaville Designs , Inc v. Knoll Civil Action Case  No. 07-05569 MHP

Number of Pages: 2

Message:  Letter follows.

A copy of this FAX          ☐ will          [x]  will not follow by mail.

*The information contained in this facsimile transmission is legally privileged trade secrets and confidential, intended only for the use of the individual or entity named above.  If the receiver of this message is not the intended recipient, you are hereby notified that dissemination, distribution or copying of this fax  is strictly prohibited. If you have received this fax  in error, please immediately notify us by telephone and return the original fax to us at the above address via u.s. mail, thank you. If any portion of this transmission is not received, please call (415) 457-8300 to correct.*

Courthouse Sq. 1000 Fourth Street, Suite 595  San Rafael, CA  94901 U.S.A.

Law Offices of

# Green & Green

Philip R. Green
phil@greenandgreen.com

Beverly Robin Green
bev@musiclawyer.com

*Main Offices: Courthouse Square*
1000 Fourth Street, Suite 595
San Rafael, California 94901

Telephone: (415) 457-8300
Fax: (415) 457-8757
www.greenandgreen.com

*San Francisco Office:*

One Embarcadero Center
Suite 500
San Francisco, CA 94111

*Please Reply to San Rafael*

June 11, 2008

Via FAX: 1-650-251-7739,
Email to: KKhachatourian@mintz.com

Karineh Khachatourian, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
1400 Page Mill Road
Palo Alto, CA 94304

Below are my responses to your letter of May 12, 2008 requesting withdrawal of certain
defenses. I also make remark and ask for clarification of some of your comments. We will agree
to amend our Answer and withdraw the Second and Third defenses. As to the second defense we
do not waive any defenses to the effect that there is no individual liability of David Lee and
Peggy Lee for the acts of Alphaville Design, Inc.

On your request to withdraw the Estoppel (6th Defense) I must ask for clarification on this,
because *Records, Inc.* v. *Jardine*, 318 F.3d 900, 910 (9th Cir. 2003) has nothing to do with
Estoppel, it is about the Beach Boys and a band members breach of a license agreement, with a
defense of unclean hands.

Gilson states, **Estoppel may occur when the plaintiff intentionally, *or through culpable
negligence*, leads the defendant to rely on certain facts in such a way that the defendant will
be harmed if the plaintiff is permitted to repudiate or deny those facts.** If Alphaville is in
this context a Defendant then Alphaville relied on the history of over 40 years of Knoll allowing
others, and as you may know from the books (parts of them in your documents) you know that it
is known that Mies van der Rohe licensed others than Knoll to make his designs.

Please explain the *Jardin* case in this context and if you have a better or more on point cite we
will consider it. There is no need to make a motion at this juncture; we are talking.

On the eighth defense we will withdraw a reference to anti-trust laws without prejudice at this
time.

On the ninth defense it remains to be shown how exact a "copy" has been made. As I told you
there is activity going on in this case being briefed for invalidity; the marks are questionable and
there is Customs destruction of furniture going on that is unrelated to that in issue in this matter.

Business - Intellectual Property - Entertainment - Real Estate - Estates & Trusts
Litigation – Dispute Resolution

Karineh Khachatourian, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
June 11, 2008
Page 2

So there are anti-competitive acts taking place at Knoll's behest. The fair use defense does not depend on the copy but how a trademark is used. As you know Alphaville never used any mark of Knoll's including, but not limited to, "Barcelona" in a trademark sense, but only if at all, descriptively. If you want to point to a better case, the *Herman Miller* case you cite states that, "…At the beginning of the row [in advertising] it states "patterned after the design of Charles Eames," in all capital letters. … *this identification is clearly permissible* because it both accurately identifies the original designer and clearly signifies that Studio's product is a reproduction…."

So please explain this issue. Nothing contained herein is intended, nor shall be construed, as any admission, waiver, relinquishment or limitation of our client's rights and remedies in the matter. All such rights and remedies are expressly reserved.

Sincerely yours,
GREEN & GREEN

Philip R. Green
Attorney at Law

PRG;hal
cc: Alphaville

EXHIBIT G

| | |
|---|---|
| **From:** | Khachatourian, Karineh |
| **Sent:** | Wednesday, June 11, 2008 4:36 PM |
| **To:** | 'Philip Green' |
| **Subject:** | RE: Alphaville Design, Inc. v. Knoll, Inc. Case No.: 3:07-cv-05569-MHP |
| **Sensitivity:** | Confidential |

Phil;

When do you plan to file an amended answer?  Should we enter into a stipulation?  Please advise and thank you.

---

**From:** Philip Green [mailto:loggdin@earthlink.net]
**Sent:** Wednesday, June 11, 2008 4:30 PM
**To:** Khachatourian, Karineh
**Subject:** Re: Alphaville Design, Inc. v. Knoll, Inc. Case No.: 3:07-cv-05569-MHP
**Importance:** High
**Sensitivity:** Confidential

Letter is attached regarding the issue of Alphaville answer.



CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is from Phil Green, attorney, at Law Offices of Green & Green, www.thatsentertainment.biz, Tel: (415) 457-8300, Ext 11, phil@greenandgreen.com. It is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to: remove@greenandgreen.com.

Business – Intellectual Property - Entertainment - Real Estate - Environmental - Planning - Estates & Trusts Litigation - Dispute Resolution

IRS CIRCULAR 230 NOTICE:  To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**Please consider the environment before printing this email** 

Philip R. Green
GREEN & GREEN
1000 Fourth Street Suite 595
San Rafael, CA 94901

San Francisco OFFICE:
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

Tel: (415) 457-8300

7/9/2008

Fax: (415) 457-8757
phil@greenandgreen.com
www.thatsentertainment.biz
www.greenandgreen.com

EXHIBIT H

# MINTZ LEVIN

Karinch Khachatourian | 650 251 7717 | kkhachatourian@mintz.com

1400 Page Mill Road
Palo Alto, California 94304-1124
650.251.7700
650.251.7739 fax
www.mintz.com

July 3, 2008

**VIA ELECTRONIC AND U.S. MAIL**

38087-002

Philip R. Green, Esq.
Law Offices of Green & Green
1000 Fourth Street Suite 595
San Rafael, CA 94901

Re:    *Alphaville v. Knoll*; Case No.: 3:07-cv-05569-MHP

Dear Mr. Green:

This is in answer to your letter of June 11, 2008 regarding our letter of May 12, 2008, wherein we requested withdrawal of Alphaville's Second, Third, Sixth, Eight and Ninth Affirmative Defenses.

We understand from your June 11, 2008 letter that Alphaville will withdraw the Second Defense, "Lack of Jurisdiction Over the Person."

We further understand that Alphaville will withdraw the Third Defense, "No Attorney Fees."

As to the Sixth Defense, "Estoppel", your client had notice of Knoll's registered trademarks since October 2004, see 15 U.S.C. Sec. 1072. Thus it cannot claim lack of notice of Knoll's rights, see *Brother Records, Inc.* v. *Jardine*, 318 F.3d 900 (9th Cir. 2005). Your comment that the *Brother Records* case has nothing to do with estoppel is incorrect. In affirming the lower court's rejection of an equitable estoppel defense, the Ninth Circuit stated that the defendant could not show that he used "the Beach Boys" trademark without knowing that Brother Records objected to his use.

With respect to the Eighth Defense, "Unclean hands and Trademark Misuse", Alphaville has agreed to withdraw all references to the anti-trust laws. However, there still remains the allegation of "trademark misuse" and a charge that the acts of Knoll are "illegal, inequitable, or unfair". We also question whether trademark misuse is even a recognized ground for trademark cancellation in the Ninth Circuit. If these are still valid Affirmative Defenses, they must be specified in greater detail. We suggest that you either provide more detail to meet the legal standard or withdraw them.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Philip R. Green
July 3, 2008
Page 2

As to the Ninth Defense of "Fair Use, Unprotectable Designs," the *Herman Miller v. A Studio S.r.L.*, 79 USPQ 2d 1905 (W. Mich. 2006), case rejects any such defense:

> Previously, Studio sought summary judgment on two affirmative Defenses, fair use and laches. On May 9, 2006, the Court denied both motions for summary judgment. With respect to the fair use defense, the Court held that Studio was required to show that it used the lounge chair and Eames' name, "(1) in its descriptive sense; (2) in good faith." May 9, 2006 Op. At 11. Although Studio argued that its use of the lounge chair as a product was the "ultimate example of truly descriptive use," the Court held that Studio failed to show that it was using the lounge chair to describe its product, *Id.* at 11-12, 16. Thus, the Court concluded that absent a showing that the lounge chair was used descriptively, Studio could not avail itself of the fair use defense. *Id.* At 16.

> .......

> Herman Miller seeks summary judgment on Studio's fair use defense based upon the Court's previous opinion denying Studio's motion for summary judgment on that issue. Herman Miller argues that Studio is unable to satisfy the descriptiveness element of the fair use defense.

> ......

> The fair use defense is set forth at Section 33(b)(4) of the Lanham Act and applies when "the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. Sec. 1115 (b)(4). In order to prevail in a fair use defense, Studio must show that its use of the lounge chair was "(1) not as a trademark, (2) fair and in good faith, and (3) used 'only to describe' its goods or services."

> ........

> In sum, Studio's has failed to demonstrate how its sale of an exact replica of Herman Miller's trade dress is a descriptive use of the lounge chair for purposes of the fair use defense. In order to assert the fair use defense, Studio was required to show that it is using the trade dress descriptively. See, e.g., *Review Directions, Inc.*, 236 F. Supp. 2d at 812. In the absence of evidence creating a genuine issue of material fact on this element, Studio cannot assert the fair use defense. Studio has not demonstrated that is using Herman Miller's trade dress in a descriptive manner. Therefore, consistent with the Court's previous opinions in this matter, the Court holds that Herman Miller's motion for partial summary judgment on Studio's fair use affirmative defense is granted.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Philip R. Green
July 3, 2008
Page 3

It is beyond reason how Alphaville can ignore the holding in Herman Miller, which clearly resolves Alphaville's fair use defense as a matter of law. Accordingly, Alphaville's "fair use" defense is without merit.

In view of the foregoing, we look forward to promptly receiving your confirmation that Alphaville will withdraw its Sixth, Eighth and Ninth Affirmative Defenses. If we have not received a signed stipulation and draft pleading by Wednesday, July 9, 2008, we will proceed with our motion. As you can see, this issue has been outstanding since May, 2008.

Please feel free to contact me should you wish to discuss this matter further.

Very truly yours,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Karineh Khachatourian

KK/sb

4370304v.1