Philip Green (CalBN 92389)
Beverly R. Green (CalBN 92388)
Law Offices of Green & Green
1000 4th Street, Suite 595
San Rafael, CA 94901
(415) 457-8300
phil@iplegal.com

Attorneys for Plaintiff/Counterclaim-Defendant Alphaville Design, Inc.
and Counterclaim-Defendants David Lee and Peggy Lee

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A. SMITH, CalBN 63777
P. CRAIG CARDON, CalBN 168646
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415-434-9100
Facsimile:    415-434-3947
nsmith@sheppardmullin.com

Attorneys for Plaintiff/Counterclaim Defendant
Alphaville Design, Inc.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHAVILLE DESIGN, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNOLL, INC. a Delaware corporation,<br><br>Defendant. | Case No.: 07-cv-05569-MHP<br><br>**ALPHAVILLE DESIGN, INC.'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND, THIRD, SIXTH, EIGHTH AND NINTH AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| KNOLL, INC. a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>ALPHAVILLE DESIGN, INC., DAVID LEE and PEGGY LEE,<br><br>Counterclaim-Defendants. | Date:        August 18, 2008<br>Time:        2:00 p.m.<br>Courtroom:   Courtroom 15, 18th Floor<br>Judge:       Hon. Marilyn H. Patel<br><br>[Complaint Filed: November 1, 2007] |

1  Plaintiff and counterclaim-defendant Alphaville Design, Inc. ("Alphaville") and
2  counterclaim-defendants David Lee and Peggy Lee (collectively, "Alphaville") submit this
3  opposition to Knoll, Inc.'s Notice of Motion and Motion to Strike Plaintiff and Counterclaim
4  Defendants' Second, Third, Sixth, Eighth and Ninth Affirmative Defenses (the "Motion to
5  Strike").

## I.    INTRODUCTION

7  Defendant and counterclaim-plaintiff Knoll, Inc. ("Knoll") brought this Motion to Strike
8  while the parties were negotiating Knoll's requests that certain affirmative defenses asserted by
9  Alphaville be withdrawn.  Contrary to Knoll's assertion, Alphaville never refused to file an
10 amended pleading and, instead, was attempting to continue to negotiate this matter to an informal
11 resolution with Knoll when Knoll filed its Motion to Strike.  As described below Alphaville has
12 agreed to withdraw its Second and Third Affirmative Defenses and has properly pled its Sixth,
13 Eighth and Ninth Affirmative Defenses.

## II.    STATEMENT OF FACTS

15 On February 22, 2008, Alphaville filed the Answer of Alphaville Design, Inc., David Lee
16 and Peggy Lee  to Counterclaims of Knoll, Inc. ("Answer") in which the affirmative defenses at
17 issue here were asserted.  Declaration of Philip Green ("Green Decl."), submitted herewith, at ¶ 3.
18 On or about May 12, 2008, counsel for Knoll contacted counsel for Alphaville and requested that
19 Alphaville withdraw its Second, Third, Sixth, Eighth and Ninth Affirmative Defenses to the
20 counterclaims asserted by Knoll in this action.  Exhibit 1 to Green Decl.

21 As Knoll's counsel was aware, it had served its First Set of Interrogatories on April 24,
22 2008 and its First Set of Requests for Production of Documents on May 14, 2008, upon which the
23 attention of Alphaville's counsel was focused.  Green Decl. at ¶ 4.  On or about June 11, 2008,
24 Alphaville offered to withdraw its Second and Third Affirmative Defenses.  *See* Exhibit 2 to
25 Green Decl.  On July 3, 2008, Knoll's counsel responded to the June 11 correspondence and again
26 requested withdrawal of the Sixth, Eighth and Ninth Affirmative Defenses.  *See* Exhibit 3 to the

1  Green Decl. At that time, counsel for Alphaville believed negotiations regarding the matter were

2  ongoing. Green Decl. at ¶ 6. Nonetheless, Knoll filed its Motion to Strike on July 14, 2008.

3    On July 27, 2008, counsel for Alphaville requested that Knoll's counsel continue the

4  hearing of the Motion to Strike to allow the parties to further negotiate the matter to an informal

5  resolution without necessity of the Court's intervention. Counsel for Knoll declined the request.

6  Green Decl. at ¶ 7.

### III. ARGUMENT

**A. Knoll's Motion to Strike is Disfavored and Untimely.**

Federal Rule of Civil Procedure ("FRCP") 12(f) provides:

> upon motion made by a party <u>within 20 days after the service of the pleading upon the party</u> or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Here, Alphaville served its answer and affirmative defenses to Knoll's counterclaims on February 22, 2008. Knoll waited until May 12, 2008, almost three months later, to raise for the first time in correspondence to Alphaville's counsel the sufficiency of Alphaville's affirmative defenses. Green Decl. at ¶ 3 and Exhibit 1 thereto. Knoll's Motion to Strike was ultimately filed on July 14, 2008, almost five months after service on Knoll of the Answer. Knoll's Motion to Strike is untimely and should be denied on that basis.

  Moreover, motions to strike, such as this one, are regarded with disfavor. "Rule 12(f) motions are generally 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'" *Bureerong v. Uvawas,* 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Schwarzer, et al., *Federal Civil Procedure* § 9:375). Further, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). As described below, Knoll has not shown that Alphaville's Sixth, Eighth and Ninth Affirmative Defenses have no possible bearing on this litigation. This Court should deny Knoll's Motion to Strike.

**B.    Alphaville has Agreed to Withdraw its Second and Third Affirmative Defenses.**

By way of its June 11, 2008 letter, Alphaville agreed to withdraw its Second Affirmative Defense asserting lack of personal jurisdiction over David Lee and Peggy Lee and its Third Affirmative Defense asserting failure to state facts for which attorneys' fees may be granted. Exhibit 2 to Green Decl.  Since the parties continued to negotiate the remainder of Knoll's objections to Alphaville's affirmative defenses, Alphaville had not yet amended its answer when Knoll filed its Motion to Strike.  Should this Court determine that Knoll's Motion to Strike is timely despite Knoll's failure even to raise the matter until long after the filing deadline had passed, Alphaville is willing to withdraw[1] its Second and Third Affirmative Defenses.

**C.    Alphaville's Sixth Affirmative Defense for Estoppel is Properly Pled.**

In its Sixth Affirmative Defense, Alphaville states that Knoll " is estopped to allege that any acts of [Alphaville] constitute a violation of any rights of [Knoll]."  Answer at Affirmative Defenses ¶ 17.  Knoll objects to this affirmative defense on grounds that:  (1) "[a] party asserting an estoppel defense must be able to show it acted without knowledge of the matter asserted"; and (2) no facts have been alleged by Alphaville to support its estoppel defense.  Knoll is incorrect as to both assertions.

First, estoppel occurs when a party in the position of plaintiff intentionally, or through culpable negligence, leads another to rely on certain facts in such a way that the relying party will be harmed if the party in the position of plaintiff is permitted to repudiate or deny those facts. Gilson, 3-11 Gilson on Trademarks § 11.08 .  The elements of equitable estoppel are that the defendant was not aware of the matter asserted, the plaintiff acted or failed to act with knowledge, the defendant acted in reliance on the plaintiff's failure to act, and damage to the defendant will result if the estoppel is denied.  *Kierulff v. Metropolitan Stevedore Co.*, 315 F.2d 839, 842 (9th Cir. 1963). *Records, Inc.* v. *Jardine,* cited by Knoll, involved an assertion of equitable estoppel where the defendant used the BEACH BOYS trademark in breach of a prior written license agreement.

---

[1]  Contrary to Knoll's assertion, Alphaville has never conceded that its Second and Third Affirmative Defenses should be stricken; instead, it offered to withdraw those affirmative defenses. *See* Exhibit 2 to Green Decl.

1  318 F.3d 900, 910 (9th Cir. 2003).  The Ninth Circuit held that the defendant could not show he
2  used the trademark without knowing the plaintiff objected to its use. in light of the prior license
3  agreement between the parties *Id.*

4  Here, unlike *Brother Records, Inc.*, there is no prior license that made Alphaville aware of
5  Knoll's alleged rights and that Knoll would object to use of the designs by others.  Instead, since
6  its inception in 2003, Alphaville has sold reproductions of Bauhaus furniture.  It was unaware at
7  that time that Knoll alleged any trade dress rights in the designs at issue, particularly since Knoll
8  did not obtain trademark registrations of those designs until 2004.  Further, Alphaville certainly
9  was not aware that Knoll had any objection to Alphaville's sale of the furniture at issue, and Knoll
10 failed to assert its alleged rights against Alphaville, until Knoll sent Alphaville correspondence in
11 August 2007 demanding it cease sales of the furniture.  Moreover, numerous furniture
12 manufacturers and retailers have sold furniture of the type at issue here for over forty years.
13 Alphaville relied on that widespread use and Knoll's delay in asserting its alleged rights against
14 Alphaville by investing money in its business, entering into agreements with its customers
15 involving the furniture at issue and building goodwill in its business in the industry.

16 Second, Alphaville has pled facts that support its defense of equitable estoppel.
17 Specifically, in its Answer, Alphaville has pled that the designs at issue have been in open,
18 continuous and extensive use by Alphaville and other furniture sellers for over forty years, Knoll
19 failed for decades to enforce its alleged rights in the designs, and Alphaville relied on this failure
20 to its detriment by investing money in and building goodwill in its business.  Answer at
21 Affirmative Defenses ¶¶ 11-16 that includes Acquiescence.   Accordingly, Alphaville's Sixth
22 Affirmative Defense is properly pled.  However, should this Court deem Knoll's Motion to Strike
23 timely and determine Alphaville has not properly pled an affirmative defense for estoppel,
24 Alphaville requests that this Court grant leave for Alphaville to amend its Answer at this time.

25 **D.    Alphaville has Properly Pled its Eighth Affirmative Defense for Unclean Hands/Trademark Misuse.**
26

27 Alphaville's Eighth Affirmative Defense for unclean hands and trademark misuse alleges
28

1 that Knoll's acts are "illegal, inequitable, or unfair" and that Knoll's enforcement of its alleged
2 marks is "trademark misuse in violation of the anti-trust laws of the United States." Answer at
3 Affirmative Defenses ¶ 33. Knoll asserts that sufficient facts have not been pled to support this
4 affirmative defense. Knoll is incorrect.

5 In its Answer, Alphaville asserts, among other things, that the designs at issue are "generic
6 and functional and lack secondary meaning", the designs in which Knoll asserts it has rights have
7 been in the public domain for decades without policing or other action by Knoll, Knoll never
8 acquired from Ludwig Mies van der Rohe rights in the designs at issue, and the registrations of the
9 designs at issue are cancelable on the grounds of functionality. Answer at Affirmative Defenses
10 ¶¶ 22, 25 & 27-31. Accordingly, Alphaville has pled facts supporting its defenses of unclean
11 hands and trademark misuse. Nonetheless, should this Court deem Knoll's Motion to Strike timely
12 and that insufficient facts have been pled in support of this affirmative defense, Alphaville hereby
13 requests leave to amend its Answer at this time to cure any such deficiencies.

**E.     Alphaville has Properly Pled its Ninth Affirmative Defense for Fair Use and Unprotectable Designs.**

16 Alphaville's Ninth Affirmative Defense for fair use and unprotectable designs alleges that
17 Alphaville's use of the terms and designs at issue in this case are descriptive and the marks were in
18 "common use since [ ] about 1929." Answer at Affirmative Defenses ¶¶ 34, 35 & 37. Knoll
19 asserts simply that no fair use can be based on an exact copy of Knoll's furniture. Knoll's
20 objection to this affirmative defense, however, is misplaced.

21 In addition to its assertion of rights in the designs at issue, Knoll has asserted against
22 Alphaville trademark infringement of Knoll's BARCELONA mark. *See* Knoll's Answer and
23 Counterclaims at ¶¶ 93, 105, 106, 120, 121 and 124. In its Motion to Strike, however, Knoll has
24 addressed only the design marks. Classic fair use entails use of a mark only to describe the goods
25 or services fairly and in good faith. *Bell v. Harley Davidson Motor Company,* 539 F. Supp.2d
26 1249, 1256 (S.D. Cal. 2008). A word mark such as BARCELONA may be used in a descriptive
27 manner and, therefore, be the subject of fair use. *See Herman Miller v. Palazzetti*, 270 F.3d 298,

319 (6th Cir. 2001) (the plaintiff may use the mark EAMES to identify the original designers of its furniture under the fair use doctrine).  Alphaville has properly alleged such descriptive use and, therefore, the fair use defense.

Second, as described in Section III.D. above, Alphaville has pled that the designs in which Knoll asserts rights are functional and in the public domain, and therefore are unprotectable under trademark law.  Answer at Affirmative Defenses ¶¶ 22, 25, 27-31, 35 & 36.  Accordingly, Alphaville has properly pled unprotectability of the design marks.  Nonetheless, should this Court deem Knoll's Motion to Strike timely and Alphaville's Ninth Affirmative Defense inadequately pled, Alphaville hereby requests that this Court grant leave to amend its Answer.

## IV.   CONCLUSION

For the foregoing reasons, Alphaville respectfully requests that this Court deny Knoll's Motion to Strike in its entirety.  In the alternative, should this Court determine Knoll's Motion to Strike was timely filed and any of Alphaville's affirmative defenses at issue here are inadequately pled, Alphaville respectfully requests that this Court grant Alphaville leave to amend its Answer and the affirmative defenses therein.

Dated:  July 28, 2008

LAW OFFICES OF GREEN & GREEN

By  *[signature]*

PHILIP R. GREEN
Attorneys for
Alphaville Design, Inc., David Lee and Peggy Lee