# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Karineh Khachatourian | 650 251 7717 | kkhachatourian@mintz.com

May 12, 2008

**VIA ELECTRONIC AND U.S. MAIL**

38087-002

Philip Green, Esq.
Law Offices of Green & Green
1000 4th Street Suite 595
San Rafael, CA 94901

Re: Alphaville Design, Inc. v. Knoll, Inc.;
Case No.: 3:07-cv-05569-MHP

Dear Mr. Green:

We have carefully reviewed the various Affirmative Defenses which were alleged in the Answer of Alphaville Design Inc., David Lee and Peggy Lee, to the counterclaims of Knoll, Inc. ("Knoll").

We request that Alphaville Design Inc., David Lee and Peggy Lee (hereinafter ("Alphaville") voluntarily withdraw and dismiss the Affirmative Defenses hereinafter discussed. Your failure to do so within 5 business days of your receipt of this letter will cause Knoll to file a motion for judgment on the pleadings and/or a motion for summary judgment with respect to those affirmative defenses.

The Affirmative Defenses to which Knoll objects are as follows:

SECOND DEFENSE: The Second Affirmative Defense states that it relates to Lack of Jurisdiction Over The Person. The paragraphs that follow this heading fail to establish a lack of jurisdiction over the individuals, David Lee and Peggy Lee.

Paragraph 2 of the Affirmative Defenses states that Alphaville Design, Inc., is a Delaware corporation and the site of its headquarters is Fremont, California. Paragraph 3 of the Affirmative Defenses merely states that David Lee and Peggy Lee are "natural persons" who claim they did nothing wrong. Paragraphs 2 and 3 do not relate to lack of jurisdiction.

Paragraph 4 of the Affirmative Defenses states that David Lee and Peggy Lee claim they have

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Philip Green, Esq.
May 12, 2008
Page 2

done nothing that violates Knoll's rights. Paragraph 5 of the Affirmative Defenses states that Alphaville Design Inc., "acted in its own name at all material time alleged herein...." These two paragraphs have no relationship to the alleged lack of jurisdiction over the individual defendants, David Lee and Peggy Lee.

Paragraph 6 of the Affirmative Defenses state that there is "no unity of interest or ownership" between Alphaville Design Inc., David Lee and Peggy Lee. Paragraph 7 refers to an "inequitable result."

However, Paragraph 58 of the Answer states that "David Lee is the President of Alphaville and Peggy Lee is the Vice President of Alphaville." Further, this paragraph of the Answer admits that Alphaville Design Inc. has a place of business in Fremont, California and that David Lee and Peggy Lee are both officers of Alphaville Design Inc. Moreover, Plaintiff's Initial Disclosures provides a California address for Mr. Lee.

Under California law, a court sitting in California has personal jurisdiction over foreign corporations doing an act in the state or doing business in the state. Cal.C.C.P. Sec. 410.10. Similarly, California law provides that courts sitting in California have personal jurisdiction over both residents and non-residents. Cal.C.C.P. Sec. 410.10 - 410.20. See also *The Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-824 (9th Cir. 1996) (corporate officer or director is generally personally liable for all torts he authorizes, directs, or in which he participates). In view of the foregoing, there is personal jurisdiction over the individuals.

Since personal jurisdiction exist, over David Lee and Peggy Lee, we request that Alphaville withdraw the Second Affirmative Defense.

THIRD DEFENSE: The Third Affirmative Defense is captioned No Attorneys Fees. Paragraph 8 of the Affirmative Defenses states Knoll's counterclaims do not state any facts upon which a claim for attorney fees may be maintained.

However, The Lanham Act, 15 U.S.C. Sec. 1117 (a), unambiguously provides a basis for an award of attorneys fees in a trademark infringement action.

Thus, since a request for a attorneys fees is properly alleged under statutory federal law, we request that Alphaville withdraw the Third Affirmative Defense.
SIXTH DEFENSE: The Sixth Affirmative Defense is entitled Estoppel and states in paragraph 17 of the Affirmative Defenses that Knoll "is estopped to allege that any acts [of Alphaville Design, Inc.,] could constitute a violation of any rights" of Knoll. A party asserting an estoppel defense must be able to show that it acted without knowledge of the matter asserted. *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 910 (9th Cir. 2003).

**EXHIBIT 1 TO DECL OF GREEEN OPPOSITION TO MOTION TO STRIKE**

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Philip Green, Esq.
May 12, 2008
Page 3

However, Knoll's various trademark registrations have been of public record since October 2004, and knowledge thereof is presumed, 15 U.S.C. Sec. 1072.

Paragraph 18 of the Affirmative Defenses alleges the Mies van der Rohe and/or Knoll had several German patent registrations. This has nothing to do with any estoppel defense. Paragraph 19 alleges that Knoll has no copyrights and Paragraph 20 alleges that Knoll does not have a license from Mies van der Rohe. These also do not relate to estoppel.

Since no showing of estoppel has been made nor has estoppel been properly pleaded, the Sixth Affirmative Defense should be withdrawn.

EIGHTH DEFENSE: The Eight Affirmative Defense alleges that it is for Unclean Hands and Trademark Misuse. Paragraph 33 of the Affirmative Defenses alleges that Knoll's acts are "illegal, inequitable, or unfair." It further alleges that Knoll's enforcement of its marks is "trademark misuse in violation of the anti-trust laws of the United States."

No violation of the anti-trust laws or trademark misuse has been properly pled and this Eighth Affirmative Defense should be withdrawn.

NINTH DEFENSE: The Ninth Affirmative Defense alleges "Fair Use; Unprotectable Designs." Paragraph 34 of the Affirmative Defense states that the Affirmative Defense uses are "used fairly and in good faith."

Alphaville has made an exact copy of Knoll's furniture and no fair use defense can be based thereon. *Herman Miller v. A Studio S.r.l.*, 79 U.S.P.Q. 2d 1905 (W.D. Mich. 2006).

Thus, the Ninth Affirmative Defense should be withdrawn.

In summary, the Second, Third, Sixth, Eighth and Ninth Affirmative Defenses should be withdrawn by May 19 2008, as noted above. We of course would agree to stipulate to said withdrawal if necessary.

Very truly yours,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Karineh Khachatourian

KK/ak

4326355v.1

**EXHIBIT 1 TO DECL OF GREEN OPPOSITION TO MOTION TO STRIKE**