Law Offices of

# Green & Green

Philip R. Green
phil@greenandgreen.com

Beverly Robin Green
bev@musiclawyer.com

*Main Offices: Courthouse Square*
1000 Fourth Street, Suite 595
San Rafael, California 94901

Telephone: (415) 457-8300
Fax: (415) 457-8757
www.greenandgreen.com

*San Francisco Office:*

One Embarcadero Center
Suite 500
San Francisco, CA 94111

*Please Reply to San Rafael*

June 11, 2008

Via FAX: 1-650-251-7739,
Email to: KKhachatourian@mintz.com

Karineh Khachatourian, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
1400 Page Mill Road
Palo Alto, CA 94304

Below are my responses to your letter of May 12, 2008 requesting withdrawal of certain defenses. I also make remark and ask for clarification of some of your comments. We will agree to amend our Answer and withdraw the Second and Third defenses. As to the second defense we do not waive any defenses to the effect that there is no individual liability of David Lee and Peggy Lee for the acts of Alphaville Design, Inc.

On your request to withdraw the Estoppel (6th Defense) I must ask for clarification on this, because *Records, Inc.* v. *Jardine,* 318 F.3d 900, 910 (9th Cir. 2003) has nothing to do with Estoppel, it is about the Beach Boys and a band members breach of a license agreement, with a defense of unclean hands.

Gilson states, **Estoppel may occur when the plaintiff intentionally,** *or through culpable negligence*, **leads the defendant to rely on certain facts in such a way that the defendant will be harmed if the plaintiff is permitted to repudiate or deny those facts**. If Alphaville is in this context a Defendant then Alphaville relied on the history of over 40 years of Knoll allowing others, and as you may know from the books (parts of them in your documents) you know that it is known that Mies van der Rohe licensed others than Knoll to make his designs.

Please explain the *Jardin* case in this context and if you have a better or more on point cite we will consider it. There is no need to make a motion at this juncture; we are talking.

On the eighth defense we will withdraw a reference to anti-trust laws without prejudice at this time.

On the ninth defense it remains to be shown how exact a "copy" has been made. As I told you there is activity going on in this case being briefed for invalidity; the marks are questionable and there is Customs destruction of furniture going on that is unrelated to that in issue in this matter.

*Business - Intellectual Property - Entertainment - Real Estate - Estates & Trusts*
*Litigation – Dispute Resolution*

**EXHIBIT 2 - DECLARATION OF GREEN OPPOSITION TO KNOLL MOTION TO STRIKE**

Karineh Khachatourian, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
June 11, 2008
Page 2

So there are anti-competitive acts taking place at Knoll's behest.  The fair use defense does not depend on the copy but how a trademark is used.  As you know Alphaville never used any mark of Knoll's including, but not limited to, "Barcelona" in a trademark sense, but only if at all, descriptively. If you want to point to a better case, the *Herman Miller* case you cite states that, "…At the beginning of the row [in advertising] it states "patterned after the design of Charles Eames," in all capital letters. … ***this identification is clearly permissible*** because it both accurately identifies the original designer and clearly signifies that Studio's product is a reproduction…."

So please explain this issue.  Nothing contained herein is intended, nor shall be construed, as any admission, waiver, relinquishment or limitation of our client's rights and remedies in the matter.  All such rights and remedies are expressly reserved.

                            Sincerely yours,
                            GREEN & GREEN

                            Philip R. Green
                            Attorney at Law

PRG;hal
cc: Alphaville

**EXHIBIT 2 - DECLARATION OF GREEN OPPOSITION TO KNOLL MOTION TO STRIKE**