# MINTZ LEVIN

1400 Page Mill Road
Palo Alto, California 94304-1124
650-251-7700
650-251-7739 fax
www.mintz.com

Karineh Khachatourian | 650 251 7717 | kkhachatourian@mintz.com

July 3, 2008

**VIA ELECTRONIC AND U.S. MAIL**

38087-002

Philip R. Green, Esq.
Law Offices of Green & Green
1000 Fourth Street Suite 595
San Rafael, CA 94901

Re:   *Alphaville v. Knoll*; Case No.: 3:07-cv-05569-MHP

Dear Mr. Green:

    This is in answer to your letter of June 11, 2008 regarding our letter of May 12, 2008, wherein we requested withdrawal of Alphaville's Second, Third, Sixth, Eight and Ninth Affirmative Defenses.

    We understand from your June 11, 2008 letter that Alphaville will withdraw the Second Defense, "Lack of Jurisdiction Over the Person."

    We further understand that Alphaville will withdraw the Third Defense, "No Attorney Fees."

    As to the Sixth Defense, "Estoppel", your client had notice of Knoll's registered trademarks since October 2004, see 15 U.S.C. Sec. 1072. Thus it cannot claim lack of notice of Knoll's rights, see *Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2005). Your comment that the *Brother Records* case has nothing to do with estoppel is incorrect. In affirming the lower court's rejection of an equitable estoppel defense, the Ninth Circuit stated that the defendant could not show that he used "the Beach Boys" trademark without knowing that Brother Records objected to his use.

    With respect to the Eighth Defense, "Unclean hands and Trademark Misuse", Alphaville has agreed to withdraw all references to the anti-trust laws. However, there still remains the allegation of "trademark misuse" and a charge that the acts of Knoll are "illegal, inequitable, or unfair". We also question whether trademark misuse is even a recognized ground for trademark cancellation in the Ninth Circuit. If these are still valid Affirmative Defenses, they must be specified in greater detail. We suggest that you either provide more detail to meet the legal standard or withdraw them.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON
**EXHIBIT 3 - DECLARATION OF GREEN IN OPPOSITION TO KNOLL MOTION TO STRIKE**

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Philip R. Green
July 3, 2008
Page 2

     As to the Ninth Defense of "Fair Use, Unprotectable Designs," the *Herman Miller v. A Studio S.r.L.*, 79 USPQ 2d 1905 (W. Mich. 2006), case rejects any such defense:

> Previously, Studio sought summary judgment on two affirmative Defenses, fair use and laches. On May 9, 2006, the Court denied both motions for summary judgment. With respect to the fair use defense, the Court held that Studio was required to show that it used the lounge chair and Eames' name, "(1) in its descriptive sense; (2) in good faith." May 9, 2006 Op. At 11. Although Studio argued that its use of the lounge chair as a product was the "ultimate example of truly descriptive use," the Court held that Studio failed to show that it was using the lounge chair to describe its product, *Id.* at 11-12, 16. Thus, the Court concluded that absent a showing that the lounge chair was used descriptively, Studio could not avail itself of the fair use defense. *Id.* At 16.

> .......

> Herman Miller seeks summary judgment on Studio's fair use defense based upon the Court's previous opinion denying Studio's motion for summary judgment on that issue. Herman Miller argues that Studio is unable to satisfy the descriptiveness element of the fair use defense.

> ......

> The fair use defense is set forth at Section 33(b)(4) of the Lanham Act and applies when "the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. Sec. 1115 (b)(4). In order to prevail in a fair use defense, Studio must show that its use of the lounge chair was "(1) not as a trademark, (2) fair and in good faith, and (3) used 'only to describe' its goods or services."

> ........

> In sum, Studio's has failed to demonstrate how its sale of an exact replica of Herman Miller's trade dress is a descriptive use of the lounge chair for purposes of the fair use defense. In order to assert the fair use defense, Studio was required to show that it is using the trade dress descriptively. See, e.g., *Review Directions, Inc.*, 236 F. Supp. 2d at 812. In the absence of evidence creating a genuine issue of material fact on this element, Studio cannot assert the fair use defense. Studio has not demonstrated that is using Herman Miller's trade dress in a descriptive manner. Therefore, consistent with the Court's previous opinions in this matter, the Court holds that Herman Miller's motion for partial summary judgment on Studio's fair use affirmative defense is granted.

**EXHIBIT 3 - DECLARATION OF GREEN IN OPPOSITION TO KNOLL MOTION TO STRIKE**

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Philip R. Green
July 3, 2008
Page 3

It is beyond reason how Alphaville can ignore the holding in Herman Miller, which clearly resolves Alphaville's fair use defense as a matter of law. Accordingly, Alphaville's "fair use" defense is without merit.

In view of the foregoing, we look forward to promptly receiving your confirmation that Alphaville will withdraw its Sixth, Eighth and Ninth Affirmative Defenses. If we have not received a signed stipulation and draft pleading by Wednesday, July 9, 2008, we will proceed with our motion. As you can see, this issue has been outstanding since May, 2008.

Please feel free to contact me should you wish to discuss this matter further.

Very truly yours,

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

*Karineh Khachatourian ak*

Karineh Khachatourian

KK/sb

4370304v.1

**EXHIBIT 3 - DECLARATION OF GREEN IN OPPOSITION TO KNOLL MOTION TO STRIKE**