KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
1400 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 251-7700
Facsimile:   (650) 251-7739

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>KNOLL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP<br><br>**KNOLL, INC.'S REPLY TO ALPHAVILLE'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND, THIRD, SIXTH, EIGTH AND NINTH AFFIRMATIVE DEFENSES;**<br><br>Date:   August 18, 2008<br>Time:  2:00 p.m.<br>Room: Courtroom 15, 18th Floor<br>Judge:  Honorable Marilyn H. Patel<br><br>Complaint filed:   November 1, 2007<br>Trial Date:           None set |

KNOLL'S REPLY TO OPP'N TO ITS MTN TO STRIKE                                  Case No. 07-CV-05569 MHP

I.      INTRODUCTION

Defendant and Counterclaimant Knoll, Inc. ("Knoll") respectfully submits its reply to Plaintiff and Counterclaim-Defendants Alphaville Design, Inc. ("Alphaville"), Peggy Lee and David Lee's ("the Lees") (collectively "Alphaville") opposition to Knoll's Motion to Strike Plaintiff and Counterclaim Defendants' Second, Third, Sixth, Eighth and Ninth Affirmative Defenses ("Motion to Strike"). Simply put, Alphaville has attempted to save its defenses by rewriting its allegations in its opposition. As demonstrated in its moving papers, Knoll has given Alphaville every opportunity to amend its answer but like all other events in this case, Alphaville was non-responsive. Alphaville has requested an extension of time on almost every action in this lawsuit, from discovery, to the case management conference, to this motion. Stripped of its rhetoric, Alphaville's opposition makes it clear that its affirmative defenses are insufficiently pled and should be stricken.

II.     LEGAL ARGUMENT

A.      Knoll's Motion to Strike is Timely.

Alphaville asserts that Knoll's Motion to Strike should be denied pursuant to Fed. R. Civ. P. 12(f) because it comes more than twenty days after Alphaville filed its Answer. Docket No. 58 at p. 2. Alphaville's assertion directly contradicts the plain language of Rule 12(f) which states that the Court may strike an insufficient defense "on its own." *See* Fed. R. Civ. P. 12(f). A formidable line of authority confirms that a Court should entertain a meritorious motion to strike at any time. *See United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992) (Rule 12(f) should be interpreted to allow untimely motions to strike if they are proper); *In re Yahoo! Litigation*, ___F.R.D.___, 2008 WL 1882786, *3 (C.D. Cal. April 21, 2008) (Rule 12(f)'s time limitations should not be applied strictly when the motion to strike has merit); *U.S. v. Iron Mountain Mines, Inc.*, 812 F.Supp. 1528, 1534-1535 (E.D. Cal. 1992) (court may consider an untimely motion to strike an insufficient defense); *see also* 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1380 (3d ed. 2004) ("the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit").

Especially here, where the challenged material is in the form of a legally insufficient

- 1 -

affirmative defense, and much of the delay was due to Alphaville's own conduct, the Court has ample reason to entertain the motion. For example, in allowing a four-month old motion to strike affirmative defenses, this Court noted "a party has the right to challenge the legal sufficiency of a defense at any time and therefore a court can consider the merits of an untimely motion to strike." *United States v. Wang*, 404 F.Supp.2d 1155, 1157 (N.D. Cal. 2005). Because, as demonstrated below, Knoll's Motion is meritorious and Alphaville's affirmative defenses are woefully insufficient, the motion is timely.[1]

### B. Alphaville Agrees that its Second and Third Affirmative Defenses Should Be Stricken.

Prior to filing this motion, Knoll asked Alphaville to strike all of the affirmative defenses that are the subject of this motion. Alphaville responded, in part, by agreeing to strike its Second and Third Affirmative Defenses for Lack of Personal Jurisdiction and "No Attorneys Fees", respectively. Since Alphaville has confirmed in its moving papers its agreement to strike these Affirmative Defenses, they should be stricken by the Court. Docket No. 58 at p. 3.

### C. Alphaville's Sixth Affirmative Defense for Estoppel is Not Properly Pled.

Nothing in Alphaville's opposition cures the pleading deficiencies of its Sixth Affirmative Defense - Estoppel. To properly plead an equitable estoppel affirmative defense, Alphaville must allege: (1) Knoll knew Alphaville was selling potentially infringing products; (2) Knoll's actions or failure to act led Alphaville to reasonably believe that Knoll did not intend to enforce its trademark right against Alphaville; (3) Alphaville did not know that Knoll actually objected to the sale of its potentially infringing products; and (4) due to its reliance on Knoll's actions, Alphaville will be materially prejudiced if Knoll is allowed to proceed with its claim. *See Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998); *see also MDT Corp. v. New York Stock Exchange*, 858 F.Supp. 1028, 1035 (C.D. Cal. 1994). "Where any one of the elements of equitable estoppel is

---

[1] Alphaville engaged in a letter campaign with Knoll regarding the affirmative defenses in which it agreed to (but ultimately did not) withdraw some of its affirmative defenses, strongly suggesting that Alphaville waived any objection as to timeliness. *See* Exhibit 2 to Green Decl. & Green Decl. at ¶ 6.

absent, the claim must fail." *Am. Casualty Co. v. Baker*, 22 F.3d 880, 892 (9th Cir. 1994); *accord Lehman*, 154 F.3d at 1016-17.

In its opposition, Alphaville has pointed to no allegations, and indeed it cannot, that even come close to satisfying these required elements.[2] Estoppel is a personal defense and cannot be established, as Alphaville seeks to do in its opposition papers, by pointing to the infringing acts of third parties. *See Labranche v. United States Olympic Committee*, 838 F.2d 1217 (9th Cir. 1988) (estoppel is a personal defense). Because there are no facts alleged to establish an affirmative defense of estoppel, that defense should be stricken. *Qarbon.com Incorp. v. Ehelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (striking the affirmative defense of equitable estoppel because it failed to include elements of estoppel); see *also International Business Machines Corp. v. Comdisco, Inc.*, 834 F.Supp. 264, 267 (N.D. Ill. 1993) (striking the affirmative defense of equitable estoppel because the answer lacked allegations of a causal link between plaintiff's conduct and defendant's alleged infringement).

### D. Alphaville's Eighth Affirmative Defense For Unclean Hands/Trademark Misuse Should Be Stricken Because It Is Not Properly Pled.

In its eighth affirmative defense, Alphaville alleges that Knoll had unclean hands and that its enforcement of its trademarks is "trademark misuse in violation of the anti-trust laws of the United

---

[2] Here are the only allegations under the purported "estoppel" affirmative defense:

18. Counterclaim-Plaintiff represented to the Patent and Trademark Office in its trademark application that there were no patents that cover alleged designs in the goods at issue in order to obtain its trademark registrations. On information and belief, however, Counterclaim-Defendants allege that Mies van der Rohe and/or Knoll had at least several German patent registrations in the 1950s on the alleged Knoll trademarks/trade dress.

19. Counterclaim-Plaintiff does not own any copyrights in the designs of the alleged design marks and furniture sought to be protected through this action, and there can be no valid copyrights thereon.

20. Counterclaim-Plaintiff does not have any license agreement with Mr. van der Roe that grants to Knoll the rights it alleges in its Counterclaims.

None of these allegations set forth any act of Knoll on which Alphaville relied.

- 3 -

KNOLL'S REPLY TO OPP'N TO ITS MTN TO STRIKE                    Case No. 07-CV-05569 MHP

States." *See* Docket No. 27, ¶ 33 at Answer at Affirmative Defenses, ¶ 33. Notably, Alphaville had earlier agreed to -- but did not -- withdraw the reference to Knoll's purported violation of anti-trust laws in an implicit acknowledgement that such a defense was tacked on the Answer without factual support. *See* Docket No. 58-2 at Exhibit 2 (Green Decl. in Opp. to Knoll's Mtn to Strike). Since they lack any factual support, the Court should strike the conclusory allegations of the Eighth Affirmative Defense.

Alphaville fails to allege facts to support the elements of unclean hands. To establish an unclean hands defense, a defendant must demonstrate that (1) the plaintiff's conduct is inequitable, <u>and</u> (2) the conduct relates to the subject matter of its claims. *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003), *cert. denied*, 540 U.S. 824, 124 S.Ct. 155, 157 L.Ed.2d 45, 72 (2003); *Intel Corp. v. Hyundai Electronics Am., Inc.*, 692 F.Supp. 1113, 1177 (N.D.Cal. 1987) (striking affirmative defense of unclean hands). Importantly, the alleged misconduct must <u>directly relate</u> to the matter before the court. *Newman v. Checkrite Cal., Inc.*, 912 F.Supp. 1354, 1376 (E.D.Cal. 1995). Alleging general inequitable conduct that bares no relationship to the subject matter of the lawsuit would be an unprecedented stretch of the unclean hands doctrine. *Magnestems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 953 (C.D. Cal. 1996) (denying motion to add affirmative defense of unclean hands). Moreover, there is some authority that a defense of unclean hands must be pled with the particularity traditionally associated with pleading fraud under Rule 9(b). *Network Caching Tech., LLC v. Novell, Inc.*, No. c-01-2079, 2001 WL 36043487, * 4 (N.D. Cal. Dec. 31, 2001) (granting motion to strike unclean hands affirmative defense because it lacked particularity).

If there are no facts alleged that could support a finding of unclean hands, a motion to strike should be granted and the affirmative defense should be stricken from the Answer. *Deere & Co. v. MTD Holdings, Inc.*, No. 00 CIV 5936, 2004 WL 1794507 *2-*3 (S.D.N.Y. Aug. 11, 2004) (granting motion to strike where there were non-specific conclusory allegations of "bad faith" and "inequitable conduct"); *Xilinx, Inc. v. Altera Corp.,* No. 93-20409, 1993 WL 767688, * 2 (N.D. Cal. 1993) (motion to strike affirmative defense of unclean hands granted where defendant not notified of nature of alleged defense).

Here, the single allegation that Alphaville makes in support of its unclean hands affirmative

Case 3:07-cv-05569-MHP     Document 59     Filed 08/04/2008     Page 6 of 8

defense is that:

> 33. The acts of Counterclaim Plaintiff are either illegal, inequitable, or unfair. The enforcement of the alleged marks under such facts is trademark misuse in violation of the antitrust laws of the United States causing damage to Counterclaim-Defendants and each of them, and are causing damage to business, reputation, goodwill and other such damage in an amount according to proof.

Plainly, this general and rambling allegation does not even come close to tying these unspecific allegations of "inequitable conduct" to the subject matter of the lawsuit. In fact, in a case involving a similar non-specific allegation of "anti-trust violations," that lacked a causal connection to the subject matter of the suit, the Court struck the unclean hands affirmative defense. *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99 C1174, 2001 WL 747422, *3-*5 (N.D.Ill. June 29, 2001).

Finally, the Court should not indulge Alphaville's request that the motion to strike be denied because Alphaville will amend the complaint to add allegations to cure these infirmities. Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Indeed, Alphaville's failure to even identify in its papers what facts it could add to solve its problem belies the futility of any amended affirmative defense.

The affirmative defense of "trademark misuse" is similarly hamstrung. This defense also depends on the lone factual allegation in paragraph 33 that offers no link between the purported misuse and the claims that are central to this lawsuit. Moreover, it is unsettled whether the defense of trademark misuse even exists. *See, e.g., Deere & Co. v. MTD Holdings, Inc.*, No. 00-Civ. 5936, 2004 WL 1794507, *3-*4 (S.D.N.Y. 2004). Even if it did exist, and the allegations of anti-trust violations were sufficient to support a trademark defense, Alphaville has failed to specify *any* facts which support the allegations. *See id.* (granting motion to strike affirmative defense of trademark misuse claim).

/ / /

/ / /

KNOLL'S REPLY TO OPP'N TO ITS MTN TO STRIKE     Case No. 07-CV-05569 MHP

### E. Alphaville's Ninth Affirmative Defense for Fair Use and Unprotectable Designs is not Properly Pled.

While the exact nature of the ninth affirmative defense is difficult to decipher, the title indicates that Alphaville purports to make an affirmative defense for fair use and unpredictable design. Alphaville's opposition similarly provides little clarity.

#### 1. Unprotectable Designs

As an initial matter, other than the title, there is no mention of "unprotectable design" in the body of the Alphaville's defense as set forth in its pleading. And Alphaville's opposition fails to provide a single case citation stating the law of "unprotectable design" or how the allegations in paragraph 34 -37 satisfy the pleading requirement. Knoll certainly has not found any legal citation for the blanket "unprotectable design" defense. For example, the allegations fail to make clear whether the argument is that Knoll's trademark is unprotectable because it is functional, *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 785 (9th Cir. 2002), misleading, *Levi Strauss & Co. v. Shilor*, 121 F.3d 1309, 1314 (9th Cir. 1997), or generic, *Official Airline Guides, Inc. v. Gross*, 6 F.3d 1385, 1398 (9th Cir. 1993), or for some other reason.

With no guidance from the allegations, Knoll is left to guess why Alphaville believes that its trademark is unprotectable. Because affirmative defenses are governed by the same pleading standard as complaints, they must provide "fair notice" of what the defense is and the grounds upon which it rests. *Qarbon.com*, 315 F.Supp.2d at 1049 (striking affirmative defense which relied on conclusory allegations and general references to doctrines). The ninth affirmative defense provides no such fair notice and should be stricken.

#### 2. Fair Use

In order to properly allege the fair use affirmative defense, Alphaville must allege that (1) the product in question is one not readily identifiable without use of the trademark; (2), only so much of the mark or marks was used as is reasonably necessary to identify the product or service; and (3) Alphaville did nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *Brother Records*, 318 F.3d at 908; *see also Herman Miller v. A. Studio S.r.L.*, 79 U.S.P.Q.2d 1905 (W.D. Mich. 2006) (sale of exact copy of furniture is not a fair

use).

The jumbled allegations in paragraphs 34 - 37 of the Answer do not satisfy these elements. Even if these paragraphs said -- which they do not -- that the Barcelona mark was used as a descriptive term, then the affirmative defense still makes no sense. Alphaville has denied in its answer even using the Barcelona mark. *Compare* Counterclaim ¶ 112, *with* Answer ¶ 112 (denied). In short, Alphaville does not set forth an affirmative defense in any comprehensible way that can adequately serve as notice to Knoll of the nature of the defense. It must therefore be stricken.

## III.    CONCLUSION

For the foregoing reasons, Knoll respectively requests that the Court strike Alphaville's Second, Third, Sixth, Eighth and Ninth Affirmative Defenses from its Answer to Knoll's Counterclaims without leave to amend.

Dated: August 4, 2008             MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Karineh Khachatourian
By:   KARINEH KHACHATOURIAN
        Attorneys for Defendant and Counterclaimant,
        KNOLL, INC.

*OF COUNSEL:*
GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

#4395204v1

- 7 -
KNOLL'S REPLY TO OPP'N TO ITS MTN TO STRIKE                Case No. 07-CV-05569 MHP