KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
1400 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 251-7700
Facsimile:   (650) 251-7739


GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KNOLL, INC., a Delaware corporation, <br><br> Defendant. <br> ——————————————————— <br> AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP <br><br> **KNOLL INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION, REQUESTING STATUS CONFERENCE, OR IN THE ALTERNATIVE, LEAVE TO FILE A MOTION TO COMPEL** <br><br> **[Civil L.R. 7-11]** <br><br> Judge: Honorable Marilyn H. Patel <br><br> Complaint filed:  November 1, 2007 <br> Trial Date:       None set |

1    Defendant and Counterclaimant KNOLL, INC. ("Knoll") files this Administrative Motion

2  Requesting Status Conference, Or In The Alternative, Leave To File A Motion To Compel

3  ("Motion") pursuant to Civil L.R. 7-11.  This application is based upon this motion, Declaration of

4  Karineh Khachatourian filed herewith, along with the papers, records, and pleadings on file herein

5  and on such other and further matters as may be determined by the Court.

6  **I.    ACTION REQUESTED**

7    Knoll respectfully requests that the Court hold a telephonic status conference as soon as

8  practicable to assist the parties in resolving the procedure in which Alphaville's document

9  production is currently provided, so that the Knoll may obtain information necessary in anticipation

10  of Alphaville's threatened motions for summary judgment and preserve the current case schedule.

11  In the alternative, Knoll respectfully requests leave to file a motion to compel on shortened time.

12  **II.    REASONS SUPPORTING THIS REQUEST**

13    The reasons supporting this request are set forth as follows:

14    1.    Alphaville represented to the Court at the July 21, 2008 Case Management

15  Conference that it would make all responsive documents available for inspection day to day at

16  Alphaville's offices in Fremont beginning July 22, 2008 until completed.  Alphaville instead has

17  severely limited Knoll's access, which has delayed the review significantly, placing the current case

18  schedule deadlines in jeopardy.  Knoll wishes to preserve these dates, and therefore, reluctantly

19  brings its request to the Court.

20    2.    Alphaville has made 88 boxes available for inspection but will not allow Knoll to

21  remove any boxes for copying and will only allow inspection from 10:00 a.m. to 4:00 p.m. when

22  David Lee and Peggy Lee are in the office, despite the fact that Alphaville is open for operation

23  Monday through Friday, 7:00 a.m. - 4:00 p.m.  Alphaville has required that all copying been done

24  on the premises in a small conference room and that all documents be returned as found, which

25  means extensive stapling, binding, and collating.

26    3.    Alphaville permitted Knoll's team to review documents on July 22 and July 23, and

27  would not allow Knoll's counsel to return until August 5 at which point the review was inexplicably

28

- 1 -

1  and without warning cut two days short with no plans to allow the review to continue.   Alphaville's

2  inability to commit to a time table has caused difficulties in scheduling third party vendors and

3  commissioning additional assistance to accelerate the review.

4          4.      In the six days of inspection in these limited circumstances, Knoll has reviewed 42 of

5  the 88 boxes for responsive information.  Of the 42 boxes, only 9 have been scanned to completion

6  and returned.  The remaining 33 boxes that have been segregated into responsive and non-

7  responsive information, and waiting to be scanned, are currently being kept unattended in

8  Alphaville's conference room, and there is a real spoliation concern.  Knoll believes that when left

9  unattended David Lee and the Alphaville staff make use of the conference room, review the

10  documents, and may interfere with the ultimate completion of this review by misplacing reviewed

11  and unreviewed documents, scanned and unscanned documents, and documents to be collated and

12  returned to their original boxes.

13          5.      Knoll has attempted for two weeks to reach agreement with Alphaville's counsel to

14  entertain extended hours so that the review may be completed, store the documents in another

15  location with better access, or in the alternative, that the documents be provided in electronic form,

16  and Alphaville has refused.  Knoll is equally concerned that responsive electronic information

17  directly relevant to secondary meaning and other issues to be raised by Alphaville's invalidity

18  motions have not been provided.

19          6.      Knoll is baffled by Alphaville's hostility towards this process since this inspection

20  and its terms were set entirely by Alphaville, over Knoll's strong objection.   Knoll expects that

21  under these conditions, it will take an additional three weeks to complete the review and processing

22  of these documents.  Alphaville's expectation that such a review could be completed in less than a

23  week is unrealistic at best.

24          7.      Knoll wishes to preserve the case management schedule currently in place and

25  respectfully requests a telephonic conference to obtain the Court's guidance on an acceptable

26  procedure to complete the review, or in the alternative, leave to file an expedited motion to compel.

27  The urgency arises not just because of the case schedule, but that the documents currently reside in

28

MISC. ADMINISTRATIVE MTN. REQUESTING STATUS CONFERENCE

1  Alphaville's conference room unattended.

2  **III.    CONCLUSION**

3         In light of the foregoing, granting a discovery conference before the Court would be in the

4  interests of judicial economy and conserve the resources of the parties by preventing unnecessary

5  motion practice or delay.  In the alternative, Knoll respectfully requests the opportunity to file a

6  motion to compel on shortened time.

7

8

9  Dated:  August 8, 2008                    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

10                                           /s/ Karineh Khachatourian

11                                           By:   KARINEH KHACHATOURIAN
                                                   Attorneys for Defendant and Counterclaimant,
12                                                 KNOLL, INC.

13                                           *OF COUNSEL:*

14                                           GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
                                             Email: ggottlieb@grr.com
15                                           MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
                                             Email: mmisthal@grr.com
16                                           GOTTLIEB RACKMAN & REISMAN, P.C.
                                             270 Madison Avenue
17                                           New York, NY  10016-0601
                                             Telephone:  (212) 684-3900
18                                           Facsimile:   (212) 684-3999

19

20  4400553v.1

21

22

23

24

25

26

27

28

MISC. ADMINISTRATIVE MTN. REQUESTING STATUS CONFERENCE
Case No. 07-CV-05569 MHP