KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
1400 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 251-7700
Facsimile:   (650) 251-7739

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KNOLL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP<br><br>**DECLARATION OF KARINEH KHACHATOURIAN IN SUPPORT OF KNOLL INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR STATUS CONFERENCE, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE MOTION TO COMPEL**<br><br>**[Civil L.R. 7-11]**<br><br>Judge: Honorable Marilyn H. Patel<br><br>Complaint filed:  November 1, 2007<br>Trial Date:          None set |

I, Karineh Khachatourian, declare:

1. I am an attorney licensed to practice law before all courts in the State of California, and the United States District Court for the Northern District of California. I am a member of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin") in its Palo Alto, California office and I, along with lawyers at Gottlieb, Rackman & Reisman, are attorneys of record for Defendant and Counterclaimant Knoll, Inc. ("Knoll"). I submit this declaration in support of Knoll's Administrative Motion Requesting Status Conference, Or In The Alternative, Leave To File A Motion To Compel ("Motion"), which is filed concurrently herewith.

2. I have personal knowledge of the matters set forth herein except as to those matters set forth on information and belief, and as to those I am informed and believe them to be true and could and would competently testify thereto. In making this declaration, it is not my intention, nor the intention of Knoll, to waive the attorney-client privilege, the attorney-work product immunity, or any other applicable privilege.

3. During the drafting process for the joint case management statement filed July 16, 2008, I raised what I viewed as Alphaville's discovery misconduct to Neil Smith and Phil Green and advised them that I intended to seek the Court's assistance at the Case Management Conference. Specifically, Knoll had requests for production of documents pending since March 18, 2008, and was not receiving any substantive responses or production. In exchange for a firm commitment from Alphaville that it would make all responsive documents available for inspection at Alphaville's warehouse in Fremont beginning July 22, 2008, I agreed not to raise the issue other than to state the stipulation on the record.

4. Alphaville made 88 banker boxes of documents available for inspection beginning on July 22, 2008. This inspection was entirely at Alphaville's suggestion. These boxes consist of invoices from 2003-2008 as well as customer return authorizations. When I arrived at the warehouse, Alphaville's attorneys informed me that the inspection would begin at 10:00 a.m. and conclude at 4:00 p.m. and that I was only permitted to review documents when David Lee and Peggy Lee were in the office. I was also not permitted to remove any of the boxes for copying, and everything was required to be returned in the manner in which it was kept. I was also informed that

the document inspection would end on July 23 and would not resume until after the Lees returned from a business trip. During this time, we were not permitted to complete scanning the documents that were reviewed during those two days and they were left in the conference room. I am informed and believe that David Lee, as well as others at Alphaville, accessed the documents in question during this hiatus.

5. To accommodate Alphaville's mandate, when I returned on August 5, I retained a third party vendor who brought two scanners and a team of three people to help move the scanning process along. We also had four document reviewers, including myself. I was told that the review would continue through Friday and was informed on August 5th that Alphaville would no longer permit me to review documents after August 8. Alphaville would also not permit the third party vendor to have access to the documents before 10:00 a.m., even though Alphaville's website states that it begins its operations at 7:00 a.m.

6. During these last four days, the legal team has reviewed 42 of the 88 boxes. Out of the 42 boxes reviewed, only 9 have been scanned and processed by the vendor. Due to the nature of Alphaville's records, it takes the vendor extra time to re-staple, collate and return the documents as they were found in the ordinary course of business. It is similarly time consuming to review these documents, as multiple unrelated pages are stapled together, the boxes involve all products sold by Alphaville, not just the Barcelona Collection, and with the restricted hours, it is an impossible task to complete this inspection in the six days provided.

7. The 33 boxes that still need to be scanned are being stored unattended in Alphaville's conference room in Fremont. Despite my best efforts, I have not been able to secure a stipulation from Alphaville's counsel permitting Knoll's legal team to return to complete its inspection or to allow the vendor to complete the scanning of the 33 boxes in the interim. Instead I was told that unless the vendor could be finished by Friday, no further access would be given.

8. I am informed and believe that many of the documents provided thus far in hard copy are also available at Alphaville in electronic form. I am also aware that Alphaville has additional responsive information held in electronic form that is not being provided such as customer service and sales emails. The information reviewed thus far or requested but not yet

- 2 -

provided in my opinion pertains to the issues going to be raised in Alphaville's motions for invalidity, including secondary meaning but are certainly relevant to almost every other issue in the case .

9. I am informed and believe that given the volume of documents, the very limited access to the documents and restricted hours placed upon the third party vendor, it is not humanly possible to complete this project by August 8 despite doubling our effort to do so. With the selected documents thus far, I estimate approximately 3 to 5 normal working business days to complete the work. This does not include any additional documents of which I counted approximately 46 unviewed boxes.

10. I am also concerned that leaving what has been reviewed in the Alphaville conference room unattended may interfere with Knoll's ability to scan and retain what it spent 6 days segregating and reviewing at significant cost. Similarly, Alphaville's inability to commit to a realistic timetable has made it difficult to schedule for additional assistance on both the legal and vendor side.

11. I have asked Alphaville's attorneys repeatedly over the course of the last two weeks to allow us additional access or to produce the documents to us in electronic form. I have also suggested the documents be moved to another location with better access. To date, Alphaville has refused to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Palo Alto, California.

Dated: August 8, 2008            /s/ Karineh Khachatourian
                                 Karineh Khachatourian

4400579v.1

- 3 -
DECL. OF KHACHATOURIAN ISO MISC. ADMINISTRATIVE MTN. REQUESTING
STATUS CONFERENCE                                    Case No. 07-CV-05569 MHP