Philip Green (CalBN 92389)
Beverly R. Green (CalBN 92388)
Law Offices of Green & Green
1000 4th Street, Suite 595
San Rafael, CA 94901
(415) 457-8300
phil@iplegal.com

Attorneys for Plaintiff/Counterclaim-Defendant Alphaville Design, Inc. and Counterclaim-Defendants David Lee and Peggy Lee

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
NEIL A. SMITH, CalBN 63777
P. CRAIG CARDON, CalBN 168646
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
nsmith@sheppardmullin.com

Attorneys for Plaintiff/Counterclaim Defendant Alphaville Design, Inc.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNOLL, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 07-cv-05569-MHP<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND TO STAY RESPONSES TO REQUESTS FOR ADMISSION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| KNOLL, INC., a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>ALPHAVILLE DESIGN, INC., DAVID LEE and PEGGY LEE,<br><br>Counterclaim-Defendants. | Date: September 15, 2008<br>Time: 2:00 p.m.<br>Dept.: Courtroom 15, 18th Floor<br>Judge: Hon. Marilyn Hall Patel<br><br>[Complaint Filed: November 1, 2007] |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 15, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard, plaintiff and counterclaim-defendant Alphaville Design, Inc.'s ("Alphaville ") Motion for Protective Order and to Stay Responses to Requests for Admission will be heard in Courtroom 15, 18th Floor, of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California. This Motion concerns defendant and counterclaim-plaintiff Knoll, Inc.'s ("Knoll") Second Set of Requests for Admission to Plaintiff Alphaville Design, Inc. (the "Second Set of Requests") which include 493 individual requests. Alphaville requests that this Court enter an order: (1) staying Knoll's Second Set of Requests until thirty (30) days after this Court's ruling on the parties' motions for summary judgment on the issue of the validity of Knoll's trademark registrations and rights in the trademarks at issue in this case; and (2) staying Knoll's Second Set of Requests pending the Court's ruling on this Motion. In the alternative, Alphaville requests that this Court order Knoll to identify 46 individual requests of the Second Set of Requests for which it wishes to have responses at this time, to which Alphaville will respond within thirty (30) days of this Court's ruling on this Motion.

This Motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c) and is made on the ground that the Second Set of Requests is unduly burdensome and intended to harass Alphaville.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Philip Green and Neil Smith filed herewith, the Court's file, and any further authority or evidence presented at or prior to the hearing on this matter.

## CERTIFICATION OF MEET AND CONFER

Pursuant to FRCP 26(c) and Local Rule 37-1 the undersigned certifies that Alphaville's counsel conferred in good faith with counsel for Knoll in an attempt to resolve the discovery dispute described herein before filing this Motion. *See* Declaration of Philip Green at ¶¶ 3, 5, 8-11 and Exhibits 2 & 3 thereto; Declaration of Neil Smith at ¶¶ 4-5. The parties were unable to resolve the dispute. Declaration of Neil Smith at ¶¶ 5-6.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves an attempt by a large furniture company, Knoll, to obtain trademark protection and assert against Alphaville, a much smaller company, purported trademark rights in certain designs of 1920's Bauhaus-style furniture. Knoll has attempted to do so through aggressive and vexatious litigation tactics intended to cause undue expense and burden on Alphaville. Knoll has propounded a total of 547 requests for admission, of which 493 are contained in the Second Set of Requests. Very few, if any, of the individual requests in the Second Set of Requests are relevant to or useful for the parties' motions for summary judgment on the issue of the validity of Knoll's trademark registrations and rights in the marks at issue in this case. These motions will be heard by this Court in November 2008. Accordingly, Alphaville requests that this Court stay the Second Set of Requests until thirty days after its ruling on the motions for summary judgment or, in the alternative, order Knoll to identify 46 individual requests of the Second Set of Requests to which Alphaville will provide responses within thirty days of the Court's order.

## II. STATEMENT OF FACTS

In August 2007, Knoll sent correspondence to Alphaville demanding that it cease the sale of certain furniture it had been manufacturing and distributing since 2003. Less than one week later, Knoll commenced litigation in New York (the "New York Action") against an Alphaville customer, Danrick Commerce Group, LLC aka ModernCollections.com ("Danrick"), to pressure Alphaville. On November 1, 2007, after the New York action was dismissed and as a result of Knoll's threats of litigation against Alphaville, Alphaville initiated this action seeking a declaratory judgment that Knoll's trade dress registrations at issue are invalid and that Alphaville has not infringed the designs in which Knoll asserts it has rights. Knoll has asserted in this action counterclaims against Danrick. Nonetheless, on February 1, 2008, Knoll initiated a separate lawsuit for trademark infringement against Danrick ("the Danrick Action"), arising out of the same alleged infringement as at issue in the New York Action and in this case.

The threshold issue in this case is that validity of Knoll's trademark registrations and purported rights in the trademarks at issue. Accordingly, the Court has requested that the parties submit by October 2008 motions for summary judgment on the threshold issue of the validity of Knoll's registrations and asserted rights.

On July 8, 2008, Knoll served on Alphaville via U.S. Mail its Second Set of Requests for Admissions to Plaintiff Alphaville Design, Inc., which contained 493 individual requests. Declaration of Philip Green ("Green Decl."), filed herewith, at ¶ 2 and Exhibit 1 thereto. The current deadline for Alphaville's responses to the Second Set of Requests is August 11, 2008. *Id.* To date, Knoll has served a total of 547 requests for admission on Alphaville. *See* Exhibit 1 to Green Decl.; Green Decl. at ¶ 9. On July 15, 2008, counsel for Alphaville contacted counsel for Knoll via telephone and requested an extension of time to respond to the Second Set of Requests, to which Alphaville received no reply. Green Decl. at ¶ 3.

On July 21, 2008, Alphaville's counsel raised the issue of the Second Set of Requests with the Court at the Case Management Conference in this case:

> Mr. SMITH: Okay. One other point, I raised it in there, and maybe we can just get this resolved. Knoll has – is trying to burn this party with discovery. Requests for admissions. We have 575 requests for admissions, this early in the case. We don't have time to do –
> THE COURT: You don't need those for the summary judgment.
> MS. KHACHATOURIAN: Your Honor, it's authentication, our phase, mostly, or issues that are going to be raised.
> THE COURT: Meet and confer, and get it resolved.
> MS. KHACHATOURIAN: We're – I'm trying.
> THE COURT: Meet and confer. Face to face.
> MS. KHACHATOURIAN: Okay.
> THE COURT: Where are your offices? Here?
> MS. KHACHATOURIAN: I'm in Palo Alto.
> THE COURT: And you're here, of course.
> MR. SMITH: We are here, so we'll meet here.
> THE COURT: Forever, right?
> MR. SMITH: A few – now, we have answered the ones that are authentication. Then they go on to everything –
> THE COURT: Okay. Meet and confer. Okay?
> MR. SMITH: Okay.
> MS. KHACHATOURIAN: Thank you.

July 21, 2008 Transcript of Proceedings, pertinent pages attached as Exhibit 1 to the Smith Decl., at 41:10-42:8. As suggested by the Court, Alphaville has attempted to meet and confer with Knoll in an effort to resolve this discovery dispute. On July 22, 2008, during a document production at

Alphaville's offices, counsel for Alphaville met and conferred with Knoll's counsel regarding the Second Set of Requests but was unable to resolve the matter at that time. Green Decl. at ¶ 5.

On July 29, 2008, Alphaville's counsel contacted counsel for Knoll via letter and requested that Knoll agree to a reduction in the number of requests and extend the deadline for Alphaville's responses to the Second Set of Requests. Specifically, Alphaville requested that Knoll indicate the 46 requests of the Second Set of Requests which Knoll most would like answered at this time. Green Decl. at ¶¶ 8-9 and Exhibit 2 thereto. In that correspondence, Alphaville also notified Knoll that counsel for Alphaville would be out of town in August. *Id.* On July 31, 2008, counsel for Knoll responded via email that, among other things, they would agree to responses to "the first 250 [requests for admission] by the due date, and the last 250 [requests for admission] two weeks thereafter. We will work with you on the volume and timing if you agree to this in concept." Green Decl. at ¶ 10 and Exhibit 3 thereto.

On August 1, 2008, counsel for Alphaville again contacted Knoll's counsel via telephone in an attempt to resolve this matter. At that time, counsel for Alphaville again requested that Knoll agree to reduce the number of requests for which Knoll is seeking responses and to an extension of time to respond to the reduced number of requests. At counsel for Knoll's refusal, Alphaville's counsel requested that Alphaville be permitted to respond to the requests in phases, with deadlines for most of the phases set after the Court's hearing of the parties' motions for summary judgment. Knoll's counsel refused to agree to that request and, instead, indicated that Knoll will only agree to accept responses to the first 250 requests by the August 11, 2008 deadline and responses to the remaining requests two weeks thereafter. Declaration of Neil Smith ("Smith Decl."), filed herewith, at ¶¶ 4-5. As a result, and as expressly indicated to Knoll's counsel on August 1, 2008, Alphaville has been forced to file this Motion. *Id.* at ¶ 6.

## III. ARGUMENT

### A. The Legal Standard.

Under Rule 26(c), a Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Such a protective order may include, among other things:

> (A) forbidding the disclosure or discovery; [and] (B) specifying terms, including time and place, for the disclosure or discovery[.]

FRCP 26(c). Rule 26(c) "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (citing 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2036, at 267). "[A] court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." *Id.* (quoting 8 C,. Wright and A. Miller, Federal Practice and Procedure: Civil § 2036, at 269). This Court has broad discretion to enter a protective order. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (1990) ("[t]he district court has considerable latitude under Fed.R.Civ.Pro. 26(c) to craft protective orders during discovery").

A protective order may be entered upon a showing of good cause. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Welsh v. San Francisco,* 887 F. Supp. 1293, 1297 (N.D. Cal. 1995). "The moving party must present a factual showing of a particular and specific need for the protective order." *Welsh,* 887 F. Supp. at 1297 (citing *Gray*, 133 F.R.D. at 40). On a motion for protective order, a court should balance the costs and benefits to each side. *United States v. $160,066.98 From Bank of America*, 202 F.R.D. 624, 627 (S.D. Cal. 2001).

**B. Good Cause Exists for Issuance of a Protective Order.**

To be discoverable, information must be: (1) not privileged; (2) relevant to the subject matter of the pending action; and (3) either admissible or reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). While broad, however, discovery is not without its limits. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In its discretion, a court may grant orders protecting a party from undue burden or expense in the discovery context. *Id.* at 358.

Knoll's Second Set of Requests are part of its campaign to wear down much smaller Alphaville through aggressive and vexatious litigation tactics. Knoll has propounded voluminous requests for admission – a total of 547 individual requests to date with 493 requests in the Second

Set of Requests alone – seeking far more admissions than are necessary at this early stage of the litigation simply to harass and place an undue burden on Alphaville.

The Second Set of Requests are unreasonable at this time. First, it is relatively early in this litigation. At this time, very little discovery has been initiated or completed. Accordingly, very few facts generally the subject of requests for admission have yet been obtained by either party through discovery. The Second Set of Requests are, at best, premature. Second, 547 requests for admission are, by any standard, voluminous. This case involves an assertion of trademark rights in the word mark BARCELONA and certain furniture designs. The facts in this case simply do not warrant such a voluminous number of requests for admission. The Second Set of Requests can only have been propounded to harass Alphaville and increase the cost and burden to Alphaville of this litigation. Third, the Court has requested that in October 2008 the parties submit in October 2008 motions for summary judgment on the threshold issue of the validity of Knoll's trademark registrations and rights in the marks at issue in this case. The Court is expected to hear those motions in November 2008. Very few, if any, of the requests contained in the Second Set of Requests are relevant to the validity issue. Further, contrary to the assertion of Knoll's counsel, none of the requests in the Second Set of Requests involve authentication of documents. Instead, the Second Set of Requests, for the most part, relate to the issue of likelihood of confusion between the parties' goods and infringement of Knoll's marks. For example:

> **REQ. FOR ADMISSION 55:** Admit that Plaintiff imports reproductions of the Barcelona Chair.
>
> * * *
>
> **REQ. FOR ADMISSION 125:** Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark Registration No. 2,893,025 in California.
>
> * * *
>
> **REQ. FOR ADMISSION 145:** Admit that Plaintiff has never been authorized by Knoll to sell reproductions of the Barcelona Chair.
>
> * * *
>
> **REQ. FOR ADMISSION 413:** Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration 2,893,025 to STL Loft Style (www.stlloftstyle.com).

Exhibit 1 to Green Decl. at pp. 3, 9, 12 & 46. As suggested by the Court at the July 21, 2008 Case Management Conference, these requests and their responses are neither relevant to nor necessary for use in the parties' motions for summary judgment on the validity.

Further, a balancing of the costs and benefits to the parties indicates that a protective order and temporary stay of the Second Set of Requests is appropriate. Responses to the Second Set of Requests at this time will provide very few, if any, benefits to Knoll. The Second Requests are not relevant to the motions for summary judgment. Since Alphaville is seeking only a temporary stay of the Second Requests pending the Court's ruling on the motions for summary judgment, Knoll is not being deprived of responses to the requests and will obtain them later in this litigation. On the other hand, requiring Alphaville to respond to these voluminous requests, at considerable time and cost to Alphaville and when Alphaville has not yet had an opportunity to conduct significant discovery in this case, would place an undue and unreasonable burden on Alphaville.

## IV. CONCLUSION

For the foregoing reasons, Alphaville Design, Inc. respectfully requests that this Court enter an order (1) staying Knoll, Inc.'s Second Set of Requests for Admissions to Plaintiff Alphaville Design, Inc. until thirty (30) days after the Court's ruling on the parties' motions for summary judgment in this action or, in the alternative, (2) instructing Knoll, Inc. to identify 46 individual requests of the Second Set of Requests for Admissions to Plaintiff Alphaville Design, Inc. to which Alphaville Design, Inc. will provide responses within thirty (30) days of the Court's order on this Motion.

DATED: August 8, 2008

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By /s/
NEIL A. SMITH

Attorneys for
Plaintiffs and Counterclaim-Defendants
ALPHAVILLE DESIGN, INC.,
DAVID LEE and PEGGY LEE