Philip Green, CalBN 92389
Beverly R. Green, CalBN 92388
Law Offices of Green & Green
1000 4th Street, Suite 595
San Rafael, CA 94901
Telephone: 415-457-8300
phil@iplegal.com

Attorneys for Plaintiff/Counterclaim-Defendant Alphaville Design, Inc.
And Counterclaim-Defendants David Lee and Peggy Lee

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
NEIL A. SMITH, CalBN 63777
P. CRAIG CARDON, CalBN 168646
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
nsmith@sheppardmullin.com

Attorneys for Plaintiff/Counterclaim Defendant
Alphaville Design, Inc.

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHAVILLE DESIGN, INC. a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> KNOLL, INC., a Delaware corporation, <br><br> Defendant. | Case No.: 07-cv-05569-MHP <br><br> **DECLARATION OF PHILIP GREEN IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO STAY RESPONSES TO REQUESTS FOR ADMISSION** |
| KNOLL, INC., a Delaware corporation, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> ALPHAVILLE DESIGN, INC., DAVID LEE and PEGGY LEE, <br><br> Counterclaim-Defendants. | Date:        September 15, 2008 <br> Time:        2:00 p.m. <br> Dept.:        Courtroom 15, 18th Floor <br> Judge:        Honorable Marilyn H. Patel <br><br> [Complaint filed: November 1, 2007] |

W02-WEST:FHM\400964855.1     Declaration of Green in Support of Motion for Protective Order and to Stay Requests for Admission

- 1 -

I, Philip Green, declare:

1.     I am an attorney and partner at the Law Offices of Green & Green and am one of the attorneys for Alphaville Design, Inc.("Alphaville"), David Lee and Peggy Lee in this matter. I make this declaration based upon my own personal knowledge and if called to testify could and would competently testify as to the matters stated herein.

2.     The second set of Requests for Admission were served at my office by mail RECEIVED ON  July 11, 2008.  They are marked "Nos. 56-547" and contain 493 Requests for Admission.   These would be due August 11, 2008.  The Requests for Admission are attached hereto as Exhibit  1.

3.     On July 15, 2008 I left a voice mail message to Karineh Khachatourian to the effect that I would like an extension of time. I received no reply.

4.     July 18, 2008 Alphaville was served with the Complaint in Herman Miller v Alphaville et al No. CV 08 3437 MEJ.

5.     On July 22, 2008 I met with the counsel for Knoll, at a large document production being made at Alphaville, and met and conferred with Knoll's counsel about the requests for admissions.

6.     On July 28 Alphaville was served with a Motion to Strike Defenses.

7.     On July 29 I received a letter from Karineh Khachatourian demanding a response to the issues raised in the Motion to Strike.

8.     On July 29, 2008 I sent a letter to Karineh Khachatourian requesting a reduction in the number of the Requests for Admission and an extension to respond to them.  A true and correct copy of this letter is attached hereto as Exhibit  2.

| W02-WEST:FHM\400964855.1 | Declaration of Green in Support of Motion for Protective Order and to Stay Requests for Admission |
| --- | --- |

9.     In that letter I asked Karineh Khachatourian to let me know which 100 request (less the 54 we already responded to) Knoll want most answered limited to the authentication issue and for an extension of time to August 22, 2008 to provide responses thereto.

10.    I received a reply by email from Karineh Khachatourian on July 31, 2008 a true and correct copy of which is attached as Exhibit 3.

11.    Alphaville is not able to respond to 493 or 250 Requests for Admission by the deadline of August 11.  Karineh Khachatourian refuses to agree to a reasonable extension.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct except for those matters stated in on information and belief, and as to those matters, I believe them to be true.

Executed this August 3, 2008 in San Rafael,  CA


Philip R. Green, Attorney for: Alphaville Design, Inc. and David Lee and Peggy Lee

# EXHIBIT 1

1  KARINEH KHACHATOURIAN (SBN 202634)
   Email: kkhachatourian@mintz.com
2  BRYAN J. SINCLAIR (SBN 205885)
   Email: bsinclair@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO P.C.
4  1400 Page Mill Road
   Palo Alto, California 94304
5  Telephone: (650) 251-7700
   Facsimile: (650) 251-7739
6
   GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
7  Email: ggottlieb@grr.com
   MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
8  Email: mmisthal@grr.com
   GOTTLIEB RACKMAN & REISMAN, P.C.
9  270 Madison Avenue
   New York, NY 10016-0601
10 Telephone: (212) 684-3900
   Facsimile: (212) 684-3999
11
   Attorneys for Defendant and Counterclaimant,
12 KNOLL, INC.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15 ALPHAVILLE DESIGN, INC., a Delaware          Case No. 07-CV-05569 MHP
16 corporation,
                                                **DEFENDANT KNOLL, INC.'S SECOND**
17              Plaintiff,                       **SET OF REQUESTS FOR ADMISSIONS**
                                                **TO PLAINTIFF ALPHAVILLE DESIGN,**
18         vs.                                   **INC.**

19 KNOLL, INC., a Delaware corporation,

               Defendant.
20
   AND RELATED COUNTERCLAIMS.
21

22      PROPOUNDING PARTY:   DEFENDANT AND COUNTERCLAIMANT KNOLL, INC.

23      RESPONDING PARTY:    PLAINTIFF AND COUNTER DEFENDANT ALPHAVILLE

24                           DESIGN, INC.

25      SET NUMBER:          TWO [Nos. 56-547]

26          Pursuant to Federal Rules of Civil Procedure ("FRCP") 36 Defendant and Counterclaimant

27 Knoll, Inc. ("Knoll") hereby propounds the following Requests For Admissions ("RFA")to be

28 answered by Plaintiff and Counter Defendant Alphaville Design, Inc. ("Alphaville") within thirty

                                    - 1 -

1    ("30") days after service hereof.

2    **DEFINITIONS APPLICABLE TO EACH RFA**

3    A.    "Plaintiff" shall mean Plaintiff Alphaville Design, Inc., together with its purported

4    predecessors, successors, divisions, affiliates, officers, directors, employees, agents, representatives,

5    attorneys, and any and all persons acting, purporting to act or who have acted or purported to act on

6    its behalf, or who are or have been in privity with it with respect to the matters inquired about,

7    including David Lee and Peggy Lee.

8    B.    "Defendant" or "Knoll" shall mean Defendant Knoll, Inc.

9    C.    The term "Barcelona Chair" shall mean the chair identified in U.S. Trademark

10    Registration No. 2,893,025 attached as Exhibit "5" to Knoll, Inc.'s Answer and Counterclaims in

11    civil action 07-CV-05569.

12    D.    The term "Barcelona Stool" shall mean the stool or ottoman identified in U.S.

13    Trademark Registration No. 2,894,977 attached as Exhibit "6" to Knoll, Inc.'s Answer and

14    Counterclaims in civil action 07-CV-05569.

15    E.    The term "Barcelona Couch" shall mean the couch or daybed identified in U.S.

16    Trademark Registration No. 2,894,980 attached as Exhibit "7" to Knoll, Inc.'s Answer and

17    Counterclaims in civil action 07-CV-05569.

18    F.    The term "Barcelona Table" shall mean the table identified in U.S. Trademark

19    Registration No. 2,894,979 attached as Exhibit "8" to Knoll, Inc.'s Answer and Counterclaims in

20    civil action 07-CV-05569.

21    G.    The term "Flat Brno Chair" shall mean the chair identified in U.S. Trademark

22    Registration No. 2,894,978 attached as Exhibit "9" to Knoll, Inc.'s Answer and Counterclaims in

23    civil action 07-CV-05569.

24    H.    The term "Barcelona Collection" shall refer to the Barcelona Chair, the Barcelona

25    Stool, the Barcelona Couch, the Barcelona Table and the Flat Brno Chair collectively.

26    I.    The term "Trademark Registrations" shall refer to U.S. Trademark Registration Nos.

27    2,893,025 for the Barcelona Chair; 2,894,977 for the Barcelona Stool; 2,894,980 for the Barcelona

28    Couch; 2,894,979 for the Barcelona Table; and 2,894,978 for the Flat Brno Chair.

- 2 -

1     J.     The term "Barcelona Mark" shall mean the trademark that is the subject of U.S.

2    Trademark Registration No. 772,313 attached as Exhibit "10" to Knoll, Inc.'s Answer and

3    Counterclaims in civil action 07-CV-05569.

4    **REQ. FOR ADMISSION 55:**

5         Admit that Plaintiff imports reproductions of the Barcelona Chair.

6    **REQ. FOR ADMISSION 56:**

7         Admit that Plaintiff sells reproductions of the Barcelona Chair.

8    **REQ. FOR ADMISSION 57:**

9         Admit that Plaintiff offers for sale reproductions of the Barcelona Chair.

10   **REQ. FOR ADMISSION 58:**

11        Admit that Plaintiff advertises reproductions of the Barcelona Chair.

12   **REQ. FOR ADMISSION 59:**

13        Admit that Plaintiff distributes reproductions of the Barcelona Chair.

14   **REQ. FOR ADMISSION 60:**

15        Admit that Plaintiff imports reproductions of the Barcelona Stool.

16   **REQ. FOR ADMISSION 61:**

17        Admit that Plaintiff sells reproductions of the Barcelona Stool.

18   **REQ. FOR ADMISSION 62:**

19        Admit that Plaintiff offers for sale distributes reproductions of the Barcelona Stool.

20   **REQ. FOR ADMISSION 63:**

21        Admit that Plaintiff advertises reproductions of the Barcelona Stool.

22   **REQ. FOR ADMISSION 64:**

23        Admit that Plaintiff distributes reproductions of the Barcelona Stool.

24   **REQ. FOR ADMISSION 65:**

25        Admit that Plaintiff imports reproductions of the Barcelona Couch.

26   **REQ. FOR ADMISSION 66:**

27        Admit that Plaintiff sells reproductions of the Barcelona Couch.

28   / / /

1   **REQ. FOR ADMISSION 67:**

2       Admit that Plaintiff offers for sale reproductions of the Barcelona Couch.

3   **REQ. FOR ADMISSION 68:**

4       Admit that Plaintiff advertises reproductions of the Barcelona Couch.

5   **REQ. FOR ADMISSION 69:**

6       Admit that Plaintiff distributes reproductions of the Barcelona Couch.

7   **REQ. FOR ADMISSION 70:**

8       Admit that Plaintiff imports reproductions of the Barcelona Table.

9   **REQ. FOR ADMISSION 71:**

10       Admit that Plaintiff sells reproductions of the Barcelona Table.

11   **REQ. FOR ADMISSION 72:**

12       Admit that Plaintiff offers for sale reproductions of the Barcelona Table.

13   **REQ. FOR ADMISSION 73:**

14       Admit that Plaintiff advertises reproductions of the Barcelona Table.

15   **REQ. FOR ADMISSION 74:**

16       Admit that Plaintiff distributes reproductions of the Barcelona Table.

17   **REQ. FOR ADMISSION 75:**

18       Admit that Plaintiff imports reproductions of the Flat Brno Chair.

19   **REQ. FOR ADMISSION 76:**

20       Admit that Plaintiff sells reproductions of the Flat Brno Chair.

21   **REQ. FOR ADMISSION 77:**

22       Admit that Plaintiff offers for sale reproductions of the Flat Brno Chair.

23   **REQ. FOR ADMISSION 78:**

24       Admit that Plaintiff advertises reproductions of the Flat Brno Chair.

25   **REQ. FOR ADMISSION 79:**

26       Admit that Plaintiff distributes reproductions of the Flat Brno Chair.

27   **REQ. FOR ADMISSION 80:**

28       Admit that Plaintiff imports reproductions of chairs that were intended to copy the look of

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE      Case No. 07-CV-05569 MHP

1  the Barcelona Chair sold by Knoll.

2  **REQ. FOR ADMISSION 81:**

3      Admit that Plaintiff sells reproductions of chairs that were intended to copy the look of the

4  Barcelona Chair sold by Knoll.

5  **REQ. FOR ADMISSION 82:**

6      Admit that Plaintiff offers for sale reproductions of chairs that were intended to copy the

7  look of the Barcelona Chair sold by Knoll.

8  **REQ. FOR ADMISSION 83:**

9      Admit that Plaintiff advertises reproductions of chairs that were intended to copy the look of

10  the Barcelona Chair sold by Knoll.

11  **REQ. FOR ADMISSION 84:**

12      Admit that Plaintiff distributes reproductions of chairs that were intended to copy the look of

13  the Barcelona Chair sold by Knoll.

14  **REQ. FOR ADMISSION 85:**

15      Admit that Plaintiff imports reproductions of stools that were intended to copy the look of

16  the Barcelona Stool sold by Knoll.

17  **REQ. FOR ADMISSION 86:**

18      Admit that Plaintiff sells reproductions of stools that were intended to copy the look of the

19  Barcelona Stool sold by Knoll.

20  **REQ. FOR ADMISSION 87:**

21      Admit that Plaintiff offers for sale distributes reproductions of stools that were intended to

22  copy the look of the Barcelona Stool sold by Knoll.

23  **REQ. FOR ADMISSION 88:**

24      Admit that Plaintiff advertises reproductions of stools that were intended to copy the look of

25  the Barcelona Stool sold by Knoll.

26  **REQ. FOR ADMISSION 89:**

27      Admit that Plaintiff distributes reproductions of stools that were intended to copy the look of

28  the Barcelona Stool sold by Knoll.

1    **REQ. FOR ADMISSION 90:**

2        Admit that Plaintiff imports reproductions of couches that were intended to copy the look of

3    the Barcelona Couch sold by Knoll.

4    **REQ. FOR ADMISSION 91:**

5        Admit that Plaintiff sells reproductions of couches that were intended to copy the look of the

6    Barcelona Couch sold by Knoll.

7    **REQ. FOR ADMISSION 92:**

8        Admit that Plaintiff offers for sale distributes couches that were intended to copy the look of

9    the Barcelona Couch sold by Knoll.

10   **REQ. FOR ADMISSION 93:**

11       Admit that Plaintiff advertises reproductions of couches that were intended to copy the look

12   of the Barcelona Couch sold by Knoll.

13   **REQ. FOR ADMISSION 94:**

14       Admit that Plaintiff distributes reproductions of couches that were intended to copy the look

15   of the Barcelona Couch sold by Knoll.

16   **REQ. FOR ADMISSION 95:**

17       Admit that Plaintiff imports reproductions of tables that were intended to copy the look of

18   the Barcelona Table sold by Knoll.

19   **REQ. FOR ADMISSION 96:**

20       Admit that Plaintiff sells reproductions of tables that were intended to copy the look of the

21   Barcelona Table sold by Knoll.

22   **REQ. FOR ADMISSION 97:**

23       Admit that Plaintiff offers for sale distributes reproductions of tables that were intended to

24   copy the look of the Barcelona Table sold by Knoll.

25   **REQ. FOR ADMISSION 98:**

26       Admit that Plaintiff advertises reproductions of tables that were intended to copy the look of

27   the Barcelona Table sold by Knoll.

28   / / /

- 6 -

**REQ. FOR ADMISSION 99:**

   Admit that Plaintiff distributes reproductions of tables that were intended to copy the look of the Barcelona Table sold by Knoll.

**REQ. FOR ADMISSION 100:**

   Admit that Plaintiff imports reproductions of chairs that were intended to copy the look of the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 101:**

   Admit that Plaintiff sells reproductions of chairs that were intended to copy the look of the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 102:**

   Admit that Plaintiff offers for sale distributes reproductions of chairs that were intended to copy the look of the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 103:**

   Admit that Plaintiff advertises reproductions of chairs that were intended to copy the look of the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 104:**

   Admit that Plaintiff distributes reproductions of chairs that were intended to copy the look of the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 105:**

   Admit that Plaintiff, through its website *www.alphavilledesign.com*, actively promotes furniture products which are the subject of Knoll's Trademark Registration No. 2,893,025.

**REQ. FOR ADMISSION 106:**

   Admit that Plaintiff, through its website *www.alphavilledesign.com*, promoted furniture products which are the subject of Knoll's Trademark Registration No. 2,893,025.

**REQ. FOR ADMISSION 107:**

   Admit that Plaintiff, through its website *www.alphavilledesign.com*, actively promotes furniture products which are the subject of Knoll's Trademark Registration No. 2,894,977.

/ / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 108:**

2      Admit that Plaintiff, through its website *www.alphavilledesign.com*, promoted furniture

3  products which are the subject of Knoll's Trademark Registration No. 2,894,977.

4  **REQ. FOR ADMISSION 109:**

5      Admit that Plaintiff, through its website *www.alphavilledesign.com*, actively promoted

6  furniture products which are the subject of Knoll's Trademark Registration No. 2,894,980.

7  **REQ. FOR ADMISSION 110:**

8      Admit that Plaintiff, through its website *www.alphavilledesign.com*, actively promotes

9  furniture products which are the subject of Knoll's Trademark Registration No. 2,894,980.

10  **REQ. FOR ADMISSION 111:**

11      Admit that Plaintiff, through its website *www.alphavilledesign.com*, actively promotes

12  furniture products which are the subject of Knoll's Trademark Registration No. 2,894,979.

13  **REQ. FOR ADMISSION 112:**

14      Admit that Plaintiff, through its website *www.alphavilledesign.com*, promoted furniture

15  products which are the subject of Knoll's Trademark Registration No. 2,894,979.

16  **REQ. FOR ADMISSION 113:**

17      Admit that Plaintiff, through its website *www.alphavilledesign.com*, actively promotes

18  furniture products which are the subject of Knoll's Trademark Registration No. 2,894,978.

19  **REQ. FOR ADMISSION 114:**

20      Admit that Plaintiff, through its website *www.alphavilledesign.com*, promoted furniture

21  products which are the subject of Knoll's Trademark Registration No. 2,894,978.

22  **REQ. FOR ADMISSION 115:**

23      Admit that Plaintiff, through its website *www.alphavilledesign.com*, promoted furniture

24  products which are the subject of Knoll's Trademark Registration No. 2,894,978.

25  **REQ. FOR ADMISSION 116:**

26      Admit that Plaintiff, through its website *www.alphavilledesign.com*, offered for sale

27  furniture products which are the subject of Knoll's Trademark Registration No. 2,893,025.

28  / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE    Case No. 07-CV-05569 MHP

**REQ. FOR ADMISSION 117:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offers for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,977.

**REQ. FOR ADMISSION 118:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offered for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,977.

**REQ. FOR ADMISSION 119:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offers for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,980.

**REQ. FOR ADMISSION 120:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offered for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,980.

**REQ. FOR ADMISSION 121:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offers for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,979.

**REQ. FOR ADMISSION 122:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offered for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,979.

**REQ. FOR ADMISSION 123:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offers for sale furniture products which are the subject of Knoll's Trademark Registration No. 2,894,978.

**REQ. FOR ADMISSION 124:**

Admit that Plaintiff, through its website *www.alphavilledesign.com*, offered for sale furniture products which are identified by the mark that is Knoll's Trademark Registration No. 772,313.

**REQ. FOR ADMISSION 125:**

Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark Registration No. 2,893,025 in California.

/ / /

1    **REQ. FOR ADMISSION 126:**

2        Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

3    Trademark Registration No. 2,893,025 in California.

4    **REQ. FOR ADMISSION 127:**

5        Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

6    Registration No. 2,894,977 in California.

7    **REQ. FOR ADMISSION 128:**

8        Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

9    Trademark Registration No. 2,894,977 in California.

10   **REQ. FOR ADMISSION 129:**

11       Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

12   Registration No. 2,894,980 in California.

13   **REQ. FOR ADMISSION 130:**

14       Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

15   Trademark Registration No. 2,894,980 in California.

16   **REQ. FOR ADMISSION 131:**

17       Admit that Plaintiff has sold sell furniture products which are the subject of Knoll's

18   Trademark Registration No. 2,894,979 in California.

19   **REQ. FOR ADMISSION 132:**

20       Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

21   Trademark Registration No. 2,894,979 in California.

22   **REQ. FOR ADMISSION 133:**

23       Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

24   Registration No. 2,894,978 in California.

25   **REQ. FOR ADMISSION 134:**

26       Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

27   Trademark Registration No. 2,894,978 in California.

28   / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 135:**

2      Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

3  Registration No. 2,893,025 throughout the United States.

4  **REQ. FOR ADMISSION 136:**

5      Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

6  Trademark Registration No. 2,893,025 throughout the United States.

7  **REQ. FOR ADMISSION 137:**

8      Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

9  Registration No. 2,894,977 throughout the United States.

10  **REQ. FOR ADMISSION 138:**

11      Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

12  Trademark Registration No. 2,894,977 throughout the United States.

13  **REQ. FOR ADMISSION 139:**

14      Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

15  Registration No. 2,894,980 throughout the United States.

16  **REQ. FOR ADMISSION 140:**

17      Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

18  Trademark Registration No. 2,894,980 throughout the United States.

19  **REQ. FOR ADMISSION 141:**

20      Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

21  Registration No. 2,894,979 throughout the United States.

22  **REQ. FOR ADMISSION 142:**

23      Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

24  Trademark Registration No. 2,894,979 throughout the United States.

25  **REQ. FOR ADMISSION 143:**

26      Admit that Plaintiff has sold furniture products which are the subject of Knoll's Trademark

27  Registration No. 2,894,978 throughout the United States.

28  / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE    Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 144:**

2      Admit that Plaintiff currently sells furniture products which are the subject of Knoll's

3  Trademark Registration No. 2,894,978 throughout the United States.

4  **REQ. FOR ADMISSION 145:**

5      Admit that Plaintiff has never been authorized by Knoll to sell reproductions of the

6  Barcelona Chair.

7  **REQ. FOR ADMISSION 146:**

8      Admit that Plaintiff has never been authorized by Knoll to sell reproductions of the

9  Barcelona Stool.

10  **REQ. FOR ADMISSION 147:**

11      Admit that Plaintiff has never been authorized by Knoll to sell reproductions of the

12  Barcelona Table.

13  **REQ. FOR ADMISSION 148:**

14      Admit that Plaintiff has never been authorized by Knoll to sell reproductions of the

15  Barcelona Couch.

16  **REQ. FOR ADMISSION 149:**

17      Admit that Plaintiff has never been authorized by Knoll to sell reproductions of the Flat

18  Brno Chair.

19  **REQ. FOR ADMISSION 150:**

20      Admit that Plaintiff has never been authorized by Knoll to use the Barcelona mark.

21  **REQ. FOR ADMISSION 151:**

22      Admit that Plaintiff continues to sell reproductions of the Barcelona Chair with full

23  knowledge of Knoll's assertion of its rights in this item.

24  **REQ. FOR ADMISSION 152:**

25      Admit that Plaintiff continues to sell reproductions of the Barcelona Stool with full

26  knowledge of Knoll's assertion of its rights in this item.

27  **REQ. FOR ADMISSION 153:**

28      Admit that Plaintiff continues to sell reproductions of the Barcelona Table with full

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE                Case No. 07-CV-05569 MHP

1 | knowledge of Knoll's assertion of its rights in this item.

2 | **REQ. FOR ADMISSION 154:**

3 |     Admit that Plaintiff continues to sell reproductions of the Barcelona Couch with full

4 | knowledge of Knoll's assertion of its rights in this item.

5 | **REQ. FOR ADMISSION 155:**

6 |     Admit that Plaintiff continues to sell reproductions of the Flat Brno Chair with full

7 | knowledge of Knoll's assertion of its rights in this item.

8 | **REQ. FOR ADMISSION 156:**

9 |     Admit that Plaintiff continues to sell reproductions of the Barcelona Chair with full

10 | knowledge of Knoll's assertion of its Trademark Registration No. 2,893,025.

11 | **REQ. FOR ADMISSION 157:**

12 |     Admit that Plaintiff continues to sell reproductions of the Barcelona Stool with full

13 | knowledge of Knoll's assertion of its Trademark Registration No. 2,894,977.

14 | **REQ. FOR ADMISSION 158:**

15 |     Admit that Plaintiff continues to sell reproductions of the Barcelona Table with full

16 | knowledge of Knoll's assertion of its Trademark Registration No. 2,894,979.

17 | **REQ. FOR ADMISSION 159:**

18 |     Admit that  Plaintiff continues to sell reproductions of the Barcelona Couch with full

19 | knowledge of Knoll's assertion of its Trademark Registration No. 2,894,980.

20 | **REQ. FOR ADMISSION 160:**

21 |     Admit that Plaintiff continues to sell reproductions of the Flat Brno Chair with full

22 | knowledge of Knoll's assertion of its Trademark Registration No. 2,894,978.

23 | **REQ. FOR ADMISSION 161:**

24 |     Admit that actual confusion exists in the furniture marketplace between Plaintiff's

25 | reproductions of the Barcelona Chair and the Barcelona Chair sold by Knoll.

26 | **REQ. FOR ADMISSION 162:**

27 |     Admit that actual confusion exists in the furniture marketplace between Plaintiff's

28 | reproductions of the Barcelona Stool and the Barcelona Stool sold by Knoll.

- 13 -

1    **REQ. FOR ADMISSION 163:**

2        Admit that actual confusion exists in the furniture marketplace between Plaintiff's

3    reproductions of the Barcelona Table and the Barcelona Table sold by Knoll.

4    **REQ. FOR ADMISSION 164:**

5        Admit that actual confusion exists in the furniture marketplace between Plaintiff's

6    reproductions of the Barcelona Couch and the Barcelona Couch sold by Knoll.

7    **REQ. FOR ADMISSION 165:**

8        Admit that actual confusion exists in the furniture marketplace between Plaintiff's

9    reproductions of the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

10    **REQ. FOR ADMISSION 166:**

11        Admit that a likelihood of confusion exists in the furniture marketplace between Plaintiff's

12    reproductions of the Barcelona Chair and the Barcelona Chair sold by Knoll.

13    **REQ. FOR ADMISSION 167:**

14        Admit that a likelihood of confusion exists in the furniture marketplace between Plaintiff's

15    reproductions of the Barcelona Stool and the Barcelona Stool sold by Knoll.

16    **REQ. FOR ADMISSION 168:**

17        Admit that a likelihood of confusion exists in the furniture marketplace between Plaintiff's

18    reproductions of the Barcelona Table and the Barcelona Table sold by Knoll.

19    **REQ. FOR ADMISSION 169:**

20        Admit that a likelihood of confusion exists in the furniture marketplace between Plaintiff's

21    reproductions of the Barcelona Couch and the Barcelona Couch sold by Knoll.

22    **REQ. FOR ADMISSION 170:**

23        Admit that a likelihood of confusion exists in the furniture marketplace between Plaintiff's

24    reproductions of the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

25    **REQ. FOR ADMISSION 171:**

26        Admit that post sale confusion exists with consumers between Plaintiff's reproductions of

27    the Barcelona Chair and the Barcelona Chair sold by Knoll.

28    / / /

- 14 -

1  **REQ. FOR ADMISSION 172:**

2      Admit that post sale confusion exists with consumers between Plaintiff's reproductions of

3  the Barcelona Stool and the Barcelona Stool sold by Knoll.

4  **REQ. FOR ADMISSION 173:**

5      Admit that post sale confusion exists with consumers between Plaintiff's reproductions of

6  the Barcelona Table and the Barcelona Table sold by Knoll.

7  **REQ. FOR ADMISSION 174:**

8      Admit that post sale confusion exists with consumers between Plaintiff's reproductions of

9  the Barcelona Couch and the Barcelona Couch sold by Knoll.

10  **REQ. FOR ADMISSION 175:**

11      Admit that post sale confusion exists with consumers between Plaintiff's reproductions of

12  the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

13  **REQ. FOR ADMISSION 176:**

14      Admit that a likelihood of post sale confusion exists with consumers between Plaintiff's

15  reproductions of the Barcelona Chair and the Barcelona Chair sold by Knoll.

16  **REQ. FOR ADMISSION 177:**

17      Admit that a likelihood of post sale confusion exists with consumers between Plaintiff's

18  reproductions of the Barcelona Stool and the Barcelona Stool sold by Knoll.

19  **REQ. FOR ADMISSION 178:**

20      Admit that a likelihood of post sale confusion exists with consumers between Plaintiff's

21  reproductions of the Barcelona Table and the Barcelona Table sold by Knoll.

22  **REQ. FOR ADMISSION 179:**

23      Admit that a likelihood of post sale confusion exists with consumers between Plaintiff's

24  reproductions of the Barcelona Couch and the Barcelona Couch sold by Knoll.

25  **REQ. FOR ADMISSION 180:**

26      Admit that a likelihood of post sale confusion exists with consumers between Plaintiff's

27  reproductions of the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

28  / / /

1  **REQ. FOR ADMISSION 181:**

2      Admit that assuming that Knoll has valid rights in the Barcelona Chair, actual confusion

3  exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona Chair and the

4  Barcelona Chair sold by Knoll.

5  **REQ. FOR ADMISSION 182:**

6      Admit that assuming that Knoll has valid rights in the Barcelona Stool, actual confusion

7  exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona Stool and the

8  Barcelona Stool sold by Knoll.

9  **REQ. FOR ADMISSION 183:**

10      Admit that assuming that Knoll has valid rights in the Barcelona Table, actual confusion

11  exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona Table and the

12  Barcelona Table sold by Knoll.

13  **REQ. FOR ADMISSION 184:**

14      Admit that assuming that Knoll has valid rights in the Barcelona Couch, actual confusion

15  exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona Couch and the

16  Barcelona Couch sold by Knoll.

17  **REQ. FOR ADMISSION 185:**

18      Admit that assuming that Knoll has valid rights in the Flat Brno Chair, actual confusion

19  exists in the furniture marketplace between Plaintiff's reproductions of the Flat Brno Chair and the

20  Flat Brno Chair sold by Knoll.

21  **REQ. FOR ADMISSION 186:**

22      Admit that assuming that Knoll has valid rights in the Barcelona Chair, a likelihood of

23  confusion exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona

24  Chair and the Barcelona Chair sold by Knoll.

25  **REQ. FOR ADMISSION 187:**

26      Admit that assuming that Knoll has valid rights in the Barcelona Stool, a likelihood of

27  confusion exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona

28  Stool and the Barcelona Stool sold by Knoll.

- 16 -

**REQ. FOR ADMISSION 188:**

Admit that assuming that Knoll has valid rights in the Barcelona Table, a likelihood of confusion exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona Table and the Barcelona Table sold by Knoll.

**REQ. FOR ADMISSION 189:**

Admit that assuming that Knoll has valid rights in the Barcelona Couch, a likelihood of confusion exists in the furniture marketplace between Plaintiff's reproductions of the Barcelona Couch and the Barcelona Couch sold by Knoll.

**REQ. FOR ADMISSION 190:**

Admit that assuming that Knoll has valid rights in the Flat Brno Chair, a likelihood of confusion exists in the furniture marketplace between Plaintiff's reproductions of the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 191:**

Admit that assuming that Knoll has valid rights in the Barcelona Chair, post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Chair and the Barcelona Chair sold by Knoll.

**REQ. FOR ADMISSION 192:**

Admit that assuming that Knoll has valid rights in the Barcelona Stool, post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Stool and the Barcelona Stool sold by Knoll.

**REQ. FOR ADMISSION 193:**

Admit that assuming that Knoll has valid rights in the Barcelona Table, post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Table and the Barcelona Table sold by Knoll.

**REQ. FOR ADMISSION 194:**

Admit that assuming that Knoll has valid rights in the Barcelona Couch, post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Couch and the Barcelona Couch sold by Knoll.

- 17 -

**REQ. FOR ADMISSION 195:**

Admit that assuming that Knoll has valid rights in the Flat Brno Chair, post sale confusion exists with consumers between Plaintiff's reproductions of the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 196:**

Admit that assuming that Knoll has valid rights in the Barcelona Chair, a likelihood of post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Chair and the Barcelona Chair sold by Knoll.

**REQ. FOR ADMISSION 197:**

Admit that assuming that Knoll has valid rights in the Barcelona Stool, a likelihood of post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Stool and the Barcelona Stool sold by Knoll.

**REQ. FOR ADMISSION 198:**

Admit that assuming that Knoll has valid rights in the Barcelona Table, a likelihood of post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Table and the Barcelona Table sold by Knoll.

**REQ. FOR ADMISSION 199:**

Admit that assuming that Knoll has valid rights in the Barcelona Couch, a likelihood of post sale confusion exists with consumers between Plaintiff's reproductions of the Barcelona Couch and the Barcelona Couch sold by Knoll.

**REQ. FOR ADMISSION 200:**

Admit that assuming that Knoll has valid rights in the Flat Brno Chair, a likelihood of post sale confusion exists with consumers between Plaintiff's reproductions of the Flat Brno Chair and the Flat Brno Chair sold by Knoll.

**REQ. FOR ADMISSION 201:**

Admit that Plaintiff's reproductions of the Barcelona Chair and the Barcelona Chair sold by Knoll have substantially the same visual appearance.

/ / /

- 18 -

1  **REQ. FOR ADMISSION 202:**

2     Admit that Plaintiff's reproductions of the Barcelona Stool and the Barcelona Stool sold by

3  Knoll have substantially the same visual appearance.

4  **REQ. FOR ADMISSION 203:**

5     Admit that Plaintiff's reproductions of the Barcelona Table and the Barcelona Table sold by

6  Knoll have substantially the same visual appearance.

7  **REQ. FOR ADMISSION 204:**

8     Admit that Plaintiff's reproductions of the Barcelona Couch and the Barcelona Couch sold

9  by Knoll have substantially the same visual appearance.

10  **REQ. FOR ADMISSION 205:**

11     Admit that Plaintiff's reproductions of the Flat Brno Chair and the Flat Brno Chair sold by

12  Knoll have substantially the same visual appearance.

13  **REQ. FOR ADMISSION 206:**

14     Admit that Plaintiff has intended that its reproductions of the Barcelona Chair have

15  substantially the same visual appearance as the Barcelona Chair sold by Knoll.

16  **REQ. FOR ADMISSION 207:**

17     Admit that Plaintiff has intended that its reproductions of the Barcelona Stool have

18  substantially the same visual appearance as the Barcelona Stool sold by Knoll.

19  **REQ. FOR ADMISSION 208:**

20     Admit that Plaintiff has intended that its reproductions of the Barcelona Table have

21  substantially the same visual appearance as the Barcelona Table sold by Knoll.

22  **REQ. FOR ADMISSION 209:**

23     Admit that Plaintiff has intended that its reproductions of the Barcelona Couch have

24  substantially the same visual appearance as the Barcelona Couch sold by Knoll.

25  **REQ. FOR ADMISSION 210:**

26     Admit that Plaintiff has intended that its reproductions of the Flat Brno Chair have

27  substantially the same visual appearance as the Flat Brno Chair sold by Knoll.

28  / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE        Case No. 07-CV-05569 MHP

**REQ. FOR ADMISSION 211:**

Admit that Plaintiff's marketing of reproductions of the Barcelona Chair has resulted in increased sales of such furniture for the Plaintiff.

**REQ. FOR ADMISSION 212:**

Admit that Plaintiff's marketing of reproductions of the Barcelona Stool has resulted in increased sales of such furniture for the Plaintiff.

**REQ. FOR ADMISSION 213:**

Admit that Plaintiff's marketing of reproductions of the Barcelona Table has resulted in increased sales of such furniture for the Plaintiff.

**REQ. FOR ADMISSION 214:**

Admit that Plaintiff's marketing of reproductions of the Barcelona Couch has resulted in increased sales of such furniture for the Plaintiff.

**REQ. FOR ADMISSION 215:**

Admit that Plaintiff's marketing of reproductions of the Flat Brno Chair has resulted in increased sales of such furniture for the Plaintiff.

**REQ. FOR ADMISSION 216:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Chair has caused the value of the Barcelona Chair sold by Knoll to lose value in the market.

**REQ. FOR ADMISSION 217:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Stool has caused the value of the Barcelona Stool sold by Knoll to lose value in the market.

**REQ. FOR ADMISSION 218:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Table has caused the value of  the Barcelona Table sold by Knoll to lose value in the market.

**REQ. FOR ADMISSION 219:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Couch has caused the value of  the Barcelona Couch sold by Knoll to lose value in the market.

/ / /

- 20 -

**REQ. FOR ADMISSION 220:**

Admit that the sale by Plaintiff of reproductions of the Flat Brno Chair has caused the value of the Flat Brno Chair sold by Knoll to lose value in the market.

**REQ. FOR ADMISSION 221:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Chair has caused the value of the Barcelona Chair sold by Knoll to lose value in the market for collectable furniture.

**REQ. FOR ADMISSION 222:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Stool has caused the value of the Barcelona Stool sold by Knoll to lose value in the market for collectable furniture.

**REQ. FOR ADMISSION 223:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Table has caused the value of the Barcelona Table sold by Knoll to lose value in the market for collectable furniture.

**REQ. FOR ADMISSION 224:**

Admit that the sale by Plaintiff of reproductions of the Barcelona Couch has caused the value of the Barcelona Couch sold by Knoll to lose value in the market for collectable furniture.

**REQ. FOR ADMISSION 225:**

Admit that the sale by Plaintiff of reproductions of the Flat Brno Chair has caused the value of the Flat Brno Chair sold by Knoll to lose value in the market for collectable furniture.

**REQ. FOR ADMISSION 226:**

Admit that Plaintiff has referred to its reproductions of the Barcelona Chair as having been designed by Ludwig Mies van der Rohe.

**REQ. FOR ADMISSION 227:**

Admit that Plaintiff has referred to its reproductions of the Barcelona Stool as having been designed by Ludwig Mies van der Rohe.

**REQ. FOR ADMISSION 228:**

Admit that Plaintiff has referred to its reproductions of the Barcelona Table as having been designed by Ludwig Mies van der Rohe.

/ / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

**REQ. FOR ADMISSION 229:**

 Admit that Plaintiff has referred to its reproductions of the Barcelona Couch as having been designed by Ludwig Mies van der Rohe.

**REQ. FOR ADMISSION 230:**

 Admit that Plaintiff has referred to its reproductions of the Flat Brno Chair as having been designed by Ludwig Mies van der Rohe.

**REQ. FOR ADMISSION 231:**

 Admit that Knoll manufactures the Barcelona Collection in conformity to the original specifications of Ludwig Mies van der Rohe for these items.

**REQ. FOR ADMISSION 232:**

 Admit that Knoll markets and sells the Barcelona Collection throughout the United States.

**REQ. FOR ADMISSION 233:**

 Admit that on or about October 12, 2004 the Barcelona Chair was registered with the United States Patent and Trademark Office under Trademark Registration No. 2,893,025.

**REQ. FOR ADMISSION 234:**

 Admit that Knoll's Trademark Registration No. 2,893,025 for the Barcelona Chair remains in full force and effect.

**REQ. FOR ADMISSION 235:**

 Admit that Knoll's Trademark Registration No. 2,894,977 for the Barcelona Stool remains in full force and effect.

**REQ. FOR ADMISSION 236:**

 Admit that Knoll's Trademark Registration No. 2,894,980 for the Barcelona Couch remains in full force and effect.

**REQ. FOR ADMISSION 237:**

 Admit that Knoll's Trademark Registration No. 2,894,979 for the Barcelona Table remains in full force and effect.

**REQ. FOR ADMISSION 238:**

 Admit that Knoll's Trademark Registration No. 2,894,978 for the Flat Brno Chair remains

- 22 -

1  in full force and effect.

2  **REQ. FOR ADMISSION 239:**

3       Admit that as of November 1, 1965, Knoll Associates, Inc. was manufacturing and selling

4  the Barcelona Chair furniture designed by Ludwig Mies van der Rohe which is now the subjects of

5  Knoll's Trademark Registrations:

6  **REQ. FOR ADMISSION 240:**

7       Admit that as of November 1, 1965, Knoll Associates, Inc. was manufacturing and selling

8  the Barcelona Stool furniture designed by Ludwig Mies van der Rohe which is now the subjects of

9  Knoll's Trademark Registrations:

10 **REQ. FOR ADMISSION 241:**

11      Admit that as of November 1, 1965, Knoll Associates, Inc. was manufacturing and selling

12 the Barcelona Table furniture designed by Ludwig Mies van der Rohe which is now the subjects of

13 Knoll's Trademark Registrations:

14 **REQ. FOR ADMISSION 242:**

15      Admit that as of November 1, 1965, Knoll Associates, Inc. was manufacturing and selling

16 the Barcelona Couch furniture designed by Ludwig Mies van der Rohe which is now the subjects of

17 Knoll's Trademark Registrations:

18 **REQ. FOR ADMISSION 243:**

19      Admit that as of November 1, 1965, Knoll Associates, Inc. was manufacturing and selling

20 the Flat Brno Chair furniture designed by Ludwig Mies van der Rohe which is now the subjects of

21 Knoll's Trademark Registrations:

22 **REQ. FOR ADMISSION 244:**

23      Admit that prior to November 1, 1965, no other person or company other than Ludwig Mies

24 van der Rohe, Knoll Associates, Inc. and Knoll Associates, Inc.'s subsidiaries, licensees and sub-

25 licensees was expressly authorized by Ludwig Mies van der Rohe to sell any Barcelona Collection

26 furniture under Ludwig Mies van der Rohe's original designs in the United States.

27 **REQ. FOR ADMISSION 245:**

28      Admit that Knoll Associates, Inc., its subsidiaries, licensees, and sub-licensees as of

- 23 -

1  November 8, 1965 were the only persons and entities that were authorized to manufacture and sell

2  Barcelona Collection furniture under Ludwig Mies van der Rohe's original designs in any part of the

3  world.

4  **REQ. FOR ADMISSION 246:**

5      Admit that on November 8, 1965 Ludwig Mies van der Rohe agreed not to authorize

6  anyone to manufacture Barcelona Collection furniture of his designs or to approve any production

7  methods or standards and specifications of any other producer of Barcelona Collection furniture of

8  his designs other than Knoll Associates, Inc., its subsidiaries, licensees and sublicensees.

9  **REQ. FOR ADMISSION 247:**

10      Admit that prior to his death on the 17th day of August, 1969, Ludwig Mies van der Rohe

11  did not assign, sell or convey any of the rights regarding the Barcelona furniture to any person or

12  entity other than Knoll Associates, Inc.

13  **REQ. FOR ADMISSION 248:**

14      Admit that Knoll Associates, Inc. was the 100% owned subsidiary of Art Metal-Knoll

15  Corporation.

16  **REQ. FOR ADMISSION 249:**

17      Admit that Knoll Associates, Inc. merged into Art Metal-Knoll Corporation in March 1968.

18  **REQ. FOR ADMISSION 250:**

19      Admit that in December 1970 Art Metal-Knoll Corporation amended its Certificate of

20  Incorporation to change its name to Knoll International, Inc.

21  **REQ. FOR ADMISSION 251:**

22      Admit that on June 30, 1978, Knoll International, Inc. assigned and conveyed to KII, Inc.

23  all of its assets, properties and business other than certain real property in Montgomery County,

24  Pennsylvania.

25  **REQ. FOR ADMISSION 252:**

26      Admit that subsequently, in July of 1978, KII, Inc. amended its Certificate of Incorporation

27  to change its name to Knoll International, Inc.

28  / / /

- 24 -

**REQ. FOR ADMISSION 253:**

Admit that on April 16, 1987, Knoll International, Inc. filed a Restated Certificate of Incorporation with the State of Delaware reflecting the name change to Knoll International, Inc. from KII, Inc.

**REQ. FOR ADMISSION 254:**

Admit that on July 26, 1990 Westinghouse Electric Corporation and Westinghouse Acquisition Corporation entered into an Asset Purchase Agreement with Knoll International, Inc., Knoll Nevada, Inc. and Knoll International Holdings, Inc. ("Sellers") to purchase from the Sellers assets which included all rights of Sellers in and to the Barcelona Collection.

**REQ. FOR ADMISSION 255:**

Admit that on August 31, 1990, the Asset Purchase Agreement of July 26, 1990 was amended to have Westinghouse Electric Corporation become the transferee of the assets that were the subject of the sale referred to in RFA No. 200.

**REQ. FOR ADMISSION 256:**

Admit that on August 31, 1990 the assets of Knoll International, Inc., Knoll Nevada, Inc. and Knoll International Holdings, Inc. were transferred to Westinghouse Electric Corporation.

**REQ. FOR ADMISSION 257:**

Admit that on August 27, 1990 the original Knoll International, Inc. changed its name to "21" International Inc.

**REQ. FOR ADMISSION 258:**

Admit that on August 31, 1990, Westinghouse Acquisition Corporation filed a Certificate of Amendment of Certificate of Incorporation changing its name to Knoll International, Inc. (the new Knoll International, Inc.).

**REQ. FOR ADMISSION 259:**

Admit that on October 15, 1990 (the new) Knoll International, Inc. (formerly Westinghouse Acquisition Corporation) received from Westinghouse Electric Corporation, as a capital contribution, all the assets acquired by Westinghouse Electric Corporation from the original Knoll International Inc., Knoll Nevada, Inc. and Knoll International Holdings, Inc., pursuant the Asset

- 25 -

1  Purchase Agreement referred to in RFA No. 201.

2  **REQ. FOR ADMISSION 260:**

3      Admit that on January 22, 1992 (the new) Knoll International Inc. (formerly Westinghouse

4  Acquisition Corporation) and a wholly owned subsidiary of Knoll North America, Inc., merged into

5  Knoll North America, Inc.

6  **REQ. FOR ADMISSION 261:**

7      Admit that Knoll North America, Inc. acquired all property rights of (the new) Knoll

8  International, Inc. by virtue of the merger referred to in RFA No. 206.

9  **REQ. FOR ADMISSION 262:**

10      Admit that in February, 1996 T.K.G. Acquisition Sub. Inc., The Knoll Group, Inc. and

11  Knoll North America, Inc. agreed to have T.K.G. Acquisition Sub. Inc. and The Knoll Group, Inc.

12  merge into Knoll North America, Inc.

13  **REQ. FOR ADMISSION 263:**

14      Admit that on February 29, 1996 the merger referred to in RFA No. 208 occurred.

15  **REQ. FOR ADMISSION 264:**

16      Admit that on February 29, 1996 Knoll North America, Inc. then changed its name to

17  Knoll, Inc.

18  **REQ. FOR ADMISSION 265:**

19      Admit that the change of name from Knoll North America, Inc. to Knoll, Inc. occurred

20  contemporaneously with and pursuant to the Agreement of Merger referred to in RFA No. 210.

21  **REQ. FOR ADMISSION 266:**

22      Admit that in March, 1997 Knoll, Inc. merged with and into T.K.G. Acquisition Corp.

23  under the name of Knoll, Inc.

24  **REQ. FOR ADMISSION 267:**

25      Admit that Plaintiff has imported furniture that was intentionally designed and

26  manufactured to copy the look of the Barcelona Chair as depicted in the configuration shown in the

27  picture within Knoll's Trademark Registration 2,893,025.

28  ///

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 268:**

2       Admit that Plaintiff has sold furniture that was intentionally designed and manufactured to

3  copy the look of the Barcelona Chair as depicted in the configuration shown in the picture within

4  Knoll's Trademark Registration 2,893,025.

5  **REQ. FOR ADMISSION 269:**

6       Admit that Plaintiff has offered furniture for sale that was intentionally designed and

7  manufactured to copy the look of the Barcelona Chair as depicted in the configuration shown in the

8  picture within Knoll's Trademark Registration 2,893,025.

9  **REQ. FOR ADMISSION 270:**

10       Admit that Plaintiff has advertised furniture that was intentionally designed and

11  manufactured to copy the look of the Barcelona Chair as depicted in the configuration shown in the

12  picture within Knoll's Trademark Registration 2,893,025.

13  **REQ. FOR ADMISSION 271:**

14       Admit that Plaintiff has distributed furniture that was intentionally designed and

15  manufactured to copy the look of the Barcelona Chair as depicted in the configuration shown in the

16  picture within Knoll's Trademark Registration 2,893,025.

17  **REQ. FOR ADMISSION 272:**

18       Admit that Plaintiff has imported furniture that was intentionally designed and manufactured

19  to copy the look of the Barcelona Stool as depicted in the configuration shown in the picture within

20  Knoll's Trademark Registration 2,894,977.

21  **REQ. FOR ADMISSION 273:**

22       Admit that Plaintiff has sold furniture that was intentionally designed and manufactured to

23  copy the look of the Barcelona Stool as depicted in the configuration shown in the picture within

24  Knoll's Trademark Registration 2,894,977.

25  **REQ. FOR ADMISSION 274:**

26       Admit that Plaintiff has offered furniture for sale that was intentionally designed and

27  manufactured to copy the look of the Barcelona Stool as depicted in the configuration shown in the

28  picture within Knoll's Trademark Registration 2,894,977.

- 27 -

1    **REQ. FOR ADMISSION 275:**

2         Admit that Plaintiff has advertised furniture that was intentionally designed and

3    manufactured to copy the look of the Barcelona Stool as depicted in the configuration shown in the

4    picture within Knoll's Trademark Registration 2,894,977.

5    **REQ. FOR ADMISSION 276:**

6         Admit that Plaintiff has distributed furniture that was intentionally designed and

7    manufactured to copy the look of the Barcelona Stool as depicted in the configuration shown in the

8    picture within Knoll's Trademark Registration 2,894,977.

9    **REQ. FOR ADMISSION 277:**

10        Admit that Plaintiff has imported furniture that was intentionally designed and manufactured

11   to copy the look of the Barcelona Couch as depicted in the configuration shown in the picture

12   within Knoll's Trademark Registration 2,894,980.

13   **REQ. FOR ADMISSION 278:**

14        Admit that Plaintiff has sold furniture that was intentionally designed and manufactured to

15   copy the look of the Barcelona Couch as depicted in the configuration shown in the picture within

16   Knoll's Trademark Registration 2,894,980.

17   **REQ. FOR ADMISSION 279:**

18        Admit that Plaintiff has offered furniture for sale that was intentionally designed and

19   manufactured to copy the look of the Barcelona Couch as depicted in the configuration shown in the

20   picture within Knoll's Trademark Registration 2,894,980.

21   **REQ. FOR ADMISSION 280:**

22        Admit that Plaintiff has advertised furniture that was intentionally designed and

23   manufactured to copy the look of the Barcelona Couch as depicted in the configuration shown in the

24   picture within Knoll's Trademark Registration 2,894,980.

25   **REQ. FOR ADMISSION 281:**

26        Admit that Plaintiff has distributed furniture that was intentionally designed and

27   manufactured to copy the look of the Barcelona Couch as depicted in the configuration shown in the

28   picture within Knoll's Trademark Registration 2,894,980.

- 28 -

1    **REQ. FOR ADMISSION 282:**

2        Admit that Plaintiff has imported furniture that was intentionally designed and manufactured

3    to copy the look of the Barcelona Table as depicted in the configuration shown in the picture within

4    Knoll's Trademark Registration 2,894,979.

5    **REQ. FOR ADMISSION 283:**

6        Admit that Plaintiff has sold furniture that was intentionally designed and manufactured to

7    copy the look of the Barcelona Table as depicted in the configuration shown in the picture within

8    Knoll's Trademark Registration 2,894,979.

9    **REQ. FOR ADMISSION 284:**

10        Admit that Plaintiff has offered furniture for sale that was intentionally designed and

11   manufactured to copy the look of the Barcelona Table as depicted in the configuration shown in the

12   picture within Knoll's Trademark Registration 2,894,979.

13   **REQ. FOR ADMISSION 285:**

14        Admit that Plaintiff has advertised furniture that was intentionally designed and

15   manufactured to copy the look of the Barcelona Table as depicted in the configuration shown in the

16   picture within Knoll's Trademark Registration 2,894,979.

17   **REQ. FOR ADMISSION 286:**

18        Admit that Plaintiff has distributed furniture that was intentionally designed and

19   manufactured to copy the look of the Barcelona Table as depicted in the configuration shown in the

20   picture within Knoll's Trademark Registration 2,894,979.

21   **REQ. FOR ADMISSION 287:**

22        Admit that Plaintiff has imported furniture that was intentionally designed and

23   manufactured to copy the look of the Barcelona Flat Brno Chair as depicted in the configuration

24   shown in the picture within Knoll's Trademark Registration 2,894,978.

25   **REQ. FOR ADMISSION 288:**

26        Admit that Plaintiff has sold furniture that was intentionally designed and manufactured to

27   copy the look of the Barcelona Flat Brno Chair as depicted in the configuration shown in the picture

28   within Knoll's Trademark Registration 2,894,978.

1    **REQ. FOR ADMISSION 289:**

2        Admit that Plaintiff has offered furniture for sale that was intentionally designed and

3    manufactured to copy the look of the Barcelona Flat Brno Chair as depicted in the configuration

4    shown in the picture within Knoll's Trademark Registration 2,894,978.

5    **REQ. FOR ADMISSION 290:**

6        Admit that Plaintiff has advertised furniture that was intentionally designed and

7    manufactured to copy the look of the Barcelona Flat Brno Chair as depicted in the configuration

8    shown in the picture within Knoll's Trademark Registration 2,894,978.

9    **REQ. FOR ADMISSION 291:**

10        Admit that Plaintiff has distributed furniture that was intentionally designed and

11    manufactured to copy the look of the Barcelona Flat Brno Chair as depicted in the configuration

12    shown in the picture within Knoll's Trademark Registration 2,894,978.

13    **REQ. FOR ADMISSION 292:**

14        Admit that Plaintiff has imported furniture that intentionally copied the name which was

15    identified by the mark that is the subject of Knoll's Trademark Registration 772,313.

16    **REQ. FOR ADMISSION 293:**

17        Admit that Plaintiff has sold furniture that intentionally copied the name which was

18    identified by the mark that is the subject of Knoll's Trademark Registration 772,313.

19    **REQ. FOR ADMISSION 294:**

20        Admit that Plaintiff has offered furniture for sale that intentionally copied the name which

21    was identified by the mark that is the subject of Knoll's Trademark Registration 772,313.

22    **REQ. FOR ADMISSION 295:**

23        Admit that Plaintiff has advertised furniture that intentionally copied the name which was

24    identified by the mark that is the subject of Knoll's Trademark Registration 772,313.

25    **REQ. FOR ADMISSION 296:**

26        Admit that Plaintiff has distributed furniture that intentionally copied the name which was

27    identified by the mark that is the subject of Knoll's Trademark Registration 772,313.

28    / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE                Case No. 07-CV-05569 MHP

1 **REQ. FOR ADMISSION 297:**

2    Admit that prior to receipt of a notice letter from defendant Knoll, Plaintiff was aware that

3 defendant Knoll sold the Barcelona Chair as depicted in the configuration shown in the picture

4 within Knoll's Trademark Registration 2,893,025.

5 **REQ. FOR ADMISSION 298:**

6    Admit that prior to receipt of a notice letter from defendant Knoll, Plaintiff was aware that

7 defendant Knoll sold the Barcelona Stool as depicted in the configuration shown in the picture

8 within Knoll's Trademark Registration 2,894,977.

9 **REQ. FOR ADMISSION 299:**

10    Admit that prior to receipt of a notice letter from defendant Knoll, Plaintiff was aware that

11 defendant Knoll sold the Barcelona Couch as depicted in the configuration shown in the picture

12 within Knoll's Trademark Registration 2,894,980.

13 **REQ. FOR ADMISSION 300:**

14    Admit that prior to receipt of a notice letter from defendant Knoll, Plaintiff was aware that

15 defendant Knoll sold the Barcelona Table as depicted in the configuration shown in the picture

16 within Knoll's Trademark Registration 2,894,979.

17 **REQ. FOR ADMISSION 301:**

18    Admit that prior to receipt of a notice letter from defendant Knoll, Plaintiff was aware that

19 defendant Knoll sold the Barcelona Flat Brno Chair as depicted in the configuration shown in the

20 picture within Knoll's Trademark Registration 2,894,978.

21 **REQ. FOR ADMISSION 302:**

22    Admit that prior to receipt of a notice letter from defendant Knoll, Plaintiff was aware that

23 defendant Knoll sold the furniture which was identified by the mark that is the subject of Knoll's

24 Trademark Registration 772,313.

25 **REQ. FOR ADMISSION 303:**

26    Admit that following receipt of a notice letter from defendant Knoll, Plaintiff imported

27 furniture that was intentionally designed and manufactured to copy the look of the Barcelona Chair

28 as depicted in the configuration shown in the picture within Knoll's Trademark Registration

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE            Case No. 07-CV-05569 MHP

1  2,893,025.

2  **REQ. FOR ADMISSION 304:**

3      Admit that following receipt of a notice letter from defendant Knoll, Plaintiff sold furniture

4  that was intentionally designed and manufactured to copy the look of the Barcelona Chair as

5  depicted in the configuration shown in the picture within Knoll's Trademark Registration

6  2,893,025.

7  **REQ. FOR ADMISSION 305:**

8      Admit that following receipt of a notice letter from defendant Knoll, Plaintiff offered

9  furniture for sale that was intentionally designed and manufactured to copy the look of the

10  Barcelona Chair as depicted in the configuration shown in the picture within Knoll's Trademark

11  Registration 2,893,025.

12  **REQ. FOR ADMISSION 306:**

13      Admit that following receipt of a notice letter from defendant Knoll, Plaintiff advertised

14  furniture that was intentionally designed and manufactured to copy the look of the Barcelona Chair

15  as depicted in the configuration shown in the picture within Knoll's Trademark Registration

16  2,893,025.

17  **REQ. FOR ADMISSION 307:**

18      Admit that following receipt of a notice letter from defendant Knoll, Plaintiff distributed

19  furniture that was intentionally designed and manufactured to copy the look of the Barcelona Chair

20  as depicted in the configuration shown in the picture within Knoll's Trademark Registration

21  2,893,025.

22  **REQ. FOR ADMISSION 308:**

23      Admit that following receipt of a notice letter from defendant Knoll, Plaintiff imported

24  furniture that was intentionally designed and manufactured to copy the look of the Barcelona Stool

25  as depicted in the configuration shown in the picture within Knoll's Trademark Registration

26  2,894,977.

27  **REQ. FOR ADMISSION 309:**

28      Admit that following receipt of a notice letter from defendant Knoll, Plaintiff sold furniture

- 32 -

1   that was intentionally designed and manufactured to copy the look of the Barcelona Stool as

2   depicted in the configuration shown in the picture within Knoll's Trademark Registration

3   2,894,977.

4   **REQ. FOR ADMISSION 310:**

5        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff offered

6   furniture for sale that was intentionally designed and manufactured to copy the look of the

7   Barcelona Stool as depicted in the configuration shown in the picture within Knoll's Trademark

8   Registration 2,894,977.

9   **REQ. FOR ADMISSION 311:**

10        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff advertised

11   furniture that was intentionally designed and manufactured to copy the look of the Barcelona Stool

12   as depicted in the configuration shown in the picture within Knoll's Trademark Registration

13   2,894,977.

14   **REQ. FOR ADMISSION 312:**

15        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff distributed

16   furniture that was intentionally designed and manufactured to copy the look of the Barcelona Stool

17   as depicted in the configuration shown in the picture within Knoll's Trademark Registration

18   2,894,977.

19   **REQ. FOR ADMISSION 313:**

20        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff imported

21   furniture that was intentionally designed and manufactured to copy the look of the Barcelona Couch

22   as depicted in the configuration shown in the picture within Knoll's Trademark Registration

23   2,894,980.

24   **REQ. FOR ADMISSION 314:**

25        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff sold furniture

26   that was intentionally designed and manufactured to copy the look of the Barcelona Couch as

27   depicted in the configuration shown in the picture within Knoll's Trademark Registration

28   2,894,980.

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE      Case No. 07-CV-05569 MHP

**REQ. FOR ADMISSION 315:**

Admit that following receipt of a notice letter from defendant Knoll, Plaintiff offered furniture for sale that was intentionally designed and manufactured to copy the look of the Barcelona Couch as depicted in the configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

**REQ. FOR ADMISSION 316:**

Admit that following receipt of a notice letter from defendant Knoll, Plaintiff advertised furniture that was intentionally designed and manufactured to copy the look of the Barcelona Couch as depicted in the configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

**REQ. FOR ADMISSION 317:**

Admit that following receipt of a notice letter from defendant Knoll, Plaintiff distributed furniture that was intentionally designed and manufactured to copy the look of the Barcelona Couch as depicted in the configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

**REQ. FOR ADMISSION 318:**

Admit that following receipt of a notice letter from defendant Knoll, Plaintiff imported furniture that was intentionally designed and manufactured to copy the look of the Barcelona Table as depicted in the configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

**REQ. FOR ADMISSION 319:**

Admit that following receipt of a notice letter from defendant Knoll, Plaintiff sold furniture that was intentionally designed and manufactured to copy the look of the Barcelona Table as depicted in the configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

**REQ. FOR ADMISSION 320:**

Admit that following receipt of a notice letter from defendant Knoll, Plaintiff offered furniture for sale that was intentionally designed and manufactured to copy the look of the

- 34 -

1  Barcelona Table as depicted in the configuration shown in the picture within Knoll's Trademark

2  Registration 2,894,979.

3  **REQ. FOR ADMISSION 321:**

4     Admit that following receipt of a notice letter from defendant Knoll, Plaintiff advertised

5  furniture that was intentionally designed and manufactured to copy the look of the Barcelona Table

6  as depicted in the configuration shown in the picture within Knoll's Trademark Registration

7  2,894,979.

8  **REQ. FOR ADMISSION 322:**

9     Admit that following receipt of a notice letter from defendant Knoll, Plaintiff distributed

10 furniture that was intentionally designed and manufactured to copy the look of the Barcelona Table

11 as depicted in the configuration shown in the picture within Knoll's Trademark Registration

12 2,894,979.

13 **REQ. FOR ADMISSION 323:**

14    Admit that following receipt of a notice letter from defendant Knoll, Plaintiff imported

15 furniture that was intentionally designed and manufactured to copy the look of the Barcelona Flat

16 Brno Chair as depicted in the configuration shown in the picture within Knoll's Trademark

17 Registration 2,894,978.

18 **REQ. FOR ADMISSION 324:**

19    Admit that following receipt of a notice letter from defendant Knoll, Plaintiff sold furniture

20 that was intentionally designed and manufactured to copy the look of the Barcelona Flat Brno Chair

21 as depicted in the configuration shown in the picture within Knoll's Trademark Registration

22 2,894,978.

23 **REQ. FOR ADMISSION 325:**

24    Admit that following receipt of a notice letter from defendant Knoll, Plaintiff offered

25 furniture for sale that was intentionally designed and manufactured to copy the look of the

26 Barcelona Flat Brno Chair as depicted in the configuration shown in the picture within Knoll's

27 Trademark Registration 2,894,978.

28 / / /

1    **REQ. FOR ADMISSION 326:**

2        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff advertised

3    furniture that was intentionally designed and manufactured to copy the look of the Barcelona Flat

4    Brno Chair as depicted in the configuration shown in the picture within Knoll's Trademark

5    Registration 2,894,978.

6    **REQ. FOR ADMISSION 327:**

7        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff distributed

8    furniture that was intentionally designed and manufactured to copy the look of the Barcelona Flat

9    Brno Chair as depicted in the configuration shown in the picture within Knoll's Trademark

10    Registration 2,894,978.

11    **REQ. FOR ADMISSION 328:**

12        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff imported

13    furniture that intentionally copied the name which was the subject of Knoll's Trademark

14    Registration 772,313.

15    **REQ. FOR ADMISSION 329:**

16        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff sold furniture

17    that intentionally copied the name which was the subject of Knoll's Trademark Registration

18    772,313.

19    **REQ. FOR ADMISSION 330:**

20        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff offered

21    furniture for sale that intentionally copied the name which was the subject of Knoll's Trademark

22    Registration 772,313.

23    **REQ. FOR ADMISSION 331:**

24        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff advertised

25    furniture that intentionally copied the name which was the subject of Knoll's Trademark

26    Registration 772,313.

27    **REQ. FOR ADMISSION 332:**

28        Admit that following receipt of a notice letter from defendant Knoll, Plaintiff distributed

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE      Case No. 07-CV-05569 MHP

1 furniture that intentionally copied the name which was the subject of Knoll's Trademark

2 Registration 772,313.

3 **REQ. FOR ADMISSION 333:**

4    Admit that without permission from defendant Knoll, Plaintiff imported furniture that was

5 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

6 configuration shown in the picture within Knoll's Trademark Registration 2,893,025.

7 **REQ. FOR ADMISSION 334:**

8    Admit that without permission from defendant Knoll, Plaintiff sold furniture that was

9 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

10 configuration shown in the picture within Knoll's Trademark Registration 2,893,025.

11 **REQ. FOR ADMISSION 335:**

12    Admit that without permission from defendant Knoll, Plaintiff offered furniture for sale that

13 was intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in

14 the configuration shown in the picture within Knoll's Trademark Registration 2,893,025.

15 **REQ. FOR ADMISSION 336:**

16    Admit that without permission from defendant Knoll, Plaintiff advertised furniture that was

17 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

18 configuration shown in the picture within Knoll's Trademark Registration 2,893,025.

19 **REQ. FOR ADMISSION 337:**

20    Admit that without permission from defendant Knoll, Plaintiff distributed furniture that was

21 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

22 configuration shown in the picture within Knoll's Trademark Registration 2,893,025.

23 **REQ. FOR ADMISSION 338:**

24    Admit that without permission from defendant Knoll, Plaintiff imported furniture that was

25 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

26 configuration shown in the picture within Knoll's Trademark Registration 2,894,977.

27 **REQ. FOR ADMISSION 339:**

28    Admit that without permission from defendant Knoll, Plaintiff sold furniture that was

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

2  configuration shown in the picture within Knoll's Trademark Registration 2,894,977.

3  **REQ. FOR ADMISSION 340:**

4       Admit that without permission from defendant Knoll, Plaintiff offered furniture for sale that

5  was intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in

6  the configuration shown in the picture within Knoll's Trademark Registration 2,894,977.

7  **REQ. FOR ADMISSION 341:**

8       Admit that without permission from defendant Knoll, Plaintiff advertised furniture that was

9  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

10 configuration shown in the picture within Knoll's Trademark Registration 2,894,977.

11 **REQ. FOR ADMISSION 342:**

12      Admit that without permission from defendant Knoll, Plaintiff distributed furniture that was

13 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

14 configuration shown in the picture within Knoll's Trademark Registration 2,894,977.

15 **REQ. FOR ADMISSION 343:**

16      Admit that without permission from defendant Knoll, Plaintiff imported furniture that was

17 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

18 configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

19 **REQ. FOR ADMISSION 344:**

20      Admit that without permission from defendant Knoll, Plaintiff sold furniture that was

21 intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

22 configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

23 **REQ. FOR ADMISSION 345:**

24      Admit that without permission from defendant Knoll, Plaintiff offered furniture for sale that

25 was intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in

26 the configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

27 **REQ. FOR ADMISSION 346:**

28      Admit that without permission from defendant Knoll, Plaintiff advertised furniture that was

- 38 -

1   intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

2   configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

3   **REQ. FOR ADMISSION 347:**

4         Admit that without permission from defendant Knoll, Plaintiff distributed furniture that was

5   intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

6   configuration shown in the picture within Knoll's Trademark Registration 2,894,980.

7   **REQ. FOR ADMISSION 348:**

8         Admit that without permission from defendant Knoll, Plaintiff imported furniture that was

9   intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

10  configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

11  **REQ. FOR ADMISSION 349:**

12        Admit that without permission from defendant Knoll, Plaintiff sold furniture that was

13  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

14  configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

15  **REQ. FOR ADMISSION 350:**

16        Admit that without permission from defendant Knoll, Plaintiff offered furniture for sale that

17  was intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in

18  the configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

19  **REQ. FOR ADMISSION 351:**

20        Admit that without permission from defendant Knoll, Plaintiff advertised furniture that was

21  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

22  configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

23  **REQ. FOR ADMISSION 352:**

24        Admit that without permission from defendant Knoll, Plaintiff distributed furniture that was

25  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

26  configuration shown in the picture within Knoll's Trademark Registration 2,894,979.

27  **REQ. FOR ADMISSION 353:**

28        Admit that without permission from defendant Knoll, Plaintiff imported furniture that was

1   intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

2   configuration shown in the picture within Knoll's Trademark Registration 2,894,978.

3   **REQ. FOR ADMISSION 354:**

4        Admit that without permission from defendant Knoll, Plaintiff sold furniture that was

5   intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

6   configuration shown in the picture within Knoll's Trademark Registration 2,894,978.

7   **REQ. FOR ADMISSION 355:**

8        Admit that without permission from defendant Knoll, Plaintiff offered furniture for sale that

9   was intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in

10  the configuration shown in the picture within Knoll's Trademark Registration 2,894,978.

11  **REQ. FOR ADMISSION 356:**

12       Admit that without permission from defendant Knoll, Plaintiff advertised furniture that was

13  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

14  configuration shown in the picture within Knoll's Trademark Registration 2,894,978.

15  **REQ. FOR ADMISSION 357:**

16       Admit that without permission from defendant Knoll, Plaintiff distributed furniture that was

17  intentionally designed and manufactured to copy the look of the Barcelona Chair as depicted in the

18  configuration shown in the picture within Knoll's Trademark Registration 2,894,978.

19  **REQ. FOR ADMISSION 358:**

20       Admit that without permission from defendant Knoll, Plaintiff imported furniture that was

21  intentionally designed and manufactured to copy the subject of Knoll's Trademark Registration

22  772,313.

23  **REQ. FOR ADMISSION 359:**

24       Admit that without permission from defendant Knoll, Plaintiff sold furniture that was

25  intentionally designed and manufactured to copy the subject of Knoll's Trademark Registration

26  772,313.

27  **REQ. FOR ADMISSION 360:**

28       Admit that without permission from defendant Knoll, Plaintiff offered furniture for sale that

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  was intentionally designed and manufactured to copy the subject of Knoll's Trademark Registration

2  772,313.

3  **REQ. FOR ADMISSION 361:**

4      Admit that without permission from defendant Knoll, Plaintiff advertised furniture that was

5  intentionally designed and manufactured to copy the subject of Knoll's Trademark Registration

6  772,313.

7  **REQ. FOR ADMISSION 362:**

8      Admit that without permission from defendant Knoll, Plaintiff distributed furniture that was

9  intentionally designed and manufactured to copy the subject of Knoll's Trademark Registration

10  772,313.

11  **REQ. FOR ADMISSION 363:**

12      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

13  2,893,025 to Modern Furniture Classics (www.modernfurnitureclassics.com).

14  **REQ. FOR ADMISSION 364:**

15      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

16  2,894,977 to Modern Furniture Classics (www.modernfurnitureclassics.com).

17  **REQ. FOR ADMISSION 365:**

18      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

19  2,894,980 to Modern Furniture Classics (www.modernfurnitureclassics.com).

20  **REQ. FOR ADMISSION 366:**

21      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

22  2,894,979 to Modern Furniture Classics (www.modernfurnitureclassics.com).

23  **REQ. FOR ADMISSION 367:**

24      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

25  2,894,978 to Modern Furniture Classics (www.modernfurnitureclassics.com).

26  **REQ. FOR ADMISSION 368:**

27      Admit that Modern Furniture Classics sold furniture in the configuration depicted in

28  Trademark Registration 2,893,025 that it purchased from Plaintiff.

- 41 -

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE              Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 369:**

2      Admit that Modern Furniture Classics offered furniture for sale in the configuration depicted

3  in Trademark Registration 2,893,025 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 370:**

5      Admit that Modern Furniture Classics advertised furniture in the configuration depicted in

6  Trademark Registration 2,893,025 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 371:**

8      Admit that Modern Furniture Classics distributed furniture in the configuration depicted in

9  Trademark Registration 2,893,025 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 372:**

11      Admit that Modern Furniture Classics sold furniture in the configuration depicted in

12  Trademark Registration 2,894,977 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 373:**

14      Admit that Modern Furniture Classics offered furniture for sale in the configuration depicted

15  in Trademark Registration 2,894,977 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 374:**

17      Admit that Modern Furniture Classics advertised furniture in the configuration depicted in

18  Trademark Registration 2,894,977 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 375:**

20      Admit that Modern Furniture Classics distributed furniture in the configuration depicted in

21  Trademark Registration 2,894,977 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 376:**

23      Admit that Modern Furniture Classics sold furniture in the configuration depicted in

24  Trademark Registration 2,894,980 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 377:**

26      Admit that Modern Furniture Classics offered furniture for sale in the configuration depicted

27  in Trademark Registration 2,894,980 that it purchased from Plaintiff.

28  / / /

- 42 -

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 378:**

2      Admit that Modern Furniture Classics advertised furniture in the configuration depicted in

3  Trademark Registration 2,894,980 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 379:**

5      Admit that Modern Furniture Classics distributed furniture in the configuration depicted in

6  Trademark Registration 2,894,980 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 380:**

8      Admit that Modern Furniture Classics sold furniture in the configuration depicted in

9  Trademark Registration 2,894,979 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 381:**

11      Admit that Modern Furniture Classics offered furniture for sale in the configuration depicted

12  in Trademark Registration 2,894,979 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 382:**

14      Admit that Modern Furniture Classics advertised furniture in the configuration depicted in

15  Trademark Registration 2,894,979 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 383:**

17      Admit that Modern Furniture Classics distributed furniture in the configuration depicted in

18  Trademark Registration 2,894,979 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 384:**

20      Admit that Modern Furniture Classics sold furniture in the configuration depicted in

21  Trademark Registration 2,894,978 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 385:**

23      Admit that Modern Furniture Classics offered furniture for sale in the configuration depicted

24  in Trademark Registration 2,894,978 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 386:**

26      Admit that Modern Furniture Classics advertised furniture in the configuration depicted in

27  Trademark Registration 2,894,978 that it purchased from Plaintiff.

28  / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1 | **REQ. FOR ADMISSION 387:**

2 | Admit that Modern Furniture Classics distributed furniture in the configuration depicted in

3 | Trademark Registration 2,894,978 that it purchased from Plaintiff.

4 | **REQ. FOR ADMISSION 388:**

5 | Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

6 | 2,893,025 to Mercantila (www.mercantila.com).

7 | **REQ. FOR ADMISSION 389:**

8 | Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

9 | 2,894,977 to Mercantila (www.mercantila.com).

10 | **REQ. FOR ADMISSION 390:**

11 | Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

12 | 2,894,980 to Mercantila (www.mercantila.com).

13 | **REQ. FOR ADMISSION 391:**

14 | Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

15 | 2,894,979 to Mercantila (www.mercantila.com).

16 | **REQ. FOR ADMISSION 392:**

17 | Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

18 | 2,894,978 to Mercantila (www.mercantila.com).

19 | **REQ. FOR ADMISSION 393:**

20 | Admit that Mercantila sold furniture in the configuration depicted in Trademark Registration

21 | 2,893,025 that it purchased from Plaintiff.

22 | **REQ. FOR ADMISSION 394:**

23 | Admit that Mercantila offered furniture for sale in the configuration depicted in Trademark

24 | Registration 2,893,025 that it purchased from Plaintiff.

25 | **REQ. FOR ADMISSION 395:**

26 | Admit that Mercantila advertised furniture in the configuration depicted in Trademark

27 | Registration 2,893,025 that it purchased from Plaintiff.

28 | / / /

- 44 -

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1    **REQ. FOR ADMISSION 396:**

2        Admit that Mercantila distributed furniture in the configuration depicted in Trademark

3    Registration 2,893,025 that it purchased from Plaintiff.

4    **REQ. FOR ADMISSION 397:**

5        Admit that Mercantila sold furniture in the configuration depicted in Trademark Registration

6    2,894,977 that it purchased from Plaintiff.

7    **REQ. FOR ADMISSION 398:**

8        Admit that Mercantila offered furniture for sale in the configuration depicted in Trademark

9    Registration 2,894,977 that it purchased from Plaintiff.

10    **REQ. FOR ADMISSION 399:**

11        Admit that Mercantila advertised furniture in the configuration depicted in Trademark

12    Registration 2,894,977 that it purchased from Plaintiff.

13    **REQ. FOR ADMISSION 400:**

14        Admit that Mercantila distributed furniture in the configuration depicted in Trademark

15    Registration 2,894,977 that it purchased from Plaintiff.

16    **REQ. FOR ADMISSION 401:**

17        Admit that Mercantila sold furniture in the configuration depicted in Trademark Registration

18    2,894,980 that it purchased from Plaintiff.

19    **REQ. FOR ADMISSION 402:**

20        Admit that Mercantila offered furniture for sale in the configuration depicted in Trademark

21    Registration 2,894,980 that it purchased from Plaintiff.

22    **REQ. FOR ADMISSION 403:**

23        Admit that Mercantila advertised furniture in the configuration depicted in Trademark

24    Registration 2,894,980 that it purchased from Plaintiff.

25    **REQ. FOR ADMISSION 404:**

26        Admit that Mercantila distributed furniture in the configuration depicted in Trademark

27    Registration 2,894,980 that it purchased from Plaintiff.

28    / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1    **REQ. FOR ADMISSION 405:**

2        Admit that Mercantila sold furniture in the configuration depicted in Trademark Registration

3    2,894,979 that it purchased from Plaintiff.

4    **REQ. FOR ADMISSION 406:**

5        Admit that Mercantila offered furniture for sale in the configuration depicted in Trademark

6    Registration 2,894,979 that it purchased from Plaintiff.

7    **REQ. FOR ADMISSION 407:**

8        Admit that Mercantila advertised furniture in the configuration depicted in Trademark

9    Registration 2,894,979 that it purchased from Plaintiff.

10   **REQ. FOR ADMISSION 408:**

11       Admit that Mercantila distributed furniture in the configuration depicted in Trademark

12   Registration 2,894,979 that it purchased from Plaintiff.

13   **REQ. FOR ADMISSION 409:**

14       Admit that Mercantila sold furniture in the configuration depicted in Trademark Registration

15   2,894,978 that it purchased from Plaintiff.

16   **REQ. FOR ADMISSION 410:**

17       Admit that Mercantila offered furniture for sale in the configuration depicted in Trademark

18   Registration 2,894,978 that it purchased from Plaintiff.

19   **REQ. FOR ADMISSION 411:**

20       Admit that Mercantila advertised furniture in the configuration depicted in Trademark

21   Registration 2,894,978 that it purchased from Plaintiff.

22   **REQ. FOR ADMISSION 412:**

23       Admit that Mercantila distributed furniture in the configuration depicted in Trademark

24   Registration 2,894,978 that it purchased from Plaintiff.

25   **REQ. FOR ADMISSION 413:**

26       Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

27   2,893,025 to STL Loft Style (www.stlloftstyle.com).

28   / / /

- 46 -

1   **REQ. FOR ADMISSION 414:**

2        Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

3   2,894,977 to STL Loft Style (www.stlloftstyle.com).

4   **REQ. FOR ADMISSION 415:**

5        Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

6   2,894,980 to STL Loft Style (www.stlloftstyle.com).

7   **REQ. FOR ADMISSION 416:**

8        Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

9   2,894,979 to STL Loft Style (www.stlloftstyle.com).

10  **REQ. FOR ADMISSION 417:**

11       Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

12  2,894,978 to STL Loft Style (www.stlloftstyle.com).

13  **REQ. FOR ADMISSION 418:**

14       Admit that STL Loft Style sold furniture in the configuration depicted in Trademark

15  Registration 2,893,025 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 419:**

17       Admit that STL Loft Style offered furniture for sale in the configuration depicted in

18  Trademark Registration 2,893,025 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 420:**

20       Admit that STL Loft Style advertised furniture in the configuration depicted in Trademark

21  Registration 2,893,025 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 421:**

23       Admit that STL Loft Style distributed furniture in the configuration depicted in Trademark

24  Registration 2,893,025 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 422:**

26       Admit that STL Loft Style sold furniture in the configuration depicted in Trademark

27  Registration 2,894,977 that it purchased from Plaintiff.

28  / / /

- 47 -

1  **REQ. FOR ADMISSION 423:**

2      Admit that STL Loft Style offered furniture for sale in the configuration depicted in

3  Trademark Registration 2,894,977 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 424:**

5      Admit that STL Loft Style advertised furniture in the configuration depicted in Trademark

6  Registration 2,894,977 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 425:**

8      Admit that STL Loft Style distributed furniture in the configuration depicted in Trademark

9  Registration 2,894,977 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 426:**

11      Admit that STL Loft Style sold furniture in the configuration depicted in Trademark

12  Registration 2,894,980 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 427:**

14      Admit that STL Loft Style offered furniture for sale in the configuration depicted in

15  Trademark Registration 2,894,980 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 428:**

17      Admit that STL Loft Style advertised furniture in the configuration depicted in Trademark

18  Registration 2,894,980 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 429:**

20      Admit that STL Loft Style distributed furniture in the configuration depicted in Trademark

21  Registration 2,894,980 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 430:**

23      Admit that STL Loft Style sold furniture in the configuration depicted in Trademark

24  Registration 2,894,979 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 431:**

26      Admit that STL Loft Style offered furniture for sale in the configuration depicted in

27  Trademark Registration 2,894,979 that it purchased from Plaintiff.

28  / / /

- 48 -

1  **REQ. FOR ADMISSION 432:**

2      Admit that STL Loft Style advertised furniture in the configuration depicted in Trademark

3  Registration 2,894,979 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 433:**

5      Admit that STL Loft Style distributed furniture in the configuration depicted in Trademark

6  Registration 2,894,979 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 434:**

8      Admit that STL Loft Style sold furniture in the configuration depicted in Trademark

9  Registration 2,894,978 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 435:**

11      Admit that STL Loft Style offered furniture for sale in the configuration depicted in

12  Trademark Registration 2,894,978 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 436:**

14      Admit that STL Loft Style advertised furniture in the configuration depicted in Trademark

15  Registration 2,894,978 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 437:**

17      Admit that STL Loft Style distributed furniture in the configuration depicted in Trademark

18  Registration 2,894,978 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 438:**

20      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

21  2,893,025 to Inmod (www.inmod.com).

22  **REQ. FOR ADMISSION 439:**

23      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

24  2,894,977 to Inmod (www.inmod.com).

25  **REQ. FOR ADMISSION 440:**

26      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

27  2,894,980 to Inmod (www.inmod.com).

28  / / /

1  **REQ. FOR ADMISSION 441:**

2      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

3  2,894,979 to Inmod (www.inmod.com).

4  **REQ. FOR ADMISSION 442:**

5      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

6  2,894,978 to Inmod (www.inmod.com).

7  **REQ. FOR ADMISSION 443:**

8      Admit that Inmod sold furniture in the configuration depicted in Trademark Registration

9  2,893,025 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 444:**

11      Admit that Inmod offered furniture for sale in the configuration depicted in Trademark

12  Registration 2,893,025 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 445:**

14      Admit that Inmod advertised furniture in the configuration depicted in Trademark

15  Registration 2,893,025 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 446:**

17      Admit that Inmod distributed furniture in the configuration depicted in Trademark

18  Registration 2,893,025 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 447:**

20      Admit that Inmod sold furniture in the configuration depicted in Trademark Registration

21  2,894,977 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 448:**

23      Admit that Inmod offered furniture for sale in the configuration depicted in Trademark

24  Registration 2,894,977 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 449:**

26      Admit that Inmod advertised furniture in the configuration depicted in Trademark

27  Registration 2,894,977 that it purchased from Plaintiff.

28  / / /

- 50 -

**REQ. FOR ADMISSION 450:**

Admit that Inmod distributed furniture in the configuration depicted in Trademark Registration 2,894,977 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 451:**

Admit that Inmod sold furniture in the configuration depicted in Trademark Registration 2,894,980 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 452:**

Admit that Inmod offered furniture for sale in the configuration depicted in Trademark Registration 2,894,980 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 453:**

Admit that Inmod advertised furniture in the configuration depicted in Trademark Registration 2,894,980 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 454:**

Admit that Inmod distributed furniture in the configuration depicted in Trademark Registration 2,894,980 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 455:**

Admit that Inmod sold furniture in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 456:**

Admit that Inmod offered furniture for sale in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 457:**

Admit that Inmod advertised furniture in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 458:**

Admit that Inmod distributed furniture in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

/ / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1 **REQ. FOR ADMISSION 459:**

2    Admit that Inmod sold furniture in the configuration depicted in Trademark Registration

3 2,894,978 that it purchased from Plaintiff.

4 **REQ. FOR ADMISSION 460:**

5    Admit that Inmod offered furniture for sale in the configuration depicted in Trademark

6 Registration 2,894,978 that it purchased from Plaintiff.

7 **REQ. FOR ADMISSION 461:**

8    Admit that Inmod advertised furniture in the configuration depicted in Trademark

9 Registration 2,894,978 that it purchased from Plaintiff.

10 **REQ. FOR ADMISSION 462:**

11    Admit that Inmod distributed furniture in the configuration depicted in Trademark

12 Registration 2,894,978 that it purchased from Plaintiff.

13 **REQ. FOR ADMISSION 463:**

14    Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

15 2,893,025 to More Daybeds (www.moredaybeds.com).

16 **REQ. FOR ADMISSION 464:**

17    Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

18 2,894,977 to More Daybeds (www.moredaybeds.com).

19 **REQ. FOR ADMISSION 465:**

20    Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

21 2,894,980 to More Daybeds (www.moredaybeds.com).

22 **REQ. FOR ADMISSION 466:**

23    Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

24 2,894,979 to More Daybeds (www.moredaybeds.com).

25 **REQ. FOR ADMISSION 467:**

26    Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

27 2,894,978 to More Daybeds (www.moredaybeds.com).

28 / / /

- 52 -

1  **REQ. FOR ADMISSION 468:**

2        Admit that More Daybeds sold furniture in the configuration depicted in Trademark

3  Registration 2,893,025 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 469:**

5        Admit that More Daybeds offered furniture for sale in the configuration depicted in

6  Trademark Registration 2,893,025 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 470:**

8        Admit that More Daybeds advertised furniture in the configuration depicted in Trademark

9  Registration 2,893,025 that it purchased from Plaintiff.

10 **REQ. FOR ADMISSION 471:**

11        Admit that More Daybeds distributed furniture in the configuration depicted in Trademark

12 Registration 2,893,025 that it purchased from Plaintiff.

13 **REQ. FOR ADMISSION 472:**

14        Admit that More Daybeds sold furniture in the configuration depicted in Trademark

15 Registration 2,894,977 that it purchased from Plaintiff.

16 **REQ. FOR ADMISSION 473:**

17        Admit that More Daybeds offered furniture for sale in the configuration depicted in

18 Trademark Registration 2,894,977 that it purchased from Plaintiff.

19 **REQ. FOR ADMISSION 474:**

20        Admit that More Daybeds advertised furniture in the configuration depicted in Trademark

21 Registration 2,894,977 that it purchased from Plaintiff.

22 **REQ. FOR ADMISSION 475:**

23        Admit that More Daybeds distributed furniture in the configuration depicted in Trademark

24 Registration 2,894,977 that it purchased from Plaintiff.

25 **REQ. FOR ADMISSION 476:**

26        Admit that More Daybeds sold furniture in the configuration depicted in Trademark

27 Registration 2,894,980 that it purchased from Plaintiff.

28 / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1  **REQ. FOR ADMISSION 477:**

2      Admit that More Daybeds offered furniture for sale in the configuration depicted in

3  Trademark Registration 2,894,980 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 478:**

5      Admit that More Daybeds advertised furniture in the configuration depicted in Trademark

6  Registration 2,894,980 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 479:**

8      Admit that More Daybeds distributed furniture in the configuration depicted in Trademark

9  Registration 2,894,980 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 480:**

11      Admit that More Daybeds sold furniture in the configuration depicted in Trademark

12  Registration 2,894,979 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 481:**

14      Admit that More Daybeds offered furniture for sale in the configuration depicted in

15  Trademark Registration 2,894,979 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 482:**

17      Admit that More Daybeds advertised furniture in the configuration depicted in Trademark

18  Registration 2,894,979 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 483:**

20      Admit that More Daybeds distributed furniture in the configuration depicted in Trademark

21  Registration 2,894,979 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 484:**

23      Admit that More Daybeds sold furniture in the configuration depicted in Trademark

24  Registration 2,894,978 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 485:**

26      Admit that More Daybeds offered furniture for sale in the configuration depicted in

27  Trademark Registration 2,894,978 that it purchased from Plaintiff.

28  / / /

- 54 -

1  **REQ. FOR ADMISSION 486:**

2      Admit that More Daybeds advertised furniture in the configuration depicted in Trademark

3  Registration 2,894,978 that it purchased from Plaintiff.

4  **REQ. FOR ADMISSION 487:**

5      Admit that More Daybeds distributed furniture in the configuration depicted in Trademark

6  Registration 2,894,978 that it purchased from Plaintiff.

7  **REQ. FOR ADMISSION 488:**

8      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

9  2,893,025 to Eroomservice (www.eroomservice.com).

10  **REQ. FOR ADMISSION 489:**

11      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

12  2,894,977 to Eroomservice (www.eroomservice.com).

13  **REQ. FOR ADMISSION 490:**

14      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

15  2,894,980 to Eroomservice (www.eroomservice.com).

16  **REQ. FOR ADMISSION 491:**

17      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

18  2,894,979 to Eroomservice (www.eroomservice.com).

19  **REQ. FOR ADMISSION 492:**

20      Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

21  2,894,978 to Eroomservice (www.eroomservice.com).

22  **REQ. FOR ADMISSION 493:**

23      Admit that Eroomservice sold furniture in the configuration depicted in Trademark

24  Registration 2,893,025 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 494:**

26      Admit that Eroomservice offered furniture for sale in the configuration depicted in

27  Trademark Registration 2,893,025 that it purchased from Plaintiff.

28  / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

1    **REQ. FOR ADMISSION 495:**

2        Admit that Eroomservice advertised furniture in the configuration depicted in Trademark

3    Registration 2,893,025 that it purchased from Plaintiff.

4    **REQ. FOR ADMISSION 496:**

5        Admit that Eroomservice distributed furniture in the configuration depicted in Trademark

6    Registration 2,893,025 that it purchased from Plaintiff.

7    **REQ. FOR ADMISSION 497:**

8        Admit that Eroomservice sold furniture in the configuration depicted in Trademark

9    Registration 2,894,977 that it purchased from Plaintiff.

10   **REQ. FOR ADMISSION 498:**

11       Admit that Eroomservice offered furniture for sale in the configuration depicted in

12   Trademark Registration 2,894,977 that it purchased from Plaintiff.

13   **REQ. FOR ADMISSION 499:**

14       Admit that Eroomservice advertised furniture in the configuration depicted in Trademark

15   Registration 2,894,977 that it purchased from Plaintiff.

16   **REQ. FOR ADMISSION 500:**

17       Admit that Eroomservice distributed furniture in the configuration depicted in Trademark

18   Registration 2,894,977 that it purchased from Plaintiff.

19   **REQ. FOR ADMISSION 501:**

20       Admit that Eroomservice sold furniture in the configuration depicted in Trademark

21   Registration 2,894,980 that it purchased from Plaintiff.

22   **REQ. FOR ADMISSION 502:**

23       Admit that Eroomservice offered furniture for sale in the configuration depicted in

24   Trademark Registration 2,894,980 that it purchased from Plaintiff.

25   **REQ. FOR ADMISSION 503:**

26       Admit that Eroomservice advertised furniture in the configuration depicted in Trademark

27   Registration 2,894,980 that it purchased from Plaintiff.

28   / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE              Case No. 07-CV-05569 MHP

1    **REQ. FOR ADMISSION 504:**

2        Admit that Eroomservice distributed furniture in the configuration depicted in Trademark

3    Registration 2,894,980 that it purchased from Plaintiff.

4    **REQ. FOR ADMISSION 505:**

5        Admit that Eroomservice sold furniture in the configuration depicted in Trademark

6    Registration 2,894,979 that it purchased from Plaintiff.

7    **REQ. FOR ADMISSION 506:**

8        Admit that Eroomservice offered furniture for sale in the configuration depicted in

9    Trademark Registration 2,894,979 that it purchased from Plaintiff.

10    **REQ. FOR ADMISSION 507:**

11        Admit that Eroomservice advertised furniture in the configuration depicted in Trademark

12    Registration 2,894,979 that it purchased from Plaintiff.

13    **REQ. FOR ADMISSION 508:**

14        Admit that Eroomservice distributed furniture in the configuration depicted in Trademark

15    Registration 2,894,979 that it purchased from Plaintiff.

16    **REQ. FOR ADMISSION 509:**

17        Admit that Eroomservice sold furniture in the configuration depicted in Trademark

18    Registration 2,894,978 that it purchased from Plaintiff.

19    **REQ. FOR ADMISSION 510:**

20        Admit that Eroomservice offered furniture for sale in the configuration depicted in

21    Trademark Registration 2,894,978 that it purchased from Plaintiff.

22    **REQ. FOR ADMISSION 511:**

23        Admit that Eroomservice advertised furniture in the configuration depicted in Trademark

24    Registration 2,894,978 that it purchased from Plaintiff.

25    **REQ. FOR ADMISSION 512:**

26        Admit that Eroomservice distributed furniture in the configuration depicted in Trademark

27    Registration 2,894,978 that it purchased from Plaintiff.

28    / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE        Case No. 07-CV-05569 MHP

1    **REQ. FOR ADMISSION 513:**

2        Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

3    2,893,025 to Lounge Chair Superstore (www.loungechairs-store.com).

4    **REQ. FOR ADMISSION 514:**

5        Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

6    2,894,977 to Lounge Chair Superstore (www.loungechairs-store.com).

7    **REQ. FOR ADMISSION 515:**

8        Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

9    2,894,980 to Lounge Chair Superstore (www.loungechairs-store.com).

10   **REQ. FOR ADMISSION 516:**

11       Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

12   2,894,979 to Lounge Chair Superstore (www.loungechairs-store.com).

13   **REQ. FOR ADMISSION 517:**

14       Admit that Plaintiff sold furniture in the configuration depicted in Trademark Registration

15   2,894,978 to Lounge Chair Superstore (www.loungechairs-store.com).

16   **REQ. FOR ADMISSION 518:**

17       Admit that Lounge Chair Superstore sold furniture in the configuration depicted in

18   Trademark Registration 2,893,025 that it purchased from Plaintiff.

19   **REQ. FOR ADMISSION 519:**

20       Admit that Lounge Chair Superstore offered furniture for sale in the configuration depicted

21   in Trademark Registration 2,893,025 that it purchased from Plaintiff.

22   **REQ. FOR ADMISSION 520:**

23       Admit that Lounge Chair Superstore advertised furniture in the configuration depicted in

24   Trademark Registration 2,893,025 that it purchased from Plaintiff.

25   **REQ. FOR ADMISSION 521:**

26       Admit that Lounge Chair Superstore distributed furniture in the configuration depicted in

27   Trademark Registration 2,893,025 that it purchased from Plaintiff.

28   / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE            Case No. 07-CV-05569 MHP

1   **REQ. FOR ADMISSION 522:**

2       Admit that Lounge Chair Superstore sold furniture in the configuration depicted in

3   Trademark Registration 2,894,977 that it purchased from Plaintiff.

4   **REQ. FOR ADMISSION 523:**

5       Admit that Lounge Chair Superstore offered furniture for sale in the configuration depicted

6   in Trademark Registration 2,894,977 that it purchased from Plaintiff.

7   **REQ. FOR ADMISSION 524:**

8       Admit that Lounge Chair Superstore advertised furniture in the configuration depicted in

9   Trademark Registration 2,894,977 that it purchased from Plaintiff.

10  **REQ. FOR ADMISSION 525:**

11      Admit that Lounge Chair Superstore distributed furniture in the configuration depicted in

12  Trademark Registration 2,894,977 that it purchased from Plaintiff.

13  **REQ. FOR ADMISSION 526:**

14      Admit that Lounge Chair Superstore sold furniture in the configuration depicted in

15  Trademark Registration 2,894,980 that it purchased from Plaintiff.

16  **REQ. FOR ADMISSION 527:**

17      Admit that Lounge Chair Superstore offered furniture for sale in the configuration depicted

18  in Trademark Registration 2,894,980 that it purchased from Plaintiff.

19  **REQ. FOR ADMISSION 528:**

20      Admit that Lounge Chair Superstore advertised furniture in the configuration depicted in

21  Trademark Registration 2,894,980 that it purchased from Plaintiff.

22  **REQ. FOR ADMISSION 529:**

23      Admit that Lounge Chair Superstore distributed furniture in the configuration depicted in

24  Trademark Registration 2,894,980 that it purchased from Plaintiff.

25  **REQ. FOR ADMISSION 530:**

26      Admit that Lounge Chair Superstore sold furniture in the configuration depicted in

27  Trademark Registration 2,894,979 that it purchased from Plaintiff.

28  / / /

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE          Case No. 07-CV-05569 MHP

**REQ. FOR ADMISSION 531:**

Admit that Lounge Chair Superstore offered furniture for sale in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 532:**

Admit that Lounge Chair Superstore advertised furniture in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 533:**

Admit that Lounge Chair Superstore distributed furniture in the configuration depicted in Trademark Registration 2,894,979 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 534:**

Admit that Lounge Chair Superstore sold furniture in the configuration depicted in Trademark Registration 2,894,978 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 535:**

Admit that Lounge Chair Superstore offered furniture for sale in the configuration depicted in Trademark Registration 2,894,978 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 536:**

Admit that Lounge Chair Superstore advertised furniture in the configuration depicted in Trademark Registration 2,894,978 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 537:**

Admit that Lounge Chair Superstore distributed furniture in the configuration depicted in Trademark Registration 2,894,978 that it purchased from Plaintiff.

**REQ. FOR ADMISSION 538:**

Admit that Plaintiff is a Delaware corporation and its date of incorporation is November 23, 2004.

**REQ. FOR ADMISSION 539:**

Admit that Plaintiff filed with the California Secretary of State to do business in California on or after February 11, 2005.

/ / /

**<u>REQ. FOR ADMISSION 540:</u>**

Admit that Plaintiff owns a domain name alphavilledesign.com.

**<u>REQ. FOR ADMISSION 541:</u>**

Admit that Plaintiff owns the content on the website associates with alphavilledesign.com.

**<u>REQ. FOR ADMISSION 542:</u>**

Admit that Plaintiff has control of content placed on the website associated with alphavilledesign.com.

**<u>REQ. FOR ADMISSION 543:</u>**

Admit that Plaintiff places has had control of content placed on the website associated with alphavilledesign.com at least since 2003.

**<u>REQ. FOR ADMISSION 544:</u>**

Admit that as of April 22, 2008, the website www.alphavilledesign.com includes a rotating display of pictures of various collections of furniture.

**<u>REQ. FOR ADMISSION 545:</u>**

Admit that the website www.alphavilledesign.com has included a link to a page at www.alphavilledesign.com/details_details_details.

**<u>REQ. FOR ADMISSION 546:</u>**

Admit that the text "The above chair is Alphaville Design's Exposition Chair. It is not the "Barcelona chair"® by Knoll. We are not affiliated with Knoll Inc. Patents for this 1929 design were never registered and do not exist today." was placed on the website at www.alphavilledesign.com/details_details_details by Plaintiff or Plaintiff's agent.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 61 -

1    **REQ. FOR ADMISSION 547:**

2         Admit that the text described in RFA 492 .was on said website during 2007 and 2008.

3

4    Dated:  July 8, 2008                    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

5

6                                           By:   KARINEH KHACHATOURIAN
                                                  Attorneys for Defendant and Counterclaimant,
7                                                 KNOLL, INC.

8                                           *OF COUNSEL:*

9                                           GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
                                            Email: ggottlieb@grr.com
10                                          MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
                                            Email: mmisthal@grr.com
11                                          GOTTLIEB RACKMAN & REISMAN, P.C.
                                            270 Madison Avenue
12                                          New York, NY  10016-0601
                                            Telephone:  (212) 684-3900
13                                          Facsimile:  (212) 684-3999

14

15   4356920v.1

16

17

18

19

20

21

22

23

24

25

26

27

28

KNOLL'S SECOND SET OF RFA'S TO ALPHAVILLE            Case No. 07-CV-05569 MHP

1   KARINEH KHACHATOURIAN (SBN 202634)
    Email: kkhachatourian@mintz.com
2   BRYAN J. SINCLAIR (SBN 205885)
    Email: bsinclair@mintz.com
3   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    1400 Page Mill Road
4   Palo Alto, California 94304
    Telephone: (650) 251-7700
5   Facsimile: (650) 251-7739

6   GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
    Email: ggottlieb@grr.com
7   MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
    Email: mmisthal@grr.com
8   GOTTLIEB RACKMAN & REISMAN, P.C.
    270 Madison Avenue
9   New York, NY 10016-0601
    Telephone: (212) 684-3900
10  Facsimile: (212) 684-3999

11  Attorneys for Defendant and Counterclaimant,
    KNOLL, INC.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15  ALPHAVILLE DESIGN, INC., a Delaware         Case No. 07-CV-05569 MHP
    corporation,
16                                              **CERTIFICATE OF SERVICE**
                    Plaintiff,
17          vs.

18  KNOLL, INC., a Delaware corporation,

19                  Defendant.

20  AND RELATED COUNTERCLAIMS.

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2      I am over eighteen years of age, not a party in this action, and employed in the County of

3  Santa Clara, State of California, at MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO

4  P.C., 1400 Page Mill Road, Palo Alto, California 94304. I am readily familiar with the practice of

5  this office for collection and processing of correspondence for **U.S. Mail**, and they are deposited

6  that same day in the ordinary course of business.

7  On July 8, 2008 I served the within document(s)

8  **DEFENDANT KNOLL, INC.'S SECOND SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF ALPHAVILLE DESIGN, INC.**

9
10  ☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

11
12  ☒  (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Palo Alto, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

13
14
15  ☐  (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

16
17  ☐  (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below.

18
19  ☐  The documents listed above were addressed and delivered to the parties at the address set forth below, by personal service from A & A Legal Services.

20      **Attorneys for, Alphaville Designs, Inc., David Lee and Peggy Lee**

21
22  Philip R. Green                          Neil A. Smith
    Law Offices of Green & Green              P. Craig Cardon
23  1000 Fourth Street, Suite 595             Nicole M. Lee
    Courthouse Square                         Sheppard Mullin Richter & Hampton LLP
24  San Rafael, CA 94901                      Four Embarcadero Center
                                              17th Floor
25                                            San Francisco, CA 94111

26
27      I am aware that on motion of the party served, service is presumed invalid if postal

28  cancellation date or postage meter date is more than one day after the date of deposit for mailing an

- 1 -

CERTIFICATE OF SERVICE                                          Case No. 07-CV-05569 MHP

1  affidavit.

2      I declare that I am employed in the office of a member of the Bar of this Court at whose

3  direction the service was made and that this declaration was executed on July 8, 2008 at Palo Alto,

4  California.

5                                                          _____
                                                                    Alice P. Kava
6

7

8  4375585v.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

CERTIFICATE OF SERVICE                                        Case No. 07-CV-05569 MHP

# EXHIBIT 2

Law Offices of
# Green & Green
*Main Offices: Courthouse Square*
1000 Fourth Street, Suite 595
San Rafael, California 94901

Philip R. Green
phil@greenandgreen.com

Beverly Robin Green
bev@musiclawyer.com

Telephone: (415) 457-8300
Fax: (415) 457-8757
www.greenandgreen.com

*San Francisco Office:*

One Embarcadero Center
Suite 500
San Francisco, CA 94111

*Please Reply to San Rafael*

July 29, 2008

Via Email to: KKhachatourian@mintz.com

Karineh Khachatourian, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
1400 Page Mill Road
Palo Alto, CA 94304

Re: Alphaville Designs , Inc v. Knoll Civil Action Case  No. 07-05569 MHP; Requests for Admission Set 2 – ***Meet & Confer on Number and Due Date***

Dear Karina,

I am writing to ask you for an extension of time to respond to Knoll's Set 2 of Requests for Admission and a reasonable reduction in their number.  These are Nos. 56-547.  As J. Patel mentioned in the CMC last week, and as you represented, that they are for authentication, yet the 2nd set is not mainly for this purpose and are objectionable as harassment at this stage in the case.

I ask for, at least, a 2 week extension, so that they would be due by August 22.  I am unavailable (out of the office) Aug 4-13.  I believe Neil is also out, attending the ABA in NY.  I also ask that they be reduced or re-served.  Please let me know what 100 (less the 54 we already responded to) you want most answered, perhaps limited to the authentication issue.  The judge asked us to meet face to face, but I would stipulate to a phone conference over this, or an email response.  Please do so by Wednesday.

Nothing contained herein is intended, nor shall be construed, as any admission, waiver, relinquishment or limitation of our client's rights and remedies in the matter.  All such rights and remedies are expressly reserved.

Sincerely yours,
GREEN & GREEN

Philip R. Green
Attorney at Law

PRG;hal
cc: Alphaville, Neil Smith, Esq.

Business - Intellectual Property - Entertainment - Real Estate - Estates & Trusts
Litigation – Dispute Resolution

# EXHIBIT 3

| | |
|---|---|
| **From:** | Khachatourian, Karineh |
| **To:** | phil@greenandgreen.com; Marc P. Misthal; |
| **cc:** | Neil Smith; Beverly Robin Green; |
| **Subject:** | RE: ALPHAVILLE V KNOLL - SECOND REQUEST EXTENSION AND LIMIT TO RFA SET 2 >> URGENT REPLY REQUESTED |
| **Date:** | Thursday, July 31, 2008 5:04:20 PM |

Dear Phil;

A family member has passed away and I will be travelling to Sourthern California this evening to attend the funeral services -- I will not return to the office until <u>Tuesday - please take this as my notice of unavailability</u>. When I return on August 5, I will resume the document production in Fremont as previously confirmed and I would like to begin promptly at 9am. While I preferred to write a formal response, and outline the infinite number of extensions you have requested, and the incredible amount of delay your actions have caused, I will simply respond to your request for an extension for the moment.

We are amenable to the following:

(1) We can moot the need for the written discovery through deposition or stipulation;
(2) You can respond in two phases, the first 250 by the due date, and the last 250 two weeks thereafter. We can work with you on volume and timing if you agree to this in concept. The discovery is necessary and were drafted this way to avoid a compound objection.

Please let Marc Misthal know how you wish to proceed.

---

**From:** Philip Green [mailto:phil@greenandgreen.com]
**Sent:** Wednesday, July 30, 2008 5:30 PM
**To:** Khachatourian, Karineh; Marc P. Misthal
**Cc:** 'Neil Smith'; 'Beverly Robin Green'
**Subject:** ALPHAVILLE V KNOLL - SECOND REQUEST EXTENSION AND LIMIT TO RFA SET 2 >> URGENT REPLY REQUESTED
**Importance:** High
**Sensitivity:** Confidential

Letter attached

Philip Green
Law Offices of Green & Green
Main Office: (415) 457-8300 X 11
MARIN COUNTY:
1000 4th Street Suite 595
San Rafael, CA 94901
SAN FRANCISCO:
1 Embarcadero Center
Suite 500, SF, CA 94111

>>CONFIDENTIALITY NOTICE: DO NOT FORWARD THIS EMAIL! This email is intended only for the addressee(s) named as recipients. This is a LEGALLY PRIVILEGED communication and may contain trade secrets and privileged attachments. If you received this is error, please destroy it and take all reasonable measures to prevent unauthorized access, copying or any onward transfer. Please notify the sender of this error, and you can be removed from this mail list for free, by email to remove@greenandgreen.com.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment)

Please consider the environment before printing this email 

Fax: (415) 457-8757
phil@greenandgreen.com
www.thatsentertainment.biz
www.greenandgreen.com

---------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

---------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.