PHILIP GREEN (CalBN 92389)
BEVERLY R. GREEN (CalBN 92388)
LAW OFFICES OF GREEN & GREEN
1000 4th Street, Suite 595
San Rafael, CA 94901
(415) 457-8300
phil@iplegal.com

Attorneys for Plaintiff/Counterclaim-Defendant Alphaville Design, Inc.
and Counterclaim-Defendants David Lee and Peggy Lee

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
NEIL A. SMITH, CalBN 63777
P. CRAIG CARDON, CalBN 168646
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone:     415-434-9100
Facsimile:     415-434-3947
nsmith@sheppardmullin.com

Attorneys for Plaintiff/Counterclaim Defendant
Alphaville Design, Inc.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC. a Delaware corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>KNOLL, INC. a Delaware corporation,<br><br>             Defendant.<br>KNOLL, INC. a Delaware corporation,<br><br>             Counterclaim-Plaintiff,<br><br>     v.<br><br>ALPHAVILLE DESIGN, INC., DAVID LEE and PEGGY LEE,<br><br>             Counterclaim-Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIMS | Case No.:  07-cv-05569-MHP<br><br>**ALPHAVILLE DESIGN, INC.'S OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION REQUESTING STATUS CONFERENCE OR, IN THE ALTERNATIVE, LEAVE TO FILE A MOTION TO COMPEL**<br><br>**[Civil L.R. 7-11]**<br><br>Courtroom:   Courtroom 15, 18th Floor<br>Judge:        Hon. Marilyn H. Patel<br>Trial Date:   None set<br><br>[Complaint Filed:  November 1, 2007] |

W02-WEST:FHM\400990554.1
Case No. 07-cv-05569-MHP

Alphaville Design, Inc.'s Opposition/Response to
Miscellaneous Administrative Motion of Knoll, Inc.

Plaintiff and counterclaim-defendant Alphaville Design, Inc. ("Alphaville") and counterclaim-defendants David Lee and Peggy Lee (collectively, "Alphaville") submit this opposition and response to Knoll, Inc.'s Miscellaneous Administrative Motion, Requesting Status Conference, or (sic) in the alternative, Leave to File a Motion to Compel (the "Miscellaneous Administrative Motion"), filed on August 8, 2008.

## I. ACTION REQUESTED

By way of this opposition and response, Alphaville requests that this Court grant Knoll, Inc.'s ("Knoll") request for a telephonic status conference to address the issues raised in the Miscellaneous Administrative Motion and in this opposition and response, and requests that this Court deny Knoll's alternative request for leave to file a motion to compel.

## II. BASES FOR DENIAL OF LEAVE TO FILE A MOTION TO COMPEL AND FOR GRANTING A REQUEST FOR TELEPHONIC STATUS CONFERENCE.

Alphaville responds to Knoll's assertions and asserts additional issues to be resolved at a telephonic status conference as follows:

1. Based on Knoll's own statements, a motion to compel at this time is not ripe. A motion to compel is appropriate when a "party fails to respond [to a request for production] that inspection will be permitted – or fails to permit the inspection under Rule 34." Federal Rule of Civil Procedure ("FRCP") 37(a)(3)(iv). No such failure has occurred here. Instead, Alphaville has produced 88 bankers boxes of documents for review and inspection by Knoll. All responsive, non-privileged documents have been or are being produced for Knoll's inspection. Declaration of Philip Green in Support of Alphaville Design, Inc.'s Opposition and Response to Knoll, Inc.'s Miscellaneous Administrative Motion Requesting Status Conference or, in the Alternative, Leave to File Motion to Compel ("Green Decl."), submitted herewith, at ¶¶ 6-7. The only responsive documents not contained in the 88 bankers boxes consist of emails that are being reviewed by Alphaville's counsel for privilege. Those non-privileged, responsive emails will be produced to Knoll before its completion of the document inspection. *Id.* at ¶¶ 15-16. Alphaville has not failed to permit inspection of its documents.

-1-

W02-WEST:FHM\400990554.1
Case No. 07-cv-05569-MHP

Alphaville Design, Inc.'s Opposition/Response to
Miscellaneous Administrative Motion of Knoll, Inc.

2.     Knoll erroneously complains that its counsel has not been given sufficient a sufficient number of days to conduct its document inspection. Miscellaneous Administrative Motion at II, ¶¶ 1 & 3-5. As Knoll's counsel is aware, counsel for Alphaville was out of town from August 4 through August 11, 2008. Green Decl. at ¶ 10; Declaration of Daniel Coffin in Support of Alphaville Design, Inc.'s Opposition and Response to Knoll, Inc.'s Miscellaneous Administrative Motion Requesting Status Conference or, in the Alternative, Leave to File Motion to Compel ("Coffin Decl."), submitted herewith, at ¶ 2. Prior to his departure, counsel for the parties agreed to dates beginning on July 22, 2008, during which Knoll's counsel would inspect documents at Alphaville's offices. The schedule agreed to by the parties continued through August 7, 2008. Green Decl. at ¶ 10; Coffin Decl. at ¶ 2. Counsel for Knoll determined that she would require additional days to review documents only <u>after</u> the review began and Alphaville has never indicated that further review after August 7 would not be permitted. Coffin Decl. at ¶¶ 15-16. Knoll's counsel was aware that counsel for Alphaville was out of town and would not be able to schedule additional review sessions until his return on August 12, 2008. Green Decl. at ¶ 11. Further, as indicated by its own papers, Knoll's requests to bring in additional legal staff and copy/scanning vendors to accelerate the review process were readily agreed to by Alphaville. *See* Declaration of Karineh Khachatourian in Support of Knoll, Inc.'s Miscellaneous Administrative Request for Status Conference, or in the Alternative, Motion for Leave to File Motion to Compel ("Khachatourian Decl.") at ¶ 5; Coffin Decl. at ¶¶ 4-5. In fact, such scanning was permitted and occurred on August 8, 2008, after the previously scheduled review sessions had ended. Coffin Decl. at ¶¶ 7, 9 & 17.

3.     Knoll also asserts it must be permitted to inspect documents at Alphaville's offices from 7:00 a.m. to 4:00 p.m. daily. Miscellaneous Administrative Motion at II, ¶¶ 2 & 5. Alphaville's operating hours are 7:00 a.m. to 4:00 p.m. on weekdays. Green Decl. at ¶ 17. Alphaville has agreed that the documents may be reviewed from 10:00 a.m. to 4:00 p.m. on days scheduled for such review. Green Decl. at ¶ 13. On at least two days of scheduled document review, Knoll's counsel did not arrive to review documents until 11:30 a.m. and 1:30 p.m.,

-2-

W02-WEST:FHM\400990554.1
Case No. 07-cv-05569-MHP

Alphaville Design, Inc.'s Opposition/Response to
Miscellaneous Administrative Motion of Knoll, Inc.

1 respectively, even though the document review was scheduled to begin at 10:00 a.m. both days. Green Decl. at ¶¶ 8-9.

4.  More important, Alphaville has provided for Knoll's use its only conference room to ensure a large table, sufficient space and chairs for multiple reviewers and sufficient outlets for Knoll to conduct its review, copying and scanning of documents.  Green Decl. at ¶ 5; Coffin Decl. at ¶ 12.  Alphaville's offices at which the document review is proceeding consist of a large concrete warehouse building with approximately one fifth of its offices configured in a circular manner around a large open space, five private offices, a single conference room and some other small rooms.  Alphaville employees primarily perform their work, including shipping-receiving, calls to and from customers, and other business calls in the large circular open atrium area, which is within easy hearing distance from the conference room where Knoll's counsel is conducting the document inspection.  Green Decl. at ¶¶ 3-4.  Accordingly, the presence of counsel for an opposing party and <u>competitor</u> in the furniture industry is very disruptive to Alphaville's operations and business.  Due to the configuration of Alphaville's offices, much of the work being performed by Alphaville staff, including discussions of confidential business information among Alphaville staff and with customers and suppliers, can be overheard by counsel for Knoll and her staff when they are present conducting the document inspection.  Green Decl. at ¶ 18; Declaration of David Lee in Support of Alphaville Design, Inc.'s Opposition and Response to Knoll, Inc.'s Miscellaneous Administrative Motion Requesting Status Conference or, in the Alternative, Leave to File Motion to Compel ("Lee Decl."), submitted herewith, at ¶¶ 2, 3 & 7; Coffin Decl. at ¶¶ 10 & 12.  Further, the configuration of Alphaville's offices provides very limited space and ability to hold necessary meetings on commercially sensitive topics, such as sales, orders and buying, when the conference room is being used by Knoll's counsel.  Green Decl. at ¶ 19; Lee Decl. at ¶¶ 2, 3 & 7; Coffin Decl. at ¶¶ 10 & 12.  Although Alphaville has been and is making every effort to accommodate the document inspection, it must have at least some time per day when Knoll's counsel and her staff are not present so Alphaville can freely conduct at least a minimum of its operations to avoid economic injury to its business.  Lee Decl. at ¶¶ 2-3; Coffin Decl. at ¶¶ 11-12.

-3-

W02-WEST:FHM\400990554.1
Case No. 07-cv-05569-MHP

Alphaville Design, Inc.'s Opposition/Response to
Miscellaneous Administrative Motion of Knoll, Inc.

1  In fact, Alphaville has agreed to allow the vendor scanning documents for Knoll, who does not
2  represent Alphaville's competitor, to scan documents in its offices at times when Knoll's counsel is
3  not present.  Coffin Decl. at ¶¶ 9 & 17; Lee Decl. at ¶¶ 4-5.
4       5.     Knoll appears to object that the Alphaville documents have been produced as they
5  are maintained in the course of business, including with staples and in binders, that Knoll must
6  "return the documents as they were found in the ordinary course of business" and that Alphaville
7  has requested the documents be reviewed and copied on its premises.  Miscellaneous
8  Administrative Motion at II, ¶¶ 2 & 4; Khachatourian Decl. at ¶¶ 4 & 8.  Alphaville, like any
9  producing party, may produce its documents as they are found in the ordinary course of business.
10  Also like any other producing party, Alphaville is entitled after the inspection is completed to have
11  those documents returned to the condition in which they are maintained and were provided to
12  Knoll.  In this case, many of the produced documents are "working documents" necessary for the
13  Alphaville's business and were produced as maintained in the course of business to avoid
14  disruption of that business as much as possible.  Green Decl. at ¶ 20.  Alphaville has produced the
15  documents at its offices in Fremont, California and requested that they not be removed for review
16  or copying, in part so the documents would be available to Alphaville if necessary for its ongoing
17  business and in part to avoid any potential loss of these working documents should they be taken
18  off-site.  Green Decl. at ¶ 20.
19       6.     Perhaps the most spurious of Knoll's assertions is that Alphaville staff and its
20  principal David Lee are "review[ing] documents, and may interfere with the ultimate completion
21  of this review by misplacing reviewed and unreviewed documents, scanned and unscanned
22  documents, and documents to be collated and returned to their original boxes."  Miscellaneous
23  Administrative Motion at II, ¶ 4.  Notably, Knoll has provided <u>absolutely</u> <u>no</u> evidence to support
24  this allegation. *See* Declaration of Karineh Khachatourian in Support of Knoll, Inc.'s
25  Miscellaneous Administrative Request for Status Conference, or in the Alternative, Motion for
26  Leave to File Motion to Compel ("Khachatourian Decl.") at ¶¶ 4 & 10.  Contrary to Knoll's
27  baseless accusations, no such actions have been taken by Alphaville.  Green Decl. at ¶ 21.
28

-4-

W02-WEST:FHM\400990554.1
Case No. 07-cv-05569-MHP

Alphaville Design, Inc.'s Opposition/Response to
Miscellaneous Administrative Motion of Knoll, Inc.

1 Alphaville has and is producing the documents for inspection under its discovery obligations and
2 in a good faith effort to foster settlement of this case.

3     7.    Knoll also has complained that the documents have been produced in hard copy
4 rather than electronic form. Miscellaneous Administrative Motion at II, ¶ 5. The discovery rules
5 allow the production of electronically stored documents "in a reasonably usable form or forms."
6 FRCP 34(b)(2)(E)(ii). Moreover, in this case the parties originally agreed to produce documents
7 in hard copy rather than electronic form. Green Decl. at ¶ 22. In fact, in response to Alphaville's
8 requests for production of documents, Knoll provided to Alphaville's counsel nine large boxes of
9 approximately 44,000 pages of documents in hard copy form. Declaration of Hazel Bradshaw in
10 Support of Alphaville Design, Inc.'s Opposition and Response to Knoll, Inc.'s Miscellaneous
11 Administrative Motion Requesting Status Conference or, in the Alternative, Leave to File Motion
12 to Compel ("Bradshaw Decl."), submitted herewith, at ¶¶ 2-3. Further, hard copy documents are
13 stapled together for business reasons, such as a follow-up to a Purchase Order for goods, shipping
14 instructions, factory notes and customer contacts. Accordingly, hard copies provide information
15 that cannot be gleaned from documents in electronic form. Lee Decl. at ¶ 10.

16     8.    As the Court is aware, the parties motions for summary judgment on the issue of
17 the validity of Knoll's trademark registrations and rights in the trademarks at issue here are to be
18 submitted to the Court in October 2008. Counsel for Knoll suggests she needs three more weeks
19 to complete her inspection of Alphaville's documents. Even if the documents produced by
20 Alphaville were relevant to the motions for summary judgment, which they are not, three
21 additional weeks of document review would mean completion of the document review well before
22 the motions for summary judgment must be submitted to the Court and will not necessitate any
23 alteration of the current case management schedule. Green Decl. at ¶ 14.

24     9.    Alphaville requests that this Court grant Knoll's request for a telephonic status
25 conference and requests that this Court consider at that time two additional issues raised by
26 Alphaville: (i) the failure of Knoll to produce certain documents sought by Alphaville's requests
27 for production of documents; and (ii) Alphaville's request in its Motion for Protective Order and to
28

-5-

Stay Responses to Requests for Admissions (the "Motion for Protective Order"), filed on August 8, 2008, that Knoll's second set of requests for admission be stayed or limited.

10. First, Alphaville's review of the 44,000 pages of documents produced by Knoll in this case indicates that Knoll has failed to produce certain documents requested by Alphaville and essential to Alphaville's motion for summary judgment on the issue of the validity of the trademark registrations and Knoll's rights in the trademarks at issue. Bradshaw Decl. at ¶¶ 3-13. For example, by way of its requests for production, Alphaville sought the entire books of which portions were attached as exhibits to the declarations of Carl Magnusson and Terence Riley, which were submitted by Knoll in support of its applications for registration of the trade dress and designs at issue. Upon information and belief, these books contain information on patents, among other information, relevant to the validity of Knoll's trademark registrations. *Id*.[1] Alphaville requests that Knoll produce the requested documents and that this issue be considered by the Court at a telephonic status conference. Alphaville is not seeking leave at this time to file a motion to compel this production but may be forced to do so in the future if the matter cannot be informally resolved.

11. Second, since the deadline for Alphaville's responses to Knoll's Second Set of Requests for Admission to Alphaville was looming and Knoll refused to meaningfully compromise on the number of requests and response deadline, Alphaville unfortunately was forced to file its Motion for Protective Order. Alphaville requests that the Court hear brief argument and consider the issues raised in the Motion for Protective order during a telephonic status conference. In that event and should the matter be resolved during the telephonic status conference, Alphaville will take its Motion for Protective Order off-calendar.

## III. CONCLUSION

For the foregoing reasons, Alphaville respectfully requests that this Court: (1) deny Knoll's request for leave to file a motion to compel; and (2) grant Knoll's request for a telephone

---

[1] Additional documents sought by Alphaville and not produced by Knoll are described in the Bradshaw Decl. *See* Bradshaw Decl. at ¶¶ 3-13.

1  status conference for the Court to hear the issues raised by Knoll's Miscellaneous Administrative

2  Motion and raised in this opposition and response submitted by Alphaville.

3

4  Dated:  August 14, 2008

                                                  LAW OFFICES OF GREEN & GREEN

                                                  By  *[signature: Philip R. Green]*

                                                       PHILIP R. GREEN
                                                  Attorneys for Plaintiff and Counterclaim-
                                                      Defendant Alphaville Design, Inc.
                                                        and Counterclaim-Defendants
                                                         David Lee and Peggy Lee