LAW OFFICES OF GREEN & GREEN
PHILIP GREEN (SBN 092389)
BEVERLY R. GREEN (SBN 92388)
1000 4th Street, Suite 595
San Rafael, CA 94901
Telephone: (415) 457-8300
Fax: (415) 457-8757

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
NEIL A. SMITH, Cal. Bar No. 63777
P. CRAIG CARDON, Cal. Bar No. 168646
NICOLE M. LEE, Cal. Bar No. 222344
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
Attorneys for Plaintiff and Counter-Defendant,
Alphaville Designs, Inc. and
Attorneys for Counter-Defendants, David Lee
and Peggy Lee

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC. a Delaware corporation , <br><br> Plaintiff, <br><br> vs. <br><br> KNOLL, INC. a Delaware corporation , <br><br> Defendant <br><br> AND RELATED COUNTERCLAIMS | Case No.:  07-cv-05569-MHP <br><br> **DECLARATION OF PHILIP GREEN IN SUPPORT OF ALPHAVILLE DESIGN, INC.'S OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION REQUESTING STATUS CONFERENCE, OR IN THE ALTERNATIVE, LEAVE TO FILE A MOTION TO COMPEL** <br><br> Judge: Hon. Marilyn H. Patel <br><br> Complaint Filed:   November 1, 2007 <br> Trial Date:          None Set |

W02-WEST:FHM\400990606.1

- 1 -

I, Philip Green, declare:

1. I am an attorney at the Law Offices of Green & Green and am one of the attorneys for Alphaville Design, Inc.("Alphaville"), David Lee and Peggy Lee in this matter. I make this declaration based upon my own personal knowledge and if called to testify could and would competently testify as to the matters stated herein.

2. I have personally seen the Alphaville premises at Alphaville Design, Inc. 41460 Christy St. Fremont, CA 94538.

3. This consists of a large concrete warehouse building, with approximately one fifth of its offices configured in a circular manner around a large open space. There are 5 private offices, a conference room where Karineh Khachatourian is allowed to conduct Knoll document review and some other small rooms.

4. Employees of Alphaville mostly do their daily routine, shipping-receiving, calls to and from customers, calls with business people in the large open atrium area, within earshot of Karineh Khachatourian if she exits the room she uses to review the Alphaville documents.

5. The meeting room has a large table and it was the thought to allow Karineh Khachatourian to use that room as a convenience to her, with enough electric outlets, table to organize documents and plenty of room to allow organized review and sorting.

6. Documents responsive to the Knoll Request for Production of Documents sets 1 and 2 are contained in many "bankers" style boxes, approximately 88 of them.

7. These consist of Purchase orders, Return Authorizations, customer and factory information, checks and other financial information that is not privileged, relevant and requested by Knoll in this matter.

8. On July 22, 2008 the first day of this in-house document review, I asked my clients to make the room and documents available at 10 am. Karineh Khachatourian appeared late,

at approximately 11:30 that day for the production, and she knew that it needed to end at 4:00 pm.

9. On another day of the inspection, I recall it was July 23, 2008, Karineh Khachatourian told me she was having oral surgery and would not be able to attend at Alphaville until after 1:30 pm that day.

10. I informed Karineh Khachatourian that I would be in New York on a working vacation from August 4 to 11, 2008. During that time as Daniel Coffin's Declaration states, Karineh Khachatourian made huge efforts to cause issues that are non-existent.

11. The only reason we had firmly scheduled the document review up to August 8 was so that I could catch up after my return the next Monday, August 11. As soon as I was back in my office August 12, I emailed to Karineh Khachatourian that we could resume the production.

12. I appointed one of our legal assistants, Dan Coffin, to appear at Alphaville for the duration of the Karineh Khachatourian document review days. See the Declaration of Daniel Coffin filed herewith.

13. Alphaville principals David and Peggy Lee requested that Karineh Khachatourian not be on their business premises while they themselves are not there and that one of their attorneys or an Alphaville attorney or paralegal be there while the document inspection is taking place. The Lees are generally at the building from 10:00 am to 4:00 pm, most week days and this is the agreed time frame for the inspections.

14. Karineh Khachatourian believes as she declared that she needs three more weeks to complete the document review. As I have informed her, she may have that time to do so. I do not believe that three more weeks of inspection would have any effect on the current Case Management Schedule whatsoever.

15. Non-privileged emails responsive to Knoll's Request for Production of Documents sets will be produced during the time of Knoll's inspection. I am informed that there are over 15,800 potential emails that need to be reviewed prior to inspection by Knoll.

16. Part of the delay in document production of emails is that personnel of Alphaville who have the emails have been frequently and for extended times out of the state and the country and have not been able to review and provide them until after the last furniture show on August 4, 2008 and that such emails are accumulating continuously.

17. I am informed that, while Alphaville advertises that its operating hours are from 7:00 am to 4:00 pm weekdays, the Lees are not there all this time. The early hours are for trucks to deliver and pick up goods. Only a skeleton crew of heavy lifters and similar workers for that purpose are present to work in the back warehouse. These personnel are not in the office area of the building. Therefore, at times before 10:00 am there would be no one present where Ms. Khachatourian is working, something that none of the principals want.

18. The configuration of Alphaville's offices, is an open format, with 3-4 private executive offices and a conference room surrounding a large open area where much of the work being performed by Alphaville staff, including discussions of confidential business information among Alphaville staff and with customers and suppliers, can be overheard by counsel for Knoll and her staff when they are present conducting the document inspection.

19. The offices are small and private and are not used for meetings, so that the building provides very limited space and ability to hold necessary meetings on commercially sensitive topics, such as sales, orders and buying, when the conference room is being used by Knoll's counsel.

20. Further, the documents themselves are "working documents" that may need to be referred to for, by way of example, if there is a return to trace the origin and nature of the goods

and other working needs necessary for Alphaville's business. The documents were produced as maintained in the course of business but it is necessary to avoid disruption of that business as much as possible. For this reason the documents cannot be taken off site.

21. There are janitorial staff that clean up every night, and something might get moved slightly, but there is no spoliation, and such assertion is absurd.

22. Knoll produced all their 44,000 documents in paper form as it was agreed up front in this case that this would be best. I asked, and Karineh Khachatourian refused to produce any electronic index or listing or electronic versions of the Knoll documents. See Declaration of Hazel Bradshaw filed in this matter.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct except for those matters stated in on information and belief, and as to those matters, I believe them to be true.

Executed this August 14, 2008 in San Rafael, CA

*Philip R. Green*

_____

Philip R. Green, Attorney for: Alphaville Design, Inc. and David Lee and Peggy Lee