LAW OFFICES OF GREEN & GREEN
PHILIP GREEN (SBN 092389)
BEVERLY R. GREEN (SBN 92388)
1000 4th Street, Suite 595
San Rafael, CA 94901
Telephone: (415) 457-8300
Fax: (415) 457-8757

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
NEIL A. SMITH, Cal. Bar No. 63777
P. CRAIG CARDON, Cal. Bar No. 168646
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Plaintiff and Counter-Defendant
Alphaville Designs, Inc. and for Counter-Defendants David Lee
and Peggy Lee

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| ALPHAVILLE DESIGN, INC. a Delaware corporation, Plaintiff, vs. KNOLL, INC. a Delaware corporation, Defendant. AND RELATED COUNTERCLAIMS. | Case No.: 07-cv-05569-MHP<br>**DECLARATION OF DAN COFFIN IN SUPPORT OF ALPHAVILLE DESIGN, INC.'S OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION REQUESTING STATUS CONFERENCE OR, IN THE ALTERNATIVE, LEAVE TO FILE A MOTION TO COMPEL**<br>Judge:    Hon. Marilyn H. Patel |
|---|---|

| Case No.: 07-cv-05569-MHP | DECLARATION OF DAN COFFIN IN SUPPORT OF OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION |
|---|---|

- 1 -

I, Daniel Coffin, declare:

1. I am a legal assistant at the Law Offices of Green & Green working under Philip Green of the Law Offices of Green & Green, one of the attorneys for Alphaville Design, Inc. ("Alphaville"), David Lee and Peggy Lee in this matter. I have personal knowledge of the matters set forth herein except as to those matters set forth on information and belief, and as to those, I am informed and believe them to be true and if called to testify could and would competently testify as to the matters stated herein.

2. I was informed by Mr. Green that he would be out of town and in New York from August 4 through August 11, 2008. I was also informed by Mr. Green that he informed Karineh Khachatourian of the law firm of Mintz Levin Cohen Ferris Glovsky and Popeo, P.C., counsel for Knoll, Inc. ("Knoll") in this matter, of his planned absence. Upon information and belief, the dates upon which counsel for Knoll was scheduled to conduct an inspection of documents produced by Alphaville in response to Knoll's requests for production had been agreed upon by Ms. Khachatourian and Mr. Green prior to Mr. Green's departure to New York.

3. I attended the second week of production of Alphaville documents, on August 5, August 6 and August 7, 2008 at the offices of Alphaville in Fremont, California ("Alphaville's offices"). At that time, attorneys for Knoll, Inc. ("Knoll") and Upon information and belief, Armando Dominguez of Golden State Legal located at 550 College Avenue in Palo Alto, California, who is a scanner operator (hereinafter "Vendor"), were given access to boxes of documents in the conference room at the Alphaville offices.

4. On Tuesday, August 5, 2008, Karineh Khachatourian, an attorney for Knoll present at the document production, announced and requested that she would be bringing additional staff or attorneys to assist with the review of numerous boxes produced by Alphaville.

| Case No.: 07-cv-05569-MHP | DECLARATION OF DAN COFFIN IN SUPPORT OF OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION |
|---|---|

This request was not denied, but was freely permitted, and indeed additional staff were then brought in by Knoll for the remaining session(s) scheduled for the inspection of documents at Alphaville's offices. Upon information and belief, the documents were produced to Knoll at Alphaville's offices as they are kept in the ordinary course of business.

5. Ms. Khachatourian announced and requested that she would be bringing additional document scanning vendors, another scanning machine and one or two additional operators or document handlers to the document production. This request was also not denied, but was freely permitted, and indeed two machines, along with an additional scanning operating staff were then brought in by Knoll for the remaining document review session(s), through August 7, 2008.

6. On August 6 and August 7, 2008, I was informed by Ms. Khachatourian that the "review" and selection of produced documents to be scanned and/or copied was proceeding such that her selections of the documents were stacking up faster than they could be scanned and processed by the scanning vendors.

7. Ms. Khachatourian requested that her scanning vendors be permitted to be present at Alphaville's offices at times without Ms. Khachatourian or Knoll's legal staff in order to process documents already selected for copying or scanning. I reported this request to Mr. Green while he was in New York on vacation and to the best of my knowledge, Ms. Khachatourian's request was accommodated, including on Friday, August 8, 2008, when I was not personally present at Alphaville's offices.

8. On or about August 6, 2008, Ms. Khachatourian stated to me that the Alphaville

| Case No.: 07-cv-05569-MHP | DECLARATION OF DAN COFFIN IN SUPPORT OF OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION |
|---|---|

production of documents included many documents responsive to Knoll's request for production and that she was satisfied that all responsive Alphaville invoices had been produced but doubted she would be finished with the inspection of documents by the end of the week (namely, August 7 or 8, 2008) that had been scheduled for the review.

9. On August 7, 2008, I had a discussion with David Lee, a principal of Alphaville, about extending the time for the vendors to scan and copy documents at Alphaville's office and about allowing additional time for Knoll's attorneys to review and inspect documents there. Mr. Lee responded that since the vendors were disinterested outside parties, he would not likely object to their continued presence even though such additional time had not been previously scheduled.

10. Mr. Lee explained to me that he would cooperate and allow additional time for Knoll's attorneys to review documents at Alphaville's offices but that such additional review should be scheduled to start the following week, preferably scheduled for discreet days and times because the Alphaville facility at 41460 Christy Street in Fremont, California is essentially a shipping/receiving and *sales* unit where Alphaville must be able to continue its business, including daily sales meetings, which cannot occur while Ms. Khachatourian and/or her staff are on the premises inspecting documents.

11. Mr. Lee told me that the general announcements normally made throughout the sales day must be halted when counsel for Knoll, a competitor in the furniture industry, is present and that sales have been chilled as a result. Further, due to the presence of counsel for Knoll, both an opposing party and a competitor to Alphaville, the morale of Alphaville staff is low, their spirit is chilled and the usual open exuberance present has dissipated.

| Case No.: 07-cv-05569-MHP | DECLARATION OF DAN COFFIN IN SUPPORT OF OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION |
|---|---|

12. The conference room at the Alphaville offices has been completely dedicated to Ms. Khachatourian's inspection and review of documents. Mr. Lee further explained to me that her presence keeps everyone on guard, lest sales staff give away trade secrets in her presence.

13. Mr. Lee told me that the operation of Alphaville's business is severely restricted, coming nearly to a standstill, when counsel for Knoll is present. Accordingly, he indicated to me that while Alphaville wishes to fully accommodate the production and copying of documents by Knoll, Alphaville cannot allow all day every day in a business week to be dedicated to Knoll's document review as it would shut down business almost 100% for a block of time. This would be crushing economically for the business. In contrast, dedication of several hours per day for several days per week would at least allow Alphaville to conduct its normal business for some time per week and allow for some recovery from the periods when Knoll is conducting its document review.

14. I endeavored to explain, within my limited authority, to Ms. Khachatourian that Alphaville was merely trying to "work around" the rather invasive document inspection and that, although I was without authority to immediately grant additional scheduling of sessions for the continuing review, I was confident that she and Mr. Green could reach an accommodation.

15. Moreover, in an effort to stop Ms. Khachatourian from asserting, unwarranted conclusions - for example, that she was not and would not be allowed further access - I pointed out that the current schedule of review sessions had been set in the *past* prior to Mr. Green's departure for New York, in an effort to provide a reasonable period of time for the document inspection, long before she determined that she would not be finished in that scheduled period.

| Case No.: 07-cv-05569-MHP | DECLARATION OF DAN COFFIN IN SUPPORT OF OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION |
|---|---|

16. To my knowledge, no one told Ms. Khachatourian that she would not be allowed additional time to continue the review and inspection of Alphaville documents. Instead, she was told only that the current, *previously scheduled* review sessions would expire at 4:00 p.m. on Thursday, August 7, 2008 and that she should discuss further accommodation with Mr. Green, with whom she should meaningfully confer now that she had a better feel for what would be involved.

17. Upon information and belief, as an accommodation to Ms. Khachatourian's request, the scanning operator(s) or vendor(s) were allowed to return to Alphaville's offices on Friday, August 8, 2008 to continue scanning and/or copying documents for Ms. Khachatourian. I was not present at Alphaville's office on August 8, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except for those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this 13th day of August 2008 in San Rafael, CA.

_____
Daniel Coffin, Legal Assistant to Law Offices of Green & Green

| Case No.: 07-cv-05569-MHP | DECLARATION OF DAN COFFIN IN SUPPORT OF OPPOSITION AND RESPONSE TO KNOLL, INC.'S MISCELLANEOUS ADMINISTRATIVE MOTION |
|---|---|