KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
5 Palo Alto Square - 6th Floor
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  (650) 251-7700
Facsimile:   (650) 251-7739

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:   (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br> vs.<br><br>KNOLL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP<br><br>**KNOLL, INC.'S SECOND ADMINISTRATIVE MOTION, REQUESTING STATUS CONFERENCE**<br><br>**[Civil L.R. 7-11]**<br><br>Judge: Honorable Marilyn H. Patel<br><br>Complaint filed: November 1, 2007<br>Trial Date:   None set |

Since the filing of Defendant and Counterclaimant KNOLL, INC.'s ("Knoll") Second Administrative Motion Requesting Status Conference ("Motion") pursuant to Civil L.R. 7-11 on August 8, 2008, Docket No. 60, additional events have taken place that Knoll feels the Court should be made aware of. This Motion is based upon this motion, Second Declaration of Karineh Khachatourian ("Khachatourian Decl.") filed herewith, along with the papers, records, and pleadings on file herein and on such other and further matters as may be determined by the Court.

## I.     ACTION REQUESTED

Knoll respectfully requests that the Court hold an immediate telephonic status conference and order Alphaville to cease and desist from (1) entering the conference room where the document inspection is currently occurring; (2) removing or adding documents from preexisting boxes that have already been reviewed or are in the process of being reviewed by Knoll's attorneys and (3) or otherwise interfering with the document inspection. In the alternative, Knoll respectfully requests that the documents be transferred to a more neutral site such as Sheppard Mullin's offices or some other third party venue.

## II.    REASONS SUPPORTING THIS REQUEST

The reasons supporting this request are set forth as follows:

1.     On August 14, 2008, Knoll's legal counsel observed an Alphaville employee either returning or adding documents to a banker box that contain return authorizations ("RAs").

2.     On August 14, 2008, Knoll's legal counsel observed that various boxes that had been reviewed and certain documents segregated from these boxes for scanning had been moved and separated from their source, causing delays in the document review and production.

3.     On August 15, 2008, the neutral copy vendor received an inquiry from Alphaville's employee asking whether they could move the RA boxes so that they could be "updated." The neutral vendor specifically stated to Alphaville's employee to ask the attorneys. This inquiry was made of the neutral vendor when Knoll's attorney was not permitted to return to the inspection site. Khachatourian Decl. Exh. C.

4.     On August 18, 2008, the neutral vendor advised that certain banker boxes containing

1  RA's had been removed from the conference room by Alphaville personnel.  Specifically the
2  vendor writes:

> With the intention of protecting Golden State Legal from any damages or liability by way of miss placed or missed imaged documents, I must advise you know that this morning in my presence, boxes of documents were removed from the conference room where we are scanning. No documents have been scanned from these boxes, marked RA's. Golden State Legal can offer no guarantee or warranty that all requested documents have been captured or scanned. Khachatourian Decl. Exh. A.

7  This was done when Knoll's attorneys were not permitted to return to the inspection site.

8      5.    Alphaville's counsel has consistently been put on notice of these spoliation issues
9  and admittedly has not instructed its client to stop tampering with the boxes, their contents, or
10  asking the vendor questions about the production.  To the contrary, Alphaville's counsel appears to
11  be encouraging this behavior.  Khachatourian Decl. Exh. B - E, G.

12      6.    Alphaville has chosen to make its production this way, and specifically requested
13  that Knoll bring additional "helpers" and scanners to the conference room at Alphaville's premises.
14  Knoll has requested multiple times that the document inspection be moved to a more neutral
15  location or that the documents be produced electronically, and Alphaville has ignored Knoll's
16  attempts at compromise.  Khachatourian Decl. Exh. C - E, G.  Only after Knoll filed its
17  administrative request did Alphaville permit it to return to continue its inspection and prior to that
18  would not permit Knoll or its vendor to return.  *See e.g.* Khachatourian Decl. Exh. F ("If your
19  vendor will finish Friday he only may go to finish your scans").  Alphaville is still restricting
20  Knoll's access for among other reasons, the unavailability of Mr. Green yet Mr. Green has never
21  addressed why Sheppard Mullin's personnel could not attend, to allow the inspection to continue
22  uninterrupted.  Khachatourian Decl. Exh. E.

23      7.    To conserve judicial resources, Knoll did not submit the entire record of the
24  communications between the parties, that will clearly illustrate that Alphaville has been less than
25  forthcoming, particularly with the status of its document production and the restrictions it has
26  placed on Knoll's counsel.  Knoll further did not wish to submit declarations of its paralegals and
27  vendor who must go to Alphaville to review documents specifically to insulate them from what is
28

1 already a charged situation.  Knoll can provide such declarations and further documentation should the court require it.

8.   Finally, Knoll objects to Alphaville's opposition to the original miscellaneous administrative request.  Not only was Alphaville's opposition late, but it exceeded the page limit, and asked for affirmative relief that Knoll's counsel was not even aware was an issue.  *See L.R.* 7-11 ("Any opposition… may not exceed 5 pages…and must be filed no later than the third day after the motion has been filed.").  According to L.R. 7-11, Alphaville's opposition was filed one day late and exceeded five pages.  Docket No. 65.

## III.   CONCLUSION

In light of the foregoing, Knoll respectfully requests an immediate conference call or order instructing Alphaville to refrain from entering the Alphaville conference room or otherwise interfering with the document inspection or in the alternative, remove all responsive hard copy information responsive to Knoll's requests to a neutral location, such as Sheppard Mullin's offices in San Francisco to be reviewed during normal business hours.

Dated:  August 18, 2008                    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

/s/ Karineh Khachatourian
By:   KARINEH KHACHATOURIAN
        Attorneys for Defendant and Counterclaimant,
        KNOLL, INC.

*OF COUNSEL:*
GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016-0601
Telephone:  (212) 684-3900
Facsimile:  (212) 684-3999

4407780v.1

- 3 -
SUPPLEMENTAL MISC. ADMINISTRATIVE MTN. REQUESTING STATUS CONFERENCE
Case No. 07-CV-05569 MHP