KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
5 Palo Alto Square - 6th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 251-7700
Facsimile: (650) 251-7739

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>KNOLL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP<br><br>**SECOND DECLARATION OF KARINEH KHACHATOURIAN IN SUPPORT OF KNOLL, INC.'S SECOND ADMINISTRATIVE MOTION, REQUESTING STATUS CONFERENCE**<br><br>**[Civil L.R. 7-11]**<br><br>Judge: Honorable Marilyn H. Patel<br><br>Complaint filed: November 1, 2007<br>Trial Date: None set |

1  I, Karineh Khachatourian, declare:

2  1. I am an attorney licensed to practice law before all courts in the State of California, and the United States District Court for the Northern District of California. I am a member of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin") in its Palo Alto, California office and I, along with lawyers at Gottlieb, Rackman & Reisman, are attorneys of record for Defendant and Counterclaimant Knoll, Inc. ("Knoll"). I submit this declaration in support of Knoll's Second Administrative Motion Requesting Status Conference ("Motion"), which is filed concurrently herewith.

2. I have personal knowledge of the matters set forth herein except as to those matters set forth on information and belief, and as to those I am informed and believe them to be true and could and would competently testify thereto. In making this declaration, it is not my intention, nor the intention of Knoll, to waive the attorney-client privilege, the attorney-work product immunity, or any other applicable privilege.

3. Attached hereto as Exhibit A is a true and correct copy of an electronic transmission ("email") dated August 18, 2008 from Armando Dominguez of Golden State Legal Copy ("GSLC") to myself wherein Mr. Dominguez advises me that he cannot guaranty the accuracy of any documents scanned from boxes marked RA's because those boxes were removed from the conference room in his presence before GSLC had an opportunity to process any documents.

4. Attached hereto as Exhibit B is a true and correct copy of an email dated August 18, 2008 from myself to Phil Green, counsel for Plaintiffs and Counterclaimants Alphaville Design, Inc., David Lee and Peggy Lee. The email begins with a notice to Mr. Green that we were just informed of Alphaville staff removing boxes marked RA from the conference room and further states that Knoll will bring this to the Court's attention. In response, Mr. Green advises that he will look into the matter and attributes the reason for removal to "working" documents. He later responds that Mr. Dominguez advised Alphaville employees that we were not using the RA boxes. In my reply to Mr. Green, I advise him that we have an email from Mr. Dominguez stating the contrary and that he in fact referred Alphaville's employees to the attorneys to answer their

- 1 -

1  questions.  I also point out that Mr. Green's email does not offer any suggestion to remedy the
2  spoliation issues.

3      5.    Attached hereto as Exhibit C is a true and correct copy of an email dated August 18,
4  2008 sent to Mr. Green at approximate 10:18 a.m. concerning the information I received from our
5  vendor, Golden State Legal Copy ("GSLC") that on Friday, August 14, 2008 Alphaville personnel
6  asked GSLC whether they could remove the RA boxes to "update them."  I again asked Mr. Green
7  to instruct the Alphaville staff to refrain from entering the conference room or removing any boxes
8  and that all inquiries should be directed to the attorneys.  Mr. Green did not respond.

9      6.    Attached hereto as Exhibit D is a true and correct copy of an email dated August 13,
10  2008 from Mr. Green to myself regarding the document production schedule.  I respond with our
11  requested schedule and remind Mr. Green that he has not addressed the spoliation issue or advised
12  of further document production.  Mr. Green's reply only confirms the document production
13  schedule.  He does not respond to the remainder of my email.

14      7.    Attached hereto as Exhibit E is a true and correct copy of an email dated August 12,
15  2008 from Mr. Green to myself regarding the document production schedule.  The email string
16  continues from August 12 to August 13 wherein Mr. Green and I discuss the document production
17  procedure and additional issues.  During this discussion, Mr. Green does not specifically respond to
18  my suggestion that personnel from Sheppard Mullin attend the inspection.

19      8.    Attached hereto as Exhibit F is a true and correct copy of an email dated August 7,
20  2008 from Mr. Green to myself stating the vendor may only finish scans if he will finish "Friday."
21  The email string also includes a message from Mr. Dominguez stating "it is not humanly possible to
22  complete this project by tomorrow."

23      9.    Attached hereto as Exhibit G is a true and correct copy of an email dated August 6,
24  2008 from Mr. Green to myself stating the document production schedule may only occur between
25  the hours of 10:00 a.m. - 4:00 p.m.  This email was sent by Mr. Green in response to my request for
26  a schedule to continue the inspection.  In his email, Mr. Green does not respond to my request for
27  additional dates to continue the document inspection.

28

- 2 -

SECOND DECL OF KHACHATOURIAN ISO SUPPLEMENTAL MISC. ADMINISTRATIVE
MTN. REQUESTING STATUS CONFERENCE        Case No. 07-CV-05569 MHP

10. I have consistently asked Mr. Green throughout this process which began on July 22, 2008 to instruct Alphaville to refrain from entering the conference room or accessing any of the boxes in that room to which Mr. Green has never replied. I have also consistently asked Mr. Green to move the inspection site to a more neutral location such as Sheppard Mullin to which Mr. Green never responded. I have similarly consistently asked that Alphaville permit Knoll's legal staff more access during business hours to speed up the process to which Alphaville has refused. It was not until Knoll filed its original administrative request for a conference call that Alphaville resumed its document inspection, and still on restricted days and times.

11. On July 22, 2008, on the first day of the inspection, I arrived with only myself and one scanner from GSLC and Mr. Green specifically requested that I bring along more personnel. In the interim, when Mr. Coffin has been present, Mr. Green's paralegal, Mr. Coffin has also requested that we bring additional personnel, and has consistently asked us during the process of our review what our progress is and what we could do to move more quickly. To accommodate these requests, I doubled our efforts. When I have asked Mr. Coffin for additional dates for document review, he has responded that he has no authority to arrange that, and I must speak to Mr. Green.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Palo Alto, California.

Dated: August 18, 2008        /s/ Karineh Khachatourian
                              Karineh Khachatourian

4407790v.1