KARINEH KHACHATOURIAN (SBN 202634)
Email: kkhachatourian@mintz.com
BRYAN J. SINCLAIR (SBN 205885)
Email: bsinclair@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO P.C.
5 Palo Alto Square - 6th Floor
3000 El Camino Real
Palo Alto, California 94306
Telephone: (650) 251-7700
Facsimile: (650) 251-7739

GEORGE GOTTLIEB (ADMITTED *PRO HAC VICE*)
Email: ggottlieb@grr.com
MARC P. MISTHAL (ADMITTED *PRO HAC VICE*)
Email: mmisthal@grr.com
GOTTLIEB RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

Attorneys for Defendant and Counterclaimant,
KNOLL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHAVILLE DESIGN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KNOLL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 07-CV-05569 MHP<br><br>**DECLARATION OF MARC P. MISTHAL IN SUPPORT OF KNOLL, INC.'S OPPOSITION TO ALPHAVILLE DESIGN, INC.'S MOTION FOR PROTECTIVE ORDER AND TO STAY RESPONSES TO REQUESTS FOR ADMISSION**<br><br>Date: September 15, 2008<br>Time: 2:00 p.m.<br>Dept: Courtroom 15, 18th Floor<br>Judge: Honorable Marilyn H. Patel<br><br>Complaint filed: November 1, 2007<br>Trial Date: None set |

I, Marc P. Misthal, declare:

1. I am an attorney at law and a shareholder in the firm of Gottlieb, Rackman & Reisman, PC. Along with lawyers from the Palo Alto, California office of Mintz, Levin, Cohen, Ferris, Glovsky and Popeo, P.C., I am counsel to Knoll, Inc. ("Knoll") in the present controversy. I submit this declaration in support of Knoll's Opposition to Plaintiff and Counterclaim-Defendants Alphaville Design, Inc. ("Alphaville"), Peggy Lee and David Lee's ("the Lees") (collectively "Alphaville") Motion for Protective Order and to Stay Requests for Admission ("Motion").

2. I make this declaration from personal knowledge and I could and would competently testify to its contents. In making this declaration, it is not my intention, nor the intention of Knoll, to waive the attorney-client privilege, the attorney-work product immunity, or any other applicable privilege.

3. The court set the initial schedule for Alphaville's motion for summary judgment on the validity of the Knoll trademark registrations at the March 17, 2008 Case Management Conference, so Alphaville has known for at least five months that if it wanted to make that motion it would have to serve motion papers in the fall.

4. Discovery in this action has been ongoing since March.

5. On Friday, August 1, 2008 I received a phone call from Philip Green, Esq. of the Law Offices of Green & Green and Neil Smith, Esq., of Sheppard, Mullin, Richter & Hampton L.L.P., both of whom are counsel of record for Alphaville.

6. During the phone call, Mr. Smith informed me that he and Mr. Green were calling to discuss Knoll's second set of Requests for Admissions, which were served on July 8, 2008. Mr. Smith said that Alphaville was requesting an extension of time in which to respond to the Requests for Admission. I asked what kind of extension they had in mind, and he replied "December."

7. I advised Mr. Smith that Knoll would not agree to such an extension (which would give Alphaville an additional four months to respond to the Requests for Admission). I informed Messrs. Smith and Green that, as set forth in an e-mail sent by my co-counsel, Karineh Khachatourian, Esq., on July 31, 2008, we would be happy to enter into a stipulation if doing so would obviate the need for the Requests for Admission. I also stated that we would be willing to

- 1 -

- 2 -

break the Requests for Admission into smaller groups, if Alphaville found that more manageable, and work out a schedule of dates on which responses would be due; I indicated that the due dates would be before December, but, as indicated in Ms. Khachatourian's e-mail, that due dates for each group could be discussed if Alphaville was open to the concept. Mr. Smith advised that Alphaville would not agree to this.

8. At no point in time did I state or otherwise indicate that Knoll would only agree to accept responses to the first 250 requests by the August 11, 2008 deadline and responses to the remaining requests two weeks later.

9. Messrs. Smith and Green were only interested in postponing the time for Alphaville to respond to the Requests for Admission until December. They did not seem interested in any solution that required Alphaville to respond to the Requests for Admission before December. When it was clear to Messrs. Smith and Green that Knoll would not agree to a December due date for responses to the Requests for Admission, Mr. Smith informed me that Alphaville would make a motion for a protective order.

10. In response I told Messrs. Smith and Green that we were happy to try and work out the disagreement, that Knoll would not agree to a December due date, and that Alphaville would have to proceed as it saw fit. I also advised Messrs. Smith and Green that the court, at the July 21, 2008 Case Management Conference, had directed the parties to meet and confer in-person to work out discovery disputes (indeed, the court directed the parties to meet and confer in San Francisco). Mr. Green claimed that he had attempted to discuss the matter with Ms. Khachatourian.

11. During the conversation, Mr. Smith claimed that the court had already ordered Knoll to reduce the number of Requests for Admission. I told him that I had read the transcript of the July 21, 2008 Case Management Conference and did not recall the court making such an order. Mr. Smith agreed that the court had not made such an order.

12. At no point during the conversation did Mr. Smith or Mr. Green explain why Alphaville needs until December to respond to the Requests for Admission. Similarly, they did not explain how they knew what information Knoll needed to respond to Alphaville's planned motion for summary judgment on the validity of the Knoll trademark registrations; Knoll is not about to

1  spell out its strategy for Alphaville's benefit.
2      I declare under penalty of perjury under the laws of the United States of America and the
3  State of California that the foregoing is true and correct.
4
5  Dated: August 25, 2008                    */s/ Marc P. Misthal*
                                              MARC P. MISTHAL

4402672v.1