PHILIP GREEN (CalBN 92389)
BEVERLY R. GREEN (CalBN 92388)
LAW OFFICES OF GREEN & GREEN
1000 4th Street, Suite 595
San Rafael, CA 94901
(415) 457-8300
phil@iplegal.com

Attorneys for Plaintiff/Counterclaim-Defendant Alphaville Design, Inc.
and Counterclaim-Defendants David Lee and Peggy Lee

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
NEIL A. SMITH, Cal. Bar No. 63777
P. CRAIG CARDON, Cal. Bar No. 168646
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
nsmith@sheppardmullin.com
ccardon@sheppardmullin.com
Attorneys for Plaintiff/Counterclaim-Defendant Alphaville Design, Inc.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHAVILLE DESIGN, INC. a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KNOLL, INC. a Delaware corporation, <br><br> Defendant <br><br> AND RELATED COUNTERCLAIMS | Case No.: 07-cv-05569-MHP <br><br> **[REDACTED VERSION]** <br><br> **DECLARATION OF ATTORNEY PHILIP GREEN OF ALPHAVILLE DESIGN, INC.' IN SUPPORT OF ALPHAVILLE'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** <br><br> Hearing <br> Date:   December 15, 2008 <br> Time:   2:00 p.m. <br> Ctrm:   18, Hon. Marilyn H. Patel |

| Case No.: 07-cv-05569-MHP | Declaration Philip Green Attorney in Support of Motion for Summary Judgment |
|---|---|

1. I, Philip Green, am a partner in Law Offices of Green & Green, one of the attorneys for Alphaville Design, Inc. David Lee and Peggy Lee in this matter and I hereby testify as follows:

2. This Declaration is made in support of the Motion by Alphaville and David Lee and Peggy Lee for summary judgment to invalidate the Knoll, Inc. alleged trademarks in this action.

3. All of the documents from books attached hereto are from history and technical books about furniture and Mies van der Rohe and were obtained by our staff from University of California libraries, including, but not limited to, UC Berkeley, UC Davis, UCLA, UC Riverside and UC San Diego by a part time paralegal at my request.

4. The books obtained were mainly those mentioned by and filed as Exhibits of the Declarations of Knoll, Inc. in the Patent and Trademark Office in support of Knoll's five trademark applications for the design marks at issue in this suit.

5. I personally reviewed and read these books for relevant materials and caused there to be made accurate PDF scans of all or selected pages from each book. After the scans were made by Copy Central I personally examined them for accuracy. I testify that the scans are true and correct copies of the pages of each of the books.

6. I caused there to be added "Bates" numbering to the documents submitted with this Declaration and the others in support of this motion, styled as follows: All Alphaville documents are Bates numbered: "Alphaville000##," "ADI000###" for patent and related evidence and "ALPHAVILLE-e000###" for emails. Documents numbered as KNOLL0000## were produced by Knoll, Inc.

7. Attached as exhibits as follows to this declaration are certain German and Spanish patents together with their translations.

| Case No.: 07-cv-05569-MHP | Declaration Philip Green Attorney in Support of Motion for Summary Judgment |
|---|---|

8. I received the German patent No. 486722 (Bates number ADI0011-ADI0013) from Dr. Oliver M. Habel. It was translated by: Birgit Hofmann of the offices of Dr. Oliver M. Habel, Rechtsanwalt, teclegal Habel Rechtsanwälte Partnerschaft, Heimeranstr. 37 D-80339 München. I provided the translator with a true and correct copy of this patent as supplied by the same German office of teclegal Habel Rechtsanwälte Partnerschaft. I was provided a true and correct copy of the translation. This document is attached hereto as Exhibit 1.

9. I received the Spanish patent No. 121500 (Bates number ADI0001-ADI0010) from Enrique J. Batalla. It was translated by: Enrique J. Batalla of the offices of Enrique J. Batalla, BATALLA ABOGADOS, Villanueva, 21 - 1° izda, 28001 Madrid. I provided the translator with a true and correct copy of this patent as supplied by the same Spanish office of BATALLA ABOGADOS. I was provided a true and correct copy of the translation. This document is attached hereto as Exhibit 2.

10. True and correct copies of several 1968 series of Cease & Desist letters from Knoll to Alpert Villency, Triangle Furniture Co., Smolens Contemporary Interiors, Bullocks Magnin Co., from Cooper law firm on behalf of Metal-Knoll Corporation a successor in interest to Knoll, inc. These are collectively attached hereto as composite Exhibit Attached as Exhibit 3 is a true and accurate copy of the some of the Cease & Desist letters produced by Knoll, Inc., that Knoll sent to various known infringers in 1968. These documents were part of Knoll's first production of documents, kept in Bates number order only, and are KINOLL0025210, KNOLL0025212, KNOLL0025214 KNOLL00025217 and KNOLL00025225.

11. Knoll produced 33,000 documents in Bates number order, apparently not in the normal course of business and refused to identify the categories of Alphaville Request for

Production of Documents they address. There are catalogs and magazines and among them, I found Mies van der Rohe agreements, sensitive letters and others.

12. These Cease & Desist letters do not tell the addressees to stop making the Mies van der Rohe look-alike furniture, only not to advertise it as "original" Mies van der Rohe and not use the "Barcelona" word as a trademark for Alpert's furniture,

13.     Attached as Exhibit 4 is a true and accurate copy of two letters that go together:

**REDACTED**

**REDACTED**

**REDACTED**

| Case No.:  07-cv-05569-MHP | Declaration Philip Green Attorney in Support of Motion for Summary Judgment |

- 4 -

14. Exhibit 5 is a True and correct copy of a Cease & Desist letter to Palazzetti dated May 18, 2000 Bates number KNOLL0025208, but no rights were asserted in the designs in this letter. I have examined the documents produced by Knoll and in the documents produced there were no Cease & Desist letters to Palazzetti dated between 1968 and 2000. This letter also stated, "In order to avoid any likelihood of confusion in the marketplace, we must insist that Palazzetti immediately cease using the BARCELONA trademark in its catalogs, on its website and on any other advertisements, brochures or literature." It did not protest the use of the designs.

15. We did not find any Cease & Desist letters regarding the designs in the Knoll produced documents after 1968 until 2000, and then none again until after October, 2004, when Knoll had obtained its trade dress registrations. In the letters Knoll produced, no rights to the designs themselves were asserted by Knoll until after October, 2004.

16. See Exhibit 6 is a True and correct copy of a composite of two letters from October 25, 2004 to Palazzetti Express and Design Centro Italia that are typical of the Cease & Desist letters we have seen sent after that time.

17. A true and correct copy of a Cease & Desist letter Knoll, Inc. sent to Alphaville on August 15, 2007, attached hereto as Exhibit 7, is virtually the same format and language as the other Knoll, Inc. Cease & Desist letters after October, 2004, Bates number ADI000070. However, in the Knoll produced documents are Bates numbers KNOLL0032448 - KNOLL0032459 (Exhibit 15) showing that Knoll knew in August 2003 that Alphaville was "#2 on Yahoo." See Paragraph 25.

18. Attached as Exhibit 8 is a true and accurate copy of the Declaration of Carl Magnusson filed in support of the trademark application by Knoll, Inc. for its "design" Registration No. 2893025 (Barcelona chair). This is Bates numbered ALPHAVILLE 000561- 566, document I personally retrieved from the PTO website www.uspto.gov and comes from the (trademark document retrieval (TDR) system.

19. Exhibit 9 is a true and accurate copy of the Declaration of Carl Magnusson filed in support of the trademark application by Knoll, Inc. for its "design" Registration No. 2894977 (Barcelona Stool). This is Bates numbered KNOLL0026039,

20. Each of the Knoll design marks Magnusson declaration includes a reference to the Vitra Design Museum book cited below, except for the Magnusson Declaration for the Barcelona Chair.

21. Attached as Exhibit 10 is a true and accurate copy of a selection of pertinent pages from the technical history book used by Knoll, Inc. in four of its five applications for design marks. This document is the VITRA MUSEUM book entitled, *Mies van der Rohe Architecture and Design In Stuttgart, Barcelona, Brno.* Bates number ALPHAVILLE000300 – 00522, in total. This is one of the books obtained from the University of California libraries mentioned in Paragraph 3. I understand that the identical book was in the possession of Knoll, Inc. and was recently produced.

**REDACTED**

23. Attached as Exhibit 12 is a true and accurate copy of a book used by Knoll, Inc. in its applications for the trade dress registrations and is entitled, Ludwig Mies van der Rohe -- Furniture and Furniture Drawings from the Design Collection and the Mies van der Rohe

| Case No.: 07-cv-05569-MHP | Declaration Philip Green Attorney in Support of Motion for Summary Judgment |

Archive, The Museum of Modern Art New York, 1977" this is referred to as the MoMA Book, Bates number KNOLL0024210.

24. Attached as Exhibit 13 is a true and accurate copy of the Declaration of Terence Riley Bates number ALPHAVILLE000727 -000736, who declared in support of Knoll's applications for each of its design marks at issue. Each of Mr. Riley's five Declarations are virtually identical to one another and in each he refers to and attaches excerpts from a book entitled *Ludwig Mies van der Rohe: Furniture and Drawings* by Ludwig Glaeser, Curator of MoMA.

25. Attached as Exhibit 14 is a true and correct copy of a few pages from the book (Exhibit 13) entitled *Ludwig Mies van der Rohe: Furniture and Drawings* by Ludwig Glaeser. Mr. Riley used as his Exhibit to this Declaration for Knoll, Inc. but the pages submitted with the Riley Declaration *left out pages* that mention Mies van der Rohe patents and which contain details about Mies van der Rohe's alleged agreement with Knoll, Inc. and state that Mies only assigned his name to Knoll, Inc. , and which missing pages also stated the Mies patents had expired by then. Page 15 of the MoMA book provides detail about a 1965 Mies agreement with Knoll, Inc. Exhibit 18 is one of the pertinent pages Mr. Riley left out of his Declaration for Knoll, Inc., Bates number KNOLL0024224.

26. Attached as Exhibit 15 is a true and correct copy of an August 19, 2003 "catalog" and sales website of Alphaville showing that Knoll knew that Alphaville was at that time "# 2 on Yahoo," meaning on the Yahoo search engine under a pertinent search Alphaville came up second. Bates number KNOLL0032448 - KNOLL0032459. Copies of these pages were also produced to Knoll in responses to its first set of Request for Production

| Case No.: 07-cv-05569-MHP | Declaration Philip Green Attorney in Support of Motion for Summary Judgment |

of Documents. This includes a handwritten annotation at the top that says "#2 on Yahoo."

27. Attached as Exhibit 16 is a true and correct copy of two websites in November, 2008, advertisements on the Internet showing Gordon International and Palazzetti currently selling furniture based on the Knoll, Inc. trade dress designs. This document shows that they are continuing to advertise and sell Barcelona chairs and Mies furniture. I obtained these copies myself on November 2, 2008.

28. Attached as composite Exhibit 17 are true and correct copies of side-by-side comparisons showing excerpts from three Mies van der Rohe patents from Germany and the USA with the Knoll, Inc. trade dress registration drawings of the Mies van der Rohe designs of the "Barcelona chair," "Barcelona Stool" and "Brno Chair," to demonstrate how they are similar or identical.

29. Attached as Exhibit 19 is a true and correct copy of the Patent and Trademark Office Trademark Data Retrieval System (TDR) file on the "Barcelona chair", Reg No. 2839025. I retrieved these TDR documents myself from the PTO at www.uspto.gov.

30. Attached as Exhibit 20 is a true and correct copy of portions of the Patent and Trademark Office (TDR) file on the "Barcelona Stool" Reg No. 2894977.

31. Attached as Exhibit 21 is a true and correct copy of portions of the Patent and Trademark Office (TDR) file on the "Barcelona Day Bed/Couch," Reg No. 2894980.

32. Attached as Exhibit 22 is a true and correct copy of portions of the Patent and Trademark Office (TDR) file on the "Barcelona Table," Reg No. 2894979.

33. Attached as Exhibit 23 is a true and correct copy of portions of the Patent and Trademark Office (TDR) file on the "Brno chair" Reg No. 2894978.

REDACTED

35. Attached as Exhibit 25 is a true and correct copy of the record of the TARR database of the U.S. Patent & Trademark Office for BARCELONA, Registration No. 772313.

36. Attached as Exhibit 26 is a true and correct copy of U.S. Patent No. 2,283,775 (Bates No. ADI000023-28).

37. Attached as Exhibit 27 is a February 27, 1990 letter from Donald Rorke to Stewart Wrede at the Museum of Modern Art, produced by Knoll in this action, at Bates No. 0039728-9.

38. Attached as Exhibit 28 is a true and correct copy of the June 28, 1991 letter from Jennifer Hakemian to Richard Kotarba, produced in this action by Knoll, Inc. at Bates No. Knoll0035245-6.

I declare under penalty of perjury that the foregoing is true and correct except for those matters stated in on information and belief, and as to those matters, I believe them to be true.

Dated: November 4, 2008

*Philip R. Green*

Philip Green attorney for Alphaville Design, Inc.
and David Lee and Peggy Lee

| Case No.: 07-cv-05569-MHP | Declaration Philip Green Attorney in Support of Motion for Summary Judgment |
|---|---|